UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO. LTD., <br><br>Plaintiff <br><br>v. <br><br>RYZE RENEWABLE HOLDINGS, LLC and RYZE RENEWABLES NEVADA, LLC, <br><br>Defendants | Case No.: 2:23-cv-01492-APG-NJK <br><br>**Order** |

Plaintiff Mirae Asset Securities Co. Ltd. filed this action in this court based on diversity jurisdiction.  However, Mirae does not identify the citizenship of the members of defendants Ryze Renewable Holdings, LLC and Ryze Renewables Nevada, LLC. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  As the party seeking to invoke this Court's jurisdiction, Mirae bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  Consequently, I order Mirae to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Additionally, Mirae's certificate of interested parties does not comply with Federal Rule of Civil Procedure 7.1(a)(2).  The certificate does not identify Mirae's citizenship as required by that rule.

I THEREFORE ORDER that plaintiff Mirae Asset Securities Co., Ltd. shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond to this order by October 13, 2023 will result in the case being dismissed without prejudice for lack of subject matter jurisdiction.

I FURTHER ORDER that plaintiff Mirae Asset Securities Co., Ltd.'s certificate of interested parties (ECF No. 1) is STRICKEN for failure to comply with Federal Rule of Civil Procedure 7.1

I FURTHER ORDER plaintiff Mirae Asset Securities Co., Ltd. to file a proper certificate of interested parties by October 13, 2023.

DATED this 26th day of September, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE