UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO. LTD., <br><br> Plaintiff <br><br> v. <br><br> RYZE RENEWABLES HOLDINGS, LLC and RYZE RENEWABLES NEVADA, LLC, <br><br> Defendants | Case No.: 2:23-cv-01492-APG-NJK <br><br> **Order Granting Motion for Preliminary Injunction** <br><br> [ECF No. 4] |

Mirae Asset Securities Co. Ltd. moves for an injunction prohibiting Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, Ryze) from continuing with an arbitration that Ryze initiated with Judicial Arbitration and Mediation Services (JAMS). ECF No. 4.  Ryze has not opposed the motion despite being served with it. ECF No. 28.  Under this District's Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to a[] motion . . . constitutes a consent to the granting of the motion."  And Mirae's motion is supported by good cause, so I grant it.

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  In the alternative, the "sliding scale" approach allows a plaintiff to obtain an injunction by showing: (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Mirae's complaint in this case seeks declarations that Mirae did not enter into any contracts with Ryze and that Mirae has no obligation to arbitrate the claims Ryze is asserting in the arbitration it filed with JAMS. ECF No. 2 at 15.  In the arbitration, Ryze apparently contends that Kyung Hyun Lee executed two contracts on Mirae's behalf that contained arbitration clauses.  But the evidence presented in the motion indicates that Lee did not have actual authority to enter into those contracts on Mirae's behalf and that Mirae did not cloak Lee in apparent authority.  Thus, Mirae is likely to prevail on the merits of its claim.  At a minimum, Mirae raises serious questions about the merits of its claim.

Mirae will suffer irreparable harm if it is forced to participate in an arbitration that it did not agree to. *UBS Sec., LLC v. Voegeli*, 405 F. App'x 550, 552 (2d Cir. 2011) ("Being forced to arbitrate a claim one did not agree to arbitrate constitutes an irreparable harm for which there is no adequate remedy at law."); *Forge Underwriting Ltd. v. AmTrust Fin. Servs., Inc.*, No. 1:23-CV-06201 (JLR), 2023 WL 6890844, at *8 (S.D.N.Y. Oct. 19, 2023) ("Because Forge did not agree to arbitrate this insurance-coverage dispute with AmTrust, it would suffer an irreparable injury if compelled to do so.").  And there appears to be minimal prejudice to Ryze if the arbitration is delayed while this court determines whether Mirae entered into the contracts that form the basis for that arbitration.  Thus, the balance of hardships tips sharply in favor of Mirae.

Finally, the public interest favors an injunction where, as here, it appears the plaintiff did not agree to arbitration. *Ingram Micro Inc. v. Signeo Int'l, Ltd.*, No. SACV 13-1934-DOC ANX, 2014 WL 3721197, at *5 (C.D. Cal. July 22, 2014); *see also Empros Cap. LLC v. Rosenbach*, No. 3:20-CV-06788-WHO, 2020 WL 6684854, at *9 (N.D. Cal. Nov. 12, 2020) (public interest "favors prohibiting arbitration where there is no agreement to do so and the arbitration is not stayed").  Thus, the *Winter* factors favor enjoining the JAMS arbitration that Ryze initiated

against Mirae. As Ryze will not suffer any damages if this injunction is improper, no bond will be required. Fed. R. Civ. P. 65(c).

I THEREFORE ORDER that Mirae's motion for a preliminary injunction **(ECF No. 4) is GRANTED**. Pending further order of this court, Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC are enjoined from pursuing the arbitration they initiated with the Judicial Arbitration and Mediation Services (JAMS) entitled *Ryze Renewables Holdings, LLC, et al. v. Mirae Asset Securities Co., Ltd.*, JAMS Ref. No. 5260000299.

I FURTHER ORDER that the JAMS arbitration is enjoined from proceeding against Mirae, including but not limited to entry of default or default judgment against it.

I FURTHER ORDER counsel for Ryze to notify JAMS of this injunction and to provide a copy of that notification to counsel for Mirae.

DATED this 20th day of December, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE