**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD.,

     Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, *et al.*,

     Defendants.

Case No. 2:23-cv-01492-APG-NJK

**ORDER**

[Docket Nos. 53, 54]

     Pending before the Court is Defendants' motion to stay discovery pending resolution of its motion to compel arbitration.  Docket No. 53.  The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply.  Docket Nos. 53, 61, 64.  Also pending before the Court is the parties' joint stipulated discovery plan and scheduling order.  Docket No. 54.  The filings are properly resolved without a hearing.  Local Rule 78-1.

     "The decision to stay discovery is entrusted to the 'wide discretion' of the district court." *Flynn v. Nevada*, --- F.R.D. ---, 2024 WL 45371, at *2 (D. Nev. Jan. 3, 2024) (citing *Little v. City of Seattle¸* 863 F.2d 681, 685 (9th Cir. 1988)).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  A stay of discovery pending resolution of a motion to compel arbitration is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the underlying motion and finds that "there is a reasonable possibility or probability that the district judge will compel arbitration." *Arik v. Meyers*, 2020 WL 515843, at *1 (D.Nev. Jan. 31, 2020) (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  The preliminary peek framework is deeply rooted in published case law from this District.  *Flynn*, 2024 WL 45371, at *4.  Courts frequently stay discovery pending resolution of a motion to compel arbitration." *See e.g., Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D.Cal. Feb. 14, 2017) (collecting cases).

1    The Court finds that the required elements are not met in this case.  Specifically, this Court
2  is not convinced that a reasonable possibility or probability exists that the motion to compel
3  arbitration will be granted.[1]

4    Accordingly, the motion to stay discovery is **DENIED**.  Docket No. 53.  The parties' joint
5  discovery plan and scheduling order, in which the parties disagree as to dates and whether
6  discovery should proceed is **DENIED**.  Docket No. 54.  The parties must file an appropriate joint
7  proposed discovery plan and scheduling order no later than March 6, 2024.

8    IT IS SO ORDERED.

9    Dated: March 1, 2024

10

11                                                          Nancy J. Koppe
                                                            United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [1] Conducting the preliminary peek puts the undersigned in an awkward position because
26  the assigned district judge who will decide the motion to compel may have a different view of its
    merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of
27  that motion is not intended to prejudice its outcome.  *See id*.  As a result, the undersigned will not
    provide a lengthy discussion of the merits of the pending motion to compel in this instance.
28  Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to
    compel and subsequent briefing.

2