# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br>     Plaintiff(s), <br> v. <br> RYZE RENEWABLES HOLDINGS, LLC, et al., <br>     Defendant(s). | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket No. 76] |

Pending before the Court is Plaintiff's unopposed motion for alternative service of subpoenas on Michael Brown. Docket No. 76.

"The rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for [persons] who are otherwise subject to the court's jurisdiction." *V5 Techs. v. Switch, Ltd.*, 2019 WL 7489860, at *2 (D. Nev. Dec. 20, 2019) (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 532 n.1 (N.D. Cal. 2012)). The governing rules do not generally require personal service of a subpoena. *See* Fed. R. Civ. P. 45(b)(1); *see also Westgate LVH, LLC v. Trustees of Nev. Resort Ass'n*, 2018 WL 11445543, at *2 (D. Nev. July 16, 2018). At any rate, courts are generally inclined to allow alternative forms of service, including by certified mail, when the movant has been diligent in attempting to effectuate personal service. *In re Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) (quoting *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015)).

The Court is persuaded in this case that alternative service is warranted. Plaintiff has made diligent efforts to effectuate personal service of the subpoenas on Brown. Indeed, process servers have attempted to serve Brown seven times at two different addresses. Docket No. 77 at ¶ 7. Among other additional efforts, the process server spoke with Brown by telephone, but Brown

proceeded to hang up on the process server after being told about the matter and being asked if he was available to accept the paperwork. Docket No. 78-4 at 2; *see also* Docket No. 77 at ¶ 8 (attesting to service-related communications with Brown's attorney). Under these circumstances, alternative service should be permitted consistent with the dictates of Rule 1 and to ensure that the governing rules are not construed to permit purposeful evasion of service. *Cf. Pro-Sys Consultants*, 2016 WL 6025155, at *2.

Accordingly, the Court **GRANTS** Plaintiff's unopposed motion for alternative service of subpoenas on Michael Brown. Plaintiff is permitted to serve Michael Brown (in both his individual capacity and as trustee of the 2018 Daniel Brown Family Trust) with subpoenas duces tecum and deposition subpoenas by alternative means through certified mail to his Texas address and via e-mail to his counsel, Larson Welsh.

IT IS SO ORDERED.

Dated: July 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

2