UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 85] |

Pending before the Court is Plaintiff's motion to compel further discovery responses. Docket No. 85. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 85, 95, 99. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

### I.    BACKGROUND

The central issue in this matter is whether Plaintiff's former employee Kyung Hyun Lee ("Lee") had actual or apparent authority to bind Plaintiff to a loan agreement with Defendants that contained a binding arbitration provision. Docket No. 85 at 1. Plaintiff has propounded discovery on Defendants and asks the Court to compel appropriate responses. Docket No. 85.

### II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must state, in detail, the reasons why each request is irrelevant or otherwise objectionable, and may not rely on generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552

(D. Nev. 2013).  Arguments against producing discovery must be supported by "specific examples and articulated reasoning."  *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.   ANALYSIS**

The discovery dispute before the Court arises out of two requests for production and three interrogatories that Plaintiff served on Defendants.  Docket No. 85.

The discovery requests are:

- Documents related to Defendants' procedures or requirements for review, negotiation, and acceptance of loan financing agreements (Request for Production No. 15)
- Documents related to Defendants' tax liens or debts (Request for Production No. 22)
- Details regarding the due diligence Defendants conducted to determine whether Sung Hee Han had actual or apparent authority to act on behalf of Plaintiff (Interrogatory No. 10)
- Details regarding the due diligence Defendants conducted into whether Plaintiff's investment committee had approved the loan transaction (Interrogatory No. 12)
- Details regarding the due diligence Defendants performed regarding Plaintiff's negotiation and approval procedures (Interrogatory No. 16)

Defendants resist providing complete responses on two grounds.  First, Defendants assert they have provided complete and relevant responses to the disputed interrogatories.  Docket No. 95 at 3.  Second, they assert that the requests are overly broad and disproportionate.  *Id.* at 5.  Neither argument justifies the failure to produce documents, or the lack of meaningful response to the interrogatories.

As to the first argument, the parties dispute the sufficiency of the responses already provided.  A discovering party may seek relief from the Court with respect to interrogatory responses that are "evasive or incomplete."  See Fed. R. Civ. P. 37(a)(4); *see also* Fed. R. Civ. P. 33(b)(3) (interrogatories must be answered "fully").  An interrogatory response must be complete in itself, explicit, and responsive. *See, e.g., Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (collecting cases); *accord Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140-41 (N.D. Cal. 2016); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007).  The sufficiency of an interrogatory response must be analyzed on a case-by-case basis

in light of the particular question being asked.  8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2177, at 81 (3d ed. Supp. 2019).

The Court finds that Defendants' interrogatory responses are deficient. First, in response to Interrogatory No. 10, Defendants respond by stating that "the diligence owed to the question of whether Mr. Han had authority to participate in meetings was little to none." Docket No. 85 at 8. Instead of discussing the steps Defendants took to determine whether Mr. Han had authority to represent Plaintiff, Defendants argue that there was little due diligence required.  Second, in response to Interrogatory No. 12, Defendants respond that the due diligence "consisted primarily of direct communication with [Lee] and [Plaintiff's outside counsel]." *Id.*  This is not a full and complete response as it does not inform Plaintiff what communication took place, the content and scope of the communication, etc.  Lastly, as a response to Interrogatory 16, Defendants respond that they "ascertained that [Plaintiff] had an internal investment committee" and that they "ascertained as much through conversations with [Plaintiff's] representatives." *Id.*  Here, Defendants do not list any actions they took, but only state what information they ascertained. Accordingly, Defendants' responses to Interrogatories 10, 12, and 16 are deficient and fulsome answers must be provided.

As to the second argument, the Court finds that the scope of the requests for production are not overly broad and are directed to relevant information.  The Court is not persuaded by the relevance objection at bar because the documents related to Defendants' (1) general loan procedures and (2) financial condition are relevant to demonstrating Defendants' understanding of Lee's authority to enter the transaction, as well as Defendants' knowledge and motivation for accepting a loan transaction with Plaintiff.

Lastly, Defendants submit that Request for Production No. 15 is excessively broad and impractical as there is a "fundamental dispute" of what constitutes documents that "reflect practices." Docket No. 95 at 5.  However, the Court does not see where documents are requested that "reflect practices." The Request for Production asks for "documents regarding [Defendant's] procedures or requirements for review, negotiation, and acceptance or rejection of any loan

financing agreement. *Id.* at 5. Defendants state that they do not maintain *written* procedures or requirements for review and acceptance of financing agreements. Docket No. 85 at 11. Plaintiff attempted to clarify and confirm that *no* documents and communications, not just written procedures, exist relating to procedures surrounding loan deals, yet Defendants refused to clarify and instead claimed the request did not seek this information. Docket No. 85 at 8. Now, Defendants submit that the request is overbroad because it encompasses "virtually every communication, note or document ever created by [Defendants] in connection with any credit transaction." Docket No. 95 at 6-7. The Court is not persuaded by Defendants' version of the request, especially considering Plaintiff's attempted clarification. *See* Docket No. 87-13 at 6.

In response to Request for Production No. 22, Defendants assert that the request for tax lien documents is overly broad and burdensome. Docket No. 95 at 7. Yet, Defendants admit that lien searches from two months prior were already produced, See Docket No. at 7, and provide no further argument as to why the request is overly broad and burdensome.

Accordingly, Plaintiff's motion to compel further discovery responses is **GRANTED**. Docket No. 85. The Court **ORDERS** Defendants to produce documents in response to Plaintiff's requests for production and to supplement their interrogatory responses fully to describe the due diligence they conducted, no later than September 11, 2024.

IT IS SO ORDERED.

Dated: September 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge