# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGD, LLC.,
et al.,

    Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**Order**

[Docket No. 96]

Pending before the Court is Plaintiff's motion for protective order.  Docket No. 96.

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule 26-6(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."  *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions."  *Id*.  To ensure that parties comply with these requirements, movants must file

certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The pending motion provides that Plaintiff "attempted to meet and confer with Defendants" and Defendants "refused to meet and confer to discuss each document request at issue." Docket No. 96 at 4; *see also* Docket No. 97. Defendants ignore the meet and confer requirement in their response and accompanying attorney declaration. Docket Nos. 103, 104. The parties' declarations both support the fact that, after the issuance of the subpoenas at issue, a meet and confer was not held prior to the filing of the instant motion. This is insufficient to meet the counsel's obligations to engage in a meaningful discussion as to each discovery dispute.

Additionally, Plaintiff's motion is not sufficiently developed. There is a general rule that only the party to which a subpoena is directed has standing to challenge that subpoena. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *2 (D. Nev. Nov. 22, 2013). Here, the subpoenas are directed to third parties, and Plaintiff makes no showing as to how it has standing to challenge them.

Accordingly, the motion for protective order is **DENIED** without prejudice. Docket No. 96. The parties must conduct a meet and confer no later than September 10, 2024. Any renewed motion must include robust argument on standing, including the specific issues above, as well as on the underlying subpoena dispute, and must be filed by September 13, 2024.[1] Any response must be filed by September 16, 2024, and reply filed by September 17, 2024.[2]

IT IS SO ORDERED.

Dated: September 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court trusts that counsel can resolve these issues without bringing a further dispute before the Court and reiterates that counsel must cooperate with one another and should only seek further Court involvement as a last resort.

[2] The deadlines set forth in this order supersede any automatic deadlines generated by CM/ECF.