1
2
3

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

4
5
6
7
8

MIRAE ASSET SECURITIES CO., LTD.,

      Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC,

      Defendant.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket Nos. 168, 172]

9
10
11
12

      Pending before the Court are Defendant Ryze Renewables Holdings, LLC's emergency motion for protective order and motion to shorten time to rule on its motion for protective order. Docket Nos. 168, 172. Defendant filed its motions on November 27, 2024, on the eve of the Thanksgiving holiday. *See* Docket.

13
14
15
16
17
18
19
20
21
22
23

      "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

24
25
26
27
28

      In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-6(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has

shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Here, Defendant asks the Court to issue its ruling no later than December 4, 2024. Docket No. 168 at 11; Docket No. 172 at 4. The Court does not set deadlines for issuing orders. Therefore, the Court **DENIES** Defendant's request to set a deadline for its order. The Court next turns to whether Defendant has demonstrated that the motion should be treated as an emergency for briefing purposes.

Plaintiff served the relevant documents subpoena and subpoena to testify on Defendant's counsel on November 13, 2024. Docket No. 168 at 3. Defendant waited 12 days, until November 25, 2024, to conduct a meet and confer, despite the fact that Defendant knew that the production was due on November 27, 2024, and the deposition was originally set for December 2, 2024, and later continued to December 6, 2024. *Id*. at 4.

1    The Court therefore finds that any emergency is one of Defendant's own making for failing

2   to conduct a timely meet and confer and failing to timely file its motion for protective order.

3   Therefore, the Court will not shorten the deadlines for the motion and the motion will be briefed

4   accordingly to the default deadlines.  Nonetheless, in order to consider the motion for protective

5   order on its merits, the Court will **VACATE** both the document production and deposition of Ms.

6   Wilson pending the Court's order on the motion for protective order.

7    Accordingly, Defendants' motion to shorten time to rule on its motion for protective order

8   is **DENIED**.  Docket No. 172.  The motion will be briefed according to the default deadlines.  Ms.

9   Wilson's deposition and document production are **VACATED** pending the Court's order on

10  Defendant's motion for protective order.

11   IT IS SO ORDERED.

12   Dated: December 3, 2024.

13

14   _____

15   NANCY J. KOPPE
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28