UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br>    Plaintiff,<br>v.<br>RYZE RENEWABLES HOLDINGS, LLC, *et al.*,<br>    Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order**<br><br>[Docket No. 158] |

Pending before the Court is Plaintiff's motion for a confidentiality protective order. Docket No. 158. Defendants filed a response. Docket No. 164. Plaintiff filed a reply. Docket No. 167. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Over the past *eight* months, the parties have been unable to agree on a protective order. *See* Docket No. 158 at 2-3. As the Court has made abundantly clear, *see* Docket No. 72, crafting a blanket protective order of this kind is a routine matter that should almost never require disputed motion practice. *See, e.g., Hologram USA, Inc. v. Pulse Evolution Corp.*, 2014 U.S. Dist. Lexis 206171, at *6 n.1 (D. Nev. Oct. 24, 2014).

The legal community has long recognized that the discovery process has often devolved away from the search for truth and into gamesmanship marked by scorched earth litigation tactics. *See, e.g., in re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 330-32 (N.D. Cal. 1985). Over the years, such recognition has resulted in the implementation of various measures designed to guard against such conduct. *See, e.g.,* Fed. R. Civ. P. 37(a)(1) (requiring a good faith conference prior to filing motion to compel); Fed. R. Civ. P. 37(a)(5)(A), (B) (creating presumption of award of expenses for party prevailing on a motion to compel). These duties have existed for decades, but they have become all the more critical since the 2015 amendments to the discovery rules:

> As chronicled by Judge Leen, the drafters of the 2015 amendments to the Federal Rules of Civil Procedure endeavored once again to change the legal profession for the better in this context. *Roberts v. Clark County School District*, 312 F.R.D. 594, 603-04 (D. Nev. 2016). Two amendments are of particular note here. First, the text of Rule 1 was amended to make clear that attorneys and their clients have a duty to advance cases in a manner that secures the just,

1

> speedy, and inexpensive determination of the actions. Fed. R. Civ. P. 1.2. Hence, attorneys and parties must act in a reasonable, cooperative manner to advance the litigation process (including discovery). Second, the text of Rule 26 was amended to highlight the requirement that discovery be conducted in a manner that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Hence, practicality and common sense should be at the forefront of discovery efforts.
>
> While the 2015 amendments to the Federal Rules of Civil Procedure may not have been front-page news, they are designed to spur significant change in the practice of law in federal court. *Cf.* Tracy Chapman, *Talkin' Bout A Revolution* (Elektra/Asylum Records 1988) ("Don't you know/ They're talkin' about a revolution/ It sounds like a whisper"). Chief Justice Roberts explained that these rule changes are "a big deal" even though they may not seem so at first glance, particularly since they impose on lawyers representing adverse parties "an affirmative duty to work together" in a cooperative manner. John Roberts, 2015 Year-End Report on the Federal Judiciary at 5-6 (Dec. 31, 2015) (available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). Chief Justice Roberts further explained that these amendments "are a major stride toward a better federal court system," but warned that this advancement can be realized "only if the entire legal community, including the bench, bar, and legal academy, step up to the challenge of making real change." *Id.* at 9.

*PlayUp, Inc. v. Mintas*, 2022 WL 17742426, at *1 (D. Nev. Dec. 8, 2022).

The record in this case raises concern that counsel have not sufficiently familiarized themselves with these duties; therefore, the Court will afford them an opportunity to step up to the challenge of making real change by returning to the meet-and-confer table to craft a stipulated protective order. Counsel must approach this process with the spirit of cooperation and with an eye toward practicality. The Court's strong preference is for the conference(s) to take place in-person, but the conference(s) may also be conducted by video. Given the circumstances of this case, the Court will not allow telephonic conferences. *See* Local Rule IA 1-4 (judges may modify the local rules if the interest of justice so requires). Written correspondence is also insufficient. Local Rule IA 1-3(f). The conference(s) must include robust conversation of the issues in dispute. *See, e.g., Nev. Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). Counsel must be mindful that the improper filing of a discovery motion, or the improper forcing of a litigation opponent to file a discovery motion, will result in an award of expenses. *See, e.g., Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020). Particularly given the additional opportunity afforded herein for counsel to consider their positions, the Court will not hesitate to

award expenses if the circumstances so warrant, so the loser of any renewed discovery motion practice should anticipate that the party, its attorneys, or both will incur a financial consequence.

Further, Plaintiff submits that "a protective order is necessary here, and indeed, unobjectionable" and that good cause exists "to enter a protective order and protect *both* parties' confidential materials." Docket No. 158 at 7 (emphasis in original). Such bald assertions are not persuasive. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only entertain meaningfully developed argument). Additionally, Plaintiff provides no legal authority for the provisions it wants to see included in the protective order. Instead, Plaintiff uses its argument section to accuse Defendants of gamesmanship. *See* Docket No. 158 at 7-8; *see also Forte v. Cnty. of Merced,* No. 1:11-cv-00318-AWI, 2014 WL 4745923, at *10 (E.D. Cal. Sept. 23, 2014) ("federal courts do not provide a forum for mudslinging") (internal citation omitted).

Plaintiff's failure to present meaningfully developed argument has the potential to invite legal error. For example, Plaintiff submits that "the proper use of protective orders [is to] cabin the use of confidential documents to the operative proceeding" and that "the opposite of what a protective order is intended to do" is to allow materials to be used in a separate proceeding. Docket No. 167 at 3. However, the Ninth Circuit "strongly favors access to discovery materials to meet" the parties' needs in collateral litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id*. (citation omitted).

Accordingly, Plaintiff's motion for a confidentiality protective order is **DENIED** without prejudice. Docket No. 158. Subject to the requirements set forth in this order, any stipulated protective order or renewed motion must be filed by January 30, 2025.

IT IS SO ORDERED.

Dated: December 16, 2024

_____
Nancy J. Koppe
United States Magistrate Judge