1
2
3
4
5

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

6
7

| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
| Plaintiff, | **Order** |
| v. | [Docket No. 189] |
| RYZE RENEWABLES HOLDINGS, LLC, | |
| Defendant. | |

Pending before the Court is non-party Snell and Wilmer's ("Snell") emergency motion to quash three deposition subpoenas and/or for a protective order.  Docket No. 189.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them."  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).  "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995).  A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship.  *Cardoza*, 141 F. Supp. 3d at 1140-41.  As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.  *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").  In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements.  When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.  Local Rule 7-4(c); *see also* Local

Rule 26-6(d).  Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect.  *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43.  If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought.  *Id*. at 1143.  The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493.  For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright.  *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases).  Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Snell seeks to quash three deposition subpoenas set for January 22, 24, and February 19, 2025.  Docket No. 189 at 2.  Snell submits that it did not learn that Defendant intends to dismiss its counterclaims against Plaintiff in this case until January 14, 2025 and, given the uncertainty of whether this Court will retain jurisdiction, Snell requested that Plaintiff postpone the depositions pending the resolution of this procedural issue.  *Id*. at 2.  Plaintiff refused to do so, which led to Snell filing this motion on an emergency basis.  *Id*.

While Snell is seeking emergency relief, the circumstances do not justify granting such relief.  Therefore, the motion will be briefed according to the default deadlines.  Nonetheless, in

order to consider the motion on its merits, the Court will **VACATE** the depositions of Mr. Gianelloni, Mr. Roehm, and Mr. Graham pending the Court's order on Snell's motion.

IT IS SO ORDERED.

Dated: January 21, 2025

Nancy J. Koppe
United States Magistrate Judge