1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6

7    MIRAE ASSET SECURITIES CO., LTD,                Case No. 2:24-cv-01492-APG-NJK
              Plaintiff,
8                                                                    **Order**
     v.
9                                                        [Docket Nos. 195, 196]
     RYZE RENEWABLES HOLDINGS, LLC, *et
10   al*.,

11           Defendants.

12          Pending before the Court is the parties' proposed discovery plan.[1]  Docket No. 196.

13   Defendants seek to stay discovery pending resolution of its forthcoming motion to dismiss or

14   abstain.  *Id*. at 6.  However, this motion has not been filed, *see* Docket, and Defendants fail to

15   address the governing standards for seeking a stay.[2]  The parties have differing views about how

16   this forthcoming motion affects the need and scope of discovery.  *Id*. at 4.

17          Accordingly, the proposed discovery plan is **DENIED** without prejudice.  Docket No. 196.

18   If Defendants seek relief based on a forthcoming motion, they must file that motion expeditiously.

19   Once they file that motion, they must file, by February 28, 2025, a request addressing the pertinent

20   standards.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  If such a

21   request to stay discovery is not filed, the parties must engage in a robust meet-and-confer to craft

22

23

24          [1] The Court expects a high degree of professionalism and civility from attorneys. *See* Local
     Rule 1-1(c).  As the Court has already made abundantly clear, motions are not to be used to accuse
25   opposing parties of gamesmanship or for mudslinging.  *See* Docket No. 184 at 3.  Despite the
     Court's previous order, the parties continue to attack each other.  *See* Docket No. 196.  These *ad
26   hominem* attacks are distracting, unprofessional, and unnecessary.  Attorneys must change their
     approach to this case and litigate it in an collegial and professional manner.
27
            [2] It is unclear whether Defendants seek a stay of discovery, Docket No. 12 at 6, or a stay
28   of proceedings, *id*. at 4.

                                                       1

a new stipulated discovery plan addressing how the motion affects discovery, which must be filed by February 28, 2025.

Pending also before the Court is the parties' proposed protective order. Docket No. 195. In light of the above circumstances, the Court **DENIES** without prejudice the parties' proposed protective order. *Id.*

IT IS SO ORDERED.

Dated: January 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge