**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br>     Plaintiff, <br> v. <br> RYZE RENEWABLE HOLDINGS, LLC, *et al.*, <br>     Defendants. | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 210, 211, 220] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of motion to dismiss or, in the alternative, stay proceedings. Docket No. 210. *See also* Docket No. 199 (motion to dismiss). Plaintiff filed a response. Docket No. 214. Defendants filed a reply. Docket No. 215. Also pending before the Court is Plaintiff's motion for leave to supplement the record on motion to stay discovery. Docket No. 220. No response was filed. *See* Docket. Also pending before the Court is the parties' joint proposed discovery plan. Docket No. 211. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.   Motion for Leave to Supplement the Record**

Under the Court's Local Rules, "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." Local Rule 7-2(g).

Here, Defendants consented to the granting of Plaintiff's motion by failing to oppose it. *See* Local Rule 7-2(d) ("failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion"). Further, the Court has reviewed Plaintiff's motion and finds that good cause has been established to supplement the record.

1

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to supplement the record. Docket No. 220. The Court will consider Tamara Peterson's declaration in resolving Defendants' motion to stay discovery.

## II. Motion to Stay Discovery

The Court has broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that the required elements are not met in this case. Specifically, the Court is not persuaded that the motion to dismiss will be granted. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)). The Court requires this robust showing because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4). The Court is not convinced here that the motion to dismiss will succeed.[1]

Accordingly, the motion to stay discovery is **DENIED**. Docket No. 210.

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motions to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motions to dismiss is not intended to prejudice its outcome. *See id*. As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motions in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing. *See* Docket Nos. 199-201, 206-207, 209, 213, 218-219.

### III. Joint Proposed Discovery Plan

Given the Court's ruling on Defendants' motion to stay discovery and the amount of time that has lapsed since the parties filed the joint proposed discovery plan, neither party's proposal is appropriate. Further, the parties disagree as to whether the filing of the discovery plan is appropriate and whether to effectively restart the discovery period. *See* Docket No. 211 at 2-4. In a final effort to ensure discovery is conducted and so that this case can be resolved on its merits, the Court finds it is appropriate to restart the discovery period. Considering the already extended discovery timeline, the new deadlines are firm and there will be no more extensions, so the parties fail at their own peril to get discovery completed by the cutoff set below. *See e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

The parties also request that the Court enter the parties' proposed stipulated protective order. *Id*. at 5. The request is hereby **GRANTED**.[2]

Accordingly, the Court **GRANTS** in part and **DENIES** in part the parties' proposed joint discovery plan.[3] Docket No. 211.

Deadlines are hereby **SET** as follows:

- Amend pleadings/add parties: July 15, 2025
- Initial experts: August 14, 2025
- Rebuttal experts: September 15, 2025
- Discovery cutoff: October 13, 2025
- Dispositive motions: November 12, 2025
- Joint proposed pretrial order: December 12, 2025, 30 days after resolution of dispositive motions, or by further Court order

---

[2] See order issued concurrently herewith.

[3] The proposed discovery plan includes a signature line for the United States District Judge despite the fact that the parties know that United States Magistrate Judges handle discovery requests in this District. In the future, the parties must use proper titles.

The parties must act diligently and civilly. As has been abundantly made clear, the Court expects a high degree of professionalism and civility from attorneys. *See* Docket No. 197 at 1, n. 1. The vast majority of discovery disputes should be resolved through cooperative dialogue.[4]

IT IS SO ORDERED.

Dated: April 14, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[4] To the extent those obligations are not taken seriously and motion practice ensues, the rules provide for monetary consequences as a means to "deter the abuse implicit in carrying or forcing to carry a discovery dispute to the court when no genuine dispute exists." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting advisory committee notes). To the extent both sides are not living up to their obligations, the Court may fashion other appropriate relief. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) (imposing sanction of public admonishment).