PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
ADAM J. FEE (admitted *pro hac vice*)
adamfee@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

*Attorneys for Plaintiff and Counter-Defendant*
*Mirae Asset Securities Co., Ltd.*

**[Additional counsel listed on next page]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company, <br><br> Plaintiff, <br><br> vs. <br><br> RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company, <br><br> Defendants. <br><br> RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company, <br><br> Counter-Claimants, <br><br> vs. <br><br> MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company, <br><br> Counter-Defendant. | CASE NO. 2:23-cv-01492-APG-NJK <br><br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Judge:          Hon. Andrew P. Gordon <br> Action Filed:   September 22, 2023 <br> Compl. Served:   October 3, 2023 |

G. Mark Albright (#1394)
Daniel R. Ormsby (#14595)
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com

EDGAR LAW FIRM LLC
John M. Edgar, Esq. (PHV)
John F. Edgar, Esq. (PHV)
Michael R. Owens, Esq. (PHV)
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com

*Attorneys for Defendants-Counterclaimants
Ryze Renewables Holdings, LLC and
Ryze Renewables Nevada, LLC*

**STIPULATED PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.    A Party producing documents, testimony, other materials, or serving written discovery responses that the producing Party contends contain non-public, confidential business information, customer/client information, personnel information, and related proprietary and/or trade secret business information of either Ryze Renewables Holdings, LLC, Ryze Renewables Nevada, LLC (collectively, "Ryze"), or Mirae Asset Securities Co., Ltd. ("Mirae Asset") shall mark such documents, or a portion thereof, with the word(s) "CONFIDENTIAL." Documents or other materials designated as "Confidential" are also referred to as "Protected Material" herein.

2.    The protections conferred by this Protective Order cover any Disclosure or Discovery Material that is designated, in good faith, as "CONFIDENTIAL", as well as: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.    The use of any Protected Materials is expressly restricted to: (a) this Action—*i.e.*, the above-captioned matter between Mirae Asset and Ryze pending in the United States District Court for the District of Nevada, Case No. 2:23-cv-01492-APG-NJK; and (b) the state court proceeding styled *Ryze Renewables Holdings LLC v. Snell & Wilmer LLP*, Case No. A-23-863908-B, pending in the District Court of Clark County, Nevada (the "State Court Action"). Protected Materials may only be disclosed to the categories of persons and under the conditions described in this Protective Order. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with these proceedings only. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

this Protective Order.  The use of any Protected Materials in the State Court Action shall also be treated in compliance with the protective order entered in the State Court Action.

4.      If "CONFIDENTIAL" documents are used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy disclose "CONFIDENTIAL" information, counsel for any Party claiming confidentiality for the document or information shall when practical, identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record a right to have up to thirty (30) days after having received a copy of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Each transcript and all testimony designated as "CONFIDENTIAL" shall be treated as "CONFIDENTIAL," pursuant to the terms of this Protective Order, except as otherwise agreed in writing by each Party claiming confidentiality or as otherwise ordered by the Court.

5.      The marking of electronically stored documents or information as "CONFIDENTIAL" shall be reflected in both the metadata and load files. The load file (.DAT) must contain a "CONFIDENTIAL" field indicating the document's confidentiality status. Native format documents designated as "CONFIDENTIAL" must include the Bates number and confidentiality designation in the file name, with corresponding Bates-numbered placeholders inserted in the production set.

6.      Documents marked "CONFIDENTIAL" may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

(a) The Parties and their officers, directors, and employees, including in-house counsel;

(b) Counsel of record for the Parties, any associated outside counsel of record, and employees and agents (excluding expert consultants) of such counsel who are assisting such counsel in the preparation or trial of this action, with the

understanding that counsel of record shall be responsible for informing and supervising associated counsel, employees, and agents about the terms and requirements of this Protective Order;

(c) Outside third-party vendors (*i.e.*, persons or entities that provided litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any former or medium) and their employees and subcontractor), mock jurors,, and all experts and consultants retained by the Parties whose assistance is necessary for the litigation of this action; provided, however, that (i) before disclosing any information or document marked "CONFIDENTIAL" to any such outside third-party vendor, expert, or consultant, counsel of record for the Party intending to make that disclosure shall obtain from the witness, outside third-party vendor, expert, or consultant a written statement, using the signed form attached as Exhibit A; and (ii) no disclosure of information or a document marked "CONFIDENTIAL" shall be made to any unaffiliated entity who has not provided such a signed form, which form shall be retained by counsel of record for the Party making the disclosure to the expert, outside third-party vendor, or consultant;

(d) During their depositions, witnesses in the action to whom disclosure is reasonably necessary; provided, however, that (i) before disclosing any information or document marked "CONFIDENTIAL" to any such witness, the Party intending to make that disclosure shall obtain from the witness, outside third-party vendor, expert, or consultant a written statement, using the signed form attached as Exhibit A; and (ii) no disclosure of information or a document marked "CONFIDENTIAL" shall be made to any unaffiliated entity who has not provided such a signed form, which form shall be retained by counsel of record for the Party making the disclosure to the witness;

(e) The district court and its employees and staff (including any court reporter) involved in this case;

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) By order of the district court; and

(h) Any person expressly named and agreed to in writing by the Parties.

7.     Promptly after the termination of this action by entry of a final judgment or order of dismissal (*i.e.*, after any period for objections or appeals has been fully exhausted), all materials marked "CONFIDENTIAL" shall be returned to counsel for the Party who produced those materials or shall be destroyed, except that counsel of record may retain his or her work product and one copy of each document filed with the district court in this action, subject to the ongoing confidentiality obligations imposed herein. If material marked "CONFIDENTIAL" is destroyed rather than returned, counsel of record shall promptly provide to opposing counsel written confirmation that, to the best of their knowledge, all materials marked "CONFIDENTIAL" have been destroyed.

