UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br>     Plaintiff, <br> v. <br> RYZE RENEWABLES HOLDINGS, LLC, *et al.*, <br>     Defendants. | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 189, 205, 212] |

Pending before the Court is non-party Snell & Wilmer's emergency motion to quash three deposition subpoenas and for a protective order.[1] Docket No. 189. Defendants filed a non-opposition. Docket No. 193. Plaintiff filed a response. Docket No. 198. Snell & Wilmer filed a reply. Docket No. 203. Also pending before the Court are Plaintiff's motions for leave to supplement the record on the emergency motion. Docket Nos. 205, 212. No responses were filed. *See* Docket. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I. Background**

On November 12, 2024, Plaintiff issued subpoenas to Charles Gianelloni, Victor Roehm, and Steve Graham, attorneys who practice at Snell & Wilmer, seeking their depositions. Docket No. 189 at 6; *see also* Docket No. 191-2 at 2-8. Snell & Wilmer requests that the Court "quash the subpoenas and/or grant the [p]rotective [o]rder and order [Plaintiff] to cooperate with Snell to reset the depositions so they can be taken at the same time for both proceedings, assuming the [f]ederal [c]ourt [a]ction continues." Docket No. 189 at 3.

**II. Motion for Leave to Supplement the Record**

Under the Court's Local Rules, "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." Local Rule 7-2(g).

Here, Defendants and Snell & Wilmer consented to the granting of Plaintiff's motions by failing to oppose them. *See* Local Rule 7-2(d) ("failure of an opposing party to file points and

---

[1] The Court found that the circumstances did not justify granting emergency relief. Docket No. 194 at 2.

authorities in response to any motion…constitutes a consent to the granting of the motion.") Further, the Court has reviewed Plaintiff's motions and finds that good cause has been established to supplement the record. Accordingly, the Court **GRANTS** Plaintiff's motions for leave to supplement the record. Docket No. 205, 212. The Court will consider Peter Meier and Brian Kaewert's declarations in resolving Snell & Wilmer's emergency motion.

### III. Motion for Protective Order

Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). To that end, courts have a "duty to pare down overbroad discovery requests." *Id*. at 602. Courts similarly guard against discovery that creates an undue burden on the responding party. Fed. R. Civ. P. 26(c)(1). District courts have broad discretion in tailoring discovery narrowly. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

When a party objects to discovery and conferral efforts are unavailing, the objecting party may seek a protective order. Fed. R. Civ. P. 26(c). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Snell & Wilmer requests that the depositions be postponed to a "future date after the pleadings and claims are settled" and rescheduled in a manner "to allow one deposition to suffice for two cases involving the same facts, witnesses, and parties." Docket No. 189 at 10-11. Snell

2

& Wilmer also submit that "at this juncture…it is unclear whether any of the" instant matter will remain.  Docket No. 189 at 10.  Snell & Wilmer bases its conclusion on the fact that it has "learned…[Defendants] intended to dismiss [their] counterclaims against [Plaintiff] in this action and to file a complaint pursuing the same claims in a related state court action…[and] a dismissal would leave only [Plaintiff's] narrow claim against [Defendants] for declaratory relief" which leads to uncertainty whether this Court "will even retain jurisdiction." *Id*. at 2.  However, as of the date of this order, Defendants have not dismissed their counterclaims against Plaintiff, and Defendants' two motions to dismiss Plaintiff's amended complaint remain pending.  *See* Docket; *see also* Docket Nos. 163, 199.  Further, the Court has ordered discovery to proceed because it was not convinced that the motions to dismiss will succeed.  *See* Docket No. 222.

Plaintiff submits that Snell & Wilmer filed an Anti-SLAPP motion in the state court action which may serve to stay discovery in that action, Docket No. 212 at 3, and Judge Joe Hardy orally announced that he was dismissing Defendants' second amended complaint against Snell & Wilmer with prejudice in the state action, Docket No. 221 at 2.  Further, it appears that Victor Roehm's deposition proceeded in the state court action, without Plaintiff's involvement, and that Defendants and Snell & Wilmer agreed to vacate the depositions of the remaining Snell & Wilmer deponents in that action.  *Id*.  The Court is not persuaded by Snell & Wilmer's argument that the depositions should be taken at the same time for both proceedings as Defendants' complaint against Snell & Wilmer has been dismissed, Snell & Wilmer has argued that discovery should be stayed in the state court action, *see* Docket No. 217-6 at 4, and Defendants and Snell & Wilmer have agreed to vacate depositions in the state court action.

Further, Snell & Wilmer submits that it is its "understanding that there is not even a [s]cheduling [o]rder in place in" the instant matter.  Docket No. 189 at 3.  On April 14, 2025, however, the Court entered a new scheduling order.  Docket No. 222.

Lastly, Snell & Wilmer submits that the deponents are lawyers with active law practices and that preparing for and being deposed requires a significant time investment and having them sit for two separate depositions is burdensome and will result in cumulative, duplicative, and wasteful discovery.  Docket No. 189 at 10.  A party claiming that discovery imposes an undue

3

burden must "allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997). Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006). This argument is ill-developed as it consists of only a conclusory assertion that the deponents are too busy with their practice to attend more than one deposition. This bare assertion clearly does not suffice to meet Snell & Wilmer's burden.

Accordingly, Snell & Wilmer does not meet its burden of showing why the depositions should not be permitted.

### IV. Motion to Quash or Modify Subpoena

A motion to quash or modify a subpoena must be filed with "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). If a motion to quash a subpoena is filed in a court that does not control compliance with a subpoena, that court "lacks jurisdiction to resolve the motion." *Agincourt Gaming LLC v. Zynga, Inc.*, 2014 U.S. Dist. LEXIS 114348, at *6 (D. Nev. Aug. 15, 2014).

The subpoena for Steven Graham to testify at a deposition is set to take place in Costa Mesa, California, and the subpoena for Victor Roehm to testify at a deposition is set to take place in Portland, Oregon. Docket No. 191-2 at 5, 8. Therefore, the subpoenas ordering Graham and Roehm to appear to testify at a deposition are not properly disputed before this Court, as the District of Nevada does not have jurisdiction to enforce compliance with or modify subpoenas pertaining to compliance taking place in another jurisdiction. Fed. R. Civ. P. 45(d)(3).

V.     **Conclusion**

For the reasons discussed above, Snell & Wilmer's motion for protective order is **DENIED**.[2] Snell & Wilmer's motion to quash or modify subpoena is **DENIED** as to Charles Gianelloni and **DENIED** without prejudice to being brought in the proper jurisdiction as to Victor Roehm and Steve Graham. Docket No. 168. Plaintiff's motions for leave to supplement the record are **GRANTED**. Docket Nos. 205, 212.

IT IS SO ORDERED.

Dated: April 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In its response, Plaintiff baldly requests that Snell & Wilmer be ordered to reimburse it for the fees and costs it incurred in working to schedule the depositions and for taking the non-appearances of the deponents. Docket No. 198 at 10. Courts only address well-developed legal arguments. *See, e.g., Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); *see also* Local Rule 7-2(a) (stating all motions filed in this Court "must be supported by a memorandum of points and authorities").