# EXHIBIT A

ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'SECOND AMENDED COMPLAINT WITH PREJUDICE, AND (2) DENYING DEFENDANTS' SPECIAL MOTION TO DISMISS UNDER NRS 41.660 (ANTISLAPP) ON MOOTNESS GROUNDS, dated April 29, 2025, issued in *Ryze Renewables Holdings, LLC, et al. v. Snell & Wilmer, LLP, et al.*, District Court, Clark County Nevada, Case No. A-23-863908-B

ELECTRONICALLY SERVED
4/29/2025 3:23 PM

Electronically Filed
04/29/2025 3:22 PM
CLERK OF THE COURT

**ORDR**

G. Mark Albright, Esq. #001394
Daniel R. Ormsby, Esq. #014595
**Albright, Stoddard, Warnick & Albright**
801 South Rancho Drive, Ste. D-4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com

**Edgar Law Firm LLC**

John M. Edgar, Esq. (*PHV*)
John F. Edgar, Esq. (*PHV*)
Michael R. Owens, Esq. (*PHV*)
Alexander C. Melin, Esq. (*PHV*)
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

*Attorneys for Plaintiffs*

AS Albright Stoddard Warnick & Albright

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

RYZE RENEWABLES HOLDINGS, LLC., a Delaware limited liability company, registered in Nevada, and RYZE RENEWABLES NEVADA, LLC., a Delaware limited liability company, registered in Nevada,

Plaintiffs,

v.

SNELL & WILMER, LLP., a foreign limited liability partnership, registered in Nevada; VICTOR J. ROEHM III; STEVEN T. GRAHAM; and CHARLES E. GIANELLONI,

Defendants.

Case No.: A-23-863908-B
Dept. No.: 15

**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE, AND (2) DENYING DEFENDANTS' SPECIAL MOTION TO DISMISS UNDER NRS 41.660 (ANTI-SLAPP) ON MOOTNESS GROUNDS**

v.

MIRAE ASSET SECURITIES CO, LTD.

Defendants/Third-Party Defendants

This matter came before the Court for oral argument on March 25, 2025, at 9:00 a.m., on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint Under NRCP 12(b)(5) ("Motion to Dismiss") and Defendants' Special Motion to Dismiss Plaintiffs' Second Amended Complaint Under NRS 41.660 ("Anti-SLAPP Motion").

Michael Owens and John F. Edgar of the Edgar Law Firm and Daniel Ormsby of Albright, Stoddard, Warnick & Albright appeared on behalf of Plaintiffs (collectively "Ryze"). Amy Abdo and Jessica Post of Fennemore Craig, P.C., and Colby Williams and Sam Mirkovich of Campbell & Williams appeared on behalf of Defendants. Tamara Beatty Peterson of Peterson Baker PLLC appeared on behalf of Mirae Asset Securities Co., Ltd. ("Mirae").

Having reviewed the parties' briefing on both the Motion to Dismiss and the Special Motion to Dismiss Under Nevada's Anti-SLAPP Statute, having heard oral argument, and with good cause appearing, the Court hereby enters the following detailed Orders and Findings:

## I. THE COURT DISMISSES THE SECOND AMENDED COMPLAINT IN ITS ENTIRETY, PRIMARILY BASED ON NEVADA'S LITIGATION PRIVILEGE

### *1. Snell's Contentions*

Snell broadly asserts that each Ryze's claims are barred by the litigation privilege and because each is premised on allegations that Snell engaged in improper conduct when it filed the July 23 Lawsuit. That doctrine provides that communications uttered or published in the course of judicial proceedings are absolutely privileged. *Greenberg Traurig v. Frias Holding Co.*, 130 Nev. 627, 630, 331 P.3d 901, 903 (2014); *Fink v. Oshins*, 118 Nev. 428, 432–33, 49 P.3d 640, 643 (2002); *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 60–62, 657 P.2d 101, 104–05 (1983).

According to Snell, the privilege extends beyond defamatory statements to encompass a variety of tort claims when the claim arises out of communications or conduct during litigation. Because Ryze's claims rest solely on the July 23 Lawsuit's filing and Ryze alleges no misconduct



Albright Stoddard Warnick & Albright

AS Albright Stoddard Warnick & Albright

outside that litigation activity, Snell asserts these claims are barred by Nevada's litigation privilege doctrine.

