# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURTITIES CO., LTD,<br>　　Plaintiff,<br>v.<br>RYZE RENEWABLES HOLDINGS, LLC, *et al.*,<br>　　Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order** |

Pending before the Court is Plaintiff's motion to seal an exhibit filed in conjunction with its motion to compel. Docket No. 239.

Plaintiff submits that the "sole ground" for its motion is because non-party Snell & Wilmer produced the document at Exhibit Z as "Confidential" and that Plaintiff is not aware of any good cause for Exhibit Z to remain under seal. *Id*. at 2.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also* Docket No. 224 at 2.

This Court has specifically ordered that, if the sole ground for a motion to seal is that the opposing party has designated a document as confidential, the designator must file, within seven days of the filing of the motion to seal, "either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice." Docket No. 224 at 2. Snell & Wilmer has failed to comply with the Court's order.

As such, Snell & Wilmer is **ORDERED** to file a response by June 12, 2025. If Snell & Wilmer fails to file a response fully addressing the applicable standards, the Court may order the subject material unsealed.

IT IS SO ORDERED.

Dated: June 10, 2025

Nancy J. Koppe
United States Magistrate Judge