UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD, <br>     Plaintiff, <br> v. <br> RYZE RENEWABLES HOLDINGS, LLC, *et al.*, <br>     Defendants. | Case No. 2:23-cv-01492-APG-NJK <br> **Order** <br> [Docket No. 236] |

Pending before the Court is Plaintiff's motion to compel further discovery responses. Docket No. 236. Defendants filed a response. Docket No. 245. Plaintiff filed a reply. Docket No. 249. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E. D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the

1

informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Plaintiff's motion seeks relief with respect to 29 requests for production. Docket No. 236 at 7. The sheer volume of disputes presented can be a red flag that a sufficiently meaningful conferral effort did not occur. *Reno v. W. Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (*citing King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)). It is clear that the parties did not take heed of the Court's warning that the vast majority of discovery disputes should be resolved through cooperative dialogue. *See* Docket No. 222 at 4.

Although the motion is supported by a declaration attesting that meet and confers were conducted, the Court is not persuaded that a sufficiently meaningful effort was made to at least narrow and focus the issues in dispute, especially considering that the parties have met and conferred on these requests for over a year.[1] *See* Docket No. 237 at 3-7. For example, Plaintiff submits that Defendants agreed to produce documents responsive to Request for Production Nos. 45, 55, 56, 57, 58, 66(a), and 66(b), by May 25, 2025. Docket No. 236 at 13. Defendants admit

---

[1] Plaintiff submits that it has "sent at least 14 separate requests to schedule a meet and confer…but [Defendants] frequently ignored [Plaintiff's] efforts, and then, once [Defendants] actually did engage, [they] failed to meet deadlines [*they*] *set* and to respond once those deadlines had passed." Docket No. 249 at 6 (emphasis in original). As has been made abundantly clear, the Court expects a high degree of professionalism and civility from counsel. *See* Docket Nos. 222 at 4, 197 at 1, n. 1. Counsel is skating on *very* thin ice. The Court has issued numerous cautionary orders in this case; counsel should not expect any further cautioning. To the extent the warnings go unheeded, counsel should instead expect monetary or other significant sanctions to be imposed.

they "did not meet the aspirational deadline previously provided to [Plaintiff] for completing this production…[but they intend] to complete this production promptly."[2]  Docket No. 245 at 7. Following Defendants' failure to comply, no meet and confer occurred.  *See* Docket No. 237 at 7. *See* McNamara v. Hallinan, 2019 WL 918984, at *2 n.3 (D. Nev. Feb. 25, 2019) (further telephonic conference is required when circumstances have changed regarding the issues in dispute).  Thus, the disputes within the motion to compel are not properly before the Court and additional personal consultation is required because circumstances have changed since the last meet and confer.

Further, some of the requests in Plaintiff's motion state that Defendants violated the Court's prior order.  *See* Docket No. 236 at 14-15.  The Court does not herein express an opinion as to whether Defendants complied with the Court's prior order.  In an effort to aid in conferral efforts, however, the Court makes clear that its orders are not suggestions; they are directives with which compliance is mandatory.  *E.g., Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979).  Failure to comply with a discovery order can lead to severe repercussions, including monetary sanctions, case-dispositive sanctions, and contempt findings.  *See* Fed. R. Civ. P. 37(b)(2).  To avoid eroding the import of its own orders, the undersigned does not generally issue a second order compelling discovery that is already the subject of an earlier order compelling discovery.  *See, e.g., Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720 (D. Nev. July 11, 2013) (after filing of a motion to compel discovery that had been ordered previously, court imposed case-dispositive and monetary sanctions, and then denied motion to compel as moot), *adopted*, 2013 WL 5278518 (D. Nev. Sept. 17, 2013).  Counsel must carefully consider their positions and confer further with a bright-eyed understanding of what repercussions may result from a finding that the Court's prior discovery order was violated.  *Cf. Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

---

[2] Defendants did not provide a timeframe for compliance, *see* Docket No. 245 at 7, but the Court expects the parties to make all reasonable efforts to work together to complete discovery promptly.

3

Accordingly, Plaintiff's motion to compel is **DENIED** without prejudice. Docket No. 236. The parties must reengage in conferral efforts that are in-person, by video, or by telephone, no later than July 25, 2025. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. The vast majority of discovery disputes should be resolved through cooperative dialogue. In the unlikely event that compromise cannot be reached, any renewed motion practice on these discovery disputes must be brought no later than August 1, 2025.[3]

IT IS SO ORDERED.

Dated: July 8, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[3] To the extent those obligations are not taken seriously and motion practice ensues, the rules provide for monetary consequences as a means to "deter the abuse implicit in carrying or forcing to carry a discovery dispute to the court when no genuine dispute exists." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting advisory committee notes). To the extent both sides are not living up to their obligations, the Court may fashion other appropriate relief. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) (imposing sanction of public admonishment).