PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE)*
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE)*
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002
Attorneys for Plaintiff and Counter-Defendant
Mirae Asset Securities Co., Ltd

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Plaintiff,

vs.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Counter-Claimants,

vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Counter-Defendant.

CASE NO. 2:23-cv-01492-APG-NJK

**DECLARATION OF EUN MI PARK**

Judge: Andrew P. Gordon
Action Filed: September 22, 2023
Complaint Served: October 3, 2023

**DECLARATION OF EUN-MI PARK**

I, Eun-mi Park, declare as follows:

1. I am the Team Leader of the Assessment Team at Mirae Asset Securities Co., Ltd. ("Mirae Asset" or the "Company"). I submit this declaration in support of Mirae Asset's Motion for Summary Judgment. Unless otherwise noted herein, the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties. If called as a witness in this matter, I could and would competently testify to the matters set forth in this declaration. My native language is Korean and I have reviewed a Korean translation of this declaration. I also am conversant in English and have reviewed this declaration in English.

2. My current business address is Mirae Asset Center 1 Bldg., 26, Eulji-Ro 5-Gil, Jung-Gu, Seoul, Republic of Korea 04539.

3. I have been employed at Mirae Asset since 2015. As the Team Leader of the Assessment Team, I am familiar with Mirae Asset's approval process for potential investment opportunities.

4. There are several steps that must be completed before a potential investment opportunity receives final approval, including: (1) the Investment Team conducts a feasibility check to assess whether to begin negotiations for a potential deal; (2) the Assessment Team reviews the deal for potential risks; (3) upon confirmation by the Assessment Team, the deal must be reviewed and approved by the Legal Department, the Investment Assessment Committee, and a number of department heads; and (4) the General Affairs Department authorizes the use of corporate seals to execute the deal.

5. Relatedly, Mirae Asset delegates certain levels of authority to individuals within the Company, based on, for example, their role, seniority, and experience. These levels of authority are documented in the Company's chart of responsibilities, a true and correct copy of which, along with a certified translation, is attached hereto as **Exhibit 1**.

6. In February 2021, I and other members of the Assessment Team began reviewing the potential Ryze deal, including whether the Ryze principals had relevant prior experience in renewable diesel facilities, the fundraising structure of the proposed transaction, how the funds would be deployed, the structure of collateral, the financial modeling (including projected revenue and profits, the potential repayment terms and timeline), and other variables. After reviewing the deal, the Assessment Team had a negative opinion of the deal and documented its findings in an "Issue Report." A true and correct copy of the Issue Report, along with a certified translation, is attached hereto as **Exhibit 2**.

7. Due to the negative rating, the Assessment Team discontinued its review of the potential Ryze deal. Because the Assessment Team had rejected the deal in early 2021, it was never presented to the Mirae Asset Investment Assessment Committee. The Investment Assessment Committee never approved a transaction with Ryze.

8. I understand that, from approximately February 2021 through March 2021, Huijun Yang ("Yang"), who was the Team Leader of the Assessment Team at the time, had multiple meetings with Kyung Hyun Lee ("Lee"), during which Mr. Yang advised Mr. Lee that the Assessment Team had a negative rating of the Ryze deal, that the Assessment Team would not recommend proceeding with the transaction and that the deal was being dropped, and that Mr. Lee understood that the deal had been dropped.

9. Mirae Asset did not approve, and has not approved, any loan financing agreement or loan transaction with Ryze. Mr. Lee did not have authority to execute a loan financing agreement or loan transaction with Ryze, including the claimed Convertible Loan Agreement ("CLA") and/or the Second Loan Agreement ("SLA"). In fact, under the Company's corporate structure, Mr. Lee did not have authority to enter into any material loan financing agreements. As reflected in his personnel file, Mr. Lee was a Team Leader in early 2021 and later a director-equivalent in July 2021, neither of which has authority to

execute material loan financing agreements. A true and correct copy of Mr. Lee's personnel file, along with a certified translation, is attached hereto as **Exhibit 3**.

10. I have reviewed Ryze's counterclaims in this matter, in which Ryze asserts that a third-party, Sung Hee Han ("Han"), was engaging in negotiations on behalf of Mirae Asset. I have searched the Company's employee system, and to my knowledge, Sung Hee Han ("Han") has never been an employee of Mirae Asset. Mirae Asset did not request that Mr. Han negotiate, approve, or execute any loan financing agreement or loan transaction with Ryze. Nor was Mr. Lee authorized by Mirae Asset to permit Mr. Han to negotiate, approve, or execute any loan financing agreement or loan transaction with Ryze.

