# EXHIBIT 96

*State Court Order Granting Mirae Motion to Dismiss Ryze Third-Party Complaint (June 16, 2025)*



%%%%%%%%%%///

ELECTRONICALLY SERVED
6/16/2025 3:00 PM
Electronically Filed
06/16/2025 2:58 PM
CLERK OF THE COURT

**OGM**

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Third-Party Defendant*
*Mirae Asset Securities Co., Ltd.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RYZE RENEWABLES HOLDINGS, LLC, *et. al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SNELL & WILMER LLP, *et al.*,<br><br>Defendants. | CASE No.: A-23-863908-B<br><br>Dept. No.: XV<br><br>**ORDER GRANTING MIRAE ASSET SECURITIES CO., LTD'S MOTION TO DISMISS THIRD-PARTY COMPLAINT FILED BY RYZE RENEWABLES HOLDINGS, LLC AND RYZE RENEWABLES NEVADA, LLC** |
| SNELL & WILMER LLP, a foreign limited partnership, registered in Nevada; VICTOR J. ROEHM III; STEVEN T. GRAHAM; and CHARLES E. GIANELLONI,<br><br>Third- Party Plaintiffs,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a foreign company; DOES I through X,<br><br>Third- Party Defendant. | Date of Hearing: May 28, 2025<br><br>Time of Hearing: 9:00 a.m. |

This matter came before the Court on May 28, 2025. Tamara Beatty Peterson, Esq. of PETERSON BAKER, PLLC; and Daniel Prince, Esq., and Daniel Scott Carlton, Esq. of PAUL HASTINGS, appeared on behalf of Third-Party Defendant Mirae Asset Securities Co., Ltd. ("Mirae Asset"). Michael Owens, Esq., of EDGAR LAW FIRM LLC; and Daniel R. Ormsby of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT, appeared on behalf of Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze").

On April 24, 2025, Mirae Asset filed a Motion to Dismiss the Third-Party Complaint by Plaintiffs Ryze Renewables Holdings LLC and Ryze Renewables Nevada, LLC (Doc. ID #239) ("**Motion to Dismiss**"). On May 8, 2025, Ryze filed its Opposition to Mirae Asset Securities Co., Ltd.'s Motion to Dismiss (Doc. ID #253) ("Opposition"). Mirae Asset filed a Reply (Doc. ID #262) on May 21, 2025.

The Court, having reviewed the pleadings and papers on file, having considered the argument adduced at the hearing held on the matter, and good cause appearing, finds and concludes as follows:

1. Pursuant to the first-to-file doctrine, "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see also Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (actions need not be identical, only similar).

2. The Nevada Supreme Cout adopted the Ninth Circuit's three-part framework from *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991), in *Mesi v. Mesi*, 136 Nev. 748, 752-53, 478 P.3d 366, 370-371 (2020), in evaluating the application of the first-to-file doctrine.

3. Pursuant to the standard in *Mesi*, the Court must first consider whether the first-to-file rule applies in the first instance. *Mesi v. Mesi*, 136 Nev. at 752-53, 478 P.3d at 370-371. The Court finds that this first factor is met. The parties and the issues in the federal action are substantially the same, even if not strictly identical. The factual assertions in asserted in Ryze's

counterclaims in the federal action are virtually identical to the factual allegations in Ryze's third-party complaint in this action. Further, there are overlapping, and substantively identical, causes of action appearing Ryze's counterclaims in the federal action and its third-party complaint in this action.

4. Additionally, the Court is directed by *Mesi* to consider the lawsuits' "chronology." *Mesi v. Mesi*, 136 Nev. at 752-753, 478 P.3d at 370-371. The chronology of the two cases supports the application of the first-to-file rule. The first lawsuit is clearly the federal lawsuit. That lawsuit was filed by Mirae Asset against Ryze in federal court in September 2023. Yet, while Ryze filed a complaint in this Court against Snell & Wilmer LLP in January 2023, Mirae Asset was not a party to the action. In fact, this Court confirmed Mirae Asset's status as "non-party" witness in the case. *See* Tr. of Hearing held October 15, 2024, Doc. ID #121 at 12:2-19 (denying motions without prejudice to Mirae Asset's nonparty status and noting that "Mirae [Asset] is not going to be a party"). Ryze did not file its third-party complaint against Mirae Asset until January 2025. However, the federal action has been pending for nearly seventeen months and is significantly more procedurally advanced, particularly on discovery. The federal court has managed discovery in that matter, including resolving several discovery disputes, it has entered a discovery plan in that case, and it confirmed that the case management deadlines in the federal action are "firm" and that there "will be no more extensions." Given the chronology considerations, the Court therefore finds that the first-to-file rule applies in the first instance.

5. The Court must next consider whether there is an equitable basis that would "militate against application" of the first-to-file rule. *Mesi v. Mesi*, 136 Nev. at 752-753, 478 P.3d at 370-371. There are no issues of "forum shopping" that are at issue here, and the choice of the federal forum is entitled to great deference pursuant to *Mesi*. The Court finds that there are no special circumstances weighing in favor of this second state court action proceeding while the first-filed federal action also proceeds. As a result, consideration of this second factor merits application of the first-to-file rule of deferring jurisdiction in favor of the first filed suit, the federal lawsuit.

6. The Court must next consider the third factor identified in *Mesi*, whether the second-filed suit should be stayed or dismissed. In general, when the first-filed action presents a likelihood

of dismissal, the Court should not dismiss the second-filed action but should stay it instead. *Mesi v. Mesi*, 136 Nev. at 752-753, 478 P.3d at 370-371.

