PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants.<br>———<br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**PLAINTIFF AND COUNTER-DEFENDANT MIRAE ASSET SECURITIES CO., LTD'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Complaint Served: October 3, 2023 |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1
II. ARGUMENT ..... 2
  A. No Admissible Evidence Shows Mirae Asset Committee Approval. ..... 2
  B. Ryze's Cannot Manufacture an Unpled Breach of Contract Theory. ..... 5
  C. Ryze's Attempt to Recast LV Renewables A, LLC as Mirae Asset's Alter Ego Fails as a Matter of Law. ..... 6
  D. Ryze Cannot Seek Damages for a Refinery It Does Not Own ..... 9
  E. Issue Preclusion and Litigation Privilege Independently and Conclusively Bar Ryze's Abuse of Process Claim. ..... 12
  F. Ryze Waived Any Objection to the Inclusion of Eun-mi Park's Declaration. ..... 15
  G. Ryze's Contradictory Statements Are Admissions and Estop Ryze Here. ..... 18
III. CONCLUSION ..... 20

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*1600 East Newlands Drive, LLC v. Amazon.com.Nvdc, LLC*, 2019 WL 3997263 (D. Nev. Aug. 23, 2019) .......... 18

*Abraham v. Leigh*, 471 F. Supp. 3d 540 (S.D.N.Y. 2020) .......... 11

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 2012 WL 3890128 (S.D.N.Y. Sept. 7, 2012) .......... 5

*All Nations Steel Corp. v. KSK Constr. Grp.*, LLC, 240 A.D.3d 835 (2d Dep't 2025) .......... 10

*American International Adjustment Co. v. Galvin*, 86 F.3d 1455 (7th Cir. 1996) .......... 19

*Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692 (9th Cir. 2021) .......... 20

*Annenberg v. Clark Cnty. Sch. Dist.*, 2019 WL 13249693 (D. Nev. May 2, 2019) (Gordon, J.) .......... 5

*Ashley Creek Props., L.L.C. v. Larson*, 403 F. App'x 273 (9th Cir. 2010) .......... 9

*Banco de Mex. v. Orient Fisheries, Inc.*, 680 F. Supp. 2d 1132 (C.D. Cal. 2010) .......... 9

*Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2*, 95 Nev. 463 (1979) .......... 6, 9

*Cauff, Lippman & Co. v. Apogee Fin. Grp., Inc.*, 807 F. Supp. 1007 (S.D.N.Y. 1992) .......... 4

*Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56 (1983) .......... 14

*City of New York v. State of New York*, 27 A.D.3d 1 (1st Dept. 2005) .......... 11

*Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374 (2009) .......... 13

*Clarke v. Serv. Emps. Int'l Union*, 137 Nev. 460 (2021) .......... 8

*Deutsch v. Flannery*,
823 F.2d 1361, 1365 n.2 (9th Cir. 1987) ....................13

*Dodson Aviation, Inc. v. HLMP Aviation Corp.*,
2011 WL 1234705 (D. Kan. Mar. 31, 2011)....................18

*Drake v. Burns*,
2013 Nev. Dist. LEXIS 1165 (Nev. Dist. Ct. Dec. 10, 2013) ....................14

*Dutt v. Kremp*,
111 Nev. 567 (1995)....................13

*Easton Bus. Opportunities, Inc. v. Town Exec. Suites-Eastern Marketplace, LLC*,
126 Nev. 119 (2010)....................6

*El Paso Pipeline GP Co., L.L.C. v. Brinckerhoff*,
152 A.3d 1248 (Del. 2016)....................11

*Ene v. Graham*,
546 P.3d 1232 (2024)....................8

*Equity Recovery Specialists LLC v. Select Portfolio Servicing Inc.*,
2023 WL 5278675 (D. Ariz. Aug. 16, 2023)....................16

*EVIG, LLC v. Fantasy, Inc.*,
2025 WL 947543 (D. Nev. Mar. 28, 2025)....................12

*EVIP Canada, Inc. v. Schnader Harrison Segal & Lewis LLP*,
2021 WL 964943 (S.D.N.Y. Mar. 15, 2021) ....................9

*Five Star Cap. Corp. v. Ruby*,
124 Nev. 1048 (2008)....................12

*Flynn v. Sephora USA, Inc.*,
2025 WL 1392132 (9th Cir. May 14, 2025) ....................18

*G&A Moving & Storage Co. v. Computer Assocs. Int'l.*,
233 A.D.2d 479, 650 N.Y.S.2d 982 (1996) ....................11

*Glopak USA Corp. v. Translink Shipping, Inc.*,
239 A.D.3d 712 (2d Dep't 2025) ....................5

*Gowen v. Tiltware LLC.*,
2009 WL 1441653 (D. Nev. May 2019)....................7

*H&H Pharms., Inc. v. Cambrex Charles City, Inc.*,
2020 WL 1258257 (D. Nev. Mar. 16, 2020), *aff'd*, 836 F. App'x 619 (9th Cir. 2021) ....................11

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ....................19

*Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*,
107 Nev. 226 (1991)....................4

*Horton v. City of Santa Maria*,
915 F.3d 592 (9th Cir. 2019) ....................13

*Howell v. Municipality of Anchorage*,
646 F. Supp. 3d 1047 (D. Alaska 2022) ....................6

*In re Liberty Bridge Cap. Mgmt., GP, LLC*,
670 B.R. 676 (S.D.N.Y. 2025)....................9

*In re Sunac China Holdings Ltd.*,
656 B.R. 715 (Bankr. S.D.N.Y. 2024)....................8

*In re Sundquist*,
580 B.R. 536 (Bankr. E.D. Cal. 2018)....................12

*Jackson v. Markel Am. Ins. Co.*,
2022 WL 4547108 (Nev. Dist. Ct. Apr. 26, 2022) ....................15

*Jacobs v. Freeman*,
163 Cal Rptr. 680 (Cal. Ct. App. 1980)....................4

*Kennedy v. Applause, Inc.*,
90 F.3d 1477 (9th Cir. 1996) ....................4

*Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*,
327 F. Supp. 3d 673 (S.D.N.Y. 2018) ....................4

*Kwasniewski v. Sanofi-Aventis U.S., LLC*,
2013 WL 5882749 (D. Nev. Oct. 29, 2013)....................19

*Lucky Lucy D LLC v. LGS Casino LLC*,
534 P.3d 689 (Nev. 2023)....................10

*Magana v. Commonwealth of the N. Mariana Islands*,
107 F.3d 1436 (9th Cir. 1997)....................13

*Manansingh v. United States*,
2025 WL 1309260 (D. Nev. May 6, 2025)....................17

*Moore v. Comput. Assocs. Int'l, Inc.*,
653 F. Supp. 2d 955 (D. Ariz. 2009) ....................16

*Morgan v. Ocwen Loan Serv., LLC*,
2018 WL 1796292 (D. Nev. Apr. 16, 2018) (Gordon, J.) .......... 10

