# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mirae Asset Securities Co. Ltd., <br>     Plaintiff, <br> v. <br> Ryze Renewables Holdings, LLC, <br>     Defendant. | Case No. 2:23-cv-01492-APG-NJK <br> **Order** <br> [Docket No. 312] |

Pending before the Court is Plaintiff's motion to reopen discovery for the limited purpose of permitting depositions of third party witnesses Huijun Yang and Hyun Joo Park. Docket No. 312. The Court has considered Plaintiff's motion and declaration of counsel, Defendant's response and declaration of counsel, and Plaintiff's reply. Docket Nos. 312, 313, 319, 320, 321, 323, 324. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that such relief was warranted. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

"The party seeking modification of the scheduling order bears the burden of establishing diligence." *Desio*, 339 F.R.D. at 638 (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

When a request for relief from a case management deadline is made after that deadline has already expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[1] A lack of diligence is sufficient reason standing alone to deny a motion to reopen discovery. *See, e.g.*, *Cornwell*, 439 F.3d at 1027. That lack of diligence is fatal to a request to reopen discovery even if the movant indicates that the information it seeks is important to its case. *See id.* (affirming denial of request to reopen discovery for lack of diligence "even in the face of requested supplemental discovery that might have revealed highly probative evidence"); *see also Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) ("Although [the movant] argued that it had a strong need for the documents, which appear relevant, this factor has not generally been considered by courts, and the alleged importance of the documents appears inconsistent with the delay in seeking the documents").

The Court need not set forth the lengthy history regarding the parties' discovery disputes in this case; however, the Court has taken them into account along with the briefing of the instant motion. The Court finds that Plaintiff has demonstrated both good cause and excusable neglect to

---

[1] The Ninth Circuit has at times stated somewhat differently the factors for consideration in deciding whether to reopen discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017).

support their request to reopen the discovery deadline for the sole purpose of conducting the remote depositions of these third-party witnesses. *See* Docket No. 312.

Accordingly, the Court **GRANTS** Plaintiff's motion.[2] Docket No. 312. The discovery deadline is reopened for the sole purpose of conducting the remote depositions of third-party witnesses Huiijan Yang and Hyun Joo Park. These depositions must be completed no later than February 6, 2026.

IT IS SO ORDERED.

Dated: January 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] As the Court grants Plaintiff's request, it need not reach Plaintiff's alternative request for trial preservation depositions of these third-party witnesses.

3