PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice)*
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice)*
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice)*
Briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice)*
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants.<br>———————————<br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company, Counter-Defendant. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**PLAINTIFF AND COUNTER-DEFENDANT MIRAE ASSET SECURITIES CO. LTD.'S OPPOSITION TO DEFENDANTS RYZE RENEWABLES HOLDINGS, LLC'S AND RYZE RENEWABLES NEVADA, LLC'S MOTION TO STRIKE**<br><br>Judge: Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Complaint Served: October 3, 2023 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. ARGUMENT ..... 3

A. Ryze's Motion Is Procedurally Improper. ..... 3

1. Motions to Strike Only Apply to Pleadings. ..... 3

2. Ryze's Motion is an Unauthorized Sur-reply ..... 4

B. Ryze's Counterarguments Confirm This Is an Improper Sur-Reply. ..... 5

C. Ryze's Discovery and Other Failings Do Not Warrant Striking the Reply Declaration Under Rule 37. ..... 8

1. Ryze Failed to Meet and Confer as Required by the Rules. ..... 8

2. Ryze Cannot Use Its Deposition Strategy as a Sword and Shield. ..... 9

D. The Damages Arguments and Exhibits Are Proper Reply Material. ..... 10

1. Mirae Asset Has Consistently Argued Ryze Lacks Standing to Assert Its Claimed Damages. ..... 10

2. Mirae Asset Introduced Ryze's Own Expert to Rebut Ryze's Claims. ..... 12

IV. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldava v. Smith's Food & Drug Centers, Inc.*,
No. 2:23-CV-1660 JCM (MDC), 2025 WL 2754043 (D. Nev. Sept. 29, 2025) ....................8, 9

*Burris v. JPMorgan Chase & Co.*,
No. 21-16852, 2024 WL 1672263 (9th Cir. Apr. 18, 2024) ....................13

*Emanuel v. Kirkland*,
No. 3:21-CV-00308-CLB, 2024 WL 21928 (D. Nev. Jan. 2, 2024)....................9

*Espinosa v. Bannister*,
No. 314CV00668RCJVPC, 2016 WL 3633439 (D. Nev. July 5, 2016) ....................3

*Evans v. Encore Event Techs., Inc.*,
No. 2:15-CV-1120-GMN-CWH, 2017 WL 986357 (D. Nev. Mar. 14, 2017) ....................7

*Flynn v. Love*,
No. 319CV00239MMDCLB, 2020 WL 5607652 (D. Nev. Sept. 18, 2020) ....................2

*Garcia v. Serv. Emps. Int'l Union*,
No. 217CV01340APGNJK, 2018 WL 10721070 (D. Nev. May 16, 2018) ....................3

*Green v. Lew*,
No. 2:13-CV-00740-KJD, 2014 WL 4471637 (D. Nev. Sept. 10, 2014) ....................3

*Guzik Tech. Enters., Inc. v. W. Digital Corp.*,
No. 5:11-CV-03786-PSG, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013) ....................10

*H & H Pharms., LLC v. Cambrex Charles City, Inc.*,
836 F. App'x 619 (9th Cir. 2021) ....................11

*Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*,
No. 2:12-CV-00560-MMD, 2014 WL 1305144 (D. Nev. Mar. 31, 2014) ....................2

*IGT v. All. Gaming Corp.*,
No. 2:04-CV-1676-RCJ-RJJ, 2008 WL 11451135 (D. Nev. Oct. 21, 2008) ....................9

*Infinity Glob. Consulting Grp., Inc. v. Tilray, Inc.*,
No. CV 20-05263-PA-(AFMX), 2021 WL 880391 (C.D. Cal. Jan. 7, 2021) ........ 10

*In re J&J Inv. Litig.*,
No. 2:22-CV-00529-GMN-NJK, 2025 WL 1474841 (D. Nev. Mar. 11, 2025) ........ 9

*Johnson v. Holms,*
No. 218CV00647GMNEJY, 2021 WL 4268432 (D. Nev. Sept. 20, 2021) ........ 8

*Johnson v. Nevada*,
No. 214CV01425GMNPAL, 2016 WL 6156066 (D. Nev. Oct. 20, 2016) ........ 4

*Jones v. Skolnik*,
No. 310CV00162LRHVPC, 2018 WL 3640409, (D. Nev. June 14, 2018) ........ 2

*Kanvick v. City of Reno*,
No. 3:06-CV-00058-RAM, 2008 WL 873085 (D. Nev. Mar. 27, 2008) ........ 4

