DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

JOHN M. EDGAR
*(Admitted Pro Hac Vice)*
JOHN F. EDGAR
*(Admitted Pro Hac Vice)*
MICHAEL R. OWENS
*(Admitted Pro Hac Vice)*
ALEXANDER C. MELIN
*(Admitted Pro Hac Vice)*
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: 816.531.0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Mirae Asset Securities Co., Ltd., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD EVIDENCE AND ARGUMENTS FROM REPLY BRIEF PURSUANT TO FED. R. CIV. P. 37(C)(1) AND 56(C)(2)**<br><br>Judge: Andrew P. Gordon<br><br>Date Action Filed: September 22, 2023 |

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

| |
|---|
| Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,<br><br>Counterclaimants,<br><br>v.<br><br>Mirae Asset Securities Co., Ltd., a Republic of Korea company,<br><br>Counterdefendant. |

Defendants-Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze") hereby respectfully submit this Reply in Support of their Motion to Strike or Disregard Evidence and Arguments from Reply Brief Pursuant to Fed. R. Civ. P. 37(c)(1) and 56(c)(2).

**INTRODUCTION**

Mirae's Reply did what reply briefs cannot do: it changed the facts, shifted the legal theory, and relied on a witness Mirae never disclosed. If parties can introduce undisclosed witnesses and new arguments on reply—after the opposition has been filed and the opportunity to respond has passed—then summary judgment briefing becomes a game of ambush. The Rules and briefing norms exist to prevent this.

Three independent grounds favor striking the new material:

*First*, the Motion is procedurally proper. Rule 56(c)(2) authorizes evidentiary objections to summary judgment materials, and challenging improper evidence is not a "sur-reply." Mirae argues Rule 12(f) forecloses Ryze's Motion—but Ryze never invoked Rule 12(f). *Second*, Mirae's own comparison chart captures the shift it denies. The MSJ Declaration said Lee "understood that the deal had been dropped"; the Reply Declaration says employees "may seek to alter the deal and resubmit." The MSJ argued Ryze *lacks standing* to recover the damage it claims; Ryze's Response addresses that point in turn; so Mirae's Reply pivots and argues instead that Ryze hasn't proven

its alternative damages under quantum-of-proof standards and relies on authorities the motion never cited. These are new facts and new theories—introduced only after Ryze's opportunity to respond had passed. *Third*, Rule 26(a)(1) required Mirae to disclose witnesses it intended to rely upon. Mirae never disclosed E. Park. Mirae now claims, albeit falsely, that E. Park "was designated" as its Rule 30(b)(6) witness and that Ryze simply declined to depose her. The record contains no such designation. Mirae told Ryze nothing. And even if it had, a corporate topic designation does not excuse the failure to disclose the individual witness that Rule 26(a)(1) requires. A custodian field on a metadata log does not satisfy that obligation.

Mirae filed new material on reply. The Court should strike it.

## I. THE MOTION IS PROCEDURALLY PROPER

Mirae's procedural objections attack a motion Ryze did not file, invoke rules that do not apply, and mislabel the relief Ryze seeks. But the procedural characterization is largely academic. Mirae introduced new evidence and new arguments on reply—a practice the summary judgment rules do not contemplate. Ryze was entitled to assert its objections in some way. Whether the Court treats this filing as a motion to strike, a motion to disregard, supplemental Rule 56(c)(2) objections, or something else, the substance remains the same: Mirae submitted material that should not have appeared on reply, and the Court should decline to consider it.

### A. Ryze Did Not Move Under Rule 12(f)

Mirae argues that Rule 12(f) forecloses Ryze's Motion because motions to strike under Rule 12(f) are limited to "pleadings." Resp. at 2–3. But Ryze did not move under Rule 12(f). And nothing in Rule 12(f) suggests it is the exclusive mechanism by which a court may decline to consider improperly submitted material. Ryze moved under Rule 56(c)(2), which authorizes objections to evidence "cited to support or dispute a fact" that "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Ryze also moved under Rule 37(c)(1), which excludes undisclosed witnesses from use "on a motion" unless the failure was "substantially

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

justified or harmless." Fed. R. Civ. P. 37(c)(1). Every case Mirae cites—*Espinosa*, *Green*, *Herb Reed*, *Flynn*—addresses Rule 12(f). None addresses the provisions Ryze invoked.