8.     After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Protective Order shall continue to be binding. The terms of this Protective Order constitute, and shall be deemed to be, an enforceable agreement, the terms of which may be enforced by specific performance in any court of competent jurisdiction.

9.     This Protective Order shall be binding on the Parties, their attorneys, agents, and employees.

10.     This Protective Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential and proprietary commercial or client information, nor does it constitute a waiver of any Party's right to challenge the confidentiality of any redaction or designation.

11.     By stipulating to this Protective Order, no Party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, nor does

any Party waive the right to seek appropriate protective orders for documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

12.     The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-Party, to assert or apply for additional or different protection, including, but not limited to, an Attorneys' Eyes Only Designation, but nothing in this Order should be construed to presently confer the right of any party to use an Attorneys' Eyes Only Designation, unless authorized by a subsequent Order of the Court.

13.     Nothing in this Protective Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents.

14.     In the event that information designated as "CONFIDENTIAL" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of their obligations under this Protective Order, counsel of record for the involved Party shall immediately notify counsel of record for the designating Party of the unauthorized disclosure. Without prejudice to the other rights and remedies of the designating Party, counsel for the Party making the unauthorized disclosure shall undertake reasonable measures to prevent further disclosure by it or by the person who received such information.

15.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

16.     If a Party in possession of a document designated "CONFIDENTIAL" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of confidential information, the Party shall immediately give written notice to counsel for the Party or non-party who designated the document as "CONFIDENTIAL," identifying the material sought and enclosing a copy of the subpoena. The party in receipt of the subpoena shall cooperate with respect

to all reasonable procedures sought to be pursued by the party who designated the document(s) as "CONFIDENTIAL" and, if the party who designated the document(s) as "CONFIDENTIAL" timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the permission of the party who designated the document(s) as "CONFIDENTIAL." If the Party or non-party who designated the document as "CONFIDENTIAL" fails to object or seek a protective order within fourteen (14) days of receiving the notice and accompanying information, the receiving party may produce the confidential information responsive to the subpoena. The Party or non-party that designated the document(s) as "CONFIDENTIAL" shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a subpoenaed party in this action to disobey a lawful directive from another court.

17.    If a Party contends that any document has been erroneously or improperly designated as "CONFIDENTIAL," it shall still treat the document as "CONFIDENTIAL" until either (a) that Party obtains written permission from the designating Party to do otherwise, or (b) the Court enters an order stating that the document shall not be treated as "CONFIDENTIAL."

18.    If a Party objects to the designation of any document or information as "CONFIDENTIAL," the Party shall state the objection with particularity in a letter to counsel for the Party making the designation. If the Parties cannot resolve the objection, the designating Party may, within thirty (30) days of the objection, initiate the process set forth in Rule 26(c) of the Federal Rules of Civil Procedure, and in compliance with Local Rule 7-2 (and Local Rule IA 10-5, if applicable), to obtain a protective order confirming the confidentiality of the information designated as "CONFIDENTIAL." A Party that fails to initiate the process under Rule 26(c) within the 30-day period will be estopped from later claiming confidentiality of the document, and the Parties will no longer be required to treat the document as "CONFIDENTIAL" under this Protective Order. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary

expenses and burdens on other parties) may expose the Challenging Party to sanctions.

19.    If the designating Party initiates the process under Rule 26(c) of the Federal Rules of Civil Procedure within the 30-day period following receipt of an objection, the document will continue to be deemed "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the request.

See order issued concurrently herewith.

1

2

3          22.      Parties have met and conferred regarding the treatment of documents with an

4    "Attorneys' Eyes Only" designation, and Ryze does not agree that Mirae Asset has articulated good

5    cause warranting an Attorneys Eyes Only Designation. As such, the use of Attorneys' Eyes Only

6    designations are not incorporated into this agreement.  The Parties reserve all rights, including to

7    meet and confer regarding respect to the treatment and production of documents as Attorneys' Eyes

8    Only and to otherwise seek to amend this protective order, if circumstances arise presenting good

9    cause for the incorporation of an Attorneys' Eyes Only designation.

10     Dated: February 28, 2025

11

12

13

14

15

16

17    IT IS SO ORDERED.                          Nancy J. Koppe
      Dated: April 14, 2025                      United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**<br><br>Judge:          Hon. Andrew P. Gordon<br>Action Filed:   September 22, 2023<br>Compl. Served:  October 3, 2023 |
| RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | |

**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**

I acknowledge that I have received a copy of the Protective Order ("Order") dated _____, 2024, in *Mirae Asset Securities Co., Ltd. v. Ryze Renewables Holdings, LLC, et al.*, currently pending in the United States District Court for the District of Nevada, Case No. 23-cv-01492-APG-NJK; that I have read the Order; that I understand it; and that I agree to abide by its terms.

I further acknowledge that, under the terms of the Order, I am prohibited from disclosing to any person any non-public information or documents marked "CONFIDENTIAL," as defined by the Order, that have been produced in this action. I also understand that I am prohibited from using such documents or information for any business, competitive, or other purpose except as expressly

- i -

authorized by the Order.

I understand that if I violate any term of the Order, I may be subject to sanctions by the Court.

EXECUTED this _____ day of _____, 202__.


_____
Signature

_____
Printed Name

_____
Address

_____
Telephone No.

_____
Email Address