*2. Ryze's Position*

Ryze responds that Snell's argument distorts and selectively omits key aspects of Ryze's allegations, which the SAC alleges a broader pattern of wrongful conduct beyond merely filing a complaint. According to Ryze, Snell engaged in falsely claiming attorney-client relationships and filing without authorization from the purported client, concealed that the litigation was directed and funded by a Southern California real estate agent unaffiliated with Mirae, fabricated Korean regulatory barriers to performing the coerced agreement, and pressured Ryze to renegotiate a separate transaction. SAC ¶¶ 55–59, 68, 102–105, 130(e)–(f), 168–169, 195.

Ryze argues that Snell & Wilmer's reliance on an "absolute" litigation privilege would place all in-litigation conduct beyond judicial scrutiny even when attorneys misuse judicial proceedings for extortionate purposes. The Nevada Supreme Court has declined to extend the privilege where its application would not further the policy rationale behind the privilege, particularly where it would insulate an attorney's malfeasant conduct. *Dickerson v. Downey Brand LLP*, No. 67768, 2017 WL 6316552, at *3 (Nev. Dec. 8, 2017). Ryze points to cases including *Bull v. McCuskey*, 615 P.2d 957 (Nev. 1980), where Nevada courts have allowed abuse-of-process claims premised on the same conduct Snell claims is privileged, and in that regard, Snell's interpretation of the privilege would wholly obviate well-established torts in Nevada which necessarily arise in the context of judicial process.

Finally, Ryze maintains that even if the litigation privilege were applicable, Snell cannot establish critical preconditions for its application here. The Nevada Supreme Court has held that the privilege's protection is contingent on the attorney's representation of his or her client. *Greenberg Traurig*, 130 Nev. at 631, 331 P.3d at 904. The SAC alleges that Mirae never authorized the July 23 Lawsuit, and Ryze also notes that Mirae, the putative client, has expressly denied the existence of any attorney-client relationship with Snell or that Snell was authorized to act as its attorneys. Ryze contends these factual disputes prevent resolution at the pleading stage.

Albright Stoddard Warnick & Albright

*3. The Court's Analysis and Findings*

The Court rejects Ryze's contention that its claims arise from non-litigation conduct. Although Ryze includes various other allegations about conduct after the filing of the July 23 Lawsuit, those allegations are irrelevant. It is the filing of the lawsuit that gives rise to Ryze's damages claims.

The cases Ryze cites are readily distinguishable. *Greenberg Traurig v. Frias Holding Co.*, 130 Nev. 627, 630–31, 331 P.3d 901, 903–04 (2014), for example, does not remotely support Ryze's position here. In *Greenberg Traurig*, the Nevada Supreme Court held that, in a legal malpractice action, the litigation privilege does not preclude production of the lawyer's file from the representation at issue. But Snell is not seeking to apply the litigation privilege to the production of documents—Ryze is already in possession of Snell's file from its representation of Mirae. Greenberg Traurig does not remotely support Ryze's position here, which, again, is that the litigation privilege somehow does not cover the act of filing a lawsuit.

Nor does *Dickerson v. Downing Brand LLP*, 133 Nev. 1002, 408 P.3d 543, 2017 WL 6316552 (Dec. 8, 2017). In *Dickerson*, the plaintiff alleged that the attorney colluded with his client to shortchange an expert whom the attorney had hired—conduct unrelated to litigation activity and not prompted by claims made in the complaint. Ryze does not seek to hold Snell liable for scheming to shortchange an expert that Snell itself had hired. Instead, Ryze seeks to hold Snell liable for filing a complaint, which is a quintessential example of litigation conduct. And *Dorfman v. Smith*, 342 Conn. 582, 271 A.3d 53 (2022) does not address an abuse-of-process claim. The remaining authorities Ryze cites apply materially different legal standards and do not alter the Court's conclusion that the litigation privilege applies.

Accepting Ryze's allegations as true, the Court finds that the absolute litigation privilege bars all claims based on the filing of the July 23 Lawsuit. The Court accordingly dismisses all such claims and theories as a matter of law.

Albright Stoddard Warnick & Albright

## II. ADDITIONALLY, AND ALTERNATIVELY, THE COURT DISMISSES FOR FOLLOWING FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In addition to dismissing on the basis of the litigation privilege, the Court also dismisses the following causes of action on independent and alternative grounds: the Second Amended Complaint fails to state claims upon which relief can be granted.

### A. Abuse of Process (Claim 1)

#### *1. Snell's Contentions*

Snell argues that Ryze's abuse-of-process claim fails for several reasons. First, Snell cites *Land Baron Invs. v. Bonnie Springs Fam. LP*, 131 Nev. 686, 698, 356 P.3d 511, 520 (2015), for the proposition that filing a complaint does not constitute abuse of process. Snell asserts that Ryze's allegations hinge on the July 23 Lawsuit's filing, which cannot satisfy the "willful act" requirement.