11. I am unaware of any effort by Ryze to confirm—with the Mirae Asset Legal Department, with Mr. Lee's former supervisor (Hyun-joo Park), or with any senior employee or executive of Mirae Asset—whether Mr. Lee or Mr. Han had authority to enter into any loan financing agreement or loan transaction with Ryze.

12. I understand that Ryze's counterclaims assert, in part, that Mirae Asset entered into the alleged SLA with LV Renewables A, LLC on or around November 29, 2021, and that Ryze claims that Mr. Lee signed the SLA on behalf of Mirae Asset with respect to certain indemnity obligations.

13. As the Team Leader of the Assessment Team, I am aware of Mirae Asset's organizational structure, including its relationships with parents, subsidiaries, or affiliate entities. LV Renewables A, LLC is not affiliated with Mirae Asset and is not a subsidiary of Mirae Asset. Nor has it ever been an affiliate or subsidiary of Mirae Asset. Likewise, LV Renewables B, Inc. is not affiliated with or subsidiary of Mirae Asset. Nor has it ever been an affiliate or subsidiary of Mirae Asset.

14. Mirae Asset did not authorize or request that Mr. Lee, Mr. Han, or any other individual form, participate in the formation of, or serve as a managing member or director of LV Renewables A, LLC or LV Renewables B, Inc.

15. Mirae Asset does not share any bank accounts with LV Renewables A, LLC or LV Renewables B, Inc., including any parent or subsidiary entities which may be affiliated with these limited liability companies.

16. Mirae Asset and LV Renewables A, LLC do not share operations, headquarters, bank accounts, common ownership interests, a tax identification number, bylaws, a business license, tax licenses, employees, phone lines, insurance coverages, addresses, or phone numbers. Likewise, Mirae Asset and LV Renewables B, Inc. do not share operations, headquarters, bank accounts, common ownership interests, a tax identification number, bylaws, a business license, tax licenses, employees, phone lines, insurance coverages, addresses, or phone numbers.

17. Based on my review of the SLA, I understand that LV Renewables A, LLC is wholly-owned by LV Renewables B, Inc., which, in turn, is wholly-owned by an entity named Paragon BRG Korea Co., Ltd. ("Paragon BRG"). Paragon BRG, I understand, is wholly owned by a person named Lee Hack-Pyo. Mirae Asset does not have ownership interests over LV Renewables A, LLC or LV Renewables B, Inc.

18. Mirae Asset is not affiliated in any way with Paragon BRG. Nor has it ever been.

19. Mirae Asset is not affiliated in any way with Lee Hack-Pyo. Nor has it ever been.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 12th day of November, 2025, at Seoul, Republic of Korea.

EUN-MI PARK



MIRAE ASSET

# KOREAN DECLARATION

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE)*
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE)*
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002
Attorneys for Plaintiff and Counter-Defendant
Mirae Asset Securities Co., Ltd

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 대한민국 회사, 미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.)<br>원고,<br>vs.<br>네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br>피고. | CASE NO. 2:23-cv-01492-APG-NJK<br>**박은미의 진술**<br>판사: Andrew P. Gordon<br>소송 제기일: 2022 년 9 월 22 일<br>소장 송달일: 2023 년 10 월 3 일 |
| 네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br>반소원고,<br>vs.<br>대한민국 회사, 미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.)<br>반소피고. | |

# 박은미의 진술

본인, 박은미는 다음과 같이 진술합니다:

1. 본인은 미래에셋증권주식회사(Mirae Asset Securities Co., Ltd. 이하 "미래에셋")의 심사팀의 팀장입니다. 본인은 미래에셋의 사실심리생략판결 신청을 뒷받침하기 위한 본 진술서를 제출합니다. 본 진술서에서 달리 명시하지 않는 한, 본 진술서 상 모든 진술은 본인의 직접적인 지식이나 본인의 일상적인 직무 수행 과정에서 본인에게 가용한 정보에 근거합니다. 본 사안과 관련하여 증인으로 소환될 경우, 본인은 본 진술서에 제공된 내용에 대해 증언할 수 있습니다. 본인의 모국어는 한국어이며 본인은 본 진술서의 한국어 번역본을 검토하였습니다. 또한 본인은 영어에 익숙하며 본 진술서의 영문본을 검토하였습니다.

2. 본인의 현재 업무 주소지는 대한민국 (우) 04539 서울특별시 중구 을지로 5 길 26, 미래에셋 센터원 빌딩입니다.