7. The only claims that remain live in this state court action at this time are Ryze's claims against Mirae Asset. Ryze's complaint against Snell & Wilmer ("Snell") has been dismissed with prejudice. The claims asserted by Ryze in its third-party complaint against Mirae Asset are substantially identical to Ryze's counterclaims against Mirae Asset that were filed more than a year earlier, in December 2023, in the federal action.

8. Any dismissal issues that are pending in federal court do not support a stay of this second-filed action because the dismissal issues in this case as raised by the remaining merits of the Motion to Dismiss exist in this case as well. As a result, consideration of this third factor supports dismissal without prejudice instead of a stay of this second-filed action.

9. Further, the purpose of the first-to-file rule is to promote judicial efficiency. Ryze argued that the various litigation is "an intertangled mess," but this point supports application of the first-to-file rule and dismissal of the second action. Having these two cases proceed does not promote judicial efficiency. As a result, the Court finds that consideration of the third factor supports dismissal without prejudice.

10. After consideration of all of the factors, the Court finds that equity supports the application of the first-to-file rule in dismissing this pending second case without prejudice.

11. Mirae Asset raised other arguments in support of its Motion to Dismiss, but the Court does not need to consider them in light of the Court's decision as to the first-to-file rule. Nothing in this order is intended to, or hereby does, restrict Mirae Asset's right to assert these additional arguments in connection with the federal action, as it deems appropriate.

12. For the foregoing reasons, the Court will grant the Motion to Dismiss without prejudice.

IT IS THEREFORE ORDERED THAT the Motion to Dismiss the Third-Party Complaint by Plaintiffs Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (Doc. ID #239) is GRANTED; and

IT IS FURTHER ORDERED THAT the Third-Party Complaint (Doc. ID #168) asserted

against Mirae Asset by Ryze Renewables Holdings and Ryze Renewables Nevada is DISMISSED WITHOUT PREJUDICE.

Dated this 16th day of June, 2025

**1BB FE4 EA17 C647**
**Joe Hardy**
**District Court Judge**

Respectfully submitted,

By: *__/s/ Tamara Beatty Peterson__*
TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101

*Attorneys for Third-Party Defendant*
*Mirae Asset Securities Co., Ltd.*

**Approved as to form and content:**

*__/s/ Michael R. Owens__*
G. Mark Albright
Daniel R. Ormsby
ALBRIGHT STODDARD WARNICK & ALBRIGHT
801 S. Rancho Dr., Suite D-4
Las Vegas, NV 89106
gma@albrightstoddard.com
dormsby@albrightstoddard.com

John M. Edgar
John F. Edgar
Michael R. Owens
EDGAR LAW FIRM, LLC
2600 Grand Boulevard, Suite 440
Kansas City, MO 64108
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com

*Attorneys for Plaintiffs, Ryze Renewables Holdings, LLC, and*
*Ryze Renewables Nevada, LLC*

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Ryze Renewables Holdings LLC, Plaintiff(s)<br><br>vs.<br><br>Snell & Wilmer LLP, Defendant(s) | CASE NO: A-23-863908-B<br><br>DEPT. NO. Department 15 |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Granting Motion was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 6/16/2025

| | |
|---|---|
| Tamara Peterson | tpeterson@petersonbaker.com |
| Jon Williams | jcw@cwlawlv.com |
| Philip Erwin | pre@cwlawlv.com |
| Samuel Mirkovich | srm@cwlawlv.com |
| Matthew Wagner | maw@cwlawlv.com |
| John Chong | jyc@cwlawlv.com |
| Nicole Lovelock | nlovelock@championlawvegas.com |
| Amy Abdo | aabdo@fclaw.com |
| Cheryl Landis | clandis@fclaw.com |
| Andrea Brebbia | abrebbia@albrightstoddard.com |

| | |
|---|---|
| Richard Dreitzer | rdreitzer@fclaw.com |
| Crystal Balaoro | cbb@cwlawlv.com |
| Agnes Wong | awong@fennemorelaw.com |
| Court Filings | CourtFilings@fennemorelaw.com |
| Lorie Januskevicius | ljanuskevicius@championlawvegas.com |
| Jeannie Hobert | jhobert@fennemorelaw.com |
| G. Mark Albright | gma@albrightstoddard.com |
| Daniel Ormsby | dormsby@albrightstoddard.com |
| John Edgar | jme@edgarlawfirm.com |
| John Edgar | jfe@edgarlawfirm.com |
| Michael Owens | mro@edgarlawfirm.com |
| Jessica Post | jpost@fennemorelaw.com |
| Lynn Marble | lmarble@fennemorelaw.com |
| Valerie Godfrey | vgodfrey@fennemorelaw.com |
| Nicholas Hagenkord | nsh@cwlawlv.com |
| Ariana Reed | anr@cwlawlv.com |
| Lainey Hare | lhare@albrightstoddard.com |
| Lisa Williams | lisa@albrightstoddard.com |
| Clarise Wilkins | pblit@petersonbaker.com |
| Julia Melnar | jmelnar@petersonbaker.com |
| Phyllis Cameron | pcameron@albrightstoddard.com |
| Leslie Gualajara | lmg@cwlawlv.com |
| Peter Meier | petermeier@paulhastings.com |

| | |
|---|---|
| Julie Linton | jlinton@championlawvegas.com |
| Tracy OSteen | tosteen@championlawvegas.com |
| Amy Abdo | aabdo@fclaw.com |
| Daniel Prince | danielprince@paulhastings.com |
| Lauretta Kehoe | lkehoe@albrightstoddard.com |