*Mort Wallin v. Commercial Cabinet Co.*,
784 P.2d 954 (Nev. 1989) .......... 11

*NAF Holdings LLC v. Li & Fung (Trading) Ltd.*,
118 A.3d 175 (Del. 2015) .......... 10, 11

*Natale v. Ernst*,
63 A.D.3d 1406 (3d Dep't 2009) .......... 5

*Peri & Sons Farms, Inc. v. Jain Irrigation, Inc.*,
933 F. Supp. 2d 1279 (D. Nev. 2013) .......... 11

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
632 F. Supp. 3d 1108 (S.D. Cal. 2022) .......... 17

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) .......... 9

*Revitch v. DIRECTV, LLC*,
977 F.3d 713 (9th Cir. 2020) .......... 7

*Robinson v. Salazar*,
885 F. Supp. 2d 1002 (E.D. Cal. 2012) .......... 19

*Rowland v. Lepire*,
99 Nev. 308 (1983) .......... 6

*Simmons v. Navajo Cty., Ariz.*,
609 F.3d 1011 (9th Cir. 2010) .......... 13

*Tijerina v. Alaska Airlines, Inc.*,
2024 WL 270090 (S.D. Cal. Jan. 24, 2024) .......... 18

*Thomas v. Capital Sec. Servs., Inc.*,
836 F.2d 866 (5th Cir. 1988) .......... 20

*Trina Solar United States Inc. v. Carson-Selman*,
2022 WL 18359178 (D. Nev. Sept. 29, 2022) .......... 9

*Truck Ins. Exch. v. Palmer J. Swanson, Inc.*,
124 Nev. 629 (2008) .......... 6

*U.S. Equal Emp. Opportunity Comm'n v. Mariscos El Puerto, Inc.*,
2025 WL 2466073 (D. Nev. Aug. 27, 2025) .......... 13

*United States v. Boskovic*,
472 F. App'x 607 (9th Cir. 2012)....................3

*United States v. Canales-Fuentes*,
176 F. App'x. 873 (9th Cir. 2006)....................3

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
435 F.3d 989 (9th Cir. 2006) ....................4, 5

*Wells Enters. v. Wells Bloomfield, LLC. Co.*,
989 F. Supp. 2d 1055 (D. Nev. 2013)....................11

*Wilkins v. Heslop*,
2025 WL 1192733 (E.D. Cal. Apr. 24, 2025), *report and recommendation adopted*, 2025 WL 1678377 (E.D. Cal. June 13, 2025)....................3

**RULES**

Fed. R. Civ. P. 8(e) ....................20

Fed. R. Civ. P. 11....................20

Fed. R. Civ. P. 26....................16

Fed. R. Civ. P. 30(b)(6)....................15, 17, 18

# I. INTRODUCTION

Rather than confront the dispositive defects in its counterclaims, Ryze's Opposition largely avoids them, substituting rhetoric for evidence and attempting to recast settled legal requirements as "fact issues." But this case does ***not*** turn on disputed facts.

***First***, Ryze has ***no admissible evidence*** that "Final Mirae Committee Approval"—the express condition precedent to any funding obligation under the CLA[1]—ever occurred. Ryze does not dispute that approval was required by a certain date or that, absent ***approval***, there was no obligation to fund the claimed loan. Yet, ***no evidence*** establishes approval. By contrast, the sworn declarations of Huijun Yang, Hyun-joo Park, and Eun-mi Park confirm that Mirae Asset's Assessment Team dropped the Ryze deal and that the Investment Committee never approved the transaction or any loan funding.[2] The spreadsheets—upon which Ryze relies—[redacted] after the deadline confirm that the condition precedent was ***not*** satisfied.

Nor can Ryze create a triable issue by offering an ***out of court statement by its own agent*** that the Investment Committee approved the deal. This is inadmissible hearsay and does not change the fact that the Investment Committee ***never approved*** the Ryze deal. Ryze's belated invocation of the prevention doctrine fares no better. It was never pleaded. And Ryze has not offered evidence that Mirae Asset bypassed its normal deal process, in bad faith, to avoid obtaining Investment Committee approval. The facts show otherwise.

***Second***, Ryze cannot salvage its SLA theory through alter-ego allegations. Ryze has presented ***no record evidence*** of a common ownership structure between Mirae Asset and LV Renewables A, commingling of assets, undercapitalization, or disregard of corporate formalities. Nor does Ryze counter controlling Nevada authority rejecting veil-

---

[1] Defined terms here have the same meaning as in the Motion. Further, the parties have consecutively paginated their exhibits and appendices, so the term "App." refers to Appendix cites from Mirae Asset's opening appendices, Ryze's appendices, and appendices offered here.

[2] The parties have used the term "Investment Committee," though the proper term here is the Investment Assessment Committee, as referenced in the Declarations of Hyun-Joo Park (ECF No. 4-1), Huijun Yang (ECF No. 4-2), and Eun Mi Park (ECF No. 333).

piercing on far stronger facts. Even the purported use of a special-purpose vehicle is insufficient to satisfy Nevada's demanding alter-ego standard.

***Third***, Ryze's breach-of-contract counterclaims fail for a separate, dispositive reason—Ryze seeks billions of dollars in damages for the alleged loss of a refinery it does not own. Ryze does not dispute that the refinery is owned by a separate legal entity, and it offers no legal basis under New York or Nevada law to recover for the diminished value of property owned by another entity. Its fallback "carrying costs" and "fees" theory is supported only by conclusory declarations untethered to any documentation or methodology, which is insufficient as a matter of law.

***Finally***, Ryze's abuse of process claim is barred twice over. The litigation-privilege issue Ryze seeks to relitigate was already decided against it after a full and fair opportunity to litigate in state court. Also, Nevada's absolute litigation privilege independently forecloses liability for the filing of the July 2021 state court lawsuit and related settlement communications.

The Court should grant Mirae Asset's summary judgment motion in full.

## II. <u>ARGUMENT</u>

### A. No Admissible Evidence Shows Mirae Asset Committee Approval.

There is no admissible evidence that "Final Mirae Committee Approval"—[redacted]—ever occurred. Multiple Mirae Asset witnesses testified that no approval occurred. *See* App. at 11 ¶ 12, Ex. A; ECF No. 333 ¶ 6-7. Nor does Ryze dispute that, 10 days after committee approval would have been required, Ryze's own agent informed it in writing that there were "certain issues to be resolved internally for the committee approval." App. at 236, Ex. DP2. This admission alone—that approval had not occurred by the deadline—defeats Ryze's theory.