*McDonald's Corp. v. Circa Hosp. Grp. II LLC*,
No. 223CV384JCMEJY, 2023 WL 8554687 (D. Nev. Dec. 11, 2023) ........ 2, 4

*Rice v. City of N. Las Vegas*,
No. 2:20-CV-1542 JCM (DJA), 2023 WL 6141667 (D. Nev. Sept. 20, 2023) ........ 12

*Unite Here Health v. Gilbert*,
No. 213CV00937JADGWF, 2015 WL 5766511 (D. Nev. Sept. 30, 2015) ........ 2, 4

*United States v. Bennett*,
621 F.3d 1131 (9th Cir. 2010) ........ 10

*White v. City of Sparks*,
341 F. Supp. 2d 1129 (D. Nev. 2004), *aff'd*, 500 F.3d 953 (9th Cir. 2007) ........ 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp,*
259 F.3d 1101 (9th Cir. 2001) ........ 3

**Other Authorities**

Fed. R. of Civ. P. 12(f) ........ 2

Fed. R. of Civ. P. 26 ........ *passim*

Fed. R. of Civ. P. 37 ........ *passim*

Fed. R. of Civ. P. 56 ........ 2

Fed. R. of Civ. P. 702 ........ 13

L.R. 7-2(b) ........ 2

L.R. 16-3(a) ........ 1, 3, 8

L.R. 26-6(c) ........ 1, 3, 8

## I. INTRODUCTION

Unhappy that its claims fail as a matter of law and that it is barred from recovering damages, Ryze's Motion to Strike (ECF No. 389) (the "Motion") is an improper attempt to get the last word on summary judgment. It should be denied for the following reasons.

*First*, Ryze's Motion is procedurally improper and disfavored, particularly where, as here, Mirae Asset's Reply in Support of its Motion for Summary Judgment (ECF No. 380, the "MSJ Reply") and the supporting declaration of Eun-Mi Park (ECF No. 382, the "Reply Declaration") are *not* pleadings. Ryze's Motion is an unsanctioned sur-reply submitted without leave of court and lacks any legal basis.

*Second*, Ryze's claim of "ambush" based on Ms. Park's Reply Declaration rests on the false premise that Mirae Asset introduced surprise evidence. *Wrong*. Ryze made a tactical decision *not* to depose a single Mirae Asset witness, even after the Court permitted remote depositions. ECF No. 310 at 2-4. Thus, Ryze's lack of familiarity with Mirae Asset's internal processes—as discussed in prior declarations and elaborated upon in the Reply Declaration—is Ryze's fault. Ryze may not, however, rely on its failure to take Mirae Asset's Rule 30(b)(6) deposition as a sword and shield. The Reply Declaration clarifies questions Ryze raised in opposition—clarity that Ryze could have obtained during discovery. Federal Rule of Civil Procedure 37 may not be invoked on this record.

*Third*, regardless of how Ryze characterizes its filing—as a discovery motion or a motion in limine—it fails. To the extent that Ryze asserts that Mirae Asset's Rule 26 disclosures were insufficient (which Mirae Asset disputes), and that any testimony from Ms. Park should be excluded, Ryze did not meet and confer before filing its Motion as required by Local Rules 16-3(a) and 26-6(c). This failure alone warrants denial.

*Fourth*, Ryze fails to demonstrate any genuine surprise or prejudice. Mirae Asset's MSJ Reply does not advance new legal theories, rewrite the original motion for summary judgment, or ambush Ryze with undisclosed evidence. It responds to Ryze's Opposition to Mirae Asset's Motion for Summary Judgment (the "MSJ Opposition," ECF No. 366),

including by attaching *Ryze's* documents and expert materials. This is permitted by Federal Rule of Civil Procedure 56.

In summary, Mirae Asset's MSJ Reply and supporting materials address arguments in Ryze's MSJ Opposition and highlight Ryze's failure to carry its evidentiary burden. Ryze's Motion is an improper response to the MSJ Reply. It should be denied.