Ample authority confirms courts routinely decline to consider improper reply material under these rules. The Ninth Circuit struck a "new theory" raised "for the first time in the reply brief." *Est. of Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1174 n.1 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1435 (2025). This Court has done the same: in *Sundance Media Group, LLC v. Yuneec USA, Inc.*, No. 2:18-cv-00388-APG-BNW, 2020 WL 5502304, at *2 (D. Nev. Sept. 11, 2020), the court granted defendant's motion to strike evidence attached to plaintiff's summary judgment reply brief, explaining that "to disclose evidence for the first time in connection with the last brief filed on summary judgment is unfair." *See also Moore v. Nat. Life Inc.*, No. 2:19-cv-02185-JAD-DJA, 2021 WL 2546270, at *1 (D. Nev. June 18, 2021) (striking evidence "produced for the first time in support of [defendant's] summary judgment reply briefing" because "there is little question that this evidence . . . would surprise and prejudice" the opposing party). Mirae does not cite or distinguish *Moore*.

Mirae suggests this procedural posture is irregular. Perhaps—but only because Mirae's conduct required it. Under the standard summary judgment framework, the non-movant states evidentiary objections in its opposition brief. When the movant introduces new evidence on reply, no mechanism exists for the non-movant to object within the briefing schedule. Ryze was forced to choose between filing a disfavored motion and waiving its objections entirely. Mirae cannot introduce new evidence and arguments on reply and then fault Ryze for responding in the only manner available.

**B. No Meet-and-Confer Requirement Applies**

Mirae's meet-and-confer cases involve discovery motions and motions in limine—categories that do not include evidentiary objections to summary judgment evidence**.** *Emanuel* denied a motion to compel discovery for failure to confer under Local Rule 26-6(c). 2024 WL 21928, at *1. *In re J&J* denied a motion to compel under the same rule. 2025 WL 1474841, at *1.

*Aldava* denied a motion in limine under Local Rule 16-3(a). 2025 WL 2754043, at *2. None involved a Rule 56(c)(2) objection—because no meet-and-confer requirement applies to such objections. And conferral would accomplish nothing here; Mirae has made clear it will not withdraw the challenged material.

**C. The Motion Is Not a Sur-Reply**

Mirae labels Ryze's Motion a "sur-reply"—conflating a procedural challenge with a substantive response. A sur-reply responds on the merits: marshaling evidence, distinguishing cases, presenting competing testimony. A motion to strike challenges whether the reply material should be considered at all. Had Ryze filed a brief responding point-by-point to Mirae's Reply Declaration with deposition excerpts and additional case law, *that* would be a sur-reply. Ryze did not do that. Ryze asked the Court to exclude improper evidence and disregard new arguments—a procedural objection, not a merits one. Mirae's own authorities confirm the distinction. The Ninth Circuit has held that "arguments presented for the first time in a reply brief are waived." *H & H Pharms., LLC v. Cambrex Charles City, Inc.*, 836 F. App'x 619, 620 (9th Cir. 2021). Mirae also cites *Unite Here Health* and *McDonald's Corp.* for the proposition that sur-replies are disfavored. Resp. at 2, 4. But *Unite Here Health* granted in part a motion to strike summary judgment reply brief exhibits. 2015 WL 5766511, at *1–2. And *McDonald's Corp.* granted leave to file a sur-reply because defendant raised new arguments in its reply. 2023 WL 8554687, at *2. Both cases confirm that new arguments and evidence on reply are procedurally improper, which is the very problem Ryze's Motion addresses.

**II. THE REPLY INTRODUCED NEW FACTS AND NEW LEGAL THEORIES**

Mirae claims it "consistently argued" Ryze lacked evidence to support alternative damages. Resp. at 10-11. The briefing record shows otherwise: Mirae's Motion for Summary Judgment made a legal argument about the scope of Ryze's claims, not an evidentiary challenge to the sufficiency of Ryze's proof. Because Mirae never carried its initial burden under Rule 56 to challenge the sufficiency of the evidence—nor even presented its motion as such—Ryze had

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

neither notice nor any obligation to respond with proof under the summary judgment framework. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.")

### A. Mirae's Motion for Summary Judgment Made a Legal Argument, Not an Evidentiary One

Mirae's Motion for Summary Judgment devoted three pages to a legal syllogism: (1) Ryze seeks damages measured entirely by diminution in refinery value; (2) the refinery belongs to Ryze Las Vegas; therefore (3) Ryze cannot recover because it lacks standing to pursue another entity's injury. ECF No. 331 at 22-26. Mirae's sole support for the first premise was a deceptively excerpted quotation characterizing Ryze's damages as "a single-line item loss, quantified by the decline in project value." *Id.* at 25. Mirae did not introduce evidence negating the existence of other damages—it simply asserted, incorrectly, that Ryze sought none. That is a legal argument about the scope of Ryze's claims, not an evidentiary showing that alternative damages lack factual support.