Next, Snell contends that mediation-related statements cannot form the basis for Ryze's claim because they are protected by the absolute litigation privilege, are confidential and inadmissible, and do not constitute "process." Since abuse of process exists to protect the integrity of the court, the parties' voluntary attendance at a mediation cannot remotely satisfy the tort's elements. Snell further notes that threats of legal action and lawsuits filed for the purpose of coercing a settlement are not a sufficient willful act, citing *Momot v. Mastro*, 2010 WL 2696635 (D. Nev. July 6, 2010) and *Rashidi v. Albright*, 818 F. Supp. 1354 (D. Nev. 1993).

#### *2. Ryze's Position*

Ryze contends that the Nevada Supreme Court has repeatedly recognized abuse-of-process claims premised on the initiation of pretextual litigation, particularly where post-filing conduct demonstrates a coercive or extortionate ulterior purpose. While merely filing a complaint is insufficient, Ryze argues its allegations of pretextual litigation combined with post-filing conduct mirror those found actionable in *Bull v. McCuskey*, 615 P.2d 957 (Nev. 1980), *Posadas v. City of Reno*, 851 P.2d 438 (Nev. 1993), and *TMX, Inc. v. Volk*, 2019 WL 4619524 (Nev. Sept. 20, 2019).

Albright Stoddard Warnick & Albright

Ryze emphasizes that Nevada abuse of process requires "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." According to Ryze, Snell's own internal documents and communications reveal the July 23 Lawsuit was a tool used to force Ryze back to the negotiation table rather than to resolve legitimate despise or obtain judicial relief. Ryze points to *TMX*, where the Court considered plaintiff's extortionate offer to settle and held it was not protected by NRS 48.105(1) in the context of a subsequent abuse-of-process claim. Ryze alleges that private mediation statements were part of a broader scheme to inflict financial pressure, sabotage alternate funding, and "weaponize" the lawsuit for extortionate ends. Ryze argues that Snell's position would improperly shield attorneys from accountability for precisely the kind of improper tactics Nevada courts have repeatedly condemned.

*3. The Court's Analysis and Findings*

The Court finds that Ryze fails to state a claim for abuse of process. The claim fails at the outset because Ryze identifies no misused legal process. Filing a complaint alone does not constitute abuse of process. As Nevada courts have repeatedly held, the tort targets the misuse of judicial mechanisms—such as depositions, subpoenas, or interrogatories—not the filing of a lawsuit itself. See *Nevada Credit Rating Bureau v. Williams*, 88 Nev. 601, 606, 503 P.2d 9, 12 (1972).

Here, the only "process" identified is the filing of the July 23 Lawsuit. Ryze cites no post-filing use of legal tools by Snell. The subsequent dismissals occurred pursuant to the Binding Term Sheet and cannot give rise to liability. Nor can statements made during mediation form the basis of the claim. Mediation is not judicial process, and such statements are confidential, inadmissible, and protected by the litigation privilege.

Even if process were identified, Ryze does not allege a willful misuse. Courts have emphasized that the willful act must involve an improper use of judicial process, not simply filing suit with alleged bad intent. Ryze's reliance on *Bull*, *Posadas*, and *TMX* is misplaced. In *Bull*, the attorney filed a meritless malpractice suit, failed to secure expert support, and offered to settle for

a nominal sum—conduct well beyond mere filing. In *TMX*, the plaintiff used litigation to coerce a witness to recant testimony in another case. In *Posadas*, the government leveraged criminal charges to pressure an employee to resign. This case is different. Mirae and Ryze had a business dispute over a loan. Mirae filed suit, then both sides entered a three-day mediation and executed the Binding Term Sheet. Ryze chose not to litigate the July 23 Lawsuit. Nothing about these events shows a willful misuse of legal process for an improper purpose.

The Court further finds that statements made at the mediation cannot form the basis for Ryze's because such statements are confidential settlement discussions and are not admissible as evidence under NRS 48.109(2) and Cal. Evid. Code § 1119. Claim 1 for abuse of process is accordingly DISMISSED.