3. 본인은 미래에셋에서 2015 년부터 고용되어 있습니다. 심사팀의 팀장으로서, 본인은 미래에셋의 잠재적 투자 기회에 대한 승인과정에 대해 익숙합니다.

4. 잠재적 투자 기회에 대한 최종 승인을 받기 전 완료되어야만 하는 몇 가지 단계들에는 다음이 포함합니다: (1) 투자팀은 잠재적 딜(deal)에 대한 협상을 개시할 것인지를 평가하기 위해 타당성 점검을 진행합니다; (2) 심사팀은 딜에 잠재적인 위험이 있는지 검토합니다; (3) 심사팀의 확인 후, 해당 딜은 법무팀, 투자심사위원회, 그리고 여러 부서장들의 검토 및 결재를 거쳐야만 합니다; 그리고 (4) 법인 인감을 해당 딜의 계약체결에 사용하는 것을 총무부에서 승인합니다.

5. 이와 관련하여, 미래에셋은 개인의 직책, 직급, 그리고 경력 등에 따라 회사 내 개인들에게 일정 수준의 권한을 부여하고 있습니다. 해당 수준의 권한들은 업무 분장표에 문서화되어 있는데, 해당 문서의 진실되고 정확한 사본과 인증 번역본이 본 진술서에 **제 1 호증**으로 첨부되어 있습니다.

6. 2021 년 2 월, 본인과 심사팀 팀원들은 Ryze 의 주요 인물들이 재생 디젤 시설 관련 사전 경험이 있는지, 제안된 거래의 자금 조달 구조, 자금이 어떻게 집행될지, 담보물의 구조, 금융 구조 (예상 매출과 이익, 잠재적 상환 조건과 일정을 포함), 그리고 다른 요소들을 포함하여 잠재적 Ryze 딜을 검토하기 시작했습니다. 그 딜에 대한 검토가 완료된 후, 심사팀은 해당 딜에 부정적 의견을 가졌고 그 파악한 결과를 "이슈 리포트"에 문서화하였습니다. 이슈 리포트의 진실되고 정확한 사본과 인증 번역본이 본 진술서에 **제 2 호증**으로 첨부되어 있습니다.

7. 부정적 평가로 인해, 심사팀은 잠재적 Ryze 딜의 검토를 중단하였습니다. 심사팀이 2021 년 초에 해당 딜을 리젝트(reject) 했기 때문에 해당 딜은 미래에셋 투자심사위원회에 회부된 적이 전혀 없습니다. 투자심사위원회는 Ryze 와의 딜을 승인한 적이 전혀 없습니다.

8. 본인이 이해하기로는, 당시 심사팀 팀장이었던 양희준은 대략 2021 년 2 월부터 2021 년 3 월까지 이경현과 여러 차례 미팅을 진행했고, 그 미팅에서 양희준은 이경현에게 심사팀은 Ryze 딜에 대해 부정적 평가를 가지고 있고, 심사팀은 해당 거래의 진행을 추천하지 않을 것이며 해당 딜은 드롭되는 중이라고 이야기했고, 이경현도 해당 딜이 드롭되었다고 이해했습니다.

9. 미래에셋은 Ryze 와의 어떠한 대출금융계약이나 대출거래를 승인한 적이 없고 승인하지 않았습니다. 이경현은 제소된 Convertible Loan Agreement ("CLA") 및/또는 Second Loan Agreement ("SLA") 와 같은 Ryze 와의 대출금융계약이나 대출거래를 체결할 권한이 없었습니다. 실제로, 회사의 기업 구조 내에서, 이경현은 어떠한 중대한 대출금융계약도 체결할 권한이 없었습니다. 이경현의 인사카드에 기재된 바와 같이, 이경현은 2021 년 초 팀장이였으며, 이후 2021 년 7 월에 이사대우였습니다. 두 직책 모두 중대한 대출계약을 체결할 권한은 없습니다. 이경현의 인사카드의 진실되고 정확한 사본과 인증 번역본이 본 진술서에 제 3 호증으로 첨부되어 있습니다.

10. 본인은 본건 사안과 관련하여 제 3 자인 한성희가 미래에셋을 대리하여 협상에 참여하고 있었다는 주장이 포함된 Ryze 의 반소를 검토하였습니다. 본인은 회사의 직원 시스템을 검색했고, 본인이 알기로는 한성희는 미래에셋의 직원이었던 적이 없습니다. 미래에셋은 한성희에게 Ryze 와의 대출금융계약 또는 대출거래를 협상하거나, 승인하거나, 또는 체결하도록 요청한 적이 없습니다. 또한 미래에셋은 Ryze 와의 대출금융계약 또는 대출거래를 협상, 승인, 또는 체결하도록 한성희에게 허락해줄 권한을 이경현에게 부여한 적이 없습니다.