#### 1. <u>Ryze's Documents Confirm No Approval Occurred.</u>

Ryze seeks to manufacture a triable issue by relying on spreadsheets showing the Ryze deal as [redacted]. But the CLA required [redacted]. App. at 171,

§ 4.01, Ex. DP1. The condition precedent was never satisfied.[3] Ryze offers no other documentary evidence proving otherwise.[4]

Ryze's focus on the Issue Report fares no better. While Ryze may prefer to see the word "rejected" in the Issue Report, it ignores the 10 pages in which the Assessment Team [redacted]. Further, three Mirae Asset witnesses testified that the Assessment Team reached a negative conclusion and did not advance the deal. App. at 19 ¶ 11-12, Ex. A; App. at 5 ¶ 8, Ex. A; ECF No. 333 ¶ 6-7. No contrary evidence exists.

2. <u>Ryze's "Approval" Testimony Is Inadmissible Hearsay.</u>

Ryze's claim that Mirae Asset's internal committee approved the deal is based on the inadmissible double-hearsay statement of Ryze's agent, Sung-hee Han ("Han"). *Wilkins v. Heslop*, 2025 WL 1192733, at *8 (E.D. Cal. Apr. 24, 2025), *report and recommendation adopted*, 2025 WL 1678377 (E.D. Cal. June 13, 2025).

Ryze identifies no evidence that Han acted as Mirae Asset's agent for purposes of approving or funding the CLA. To the contrary, Ryze and its witnesses have repeatedly acknowledged that Han was retained by Ryze as its agent through at least May 2021 (four months after the CLA was purportedly executed). App. at 1232, Ex. DP28 at 113:7–23. Han's claimed statements add an impermissible layer of hearsay. *See United States v. Canales-Fuentes*, 176 F. App'x. 873, 876 (9th Cir. 2006).

Nor does the "language conduit" exception apply. That exception is limited to neutral interpreters who act solely as translators. *United States v. Boskovic*, 472 F. App'x 607, 608 (9th Cir. 2012). Han was not neutral; he was an active deal participant ***for Ryze***, with financial incentives tied to the transaction. *See* App. at 1231, Ex. DP28 at 113:7–23.

[3] Likewise, this document also supports Mirae Asset's position that it was unaware that Lee purported to enter the CLA in January 2021.

[4] The Assessment Team rejected the deal as structured and marked a "pending" status to permit resubmission if the deficiencies noted in the Issue Report could be resolved. They were not. *See* Eun-Mi Park Declaration (E. Park Decl. ¶ 6).

Ryze also cannot avoid summary judgment by relying on new, self-serving testimony from its principals that Lee said during a phone call—in English—that internal committee approval had been obtained. This is contrary to Ryze's prior statements and binding judicial admissions that Lee did ***not*** speak English. ECF No. 31 ¶ Countercls. 23; App. at 533, Ex. DP11, RFA No. 15 (stating that "*[]Lee did not speak English with Defendant*"). Lee, in fact, needed Han to translate calls/meetings, and Ryze employees testified that it was Han who translated for Lee on the deal. *See* App. at 1151–52, Ex. DP24 at 145:9–23; App. at 1133–34, Ex. DP23 at 212:10–16; App. at 1160, Ex. DP25 at 43:21–44:24. Accordingly, Ryze's new, self-serving testimony does not create a genuine issue of material fact. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

3. The Prevention Doctrine Does Not Apply Here.

The proposed Ryze deal followed Mirae Asset's ordinary procedures. It did not progress beyond the Assessment Team, which documented the deficiencies in the Issue Report. There is no evidence—let alone evidence of bad faith—that Mirae Asset prevented approval from occurring. *Cauff, Lippman & Co. v. Apogee Fin. Grp., Inc.*, 807 F. Supp. 1007, 1022 (S.D.N.Y. 1992). Ryze's belated reliance on the prevention doctrine only underscores its evidentiary failure and is a tacit admission that approval never occurred. Nor may Ryze properly assert this new theory in its opposition. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).[5]

The prevention doctrine also does not apply where, as here, the condition at issue goes to the effectiveness of the contract itself. *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 684 (S.D.N.Y. 2018). The CLA is [redacted]

[5] Ryze's cases are inapposite. First, *Jacobs v. Freeman*, 163 Cal Rptr. 680 (Cal. Ct. App. 1980), found that, under California law, the contracting parties had "intended [to] recommend approval . . . to the board." Here, California law does not apply, and there is no evidence there would be a recommendation to the Investment Committee to approve the transaction. Second, in *Cauff*, 807 F. Supp. At 1024, testimony established that the board would have approved the deal if it were presented. Here, the Ryze deal was dropped by the Assessment Team in the normal course of its duties. There is no evidence that the Investment Committee would have overruled the Assessment Team's decision. Third, in *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991), the court held that there was no breach of contract.

[redacted], and Ryze cannot rewrite that bargain now. Because Ryze has no admissible evidence that Final Mirae Committee Approval occurred, and because no exception excuses that failure, Ryze's contract claims fail as a matter of law.[6]

**B. Ryze's Cannot Manufacture an Unpled Breach of Contract Theory.**

Ryze now contends—for the first time—that Section 4.02 of the CLA obligated Mirae Asset to convene its Investment Committee and that failure to do so constituted a breach. That argument is waived and fails on the contract's plain language.

Ryze has known for more than two years that the proposed transaction never reached the Investment Committee. *See* ECF No. 4-1 ¶ 11 (Ryze deal did ***not*** advance beyond the Assessment Team); ECF No. 4-2 ¶ 10 ("No deal involving Ryze ever progressed past the Assessment Team's review[.]"). Yet Ryze never alleged—until now—that this constituted a breach of any contractual obligation. A party may not defeat summary judgment by advancing a new breach theory for the first time in opposition briefing. *Wasco*, 435 F.3d at 992; *Annenberg v. Clark Cnty. Sch. Dist.*, 2019 WL 13249693, at *4 (D. Nev. May 2, 2019) (Gordon, J.). Thus, Ryze cannot assert a new theory to avoid summary judgment.

Ryze's unpled claim also fails because the CLA purports to require Mirae Asset to hold its [redacted] App. at 171, § 4.02, Ex. DP1, but it does ***not*** require Mirae Asset to convene its Investment Committee. The Assessment Team—an internal committee—reviewed the proposed transaction in early 2021 and released the Issue Report identifying its bases for dropping the deal. Because the Assessment Team

---

[6] Ryze's argument that Mirae Asset has waived its ability to enforce Section 4.01's waiver is unfounded. Ryze's cases are inapposite; they rely on clear manifestations of intent to waive, which are not present here. *See Natale v. Ernst,* 63 A.D.3d 1406, 1408, (3d Dep't 2009) (repeated letters indicated knowledge of intent to move forward despite passed deadline); *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D.N.Y. Sept. 7, 2012) (waiver after years of not requesting contractually-required quarterly reports). By contrast here, the alleged 2021 lawsuit does not indicate a clear manifestation of Mirae Asset's intent to waive. *See Glopak USA Corp. v. Translink Shipping, Inc.*, 239 A.D.3d 712, 713 (2d Dep't 2025).

rejected the deal, there was no obligation under the CLA to escalate the matter to any other internal committees. ECF No. 333 ¶ 7; App. at 19 ¶ 11, Ex. A; App. at 5 ¶ 8, Ex. A.[7]

Ryze's attempt to impose a different obligation ignores both the text of the CLA and the undisputed record. The CLA does ***not*** mandate that the Investment Committee be convened regardless of the outcome of earlier internal review. Courts do not rewrite contracts to impose obligations that the parties did not bargain. *Easton Bus. Opportunities, Inc. v. Town Exec. Suites-Eastern Marketplace, LLC*, 126 Nev. 119, 131 (2010) (refusing to impose on a broker the duty to advise the seller of names of potential buyers who carry commission exposure). Because Ryze's belated theory is waived, and the CLA imposed no obligation to convene the Investment Committee (outside of Mirae Asset's normal process), this unpled claim fails as a matter of law.