## II. LEGAL STANDARD

A reply may provide evidence rebutting or clarifying material presented in an opposition brief. *Unite Here Health v. Gilbert*, No. 213CV00937JADGWF, 2015 WL 5766511, at *7 (D. Nev. Sept. 30, 2015). Moreover, while Federal Rule of Civil Procedure 56(c)(2) permits objections to evidence cited at summary judgment, it does *not* create a right to file a sur-reply. *See Jones v. Skolnik*, No. 310CV00162LRHVPC, 2018 WL 3640409, at *5 (D. Nev. June 14, 2018), *report and recommendation adopted*, No. 310CV00162LRHVPC, 2018 WL 3633920 (D. Nev. July 30, 2018) (citing cases where motions to strike were denied in connection with Rule 56(c)(2) objections). Rule 56(c)(2) is not a license to re-open briefing, and sur-replies are discouraged and permitted only with leave of court upon a showing that genuinely new matters have been raised or extraordinary circumstances warrant it. *McDonald's Corp. v. Circa Hosp. Grp. II LLC*, No. 223CV384JCMEJY, 2023 WL 8554687, at *1 (D. Nev. Dec. 11, 2023); LR 7-2(b).

Further, motions to strike under Rule 12(f) "apply only to pleadings, and courts are generally unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, No. 2:12-CV-00560-MMD, 2014 WL 1305144, at *6 (D. Nev. Mar. 31, 2014). Such motions are disfavored because they propose a "drastic remedy" and are often used as a tactical delay device. *Flynn v. Love*, No. 319CV00239MMDCLB, 2020 WL 5607652, at *1 (D. Nev. Sept. 18, 2020) (citations omitted).

Finally, to the extent a party seeks exclusion under Rules 26 and 37, it is not

automatic.[1] Rule 37(c)(1) applies only where the failure to disclose was neither substantially justified nor harmless. Fed. R. Civ. P. 37(c)(1). Motions predicated on alleged discovery violations or excluding evidence are also subject to meet-and-confer requirements, and the failure to comply with the same can independently warrant denial. *See* Local Rules 16-3(a), 26-6(c); *Garcia v. Serv. Emps. Int'l Union*, No. 217CV01340APGNJK, 2018 WL 10721070, at *1 (D. Nev. May 16, 2018).

## III. <u>ARGUMENT</u>

### A. Ryze's Motion Is Procedurally Improper.

#### 1. <u>Motions to Strike Only Apply to Pleadings.</u>

Ryze's Motion fails at the threshold because motions to strike apply only to pleadings. *See Espinosa v. Bannister*, No. 314CV00668RCJVPC, 2016 WL 3633439, at *2 (D. Nev. July 5, 2016), *aff'd*, 691 F. App'x 838 (9th Cir. 2017) ("[A] reply brief is not a 'pleading' to which Rule 12(f) applies . . ."). Summary judgment briefs and declarations are *not* pleadings, and courts consistently reject efforts to strike summary judgment filings at any stage. *Green v. Lew*, No. 2:13-CV-00740-KJD, 2014 WL 4471637, at *11 (D. Nev. Sept. 10, 2014), *aff'd sub nom. Green v. Mnuchin*, 693 F. App'x 572 (9th Cir. 2017) (denying motion to strike a motion for summary judgment and opposition to summary judgment because they were not pleadings). Ryze's Motion seeks relief that the Federal Rules of Civil Procedure do not contemplate.

---

[1] Ryze's cited authority does not support the proposition that exclusion is automatic under these circumstances. Indeed, Ryze's reliance on *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) is misplaced. ECF 389 at 2. *Yeti* involved an expert report disclosed on the eve of trial nearly two years after discovery closed. *Yeti*, 259 F.3d at 1106. Here, and during discovery, Ms. Park was identified as a custodian, appeared in produced documents, and was designated as Mirae Asset's Rule 30(b)(6) witness for a deposition that Ryze canceled at the last minute. Unlike the expert's report in *Yeti*, Ms. Park's testimony is tied to prior disclosures and does not constitute a surprise warranting exclusion. The Rule 37 Advisory Committee Notes referenced in *Yeti* further confirm that "automatic" exclusion only applies to harmful and unjustified conduct—not to the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties . . ." Fed. R. Civ. P. 37 Advisory Committee's Note (1993). The "unduly harsh" penalty of exclusion is not warranted on these facts. *Id.*

2. <u>Ryze's Motion is an Unauthorized Sur-reply.</u>

Relatedly, Ryze's Motion operates as an unauthorized sur-reply that seeks to relitigate the merits of summary judgment under the guise of a motion to strike. Motions to strike reply briefs *and* sur-replies are disfavored, and courts routinely deny them where, as here, they are aimed at re-opening briefing that has closed. *See, e.g., White v. City of Sparks*, 341 F. Supp. 2d 1129, 1133–35 (D. Nev. 2004), *aff'd*, 500 F.3d 953 (9th Cir. 2007). Ryze does not dispute that sur-replies are strongly disfavored. ECF No. 389 n. 4. Indeed, sur-replies are only permitted with leave of court upon a showing that (1) genuinely new matters were raised to which the nonmovant had no opportunity to respond, *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008), *aff'd sub nom. Kanvick v. Reno City Police*, 339 F. App'x 745 (9th Cir. 2009);[2] or (2) extraordinary circumstances warrant it. *McDonald's Corp*, 2023 WL 8554687, at *1. Ryze neither sought leave of court nor made that showing.