Ryze's Response corrected the mischaracterization. Exhibit DP21—Ryze's Amended Interrogatory Answers that Mirae itself cited—shows that the "single-line item" language was a disclaimer against duplicate recovery, not a description of Ryze's entire damages theory. The interrogatory response explains that Ryze seeks recovery under alternative legal theories for the project's final collapse—breach of the CLA's nonsuit provision, abuse of process, or breach of the SLA—but that "[t]hese events collectively constitute a single line-item loss" because Ryze does not seek cumulative recovery for the same enterprise harm under each theory. App. at 1097-98, Ex. DP21. The same exhibit organizes Ryze's damages into "discrete categories that correspond to the pivotal phases of Mirae's conduct," including $24 million in penalty interest and carrying costs and $3.5 million in out-of-pocket expenses—damages Ryze itself incurred, independent of the refinery's value. *Id.* Anyone reading the full context would immediately recognize that Mirae

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

extracted a phrase designed to prevent double-counting and repackaged it as an admission that Ryze sought only refinery damages. Once Ryze demonstrated the factual premise was wrong, Mirae's legal theory collapsed. Its standing argument was incapable of disposing of the breach of contract claims.

### B. The Reply's Evidentiary Attack Was Never Made in the Motion for Summary Judgment

Rather than defend its original characterization, Mirae pivoted. The Reply abandoned the "single category" premise and launched an entirely new attack: that Ryze's alternative damages lack evidentiary support. ECF No. 380 at 11. But Mirae never sustained an initial burden on that theory in its Motion for Summary Judgment. Ryze therefore had no obligation to "prove up" damages Mirae never properly put in issue. *Nissan Fire*, 210 F.3d at 1102-03.

Mirae points to footnote 16 as proof of "consistency." Resp. at 11. Footnote 16 is one sentence: "To the extent Ryze purports to have suffered other categories of damages, those fail too because Ryze has provided no evidence to support those damages." ECF No. 331 at 25 n.16. It cited no cases, articulated no standard, and identified no deficiency in the record. It was a contingent hedge premised on Ryze claiming no alternative damages, not a developed evidentiary challenge that triggered any obligation for Ryze to respond with proof. Mirae also points to page 22 of its Motion for Summary Judgment, which stated that Ryze "failed to establish damages by seeking the value of assets it did not own." Resp. at 11. But that is just the standing argument—a legal challenge to Ryze's right to recover another entity's injury—not an evidentiary challenge to the sufficiency of Ryze's proof on damages Ryze itself incurred.

Compare that to the Reply. There, Mirae introduced *Wells Enterprises*, *G&A Moving & Storage*, and *Mort Wallin* for the first time. ECF No. 380 at 11. It articulated "reasonable certainty" and "substantial evidence" standards for the first time. It attacked Pearson's declaration as lacking "documentation, methodology, or evidentiary basis" for the first time. And it submitted four new exhibits to support arguments the Motion for Summary Judgment never made. *Id.* at Exs. 102-105. None of this analytical framework appeared in the Motion for Summary Judgment. Nor does it

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

matter that the Reply's exhibits consist of Ryze's own documents and expert report. Resp. at 12. The fact that a document was produced in discovery does not obligate Ryze to anticipate that Mirae will deploy it on reply to support a theory the Motion for Summary Judgment never advanced. The burden falls on the movant to make its arguments in the opening brief—not to hold evidence in reserve and spring it after the opposition has been filed to construct a sufficiency-of-proof challenge that was absent from the opening summary judgment brief.

The Court should reject Mirae's *post hac* recharacterization of its summary judgment position.

## III. MIRAE FAILED TO MEET ITS BURDEN UNDER RULE 37(C)(1)

Rule 37(c)(1) excludes evidence from an undisclosed witness unless the non-complying party demonstrates the failure was substantially justified or harmless. Mirae makes no such showing. Instead, it attempts to shift blame to Ryze for not deposing a witness whose identity Mirae concealed throughout discovery.