B. Negligent Misrepresentation (Claim 2)

*1. Snell's Contentions*

Snell argues that Ryze's negligent misrepresentation claim fails for several reasons. First, Ryze failed to plead with particularity as required under NRCP 9(b), as the complaint does not identify the specific statements, their timing, or speaker. Second, as counsel for Mirae, Snell owed no duty to Ryze, an adverse party with its own representation. Snell cites *Oakland Police & Fire Retirement System v. Mayer Brown*, 861 F.3d 644 (7th Cir. 2017), which rejected the argument that the law firm representing a client owed a duty to the party on the other side, and *Rashidi v. Albright*, 818 F. Supp. 1354, 1358 (D. Nev. 1993) (finding there is no duty of care owed to an adverse party in litigation).

Additionally, Snell argues that Ryze cannot establish justifiable reliance given that Ryze had already concluded Mirae would not fund the loan, questioned Snell's representations, and had its own counsel. Citing cases like *Collins v. Burns*, 103 Nev. 394, 397 (1987), Snell argues that a party cannot claim "justifiable reliance" if it possessed information serving as a "red light" or performed its own investigations. Finally, Snell maintains that there is no "special relationship" between Ryze and Snell that would support a claim based on omissions, emphasizing that arms-length commercial dealings do not constitute the kind of relationship recognized in *Dow Chem.*





AS Albright Stoddard Warnick & Albright

AS Albright Stoddard Warnick & Albright

*Co. v. Mahlum*, 114 Nev. 1468, 1486 (1998) and that a negligent misrepresentation claim cannot be based on a promise of future performance.

2. *Ryze's Position*

Ryze contends its claim is adequately pleaded, noting it expressly incorporated all prior allegations into the fraud and negligent misrepresentation claims by reference, which identify the speakers, timing, and content of the misrepresentations. Alternatively, Ryze seeks leave to amend if necessary.

Ryze argues that Snell created a special duty by misrepresenting who it represented—claiming Mirae as its client, even though Mirae explicitly denies ever retaining Snell. Citing *Dezzani v. Kern & Assocs.*, 134 Nev. 61, 68 (2018), Ryze asserts that Nevada law recognizes that an attorney acting beyond legitimate representation can owe a duty to third parties harmed by their misrepresentations. Furthermore, Ryze alleges Snell facilitated misconduct by Ryze's former agent, Han, heightening Snell's duties to refrain from misleading Ryze. Separately, Ryze highlights the *Navellier v. Sletten*, 262 F.3d 923 (9th Cir. 2001), balancing test as supporting an attorney's duty to a third party under Ryze's alleged circumstances.

Ryze further claims that ethical rules, including Nevada Rule of Professional Conduct 4.2, prohibited direct verification of Snell's representations about Mirae's involvement, and that determining the reasonableness of reliance requires resolution of factual issues improper on a motion to dismiss under NRCP 12(b)(5).

Finally, Ryze maintains that Snell's statements concerned misrepresentations of present facts, not future performance, distinguishing between a party's present intention or capacity to act and mere promises of future action.

3. *The Court's Analysis and Findings*

While the Court does not adopt Snell's arguments regarding failure to plead with particularity under NRCP 9(b) ~~(Argument 2(a))~~ or that the claim fails solely because it involves statements of future performance ~~(Argument 2C)~~, the Court finds that Claim 2 for negligent misrepresentation nonetheless fails as a matter of law based on the remaining grounds argued.

Albright Stoddard Warnick & Albright

Specifically, the Court agrees that, as a matter of law, an attorney generally does not owe a duty to adverse parties. *Dezzani*, 134 Nev. at 66. The complaint alleges no facts establishing a special relationship that would trigger an exception to this rule ~~(addressing Argument 2(d))~~, and Snell's role as litigation counsel for Mirae does not create such a duty ~~(addressing Argument 2(b))~~. Ryze's arguments attempting to establish a duty based on the alleged involvement of its former agent, Han, or the *Navellier* balancing test are unavailing; Han's status does not impose a duty on Snell towards Ryze, and *Navellier* is inapposite to these circumstances.

Furthermore, the Court finds that Ryze's claims premised on justifiable reliance fail as a matter of law ~~(addressing Argument 2©)~~. As alleged, "[s]erious questions arose during Ryze's negotiations with [Snell] about the true identity of Snell's client and whether Mirae—or a front runner claiming to be affiliated with Mirae—was actually involved in the deal." Ryze further states that it "pleaded with Snell for additional information to confirm Mirae's identity." These allegations, taken together, demonstrate that Ryze possessed "information which would serve as a danger signal and a red light to any normal person of his intelligence and experience." *Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819, 821 (1987). Additionally, Ryze was "represented by its own legal counsel throughout" its relationship with Mirae and does not explain why it elected to rely on opposing counsel's representations in this context. Given these circumstances, including Ryze's independent assessment that "Mirae was unlikely to timely fund a loan" and its decision to seek "funding from a different source," the Court concludes that Ryze's reliance on Snell's representations about Mirae's involvement, willingness to fund the SLA, and the identity and authority of the client Snell claimed to represent, was not reasonable or justifiable as a matter of law. Claim 2 for negligent misrepresentation is DISMISSED.