11. 미래에셋 법무팀, 이경현의 전 상사 (박현주), 또는 미래에셋의 어떠한 고위직원이나 임원에게라도 이경현 또는 한성희가 Ryze 와 대출금융계약 또는 대출거래를 체결할 권한을 갖고 있었는지 여부를 확인하기 위한 Ryze 의 어떠한 노력도 본인은 인지하고 있는게 없습니다.

12. 본인은 Ryze 가 반소에서 미래에셋이 2021 년 11 월 29 일경 LV Renewables A, LLC 와 소위 SLA 를 체결하였다고 주장하고, 또한 Ryze 가 이경현이 미래에셋을 대리하여 특정 배상책임에 대한 SLA 에 서명하였다고 주장하고 있는 것으로 이해하고 있습니다.

13. 본인은 심사팀의 팀장으로서, 미래에셋의 모회사, 자회사 및 계열사를 포함한 조직 구조에 대해 인지하고 있습니다. LV Renewables A, LLC 는 미래에셋과 제휴나 계열 관계가 없으며, 미래에셋의 자회사도 아닙니다. 과거에도 미래에셋의 계열사나 자회사였던 적이 없습니다. 마찬가지로 LV Renewables B, Inc.는 미래에셋과 제휴나 계열 관계가 없으며, 미래에셋의 자회사도 아닙니다. 미래에셋의 계열사나 자회사였던 적도 없습니다.

14. 미래에셋은 이경현, 한성희 또는 그 밖의 어떠한 개인에게도 LV Renewables A, LLC 또는 LV Renewables B, Inc.를 설립하거나, 그 설립에 참여하거나, 매니징 멤버 또는 이사로 재직할 것을 승인하거나 요청하지 않았습니다.

15. 미래에셋은 LV Renewables A, LLC 또는 LV Renewables B, Inc.를 비롯하여, 이들 회사와 관계된 모회사나 자회사 엔티티 등 어떠한 계열 법인과도 은행 계좌를 공유하고 있지 않습니다.

16. 미래에셋과 LV Renewables A, LLC 는 운영, 본사, 은행계좌, 공동 소유관계, 납세자 식별번호, 사규, 사업자등록증, 세무 인허가, 직원, 전화 회선, 보험, 주소, 혹은 전화번호를 공유하고 있지 않습니다. 마찬가지로 미래에셋과 LV Renewables B, Inc. 는 운영, 본사, 은행계좌, 공동 소유관계, 납세자 식별번호, 사규, 사업자등록증, 세무 인허가, 직원, 전화 회선, 보험, 주소, 혹은 전화번호를 공유하고 있지 않습니다.

17. 본인이 SLA 를 검토한 바에 따르면, LV Renewables A, LLC 는 Paragon BRG Korea Co., Ltd. (“Paragon BRG”) 이라는 이름의 법인이 전적으로 소유하고 있는 LV Renewables B, Inc. 의 완전 자회사로 알고 있습니다. 제가 알기로는 Paragon BRG 는 이학표라는 사람이 전적으로 소유하고 있습니다. 미래에셋은 LV Renewables A, LLC 혹은 LV Renewables B, Inc.에 소유 지분이 없습니다.

18. 미래에셋은 Paragon BRG 와 어떠한 형태로도 제휴나 계열 관계가 없으며, 그런 적도 전혀 없습니다.

19. 미래에셋은 이학표와 어떠한 형태로도 제휴 관계가 없으며, 그런 적도 전혀 없습니다.

본인은 미국 법에 따른 위증 처벌 하에 위의 내용이 진실하고 정확하다는 것을 진술합니다. 본 진술서는 2025 년 11 월 12 일 대한민국 서울에서 체결되었습니다.

[서명됨] /s/_EUN-MI PARK

박은미(EUN-MI PARK)

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, or project manager specializing in translating Korean, Japanese, and Chinese to English and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from Korean to English or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document translated from English to Korean.

**DECLARATION OF EUN MI PARK**

I also certify that this is a true, correct, and complete translation of the corresponding source text to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of November 2025 in Contra Costa County of the State of California.

By: ____________________

Alex N. Jo
Member, ATA