**C. Ryze's Attempt to Recast LV Renewables A, LLC as Mirae Asset's Alter Ego Fails as a Matter of Law.**

Ryze's effort to impose liability on Mirae Asset for the alleged obligations of LV Renewables A fails under Nevada's demanding alter ego standard. *See Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2*, 95 Nev. 463, 466 (1979).[8]

1. <u>Ryze Cannot Establish Influence or Governance.</u>

Ryze fails to identify any authority holding that serving as a "sole manager" with discretionary authority—without ownership or domination—satisfies Nevada's alter-ego standard. To the contrary, the Nevada Supreme Court has rejected veil-piercing even where entities share common ownership and management. *See Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 636 (2008); *Rowland v. Lepire*, 99 Nev. 308, 318 (1983). Ryze's showing falls far short of those already-rejected circumstances.

---

[7] The Assessment Team's role was to review, for instance, the deal structure and terms, and it was empowered to drop a deal for failure to meet company guidelines. It did so here. Indeed, if every deal had to be presented to the Investment Committee, there would be no need for review by other teams, committees, or subject matter experts.

[8] Ryze has ignored, and thus waives, any dispute that Mirae Asset was not a lending party under the SLA. *See* ECF No. 331 at 24-25; ECF No. 366 at 20; *see, e.g., Howell v. Mun. of Anchorage*, 646 F. Supp. 3d 1047, 1080 n. 236 (D. Alaska 2022).

No record evidence establishes that LV Renewables A is controlled by, or is a subsidiary of, Mirae Asset. LV Renewables A is wholly owned by LV Renewables B, which is wholly owned by Paragon BRG, which, in turn, is wholly owned by Lee Hack-Pyo.[9] ECF No. 331 at 27; ECF No. 366 at 21–22. Mirae Asset does ***not*** have ownership interests in LV Renewables A or B; Mr. Hack-Pyo is ***not*** affiliated with Mirae Asset; and nor is Paragon BRG. ECF No. 333, ¶¶ 17-19. Ryze likewise does not dispute that its own principals understood LV Renewables A to be a separate and unaffiliated entity. *See* ECF No. 331 at 20.

Ryze relies on deposition testimony from Victor Roehm that LV Renewables A was an "affiliate" of Mirae Asset and that Mirae Asset acted as its "sole manager." ECF No. 366 at 21. Roehm's testimony does not support an alter ego finding. Roehm used the term "affiliate" to refer to contractual relationships, not common ownership or control. He expressly distinguished "affiliates" from subsidiaries. App. at 1930-31, Ex. 85. Informal use of the term "affiliate" does not establish governance or control. *See Gowen v. Tiltware LLC*, 2009 WL 1441653, at *6 (D. Nev. May 2019) ("A parent or affiliated corporation cannot be liable for the contractual obligation of a subsidiary or affiliate, unless it is exercising complete domination and control in the mater."); *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717 (9th Cir. 2020). Nor does Roehm's testimony contradict the record evidence that there is no parent-subsidiary relationship (or other affiliation) between Mirae Asset and LV Renewables A or any of its principals. ECF No. 333, ¶¶ 14-19. Ryze cannot show common governance between Mirae Asset and LV Renewables A.

2. Ryze Fails to Show Unity of Interest.

Ryze next asserts—without competent evidence—that Mirae Asset and LV Renewables A shared operations and headquarters. ECF No. 366 at 22. None of these

[9] There is no evidence offered that Kyung-hyun Lee had any relationship with Lee Hyo-Pack (particularly given that the Lee surname is one of the most common in Korea); and, there is no evidence that Hyo-Pack has any relationship to Mirae Asset.

assertions withstand scrutiny.[10] There is no showing of common employees, integrated business functions, shared accounting, or joint decision-making. Its claim of shared headquarters rests solely on a letter Ryze sent to LV Renewables A listing Mirae Asset's address. That does not establish a shared headquarters. *See In re Sunac China Holdings Ltd.*, 656 B.R. 715, 726 (Bankr. S.D.N.Y. 2024).

Nor does Ryze establish commingling of funds. Ryze offers [redacted] The forms do not show a shared account, financial integration, or commingling with Mirae Asset. *See* ECF No. 333, ¶ 16 (no common ownership, bank accounts, phone lines, insurance, licenses, HQs, etc.). Absent evidence of commingling, shared operations, or disregard of corporate formalities, Ryze cannot establish unity of interest. *See Clarke*, 137 Nev. at 466.

3. Ryze Shows No Fraud or Injustice.

Ryze also fails to satisfy the fraud-or-injustice prong. Its argument rests on generalized appeals to "equity" and alleged conduct surrounding the July 2021 lawsuit. But Ryze does not allege—much less offer evidence—that LV Renewables A participated in that lawsuit or any related negotiations. *See* ECF No. 331; App. at 830–32, Ex. DP16.[11] Nevada law requires concrete evidence that the corporate form was misused to perpetrate fraud or injustice. Conclusory assertions are insufficient. *See Ene v. Graham*, 546 P.3d 1232, 1238 (2024). Ryze offers no such proof here.

[10] Ryze ignores many of the factors for alter ego, such as whether entities commingle funds; fail to observe corporate formalities; operate under the same bylaws; or possess dependent business or tax licenses. *See* ECF No. 331 at 26-27 (citing *Trucks Ins. Exch.* 124 Nev. at 636 and *Clarke v. Serv. Emps. Int'l Union*, 137 Nev. 460, 466 (2021)).

[11] Ryze claims Mirae Asset signed the SLA in connection with an indemnification provision re-numbered from Section 13.2 to section 10.2 (it did not). Even setting aside the dispute over whether the SLA was authorized, the inclusion of an indemnification provision confirms that the parties did not view the entities as one and the same. If the entities were treated as a single actor, there would be no need for one to indemnify the other. The indemnification provision also undercuts Ryze's assertion that LV Renewables A was fraudulently created as an SPV for Mirae Asset to avoid a funding obligation. An entity seeking to avoid liability would not agree to any indemnification obligations.