Further, there is no new evidence that justifies a sur-reply or a motion to strike. Evidence is not new if it "is submitted in direct response to proof adduced in opposition to a motion." *Unite Here Health*, 2015 WL 5766511, at *7 (citations omitted). Mirae Asset's MSJ Reply responds to points raised in Ryze's MSJ Opposition and highlights deficiencies in Ryze's proof. For instance, Ryze argues in opposition that it independently suffered $27 million in direct damages, and Mirae Asset responds by examining the cited evidence and explaining why it fails to support Ryze's claim. ECF Nos. 366 at 24-25; 380 at 11. That is not new. Ryze's improper sur-reply, however, should be stricken. *Johnson v. Nevada*, No. 214CV01425GMNPAL, 2016 WL 6156066, at *1 (D. Nev. Oct. 20, 2016) (striking improper sur-reply filed in response to defendants' reply in support of summary judgment).

---

[2] The *Kanvick* Court granted defendant's motion to strike plaintiff's second reply and opposition to defendant's motion for summary judgment, finding that the "local rules of this court do not provide for second oppositions (essentially surreplies) . . ." *Id.*

**B. Ryze's Counterarguments Confirm This Is an Improper Sur-Reply.**

Ryze's Motion identifies no previously undisclosed evidence or new claim raised for the first time in reply. Rather, Ryze selectively quotes and misrepresents the MSJ Reply and Reply Declaration to manufacture the appearance of "new evidence." But the MSJ Reply and Reply Declaration simply respond to questions raised by Ryze—consistent with the existing record—about *how* the Assessment Team operates,[3] *why* the Ryze transaction did not proceed (*i.e.,* because the Assessment Team had a negative view of the deal, as summarized in the Issue Report), and *why* Ryze has failed to prove alleged damages. Ryze's Motion is thus nothing more than a sur-reply in disguise, responding to Mirae Asset's MSJ Reply and Reply Declaration while presenting points that Ryze did not raise in its MSJ Opposition. For example:

**COMPARISON CHART—UNAUTHORIZED SUR-REPLY**

| MSJ Opposition Argument | MSJ Reply Argument | Motion to Strike Argument |
|---|---|---|
| Even though Ms. Park was identified during discovery, because Mirae Asset did not specifically list Ms. Park as a witness in its Rule 26(a)(1) disclosures, the Court should exclude Ms. Park's declaration in support of Mirae Asset's MSJ (the "MSJ Declaration," ECF No. 333). ECF No. 366 at 5-7. | Ms. Park's MSJ Declaration should not be excluded because Rule 26 disclosures do not require identification of corporate representatives by name, Mirae Asset produced documents identifying Ms. Park as a custodian of records months before discovery closed, and Ryze chose not to depose Ms. Park—the company's Rule 30(b)(6) representative. ECF No. 380 at 15-18. | Repeating the same argument that Ms. Park should be excluded for alleged lack of disclosure under Rule 26(a)(1) and now arguing that although Ryze also received documents from Ms. Park as a custodian, this was still insufficient to establish her identity during discovery. ECF No. 389 at 5-7. |
| While every Mirae Asset declarant agrees the Ryze deal was rejected in early 2021 and the Issue Report evidences the same, two company spreadsheets from 2021 have a line that | Mirae Asset's Assessment Team rejected the Ryze deal as structured and marked a "pending" status to permit resubmission if the various deficiencies with the deal were | Arguing the merits of the Reply Declaration's clarification of the Ryze deal's status as rejected and whether the explanation is the same as that in the MSJ Declaration, which also |

[3] "Assessment Team" and "Issue Report" have the same meanings as in Mirae Asset's Motion for Summary Judgment (the "MSJ", ECF No. 331).