### A. Rule 37(c)(1) Places the Burden on Mirae to Prove Harmlessness or Substantial Justification

The non-complying party bears the burden of demonstrating substantial justification or harmlessness. *Jarrell v. Walmart Stores, Inc.*, No. 2:18-cv-01219-APG-VCF, 2022 WL 1184075, at *1 (D. Nev. Apr. 21, 2022) (striking undisclosed expert opinions, explaining "[m]erely stating that [plaintiff] could have deposed [the expert] is insufficient to meet this burden" because plaintiff was entitled to rely on the disclosed report). Where, as here, a plaintiff has information "before it even filed suit" and then discloses it "in connection with the last brief filed on summary judgment," the failure to disclose is neither substantially justified nor harmless. *Sundance Media Group, LLC v. Yuneec USA, Inc.*, No. 2:18-cv-00388-APG-BNW, 2020 WL 5502304, at *2 (D. Nev. Sept. 11, 2020) (granting defendant's motion to strike). Mirae makes no attempt to demonstrate that its failure to disclose was substantially justified or harmless.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**B. Mirae Makes No Effort to Carry That Burden—Instead, It Tries to Mislead the Court About a "Designation" That Never Occurred**

Mirae faults Ryze for failing to depose a witness ***Mirae never disclosed***. Mirae's argument is wrong. The Federal Rules do not permit parties to conceal the identity of a key witness claiming direct involvement in the transaction underlying the litigation and then avoid exclusion sanctions by claiming *she* is the individual it would have designated as a Rule 30(b)(6) witness, had such a deposition occurred. To make crystal clear what Mirae obscures or avoids: (1) Mirae did not identify E. Park in its initial Rule 26(a) disclosures; (2) Mirae did not identify E. Park in its amended Rule 26 disclosures, served just weeks before the close of discovery; (3) Mirae never designated E. Park as its corporate representative in any document served on Ryze or otherwise communicated to Ryze.

Mirae's Opposition to Ryze's Motion to Strike misleadingly (and repeatedly) implies that Mirae designated E. Park as its corporate representative during the discovery period. ECF No. 391 at 14. Not true. Lest there be any ambiguity that Mirae's failure to disclose was anything less than calculated concealment, in the final weeks of discovery, Mirae went so far as to file an emergency motion for protective order regarding its "Rule 30(b)(6) witness(es)" *without ever disclosing the identity of the witness(es)*—even as Mirae claimed it was "working to seek a B-1 visa for its Rule 30(b)(6) witness." *See* ECF Nos. 284 and 291.

The declarations reveal what Ryze was denied the opportunity to test. Her original declaration portrayed Mirae's investment review as a formal, multi-tiered bureaucratic process: the Assessment Team issued "negative ratings," "rejected" deals, and "discontinued" review based on documented findings. After Ryze produced E. Park's own spreadsheets showing the deal remained "Pending" with "Undecided" status for nine months after this supposed rejection, E. Park submitted a reply declaration describing something else entirely: a vibes-based investment review regime where deals "may not be marked as officially 'denied,'" the Assessment Team "does not provide an explicit opinion on each deal," the Issue Report "does not explicitly note that the potential Ryze deal was rejected," and the document's meaning depends on E. Park's subjective,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

unstated drafting intent. Reply Park Decl. ¶¶ 5-6. Ryze had no opportunity to examine this individual, who now claims that the key to Mirae's review process lies not in its procedurally rigorous, hierarchically documented determinations but in the unstated drafter intent behind otherwise ambiguous documents, intent that resides peculiarly in the personal knowledge of the drafter. That is the definition of personal, not corporate, testimony. Mirae cannot call her nondisclosure harmless.

The cases Mirae cites are plainly inapposite. In *IGT v. Alliance Gaming Corp.*, No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 11451135 (D. Nev. Oct. 21, 2008), the court found defendant's failure to disclose the identity of two witnesses substantially justified because they were summoned to respond to arguments plaintiff raised for the first time at a summary judgment hearing. Similarly, in *Guzik Tech. Enterp., Inc. v. Western Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013), defendant's failure to disclose witnesses was at least initially attributable to plaintiff's failure to confirm pursuit of its lost profits until after the close of fact discovery.

## CONCLUSION

The Court should strike (or simply disregard) the Reply Declaration and Exhibits 102–105, along with the new reply arguments that rely on them. Alternatively, if the Court is inclined to consider Mirae's sufficiency-of-proof challenge, Ryze requests leave to file supplemental briefing so that it may respond on the merits—not have these disputes resolved on the basis of a reply-brief ambush.

Dated: January 27, 2026.

Respectfully submitted,

DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821

DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

**EDGAR LAW FIRM LLC**

*/s/ Michael R. Owens*
John M. Edgar, (PHV)
John F. Edgar, (PHV)
Michael R. Owens (PHV)
Alexander C. Melin (PHV)
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

**MILLER SHAH LLP**
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820