C. <u>Fraud (Claim 3)</u>

*1. Snell's Contentions*

Snell contends that Ryze's fraud claim fails to satisfy NRCP 9(b)'s particularity requirement. A fraud claim must be pled with particularity, yet Ryze's fraud claim lumps together "Defendants" without providing the particularities required. Snell also argues Ryze cannot

Albright Stoddard Warnick & Albright

establish reasonable reliance because Ryze had already determined that Mirae would never fund the loan before Snell even became involved and harbored "serious questions" about Mirae's identity throughout the parties' relationship.

2. *Ryze's Position*

Ryze asserts its fraud claim is adequately pleaded through incorporation of prior allegations that identify speakers, timing, location, and content of misrepresentations. Ryze also distinguishes between explicit false statements and implied misrepresentations, both actionable under Nevada law.

Ryze argues its reliance was reasonable. It contends that ethical rules, specifically Nevada Rule of Professional Conduct 4.2, prohibited Ryze's counsel from directly contacting Mirae (Snell's purported client) to verify Snell's representations. Furthermore, Ryze maintains that Snell misrepresented present facts—such as its client status and Mirae's funding intentions, which induced Ryze into harmful negotiations—rather than mere future promises, citing *Blanchard v. Blanchard*, 108 Nev. 908, 912 (1992) (distinguishing actionable representations of "present intention or capacity" from non-actionable future promises). Ryze insists that factual disputes about the reasonableness of reliance are inappropriate for resolution at the pleading stage under NRCP 12(b)(5).

3. *The Court's Analysis and Findings*

The Court finds that Ryze's fraud claim fails as a matter of law. Under Nevada law, fraud requires a plaintiff to show, among other elements, justifiable reliance on a material misrepresentation. Additionally, a fraud claim must be pled with particularity, detailing "the time, the place, the identity of the parties involved, and the nature of the fraud."

Ryze's complaint fails to meet this standard, as it fails to explicitly allege "the time [and] place" when the misrepresentations were made or the "identity" of the speaker with sufficient specificity. Further, many of the alleged misrepresentations concern Mirae's future performance (i.e., funding the loan), which generally amounts to a breach of contract, not a fraud. *Tallman v.*

Albright Stoddard Warnick & Albright

*First Nat'l Bank of Nev.*, 66 Nev. 248, 259, 208 P.3d 302, 307 (1949); *Road & Highway Builders v. N. Nev. Rebar*, 128 Nev. 384, 391, 284 P.3d 377, 381 (2012).

Even accepting the allegations as true, Ryze's reliance upon Snell's alleged misrepresentations was not reasonable or justifiable. Ryze was represented by counsel and, by its own admission, had already determined that Mirae would never fund the loan before Snell even became involved. Ryze attempts to justify its lack of verification by citing Nevada Rule of Professional Conduct 4.2, arguing its counsel was ethically barred from contacting Mirae directly. However, while ethical rules govern attorney conduct, they do not excuse a sophisticated party like Ryze from performing its own due diligence. Any principal of Ryze could have attempted to communicate directly with Mirae to verify Snell's authority or Mirae's intentions before continuing allegedly detrimental reliance. Ryze's alleged reliance on Snell's representations about its status as Mirae's counsel or authority to act on Mirae's behalf was therefore unreasonable as a matter of law. Claim 3 for fraud is therefore DISMISSED.

D. Wrongful Use of Civil Proceedings (Count 6)

*1. Snell's Contentions*

Snell asserts Nevada does not recognize a tort labeled "wrongful use of civil proceedings," citing *LaMantia v. Redisi*, 118 Nev. 27, 31 (2002), wherein the Nevada Supreme Court concluded a plaintiff could not assert a malicious prosecution claim arising from civil proceedings and confirmed abuse of process as the available remedy. Snell further cites *Ralphaelson v. Ashtonwood Stud Assocs., L.P.*, 2009 WL 2382765 (D. Nev. July 31, 2009) (a federal district court decision refusing to create such a cause of action under Nevada law). Because the claim is not cognizable, Snell contends it must be dismissed outright.