4. Use of a Special Purpose Vehicle Does Not Establish Alter Ego.

Ryze argues that LV Renewables A was a special purpose vehicle for Mirae Asset. That argument fails as a matter of law. Even if true (it is not), courts routinely recognize SPVs as legitimate entities used to structure investments and isolate risk. *See Banco de Mex. v. Orient Fisheries, Inc.*, 680 F. Supp. 2d 1132, 1134 (C.D. Cal. 2010). Treating the use of SPVs to show alter ego would undermine settled commercial practice. *See In re Liberty Bridge Cap. Mgmt., GP, LLC*, 670 B.R. 676, 680-81, 689 (S.D.N.Y. 2025).

Ryze's reliance on *Trina Solar United States Inc. v. Carson-Selman* is misplaced. 2022 WL 18359178, at *2 (D. Nev. Sept. 29, 2022). That case involved allegations of commingling, undercapitalization, diversion of assets, and wholesale failure to observe corporate formalities. Ryze does not offer evidence of any of these here. In short, Ryze offers speculation where Nevada law requires proof. Because Ryze cannot establish control, unity of interest, or fraud or injustice, its alter ego theory fails as a matter of law. *See Bonanza Hotel Gift Shop*, 95 Nev. at 466 ("[a] mere showing that one corporation is owned by another, or that the two share interlocking officers or directors is insufficient to support a finding of alter ego."); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015).

**D. Ryze Cannot Seek Damages for a Refinery It Does Not Own**

Ryze seeks approximately $2 billion in damages for the alleged total loss in value of a refinery it does not own. ECF No. 366 at 24–27; App. at 1111-12, Ex. DP22. Ryze does not dispute that the refinery is owned by Ryze Las Vegas, a separate legal entity, and that the refinery was sold off in a bankruptcy proceeding. *See* ECF No. 366 at 24–27. Under settled law, a party lacks standing to recover damages for the diminution in value of property owned by another entity. *Ashley Creek Props., L.L.C. v. Larson*, 403 F. App'x 273, 274 (9th Cir. 2010); *EVIP Canada, Inc. v. Schnader Harrison Segal & Lewis LLP*, 2021 WL 964943, at *18-19 (S.D.N.Y. Mar. 15, 2021).[12]

[12] Ryze asserts that Mirae Asset's argument "conflates three distinct doctrines," but as Mirae Asset argued, *see* ECF No. 331 at 32, "[s]tate and district courts ... have discussed this concept both in terms of damages and standing." *EVIP,* 2021 WL 964943, at *17.

Ryze asserts—without analysis—that whether it may recover for the refinery's diminished value is a "triable issue." ECF No. 366 at 27. ***There is no factual dispute concerning refinery ownership, and Ryze points to no evidence that it—not Ryze Las Vegas—suffered the alleged injury.*** Where a plaintiff cannot establish legally cognizable damages, summary judgment is required. *See Morgan v. Ocwen Loan Serv., LLC*, 2018 WL 1796292, at *4 (D. Nev. Apr. 16, 2018) (Gordon, J.) (granting summary judgment on a contract claim because plaintiff failed to show damages).

Ryze attempts to sidestep this defect by reframing the issue as one of contractual standing, arguing that it may enforce its own contractual rights as a signatory to the CLA and SLA. That argument misses the point. Mirae Asset does not contend that Ryze lacks standing to sue as a contract party. Ryze cannot establish damages it personally incurred—an essential element of any breach of contract claim. *See All Nations Steel Corp. v. KSK Constr. Grp.*, LLC, 240 A.D.3d 835, 837 (2d Dep't 2025); *Lucky Lucy D LLC v. LGS Casino LLC*, 534 P.3d 689, 691 (Nev. 2023). The asserted damages belong, if at all, to Ryze Las Vegas.

Ryze's reliance on *NAF Holdings LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175 (Del. 2015), only underscores the flaw in its position. There, the plaintiff sought damages for injury to an asset it owned—its equity interest in a subsidiary. *Id.* at 177-79. Ryze does not seek damages for the diminished value of its equity interest in Ryze Las Vegas and provides no evidence to support a diminished value of its equity interest.[13] It seeks

[13] Ryze's only damages expert, Mr. Mott, stated that his measure of damages was the [redacted] App. at 2483, Ex. 105. But even assuming *arguendo* that Ryze owned equity directly in Ryze Las Vegas (which Ryze has not asserted) and properly sought to prove and recover this, any value in that equity would be exceedingly lower than the $1.5 billion that Ryze seeks for the refinery. Ryze's internal documents indicate fluctuating values for its equity in at most approximately $240 million. *See, e.g.,* App. at 2470-71, Ex. 104 (proposed sale of ownership units in Ryze Holdings to NC Industries for approximately $0.39 per unit); *see also* App. at 2465, Ex. 103 [redacted]). According to a member schedule, Ryze had a total of 600 million membership units authorized. *See* App. at 2463, Ex. 102. Given the vast difference between the approximate equity valuations of Ryze Holdings and the asserted value of Ryze Las Vegas's plant, it is clear Ryze's equity value is divorced from any valuation of the Ryze Las Vegas plant

damages for the alleged loss in value of the refinery itself, which is owned by a separate entity. Nothing in *NAF Holdings* supports such a claim. To the contrary, the Delaware Supreme Court has clarified that "*NAF Holdings* does not stand for the proposition that *any* claim sounding in contract is direct by default." *El Paso Pipeline GP Co., L.L.C. v. Brinckerhoff*, 152 A.3d 1248, 1259 (Del. 2016) (emphasis in original). *NAF Holdings* does not support Ryze's position here.

Ryze's fallback contention—that it incurred damages in the form of penalty interest, carrying costs, and professional fees—also fails as a matter of law. ECF No. 366 at 26. The only evidence Ryze offers is a declaration from its principal, Matthew Pearson, asserting that such costs were incurred. *See* ECF No 367-1 ¶ 66. That is insufficient. Under both Nevada and New York law, a plaintiff must establish the fact and amount of damages with substantial evidence or reasonable certainty. *Wells Enters. v. Wells Bloomfield, LLC. Co.*, 989 F. Supp. 2d 1055, 1060 (D. Nev. 2013); *City of New York v. State of New York*, 27 A.D.3d 1, 4 (1st Dept. 2005). Pearson provides no documentation, methodology, or evidentiary basis from which a factfinder could reasonably estimate damages.[14] *See* ECF No 367-1 ¶ 66. Courts reject such conclusory assertions. *See G&A Moving & Storage Co. v. Computer Assocs. Int'l.*, 233 A.D.2d 479, 479-480, 650 N.Y.S.2d 982 (1996); *Mort Wallin v. Commercial Cabinet Co.*, 784 P.2d 954, 955 (Nev. 1989).