| MSJ Opposition Argument | MSJ Reply Argument | Motion to Strike Argument |
|---|---|---|
| indicates the transaction was "pending" or "undecided." ECF No. 366 at 12-13. | addressed in the future, which ultimately did not occur. ECF Nos. 380 n. 4; 382 at ¶ 6. | states that the deal was dropped and Kyunghyun Lee understood the same. ECF No. 389 at 4-5. |
| Despite pages evidencing a negative opinion on the proposed Ryze deal, the Issue Report does not explicitly include a "positive," "neutral," or "negative" rating. ECF No. 366 at 12-13. | Ryze's need to see the word "negative" in the Issue Report ignores 1) the multiple pages in which the Assessment Team highlighted the material deficiencies in the Ryze deal, including its financial structure and lack of experience;[4] and 2) three Mirae Asset witnesses who testified that the Assessment Team reached a negative conclusion and did not advance the deal. ECF No. 380 at 3. | Ignoring the text of the Issue Report and once again objecting to the lack of the precise word "negative" in the Issue Report because the Declaration of Huijun Yang, ECF No. 4-2, states that the Assessment Team "*generally* issues one of three opinions, 'positive,' 'neutral,' or 'negative.'"[5] ECF No. 389 at 4. |
| Ryze claims that although it seeks damages for the loss of a refinery that belonged to its subsidiary—Ryze Las Vegas—it still has standing to bring claims because of the equity structure of the relevant contracts at issue. ECF No. 366 at 22-25. | Even if Ryze had properly shown equity in Ryze Las Vegas and sought damages on it, based on Ryze's documents, the value of that equity would be much lower than the nearly $2 billion in damages Ryze has sought for the alleged value of the refinery. ECF No. 380 n. 13. | Directly citing to footnote 13 of the MSJ Reply and attempting to distinguish the evidence offered (Ryze's own documents), including by claiming Mirae Asset is ignoring other proof that contradicts with the evidence offered in its MSJ Reply. ECF No. 389 at 9-10. |

As shown, Ryze is attempting to secure the last word on summary judgment. Beyond that, Ryze's attack on Ms. Park's Reply Declaration fails for two independent reasons.

---

[4] Indeed, the Issue Report expressly states that the Ryze Corporation and its Sponsor are likely "not composed of investors with expertise and capital strength," and that there was "uncertainty" regarding the "economic feasibility of the project." ECF No. 336-6.

[5] Ryze also argues that Ms. Park—who authored the Issue Report—cannot speak to her subjective intent in writing it. Ms. Park's intent is relevant and consistent with the record—the Assessment Team had a negative opinion of the Ryze deal and declined to proceed. There is no surprise. This information is in Mirae Asset's initial Motion, the MSJ Declaration, the MSJ Reply, and the Reply Declaration (and other declarations).

*First*, Ms. Park's Reply Declaration properly rebuts and clarifies arguments Ryze raised in its MSJ Opposition. *Supra*, Comparison Chart. This is permissible. *See Evans v. Encore Event Techs., Inc.*, No. 2:15-CV-1120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) (finding declaration submitted in support of defendant's reply regarding its motion for summary judgment supported defendant's original argument and rebutted the evidence presented in plaintiff's opposition). Mirae Asset's MSJ Reply and Reply Declaration therefore properly correct mischaracterizations and respond to arguments that Ryze raised in its MSJ Opposition.

*Second*, Ryze's Motion is premised on a fundamental misunderstanding of Ms. Park's Reply Declaration. The Reply Declaration does *not* introduce a new position or reverse course. For instance, Ms. Park's MSJ Declaration references the many deficiencies in the proposed Ryze deal. ECF No. 333 at ¶ 6. Ryze claims in opposition that this does not mean Mirae Asset had a negative view of the deal. ECF No. 366 at 12-13. In turn, Ms. Park responds that the multiple pages in the Issue Report devoted to the deal's deficiencies are properly understood to mean that the Assessment Team (of which she was a member) had a negative view of the transaction. ECF No. 382 at ¶ 5. Ryze now asserts that it is surprised by this explanation. But there should be no surprise. As the drafter, Ms. Park explained what was conveyed in the Issue Report and how such reports are prepared and understood, from the internal perspective of the Assessment Team.[6] That Ryze did not depose Ms. Park regarding these issues—when it had the opportunity to do so—is no fault of Mirae Asset. Nor should Ryze be permitted to benefit from its decision to forgo discovery on these matters.[7] Moreover, Ryze cannot file an unsanctioned sur-reply under the guise of a "motion to strike."