*2. Ryze's Position*

Ryze interprets *LaMantia v. Redisi* as drawing only a terminological distinction between malicious prosecution in criminal matters and civil analogs like "wrongful use of civil proceedings," which most jurisdictions recognize. Ryze contends that reading *LaMantia* as abolishing any claim for malicious or wrongful civil litigation places Nevada alone among

Albright Stoddard Warnick & Albright

American states, contradicting historical acceptance. Ryze cites *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952 (Md. 1997), and *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313 (Ariz. 1988), as evidence that other states separate malicious prosecution for criminal cases from the civil "wrongful use" variant. Ryze also emphasizes that while *Ralphaelson* declined to create such a tort, it was only making an Erie prediction. Ryze contends the Nevada Supreme Court has never definitively rejected the tort. Because it aligns with common-law principles against baseless litigation, Ryze argues that the claim should be allowed.

*3. The Court's Analysis and Findings*

The Court finds that Claim 6 for wrongful use of civil proceedings fails as a matter of law because Nevada does not recognize this cause of action. The Court agrees with Snell's interpretation of *LaMantia v. Redisi*, 118 Nev. 27 (2002). Contrary to Ryze's argument that *LaMantia* merely endorsed a semantic shift, this Court reads *LaMantia* as substantively precluding claims analogous to malicious prosecution arising from prior civil litigation, confirming abuse of process as the recognized remedy in such situations. As Nevada law does not currently recognize an independent tort for wrongful use of civil proceedings, this claim cannot proceed. Claim 6 for wrongful use of civil proceedings is therefore DISMISSED.

E. Unauthorized Filing of a Lawsuit (Claim 7)

Snell maintains that an "unauthorized filing of a lawsuit" cause of action is not recognized in Nevada. Snell is unable to identify a single Nevada case recognizing a claim for "unauthorized filing of a lawsuit." Such a claim appears only to exist under the laws of Illinois. Claim 7 for unauthorized filing of a lawsuit is DISMISSED.

F. Attorney Misconduct Under New York Judiciary Law Section 487 (Claim 8)

Ryze's claim for attorney misconduct under New York Judiciary Law Section 487 fails as a matter of law because the statute does not apply to actions outside of New York by attorneys not admitted to practice law in New York. See *All. Network, LLC v. Sidley Austin LLP*, 43 Misc. 3d 848, 865 (N.Y. Sup. Ct. 2014); *Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978). Claim 8 for attorney misconduct is therefore DISMISSED.

Albright Stoddard Warnick & Albright

G. Aiding and Abetting Breach of Fiduciary Duty (Claim 9)

*1. Snell's Contentions*

Snell argues that Ryze's claim fails because Ryze does not allege that it had any contractual or agency relationship with Hall or Han. Instead, Ryze merely alleges it engaged Paragon Construction Consulting, that Hall was acting on Ryze's behalf, and that Hall owed fiduciary duties to Ryze. Snell contends these allegations merely show an arms-length or adversarial relationship similar to other relationships where courts have found no fiduciary duty exists.

*2. Ryze's Position*

Ryze argues that Nevada law imposes liability when defendants substantially assist or encourage another's conduct in breaching a duty, citing *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1490 (1998). Ryze emphasizes that Hall, Paragon, and Han served as Ryze's fiduciary agents for the explicit purpose of procuring convertible debt financing. The SAC alleges that Ryze entrusted these agents with confidential information necessary to secure funding, creating fiduciary duties for Ryze's benefit. According to Ryze, Snell knowingly facilitated these agents' misconduct, thereby aiding their fiduciary breach.

*3. The Court's Analysis and Findings*

A claim for aiding and abetting a tort requires that: (1) a person committed a tort that injured the plaintiff; (2) the defendant was aware of its role in promoting the tort at the time it provided assistance; and (3) the defendant knowingly and substantially assisted the tortfeasor in committing the tort. *See Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1490 (1998). Specifically for aiding and abetting breach of fiduciary duty, a plaintiff must first demonstrate that a fiduciary relationship exists followed by a breach, knowing participation, and damages. *In re Amerco Derivative Litig.*, 127 Nev. 196, 225 (2011).

Accepting Ryze's allegations as true and drawing all reasonable inferences in its favor, the Court finds that Ryze fails to sufficiently allege that a fiduciary relationship exists between Ryze and Hall or Han. The allegations in the SAC merely show an arms-length or adversarial relationship comparable to relationships that courts have consistently found do not create fiduciary

AS Albright Stoddard Warnick & Albright

duties. Fiduciary relationships do not normally arise from arms-length business transactions or adversarial dealings. The facts alleged—that Ryze engaged Paragon and that Hall was supposed to act on Ryze's behalf—are insufficient to state a claim for relief.