Because Ryze cannot recover damages for a refinery it does not own and has failed to produce admissible evidence establishing any alternative damages, its breach of contract counterclaims fail as a matter of law.[15] *See H&H Pharms., Inc. v. Cambrex Charles City, Inc.*, 2020 WL 1258257, at *3 (D. Nev. Mar. 16, 2020), *aff'd*, 836 F. App'x 619 (9th Cir.

[14] Pearson's declaration also does not assert any damage related to any diminished equity interest in Ryze Las Vegas.

[15] Even if there were evidence of the penalty interest, carrying costs, and attorney and consultation fees, at the very least, partial summary judgment is warranted on Ryze's claim of damages based on the diminution of the refinery. *See Peri & Sons Farms, Inc. v. Jain Irrigation, Inc.*, 933 F. Supp. 2d 1279, 1294 (D. Nev. 2013) (finding partial summary judgment on punitive damages in breach of contract claim); *Abraham v. Leigh*, 471 F. Supp. 3d 540, 564-65 (S.D.N.Y. 2020) (concluding that summary judgment would be granted against Plaintiff on all forms of damages sought except reliance damages). As such, the Court should at the least strike these damages.

2021) ("Summary judgment is appropriate when proof of damages is an essential element of a party's claims, and the party has no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages.") (internal quotation marks omitted).

### E. Issue Preclusion and Litigation Privilege Independently and Conclusively Bar Ryze's Abuse of Process Claim.

Ryze's abuse of process claim fails because: (1) issue preclusion bars Ryze from relitigating issues it lost in state court; and (2) Nevada's absolute litigation privilege independently forecloses liability. Either ground is dispositive.

#### 1. Issue Preclusion Bars Ryze Abuse of Process Claim.

Ryze mischaracterizes the necessary elements of issue preclusion. Under Nevada law, issue preclusion applies where "the party against whom the judgment is asserted [was] a party or in privity with a party to the prior litigation" and had a full and fair opportunity to litigate the issue. *Five Star Cap. Corp. v. Ruby*, 124 Nev. 1048, 1055 (2008). Issue preclusion does not require that the issue was decided in favor of the party invoking preclusion, nor does it require that the same opposing party was involved in the prior action. *See EVIG, LLC v. Fantasy, Inc.*, 2025 WL 947543, at *2 (D. Nev. Mar. 28, 2025).

What matters is that the issue was actually litigated and decided against Ryze. ***Given its appeal, Ryze cannot dispute that occurred here.*** In the Snell litigation, the state court dismissed Ryze's claims with prejudice because the challenged conduct was protected by the litigation privilege. That ruling was final as to Ryze and followed a full and fair opportunity to litigate the issue—facts Ryze does not dispute. *See id.*; *In re Sundquist*, 580 B.R. 536, 550–51 (Bankr. E.D. Cal. 2018) ("[I]ssue preclusion can be applied in litigation with third parties.").

Ryze's attempt to avoid preclusion by arguing that the prior dismissal involved attorney liability rather than client liability is legally irrelevant. The authority upon which Ryze relies does not recognize a distinction based on whether the defendant is an attorney

or a client. *See Dutt v. Kremp*, 111 Nev. 567, 576 (1995).[16] Instead, "the absolute privilege affords parties to litigation *the same protection from liability* as those protections afforded to an attorney …" *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 378 (2009) (emphasis added). Because the identical privilege issue was decided against Ryze in state court, Ryze cannot relitigate it here by naming a different defendant.

Ryze also misreads the state court's order by claiming it "expressly disclaimed" preclusive effect. The state court did ***not*** restrict Mirae Asset's ability to raise arguments in this federal action, nor could it. Ryze had a full and fair opportunity to litigate this issue. ***It lost.*** It is now precluded from relitigating the same issue here.

Nor did Mirae Asset waive issue preclusion by failing to plead it as an affirmative defense. Ryze's reliance on *Deutsch v. Flannery* is misplaced; *Deutsch* rejected waiver where no express waiver existed. 823 F.2d 1361, 1365 n.2 (9th Cir. 1987). More broadly, the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). "Absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment." *U.S. Equal Emp. Opportunity Comm'n v. Mariscos El Puerto, Inc.*, 2025 WL 2466073, at *4 (D. Nev. Aug. 27, 2025).

Ryze has not claimed prejudice. Nor can it. Ryze admits that it was already aware of the argument underlying the issue preclusion defense, *see* ECF No. 366 at 29 (Mirae Asset previously made the "same argument" regarding the state court's dismissal of the Snell litigation), and it has had ample opportunity to respond to the defense in its opposition. There is no prejudice. *See Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Horton v. City of Santa Maria*, 915 F.3d

[16] *Dutt* involved an abuse of process claim against both an attorney and his client arising from the same litigation conduct. *Id.* at 570. The case against the client was dismissed by the district court, while the case against the attorney was submitted to the jury. *Id.* The jury found in favor of Plaintiff as to the attorney. The Nevada Supreme Court reversed the verdict against the attorney, holding that the claim failed as a matter of law. *Id.* at 576. As a result, the abuse of process claim failed against both the attorney and the client.

592, 600 (9th Cir. 2019) (no prejudice where plaintiff had adequate notice of the argument and addressed the same in its response brief).

2. <u>Litigation Privilege Independently Bars Ryze's Claim.</u>

Nevada's absolute litigation privilege independently forecloses Ryze's abuse of process claim. Ryze argues that this Court previously denied the privilege at the pleading stage. *See* ECF No. 251 at 11. That is true—but irrelevant. Then, the Court was required to accept Ryze's allegations as true. Discovery has now closed, and the evidentiary record tells a different story. Snell's attorneys testified that the July 2021 lawsuit was filed with a good faith belief in its merit. *See* App. at 1179–1183; 1189–1192, Ex. DP26 (noting that "the construction project itself had not been managed properly" and that Ryze made false statements about its technology).

Under Nevada law, the filing of a complaint is absolutely privileged as a "communication[] uttered or published in the course of a judicial proceeding." *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 60 (1983). The privilege applies even where statements are allegedly false, malicious, or motivated by ill will. *Id.* It therefore necessarily applies where, as here, there is no evidence of knowing falsity. Ryze's contention that the lawsuit was filed to gain leverage in settlement negotiations does not defeat the privilege. ECF No. 366 at 28. The Nevada Supreme Court in *Circus Circus* held that the "absolute privilege precludes liability even where the defamatory statements are published with *knowledge of their falsity and personal ill will toward the plaintiff*." 99 Nev. at 60 (emphasis added).