Simply put, The MSJ Reply and Reply Declaration do not contradict prior testimony. They do not raise new theories. They do not suggest a materially different deal

---

[6] The same is true of statements regarding why a deal would be listed as "pending"—it had been rejected, but a party could resubmit it if they sufficiently altered the deal.

[7] *See also* Section III.C.2, *infra*.

would have been approved. They do not change the Assessment Team's negative opinion regarding the proposed Ryze transaction. The MSJ Reply and supporting materials address arguments Ryze raised in its MSJ Opposition, clarify evidence that Ryze mischaracterized, and demonstrate why Ryze's evidence and arguments fail to create a genuine issue of material fact. Any alleged lack of clarity regarding the Issue Report, the Assessment Team, or Ms. Park's testimony is not Mirae Asset's fault. Ryze had ample opportunity during discovery to explore these topics. It chose not to do so. Accordingly, Ryze's Motion fails.

### C. Ryze's Discovery and Other Failings Do Not Warrant Striking the Reply Declaration Under Rule 37.

#### 1. Ryze Failed to Meet and Confer as Required by the Local Rules.

Ryze waived any discovery or evidentiary objection by failing to meet and confer prior to filing its Motion. LR 16-3(a), 26-6(c). Local Rules 16-3(a) and 26-6(c)—which apply to motions in limine and discovery motions, respectively—require parties to meet and confer before moving to exclude evidence. Here, Ryze's Motion operates as a motion for discovery sanctions under Rule 37(c)(1). *See Johnson v. Holms*, No. 218CV00647GMNEJY, 2021 WL 4268432, at *8 (D. Nev. Sept. 20, 2021), *aff'd in part, rev'd in part and remanded on other grounds,* No. 21-16765, 2023 WL 2584118 (9th Cir. Mar. 21, 2023) ("Defendants' Motion to Strike is actually a motion for discovery sanctions under Rule 37(c)(1)."). For example, Ryze argues that Mirae Asset violated Rule 26 by failing to identify Ms. Park (by name) as its Rule 30(b)(6) designee and seeks exclusion of her Reply Declaration under Rule 37(c)(1).[8] And by seeking to exclude all testimony from Ms. Park—including her Reply Declaration—Ryze's filing is effectively a motion in limine. Regardless of how Ryze characterizes its Motion, exclusion is improper. *See Aldava v. Smith's Food & Drug Centers, Inc.*, No. 2:23-CV-1660 JCM (MDC), 2025 WL 2754043, at *2 (D. Nev. Sept. 29, 2025) (denying plaintiff's motion in limine framed as a motion to

[8] Mirae Asset responded to this point in its MSJ Reply. Ryze's attempt to re-argue this further shows that its Motion constitutes an unauthorized sur-reply.

strike because the parties failed to meet and confer). Ryze was required to meet and confer before seeking exclusion pursuant to the Local Rules. It did not.

Ryze's failure to meet and confer bars the extraordinary relief Ryze seeks here. *See id.*; *Emanuel v. Kirkland*, No. 3:21-CV-00308-CLB, 2024 WL 21928, at *1 (D. Nev. Jan. 2, 2024) (denying discovery motion because of plaintiff's failure to meet and confer). The meet and confer requirements are not "simply the sentiments of an idealistic and frustrated magistrate [judge]. They are the law." *In re J&J Inv. Litig.,* No. 2:22-CV-00529-GMN-NJK, 2025 WL 1474841, at *1–2 (D. Nev. Mar. 11, 2025) (citation omitted).

2. Ryze Cannot Use Its Deposition Strategy as a Sword and Shield.

Ryze also created the very issue about which it now complains. As Ryze concedes, before discovery closed, Mirae Asset designated an employee as a corporate representative with knowledge of the company's internal procedures, the proposed Ryze transaction, and Lee's authority, amongst other topics. ECF No. 389 at 5-6. This designation placed Ryze on notice that Mirae Asset would rely on employee testimony addressing the subjects Ryze now claims it was not permitted to explore. But Ryze chose not to depose any Mirae Asset witnesses. Ryze instead canceled the deposition of Mirae Asset's corporate designee at the eleventh hour—a calculated decision that Ryze may not cast as unfair surprise.[9] *See* ECF No. 313. Moreover, when this Court granted Mirae Asset's request to have the deposition of its Rule 30(b)(6) witnesses take place remotely before discovery closed, Ryze failed to take any action. ECF No. 310. This Court has rejected Rule 37(c) exclusion motions where the moving party had ample time to depose witnesses and conduct discovery relevant to the witnesses' testimony yet chose not to do so. *See IGT v. All. Gaming Corp.*, No. 2:04-CV-