Because neither Hall nor Han owed fiduciary duties to Ryze, an essential element of the underlying tort is missing, and Ryze's claim that Snell aided and abetted a breach of such duties cannot stand as a matter of law. As Ryze does not allege a fiduciary relationship with any other party, Claim 9 is DISMISSED in its entirety.

H. Other Aiding and Abetting Claims (Claims 10–14)

Snell argues that Counts 10 through 14—Aiding and Abetting Abuse of Process (Count 10), Aiding and Abetting Fraud (Count 11), Aiding and Abetting Tortious Interference with Prospective Economic Advantage (Count 12), Aiding and Abetting Tortious Interference with Contract (Count 13), and Aiding and Abetting Wrongful Use of Civil Proceedings (Count 14)—fail as a matter of law because each depends on the existence of a viable underlying tort. According to Snell, where the underlying tort claim fails, any related aiding and abetting claim must also fail. The Court agrees. As explained earlier in this order, the underlying torts are not legally sufficient. Without a valid predicate tort, the aiding and abetting claims cannot proceed. *See Hunt v. Zuffa, LLC*, 361 F. Supp. 3d 992, 1007 (D. Nev. 2019); *Martin v. Bank of Am.*, No. 2:15-cv-0372-GMN-PAL, 2016 WL 2731670, at *3–4 (D. Nev. May 9, 2016). Claims 10 through 14 for aiding and abetting are therefore DISMISSED.

I. Civil Conspiracy (Claim 15)

*1. Snell's Contentions*

In Claim 15, Ryze alleges that from approximately June 14, 2021, to December 20, 2021, Defendants agreed and conspired with Jeff Hall, Paragon Construction Consulting, Inc., Sung Hee Han, Lee, and/or Mirae, to accomplish multiple unlawful objectives for the express purposes of preventing Ryze from securing alternative financing and coercing Ryze into accepting extortionate loan terms. SAC ¶ 239.

Snell argues that civil conspiracy in Nevada requires: (1) a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another; (2) an overt act in furtherance of the conspiracy; and (3) damages. Snell contends the claim fails because Ryze has not sufficiently alleged an underlying tort, citing *Motogolf.com LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1180 (D. Nev. 2021) and *Goldman v. Clark Cnty. Sch. Dist.*, 2020 WL 5633065, at *3 (Nev. 2020).

Additionally, Snell asserts that the intra-corporate conspiracy doctrine bars the claim because agents and employees of a corporation cannot conspire amongst themselves or with their corporate principal/employer if they are acting in their capacity as employees. Since Roehm, Graham, and Gianelloni were employed by Snell and acting within their employment scope, Snell argues they cannot have conspired amongst themselves or with Snell.

*2. Ryze's Position*

Ryze disputes that civil conspiracy requires a standalone tort, arguing that the unlawful objective element of a civil conspiracy claim does not necessarily need to be a tort under Nevada law. Ryze cites *Vandalay Enterps., Inc. v. Herrin*, 2017 WL 700531 (Nev. Feb. 17, 2017) and *Gaines v. Keasberry*, 2023 WL 4761633 (D. Nev. July 25, 2023). Alternatively, Ryze contends it has adequately pleaded several standalone tort claims and that the SAC otherwise alleges a valid claim for civil conspiracy.

*3. The Court's Analysis and Findings*

Accepting Ryze's allegations as true and drawing all reasonable inferences in its favor, the Court finds that the SAC fails to allege conduct satisfying the unlawful objective element required for civil conspiracy, particularly because no actionable underlying tort has been sufficiently pleaded. The Court also finds that the intra-corporate conspiracy doctrine applies in this case. Because the alleged conspirators identified within Snell were acting within the scope of their employment, they cannot conspire with their employer or each other as a matter of law. As Ryze's conspiracy claim identifies no other legally viable combination of conspirators, the intra-corporate conspiracy doctrine bars Claim 15. Claim 15 for civil conspiracy is therefore DISMISSED.

**III. THE DISMISSAL IS WITH PREJUDICE**

The dismissals of all claims set forth above are WITH PREJUDICE. The Court bases this determination primarily on the applicability of the absolute litigation privilege where relevant, and additionally on the advanced stage of this litigation, the action now being on its Second Amended Complaint after approximately two years.