Here, there is not an allegation that the statements made in the complaint were made with knowledge of falsity. Filing a lawsuit, even if motivated in part by a desire to obtain a favorable resolution rather than prevail at trial is insufficient to defeat the litigation privilege. *See Drake v. Burns*, 2013 Nev. Dist. LEXIS 1165, at *13-14 (Nev. Dist. Ct. Dec. 10, 2013) (applying the litigation privilege where defendants allegedly filed a "fraudulent and malicious lawsuit … intending to force the sale of [a corporation]" and "to expressly or by reasonable inference cause financial harm to [the corporation] and its

stockholders, including [Plaintiff]"). The same is true of settlement communications. Statements made in connection with settlement negotiations relating to pending litigation are privileged under Nevada law. *See Jackson v. Markel Am. Ins. Co.*, 2022 WL 4547108, at *1–3 (Nev. Dist. Ct. Apr. 26, 2022) (applying litigation privilege despite allegations that defendants "engag[ed] in fake negotiations," made false and misleading statements in court filings, and filed briefing "only to obtain money and to cause severe emotional distress to plaintiff"). Aggressive tone or hard bargaining does not defeat the privilege.

Finally, Ryze's claim independently fails because the statements upon which it relies were made by Han—Ryze's former agent—and by Snell, whom Ryze's agents retained.[17] Ryze offers no evidence that Han was employed by Mirae Asset at this time, and it does not dispute that no Mirae Asset employee attended the mediation. *See* ECF No. 331 at 15–16. Those facts independently preclude liability.

**F. Ryze Waived Any Objection to the Inclusion of Eun-mi Park's Declaration.**

Ms. Park is designated as Mirae Asset's corporate representative and Ryze had every opportunity to take her deposition under Rule 30(b)(6), but ***it chose not to do so.*** Declaration of Daniel Prince (D. Prince Decl.), ¶ 7; *see also* ECF No. 313, ¶¶5–6, Ex. A. Ryze may not benefit from a self-inflicted wound.

1. <u>Ryze Chose Not to Depose Mirae Asset's Corporate Designee.</u>

On September 16, 2025, Ryze served an amended notice of deposition for Mirae Asset's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) ("Amended 30(b)(6) notice"). ECF No. 285-3 at 2. Ryze noticed the deposition in Las Vegas, Nevada, even though Mirae Asset and its corporate representative are located in Seoul, Republic of

---

[17] Ryze's abuse of process claim imputes actions made by Snell and Han unto Mirae Asset despite the fact, as Ryze has previously admitted, it was its (former) agents, Hall and Han that hired Snell and "concoct[ed] a plan to force Ryze to negotiate with Mirae [Asset]." App. at 862 ¶ 6, Ex. DP17 ("Hall and Han had been consulting with Snell for purposes of facilitating a lawsuit against Ryze"); App. at 790 ¶ 179, Ex. DP 15 ("Jeff Hall … and Sung Hee Han engaged in the wrongful use of civil proceedings by orchestrating the filing of the July 23 Lawsuit against Ryze"); *see also* App. at 1137, Ex. DP23 at 269:12–14 (Hall "hired Snell & Wilmer and started the whole lawsuit").

Korea. ECF No. 285-3 at 2. After unsuccessful efforts to negotiate a resolution, Mirae Asset sought a protective order to allow the deposition to proceed by videoconference due to immigration concerns and other travel burdens. ECF No. 284. This Court granted the motion. ECF No. 310 at 4. But Ryze chose not to proceed with the deposition. *See* ECF 313 at 7 ("Ryze hereby withdraws all such deposition notices. We will not be taking or attempting to take these depositions[.]").

2. Ryze Caused Its Own Purported Disadvantage.

Ryze's fallback argument—that it was unfairly surprised because Ms. Park was not identified by name in initial disclosures—also fails. Rule 26 does not require identification of a corporate representative by name where a party discloses that it will rely on corporate testimony regarding corporate policies and practices. *See Equity Recovery Specialists LLC v. Select Portfolio Servicing Inc.*, 2023 WL 5278675, at *7 (D. Ariz. Aug. 16, 2023). Mirae Asset's disclosures identified the corporation as a witness regarding its internal investment-review process, the scope of authority of relevant individuals, and the absence of any binding agreement with Ryze—precisely the topics addressed in Ms. Park's declaration. *Compare* App. at 2027–40, Ex. 93 (Mirae Asset's Amended Disclosures) *with* ECF No. 333 (Park Decl.). That satisfies Rule 26. *See Moore v. Comput. Assocs. Int'l, Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009).

Nor could Ryze plausibly claim surprise. Ryze received documents during discovery identifying Ms. Park as a Review Manager and custodian of records [redacted].[18] Ryze admits Ms. Park's role in maintaining deal-status records. ECF No. 366 at 14. Mirae Asset also produced the Issue Report—listing Ms. Park as custodian—documenting [redacted]. App. at 39-199, Ex. 2.

[18] Mirae Asset produced emails that reference Ms. Park along with documents from her custodial file months before the discovery cutoff. D. Prince Decl. ¶ 6. Thus, Ryze was aware of Ms. Park's involvement in the review of the potential Ryze deal.

Courts routinely reject claims of surprise where, as here, documents produced in discovery demonstrate the witness's involvement and the opposing party chose not to depose her. *See Manansingh v. United States*, 2025 WL 1309260, at *1–2 (D. Nev. May 6, 2025) (denying motion to exclude testimony by undisclosed witness who appeared as sender or recipient on several of emails that plaintiffs relied on, and plaintiffs "had the opportunity to depose him but chose not to"). Ryze declined the deposition and cannot show surprise. Its objection to Ms. Park's declaration should be rejected.

3. <u>Ms. Park's Declaration Covers Subjects That Are Appropriate Topics for A Corporate Representative.</u>

Ryze argues that Ms. Park's declaration at times "exceed[s] her personal knowledge" and relies on information not personally known to her. ECF No. 366 at 9. False. First, Ms. Park authored the Issue Report and has first-hand knowledge of the reasons for which the Ryze deal was dropped by the Assessment Team. Next, Ms. Park is the corporate representative and necessarily may testify based on information known or reasonably available to the organization, including information gathered through document review and discussions with other witnesses. *See* Fed. R. Civ. P. 30(b)(6); *see also Persian Gulf Inc. v. BP W. Coast Prods. LLC,* 632 F. Supp. 3d 1108, 1127–28 (S.D. Cal. 2022) (declining to reject declarations submitted by Defendants containing Rule 30(b)(6) testimony on grounds that corporate witness lacked personal knowledge).