[9] Ryze's argument that Mirae Asset foreclosed any opportunity for it to depose Ms. Park deliberately distorts the record. ECF No. 389 at 6-7. Mirae Asset sought a protective order to allow the depositions of its Rule 30(b)(6) designee and former employees to proceed remotely due to immigration concerns and other travel burdens. ECF No. 284, 285, 288, 380 at 16. The Court granted the motion in part, providing Ryze an opportunity to take Mirae Asset's corporate representative's deposition, ECF No. 310, but Ryze declined this invitation. It cannot claim prejudice on this record.

1676-RCJ-RJJ, 2008 WL 11451135, at *2 (D. Nev. Oct. 21, 2008). *See also Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013) (denying motion to strike late-added witness). It should do so here too.

**D. The Damages Arguments and Exhibits Are Proper Reply Material.**

Ryze's Motion incorrectly claims that Mirae Asset "rewrote" its summary judgment motion and "abandoned" its standing argument in its MSJ Reply. ECF No. 389 at 1-2. But Ryze's arguments are based on its own misunderstanding, *not* the facts. The MSJ Reply and supporting evidence address arguments Ryze's raise for the first time in opposition, clarify evidence Ryze mischaracterized, and highlight the absence of proof by Ryze of any genuine issue of material fact.

1. <u>Mirae Asset Has Consistently Argued That Ryze Lacks Standing to Assert Its Claimed Damages.</u>

Mirae Asset's position always has been that Ryze lacks standing to recover damages tied to the biodiesel refinery at issue here because those damages belong—if at all—to Ryze Las Vegas, LLC, Ryze's subsidiary and the former owner of the refinery. As addressed in Mirae Asset's MSJ, this argument finds support in the law, as "complete ownership of all outstanding stock of a corporation is not the equivalent of ownership of a subsidiary's property or assets, because a parent and subsidiary comprise two wholly separate entities with individual property rights . . ." *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010) (citing 18A Am. Jur. 2d Corporations § 632). *See Infinity Glob. Consulting Grp., Inc. v. Tilray, Inc.*, No. CV 20-05263-PA-(AFMX), 2021 WL 880391, at *7 (C.D. Cal. Jan. 7, 2021) (finding plaintiffs lacked standing to bring a conversion claim based on harm to assets owned by the plaintiffs' subsidiary because they "have no claim to ownership or possession of [the subsidiary's] assets").[10] The MSJ Reply does not shy away from this position; it reinforces it. *See* ECF Nos. 331 at 22-26; 380 at 9-11. The MSJ Reply rebuts

[10] Ryze's attempt to "distinguish" authorities cited in Mirae Asset's MSJ Reply evidences Ryze's intent to use its Motion as an unauthorized sur-reply. Further, Ryze has *not* established standing to recover damages for the diminution in value of property owned by another entity, ECF No. 389 at 8, nor may it sidestep *Infinity Global.*

Ryze's arguments in the MSJ Opposition regarding Ryze's contractual rights by noting that, regardless of whether Ryze may assert contractual rights in the abstract, Ryze may not recover damages for injuries suffered by another entity. Ryze's Motion does not change or rebut this. Indeed, despite its improper sur-reply, Ryze has failed to identify any legal basis to recover for injuries allegedly belonging to Ryze Las Vegas here.

In yet another mischaracterization of the record, Ryze claims that Mirae Asset pulled a "bait and switch" by "substitut[ing] a sufficiency-of-proof challenge that Ryze never had the opportunity to address" in place of its standing argument. ECF No. 389 at 8. Nothing could be further from the truth. In its MSJ, Mirae Asset highlighted Ryze's failure to produce evidence supporting its theory of damages. *See* ECF No. 331 at 22 (noting Ryze failed to establish damages by seeking the value of assets it did not own), 25 n.16 ("To the extent Ryze purports to have suffered other categories of damages, those fail too because Ryze has provided no evidence to support those damages."). Mirae Asset's MSJ Reply underscores this point. Ryze's decision not to address these arguments in its MSJ Opposition does not warrant its attempt to attack it on sur-reply here.