~~Accordingly,~~

**THE COURT ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:** Defendants' Motion to Dismiss is hereby **GRANTED**. The Second Amended Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

**THE COURT FURTHER ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:** Because the Court has granted the Motion to Dismiss with prejudice, Defendants' Special Motion to Dismiss Under Nevada's Anti-SLAPP Statute is **DENIED AS MOOT**.

**Dated this 29th day of April, 2025**

**747 460 996F AD42**
**Joe Hardy**
**District Court Judge**

Respectfully submitted,

**Albright, Stoddard, Warnick & Albright**

*/s/ Daniel R. Ormsby*
G. Mark Albright #001394
Daniel R. Ormsby, Esq., #014595
801 South Rancho Drive, Ste. D-4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
dormsby@albrightstoddard.com

*- and -*

**Edgar Law Firm LLC**

*/s/ Michael R. Owens*
John M. Edgar, Esq. (*PHV*)
John F. Edgar, Esq. (*PHV*)
Michael R. Owens, Esq. (*PHV*)

Albright Stoddard Warnick & Albright

Alexander C. Melin, Esq. (*PHV*)
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

*/s/ Refused to Sign*
Amy Abdo (Nev. Bar No. 6881)
Richard I. Dreitzer (Nev. Bar No. 6626)
FENNEMORE CRAIG, P.C.
9275 West Russell Road, Suite 240
Las Vegas, Nevada 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: amy@fennemorelaw.com
Email: rdreitzer@fennemorelaw.com

Jessica L. Post (Admitted Pro Hac Vice)
FENNEMORE CRAIG, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
Facsimile: (602) 916-5999
Email: jpost@fennemorelaw.com

J. Colby Williams (Nev. Bar No. 5549)
Samuel R. Mirkovich (Nev. Bar No. 11662)
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Email: jcw@cwlawlv.com
Email: srm@cwlawlv.com

*Attorneys for Defendants*
*Snell & Wilmer LLP, Victor J. Roehm III,*
*Steven T. Graham and Charles E. Gianelloni*

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Ryze Renewables Holdings LLC, Plaintiff(s)<br><br>vs.<br><br>Snell & Wilmer LLP, Defendant(s) | CASE NO: A-23-863908-B<br><br>DEPT. NO. Department 15 |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 4/29/2025

| | |
|---|---|
| Tamara Peterson | tpeterson@petersonbaker.com |
| Jon Williams | jcw@cwlawlv.com |
| Philip Erwin | pre@cwlawlv.com |
| Samuel Mirkovich | srm@cwlawlv.com |
| Matthew Wagner | maw@cwlawlv.com |
| John Chong | jyc@cwlawlv.com |
| Nicole Lovelock | nlovelock@championlawvegas.com |
| Amy Abdo | aabdo@fclaw.com |
| Andrea Brebbia | abrebbia@albrightstoddard.com |
| Richard Dreitzer | rdreitzer@fclaw.com |

| | |
|---|---|
| Crystal Balaoro | cbb@cwlawlv.com |
| Agnes Wong | awong@fennemorelaw.com |
| Court Filings | CourtFilings@fennemorelaw.com |
| Lorie Januskevicius | ljanuskevicius@championlawvegas.com |
| Julie Linton | jlinton@championlawvegas.com |
| Jeannie Hobert | jhobert@fennemorelaw.com |
| G. Mark Albright | gma@albrightstoddard.com |
| Daniel Ormsby | dormsby@albrightstoddard.com |
| John Edgar | jme@edgarlawfirm.com |
| John Edgar | jfe@edgarlawfirm.com |
| Michael Owens | mro@edgarlawfirm.com |
| Jessica Post | jpost@fennemorelaw.com |
| Brett Gilmore | bgilmore@fennemorelaw.com |
| Kathy Power | kpower@fennemorelaw.com |
| Lynn Marble | lmarble@fennemorelaw.com |
| Valerie Godfrey | vgodfrey@fennemorelaw.com |
| Nicholas Hagenkord | nsh@cwlawlv.com |
| Ariana Reed | anr@cwlawlv.com |
| Lainey Hare | lhare@albrightstoddard.com |
| Lisa Williams | lisa@albrightstoddard.com |
| Clarise Wilkins | pblit@petersonbaker.com |
| Julia Melnar | jmelnar@petersonbaker.com |
| Phyllis Cameron | pcameron@albrightstoddard.com |

| | |
|---|---|
| Leslie Gualajara | lmg@cwlawlv.com |
| Tracy OSteen | tosteen@championlawvegas.com |
| Amy Abdo | aabdo@fclaw.com |
| Peter Meier | petermeier@paulhastings.com |
| Daniel Prince | danielprince@paulhastings.com |