Ms. Park provided sworn testimony regarding Mirae Asset's corporate knowledge.[19] Thus, her declaration is properly considered in support of summary judgment. Indeed, Ms. Park's declaration addresses many of the same subjects identified in Ryze's amended Rule 30(b)(6) notice—topics Ryze chose not to pursue when it declined

---

[19] Ms. Park discusses her job responsibilities at Mirae Asset, Mirae Asset's internal review and approval process for loan financing, the review process for Ryze's proposed transactions, Lee's lack of authority to execute the CLA or any loan agreement with Ryze, communications with Lee concerning the decision not to proceed with the Ryze deal, Han's lack of authority to negotiate on behalf of Mirae Asset given that he was never employed by the company, and Mirae Asset's lack of affiliation with third party entities, including Paragon BRG, LV Renewables A, and LV Renewables B. ECF No. 333 at 2–3 , 5.

to depose her.[20] Ryze asserts, however, that portions of Ms. Park's declaration discussing her involvement in reviewing and rejecting the proposed deal cannot constitute Rule 30(b)(6) testimony because they pertain to events known in her personal experience. ECF No. 366 at 7 n. 1. ***Nonsense.*** A corporate representative may testify to information learned in her personal capacity and information on which she was educated. *See Flynn v. Sephora USA, Inc.*, 2025 WL 1392132, at *1 (9th Cir. May 14, 2025).

In any event, Ms. Park's testimony is corroborated by the sworn declarations of Huijun Yang and Hyun-Joo Park. *See* App. at 3–6 ¶¶ 7–10; App. at 19–20 ¶¶ 11–12; 15.[21]

### G. Ryze's Contradictory Statements Are Admissions and Estop Ryze Here.

Ryze and its principal, Mr. Pearson, have made recurring admissions in litigation before the Nevada State Court and the Nevada Supreme Court contradicting statements made in this litigation. Those admissions concern central factual issues, including Lee's English proficiency and whether Snell acted as Mirae Asset's counsel, and are binding here as judicial admissions and/or prior inconsistent statements.

First, Ryze does not dispute that its admissions appear in multiple amended complaints in Nevada state court, in sworn declarations submitted by Pearson, and in Ryze's appellate briefing. *See* ECF No. 331 at 20 (citing Pearson declaration regarding ownership of LV Renewables A); *see also* App. at 893–1082, Ex. DP19 (Ryze's notice of

[20] Ryze's amended Rule 30(b)(6) notice included topics regarding Mirae Asset's internal review process for the proposed transaction; communications between Mirae Asset and others regarding the potential deal; Lee's communications concerning the potential deal; Lee's authority to act on behalf of Mirae Asset; and Mirae Asset's knowledge or relationship with third parties, including Han and Paragon Construction Consulting. ECF No. 285-3 at 8–10 ¶¶ 8, 11, 13,15–19. Ms. Park's declaration pertains to these subjects or to closely related ones. *See* ECF No. 333.

[21] Ryze's citation to *Tijerina v. Alaska Airlines, Inc.*, 2024 WL 270090, at *2 (S.D. Cal. Jan. 24, 2024) regarding the admissibility of Rule 30(b)(6) testimony is misplaced. There, the Court ruled on the admissibility of Rule 30(b)(6) testimony *at trial*. Ms. Park's affidavit is offered for a motion for summary judgment, which is acceptable. *See Dodson Aviation, Inc. v. HLMP Aviation Corp.*, 2011 WL 1234705, at *10 (D. Kan. Mar. 31, 2011) (noting limitations on 30(b)(6) testimony do not apply at summary judgment); *1600 East Newlands Drive, LLC v. Amazon.com.Nvdc, LLC*, 2019 WL 3997263, *6 (D. Nev. Aug. 23, 2019) (court agreeing that party could rely on knowledge of company for affidavit as 30(b)(6) witness at summary judgment).

appeal to the Nevada Supreme Court alleging facts directly contradicting Ryze's positions here, including that Snell was not Mirae Asset's counsel). These are not casual or inadvertent statements. They were formal representations made to courts in sworn submissions and filings.

Second, Ryze overstates the degree to which courts tolerate inconsistent factual assertions. While prior pleadings may be amended, they remain admissible as judicial admissions or, at minimum, as evidence of prior inconsistent statements. *See, e.g.*, *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1024 n.12 (E.D. Cal. 2012) (superseded pleadings may be used as evidence). And where a party advances irreconcilable factual positions in different proceedings, judicial estoppel applies with particular force. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001) (judicial estoppel is especially appropriate where contradictory positions are asserted across different proceedings).

Third, Ryze's reliance on permissible "alternative pleading" is misplaced. Citing *American International Adjustment Co. v. Galvin*, Ryze argues that inconsistent facts may be pleaded where legitimate doubt exists. 86 F.3d 1455, 1461 (7th Cir. 1996). But *Galvin* makes clear that this principle "does not excuse blatantly misrepresenting the facts of the case to opposing counsel, and even more importantly, to the district court." *Id.* Courts applying this rule, including Ryze's own cited cases, consistently reject its use where facts are known or no longer legitimately in doubt. *See id.*; *see also Kwasniewski v. Sanofi-Aventis U.S., LLC*, 2013 WL 5882749, at *5 (D. Nev. Oct. 29, 2013) (where plaintiffs previously asserted facts, "they may not now claim these facts are legitimately in doubt").

Ryze's separate action against Snell has been pending for nearly three years.[22] Ryze has amended its complaint twice, defended against multiple motions to dismiss, obtained and reviewed Snell's emails more than a year ago (and used them in its amended

[22] Ryze is subject to Rule 11 requirements regarding the accuracy of those pleadings. Ryze's claims now, years later and after discovery, that explicitly contradictory pleadings can continue to be accepted strain credulity.

complaints), put forward declarations from its primary executive, and pursued an appeal to the Nevada Supreme Court based on an amended complaint filed after discovery in state court. Discovery here is now closed. ***Ryze cannot avoid summary judgment by claiming that basic facts concerning Lee's English proficiency or Snell's role remain "uncertain" in one forum while simultaneously asserting the opposite facts as settled truths in another.*** Parties have a continuing obligation to ensure that their factual assertions remain well-grounded as litigation progresses. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 874 n.9 (5th Cir. 1988) (if there is no longer a reasonable basis to proceed, a party must not resist efforts to have the claims dismissed).[23] Ryze cannot maintain irreconcilable factual positions across parallel proceedings to preserve whichever theory advances its interests in each forum. The Court should accept Ryze's admissions—made in its pleadings, sworn declarations, and appellate submissions—and hold Ryze to those representations here.

## III. CONCLUSION

For the foregoing reasons and the reasons stated in its opening brief, the Court should grant Mirae Asset's Motion for Summary Judgment as to each of Ryze's counterclaims.

---

[23] Indeed, in noting Rule 8(e)'s permission of contradictory pleadings (the underpinning of Ryze's cited cases), the Ninth Circuit has noted that inconsistent pleadings will not be admissions in the *same* case, "at least at the initial pleading stage." *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700-01 (9th Cir. 2021) (emphasis added). The contradictory statements here are made in separate cases, and the matter is far past the initial pleading stage where the Court will accept unsettled facts.

DATED: December 23, 2025

Respectfully submitted,

By: *__/s/ Daniel Prince__*
Daniel Prince

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice)*
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice)*
scottcarlton@paulhastings.com
BRIAN KAEWERT (admitted *pro hac vice)*
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.