Moreover, Ryze itself brought the evidentiary sufficiency issue into the case as a purported answer to Mirae Asset's standing argument. In its MSJ Opposition, Ryze argues that, aside from any alleged injury to its subsidiary, it has independently suffered $27 million in direct harm sufficient to establish standing on its own. ECF No. 366 at 25. Mirae Asset's MSJ Reply responds to that argument by pointing out a fundamental problem—Ryze has not provided evidence sufficient to establish its claimed $27 million in direct losses.[11] This is not a new legal theory. Nor can Ryze claim that a response to its evidence

---

[11] Ryze's sole piece of evidence of alleged damages incurred in the form of penalty interest, carrying costs, and professional fees is a self-serving declaration from Ryze's principal, Matt Pearson. ECF No. 380 at 11. This declaration offers no documentation, methodology, or factual support for Ryze's contention that it has incurred $27 million in direct damages, and Ryze does nothing to strengthen its claims in its Motion. Without expert testimony or credible evidence from which a factfinder could reasonably estimate damages, summary judgment is appropriate as a matter of law. *H & H Pharms., LLC v. Cambrex Charles City, Inc.*, 836 F. App'x 619, 620 (9th Cir. 2021).

is a "bait and switch." *See* ECF No. 389 at 8 (claiming Mirae Asset's note in its MSJ Reply that Mr. Pearson's declaration, as offered in Ryze's MSJ Opposition, is "conclusory," is a new argument). Ryze's asserted cure for its standing problem fails on its own terms.

2. Mirae Asset Introduced Ryze's Expert to Rebut Ryze's Claims.

Ryze's claim of prejudice with respect to the damages evidence at issue is misplaced. The damages evidence in the MSJ Reply is from Ryze's own documents and expert report and responds directly to points made in Ryze's MSJ Opposition. Exhibits 102-104 submitted with the MSJ Reply respond directly to Ryze's new equity and damages valuation arguments raised in opposition and rebut Ryze's implied assertion that its equity interest in Ryze Las Vegas is worth the billions its damages expert claims. ECF Nos. 366 at 23-24; 380 at 10-11, n. 13. Likewise, Exhibit 105, the report of Ryze's expert, Mr. Mott, responds to Ryze's argument that it is seeking damages beyond the alleged value of the refinery, as Ryze's sole damages expert opined only on the value of the Las Vegas refinery. *Id.* Ryze cannot plausibly allege this constitutes new evidence. Mirae Asset properly rebutted evidence offered by Ryze in opposition to summary judgment. *Rice v. City of N. Las Vegas*, No. 2:20-CV-1542 JCM (DJA), 2023 WL 6141667, at *5 (D. Nev. Sept. 20, 2023), *aff'd*, No. 23-2935, 2024 WL 4616201 (9th Cir. Oct. 30, 2024) (defendant's exhibits submitted in reply were admissible because they were presented to rebut plaintiff's response). Once again, Ryze is attempting to use this Motion to respond to evidence raised on reply that it finds unfavorable—a textbook example of an improper sur-reply.

Separately, contrary to Ryze's suggestion, Mirae Assert did not raise a *Daubert* challenge against Ryze's damages expert, Mr. Mott, in its MSJ Reply. Rather, the MSJ Reply emphasizes Ryze's failure to support the various categories of damages it seeks with competent evidence—an argument Mirae Asset has maintained throughout summary judgment briefing, and that Ryze has yet to meaningfully address. [12] Mirae Asset did not

[12] Ryze has yet to produce evidence supporting the contention that Mr. Mott measured Ryze's alleged equity loss instead of the lost business value of the renewable diesel plant.

challenge the admissibility of Mr. Mott's testimony in its reply. *See Burris v. JPMorgan Chase & Co.*, No. 21-16852, 2024 WL 1672263, at *1 (9th Cir. Apr. 18, 2024) (citation omitted) (stating *Daubert* sets out factors for district courts to consider when determining whether expert testimony is admissible under Rule 702). *Daubert* motions will be filed in due course, and Mirae Asset reserves all rights.

Ryze's claim of prejudice is unfounded. Citing a party's own expert report and internal documents cannot constitute unfair surprise. Rule 37 offers no support for excluding evidence and arguments in Mirae Asset's MSJ Reply on these facts.

## IV. **CONCLUSION**

For the foregoing reasons, Ryze's Motion should be denied in full.

DATED: January 20, 2026

Respectfully submitted,

By: *_/s/ Daniel Prince_*
Daniel Prince

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (admitted *pro hac vice)*
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice)*
scottcarlton@paulhastings.com
BRIAN KAEWERT (admitted *pro hac vice)*
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.