**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br><br>         Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br><br>         Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order**<br><br>[Docket No. 267] |

Pending before the Court is Defendants' motion to compel. Docket No. 267. Plaintiff filed a response. Docket No. 305. Defendants filed a reply. Docket No. 311. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants.[1]

Through the instant motion to compel, Defendants seek to compel Plaintiff to produce discovery regarding four categories of information. *See* Docket No. 267 at 7. First, Defendants seek to compel the production of documents concerning Plaintiff's internal investigation into former employee Lee. *See id.* at 9-12 (request for production nos. 25-26, 44). Second, Defendants seek to compel the production of documents and communications with Korean regulators and law enforcement regarding Lee's alleged malfeasance. *See id.* at 13 (request for production nos. 37-40). Third, Defendants seek to compel admissions concerning Plaintiff's counsel relationships. *See id.* at 14-15 (request for admission nos. 41-46). Fourth, Defendants seek to compel admissions and answers to interrogatories regarding the genuineness of documents concerning Lee's authority. *See id.* at 16-18 (request for admission nos. 33-34 and interrogatory nos. 22-23). Defendants also

_____

[1] As the parties are already familiar with the facts of this case, the Court will not provide an extensive factual background.

move the Court to award expenses incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5).  *See* Docket No. 267 at 19.

**II.     STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Arguments against discovery must be supported by "specific examples and articulated reasoning."  *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  District courts enjoy wide discretion in deciding relevancy for discovery purposes.[2]  *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015).  To be permissible, discovery must be "relevant to any party's claim or defense."  *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes).  Relevance for the purpose of discovery is defined broadly.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought."  *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).  Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden

---

[2] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

## III.   ANALYSIS

The Court first considers Plaintiff's opposition to the instant motion challenging the sufficiency of the pre-filing conferral required before filing a motion to compel. The Court then considers each of the four categories of discovery items Defendants seek to compel. Lastly, the Court considers Defendants' request for expenses.

### A.  Meet-and-Confer Requirement

Plaintiff opposes the instant motion by challenging the sufficiency of the pre-filing conferrals required before filing a motion to compel. *See* Docket No. 305 at 8; *see also* Local Rule 26-6(c). Plaintiff submits that it offered certain compromises that may have eliminated the need for the instant motion practice and that Defendants never responded to Plaintiff's invitations for further conferral. *See* Docket No. 305 at 8. Defendants contend that the instant issues have been

discussed repeatedly throughout the course of discovery and remained unchanged, thus necessitating the instant filing. *See* Docket No. 311 at 3-4.

The "meet-and-confer requirements are very important and the Court takes them very seriously." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019); *see also* Docket No. 252 (denying motion without prejudice and ordering the parties to reengage in conferral efforts); *see also* Docket No. 310 at 6-7 (declining to resolve issue given lack of a good-faith meet-and-confer discussing it). However, "litigants should not expect courts to look favorably on attempts to use the prefiling conference requirements as procedural weapons through which to avoid complying with their discovery obligations." *V5 Techs.*, 334 F.R.D. at 302. "Courts may look beyond the movant's certification to determine whether a sufficient meet-and-confer actually took place." *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The Court rejects Plaintiff's argument challenging the sufficiency of the parties' pre-filing conferrals. Plaintiff's counsel's August 8, 2025, email summarizing the parties' July 23 and 24, 2025, conferrals, *see* Docket No. 269-9 at 2-3, does not indicate changes in the parties' positions on the instant issues such that additional conferrals would have been necessary. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved"). The parties' emails appear to confirm Defendants' contention that these issues have been discussed repeatedly during meet-and-confers and remained unchanged through the instant filing. *Compare* Docket No. 269-9 *with* Docket No. 269-7. Therefore, the Court will not deny the motion for lack of a sufficient meet-and-confer. Docket No. 267.

**B. Internal Investigation Documents**

Defendants seek documents and communications regarding Plaintiff's internal investigation into former employee Lee, and in which Plaintiff claims to Lee that he exceeded his authority regarding the alleged loan agreements. *See* Docket No. 267 at 9-12; *see also* Docket No. 269-11 at 47-76 (request for production nos. 25-26, 44). Defendants submit that: (1) Plaintiff has waived any privilege by placing the investigation's findings at issue in this litigation; (2) even without waiver, nonprivileged documents must be produced and privileged documents must be

4

logged; and (3) at minimum, the Court should require Plaintiff to conduct a proper search and log any withheld documents. *See id.* at 11.  Plaintiff contends that: (1) the requested documents are protected under both attorney-client privilege and the attorney work product doctrine; (2) it has not placed its investigation into Lee at issue; and (3) collecting and logging privileged documents post-litigation is unnecessary and unduly burdensome. *See* Docket No. 305 at 9-11.

The threshold issue is whether the documents and communications sought are protected under attorney-client privilege or attorney work product doctrine. *E.g. Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2014 WL 12782269, at *1 (D. Nev. June 20, 2014) ("First, the Court must determine as a threshold matter whether the attorney-client privilege attached to the communications in question. Second, the Court must determine whether Plaintiff waived any such privilege under *Wardleigh*").  Plaintiff contends that the documents sought are "protected by attorney-client privilege and/or attorney work product doctrine."  Docket No. 269-11 at 48, 50, 77; *see also* Docket No. 305 at 9 ("[Plaintiff] conducted an investigation into Mr. Lee with the assistance and direction of in-house and outside counsel and under the threat of litigation").  Further, Plaintiff contends that "[Defendants do] not challenge these privilege assertions, instead jumping right to whether issue waiver applies."  Docket No. 305 at 9.  However, Plaintiff's claim is incorrect because Defendants assert that responsive nonprivileged documents must be produced and privileged documents must be identified on a privilege log.  *See* Docket No. 267 at 12; *see also* Docket No. 311 at 6:19, 8:10-9:27.

"The party withholding documents bears the burden of establishing the applicability of the attorney-client privilege or work product protection."  *See, e.g., Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013).  The party asserting the privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that "will enable other parties to assess the claim."  Federal Rule of Civil Procedure 26(b)(5).  "[B]oilerplate objections or blanket refusals … are insufficient to assert a privilege."  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Plaintiff has failed to provide a privilege log.  Therefore, it is impossible for the Court to assess Plaintiff's assertion that the documents sought are privileged.  Additionally, Plaintiff's

argument that it is unnecessary and unduly burdensome to collect and log these documents ignores that "even where less detail has been allowed, the withholding party must still provide information sufficient to enable evaluation of the privilege assertion." *V5 Techs. v. Switch, Ltd.*, 2019 WL 13157472, at *3 (D. Nev. Dec. 20, 2019) (citing *Burlington N.*, 408 F.3d at 1148). Moreover, the cases cited by Plaintiff are unavailing because Defendants do not seek all post-litigation client communications. *But see In re Snap Inc. Sec. Litig.*, 2018 WL 7501294 (C.D. Cal. Nov. 29, 2018) (denying to compel a privilege log of all documents dated after commencement of the litigation and that are claimed to be privileged). The requests at issue here are more specific and may include documents and communications which do not involve counsel but, once again, the Court cannot make that determination where Plaintiff has failed to provide sufficient information. Further, "a successful undue burden argument requires a specific factual showing of the nature and extent of the burden." *V5 Techs.*, 2019 WL 13157472, at *3. Plaintiff fails to make a specific factual showing of the burdens involved here. *See* Docket No. 305 at 11.

Therefore, Plaintiff must produce all responsive nonprivileged documents and properly log all responsive documents that Plaintiff claims are protected by attorney-client privilege or attorney work product doctrine. The privilege log must contain the following information to be sufficient: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *See, Phillips v. C.R. Bard*, 290 F.R.D. 615, 627 (D. Nev. 2013) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n. 3 (9th Cir.1989)).

Accordingly, the motion to compel is granted as to request for productions nos. 25-26, 44. Docket No. 267.

### C. Regulatory/Prosecutor Communications

Defendants seek documents and communications with Korean regulators and law enforcement as to Lee's alleged malfeasance. *See* Docket No. 267 at 13. Plaintiff submits that these documents and communications are not relevant or proportional to this action and they raise confidentiality/privacy concerns pursuant to Korean law. *See* Docket No. 305 at 12. Defendants

contend that these communications are relevant because they contain Plaintiff's representations about the conduct at issue—made under circumstances requiring truthfulness and accuracy. *See* Docket No. 267 at 13; *see also* Docket No. 311 at 4-6. Further, Defendants submit that Plaintiff has either waived its confidentiality objection for failing to assert it previously, or Plaintiff has not met its burden to show why this discovery should be denied.

As to the relevance and proportionality of these requests, Defendants have the better argument. Plaintiff's representations to regulators and law enforcement about the conduct at issue are relevant, even if they occurred after the complaint. Specifically, these requests are relevant to Plaintiff's assertion in the first amended complaint that its former employee went "rogue." Docket No. 21 at 2. Further, the cases cited by Plaintiff are unpersuasive. In *Caekaert*, the Court considered the appropriate time period for limited jurisdictional discovery. *See Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 2021 WL 3741497, at *2-3 (D. Mont. Aug. 24, 2021). In *McAllister*, the Court determined that discovery into any lawsuit brought by or against the defendant in the last 10 years was too broad and untethered to the facts of the case. *See McAllister v. Adecco USA Inc.*, 2018 WL 8367611, at *2 (D. Haw. Feb. 13, 2018). Defendants' requests here are specific to the alleged actions of Plaintiff's former employee; therefore, they are sufficiently proportional.

As to Plaintiff's confidentiality/privacy objections, the Court agrees with Defendants that Plaintiff's argument fails to satisfy its "heavy burden of showing why that discovery should be denied." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). This "burden is not met by relying on 'boilerplate, generalized, conclusory, or speculative arguments.'" *Jones v. Zimmer*, 2014 WL 6772916, at *4 (D. Nev. Dec. 2, 2014) (quoting *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). Plaintiff fails to explain how the Korean confidentiality law it cites is implicated by the discovery sought here and whether other United States courts have limited discovery based on this law. Further, Plaintiff cites *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 13147214 (N.D. Cal. Apr. 26, 2011), for the proposition that production of communications with foreign regulatory bodies raises comity and privacy concerns; however, that case involved an ongoing investigation and the Special Master observed that the documents at

issue were largely cumulative and not outcome-determinative after his *in camera* review. Plaintiff fails to demonstrate that those comity and privacy concerns exist given the circumstances in this case.

Accordingly, the motion to compel is granted as to request for production nos. 37-40. Docket No. 267.

**D. Counsel Relationships**

Defendants seek admissions concerning Plaintiff's counsel relationships in connection with the alleged Convertible Loan Agreement ("CLA") and the alleged Second Loan Agreement ("SLA"). Plaintiff made qualified admissions as to request for admission nos. 41-43, pertaining to the alleged CLA, and agreed to provide amended responses to request for admission nos. 44-46, pertaining to the alleged SLA. *See* Docket No. 305 at 13-15. The Court considers each of the sets of requests in turn.

a.   Request for Admission Nos. 41-43

Defendants seek admissions as to whether various attorneys and law firms served as Plaintiff's counsel in connection with the alleged CLA. *See* Docket No. 267 at 14-15. Plaintiff objected to these requests on numerous grounds. *See* Docket No. 267-17 at 15-20. Further, Plaintiff admitted as to each request that the attorney and/or firm in question performed due diligence in connection with the potential transaction, but Plaintiff denies that there is or was a "CLA" between the parties. *See id.* at 16, 18, 20. Plaintiff submits that its qualified admissions are "exactly the sort of targeted, good-faith answer Rule 36 contemplates." Docket No. 305 at 15 (citing *UMG Recordings, Inc. v. Am. Home Assurance Co.*, 2008 WL 11343441, at *2 (C.D. Cal. May 6, 2008)). Defendants ask the Court to require Plaintiff to provide a straightforward admission or denial as to whether the attorneys and law firms in question served as Plaintiff's counsel. *See* Docket No. 267 at 14.

Plaintiff has the better argument. Federal Rule of Civil Procedure 36(a)(4) provides that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. … and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

qualify or deny the rest." Plaintiff's qualified admissions in response to these requests are appropriate because it explained the roles counsel played in what Plaintiff characterizes as "the potential Ryze transaction." *See* Docket No. 267-17 at 16 ("Paul Yoon performed due diligence"), 18 (Lee & Ko performed due diligence"), 20 ("Michael J. Tobak III of Kutak Rock performed due diligence (e.g., licensing, permits, etc.)"). Further, Plaintiff denies "that there is or was a 'CLA'" between the parties and explains that Plaintiff "has sought a judicial declaration with respect to whether the company formed a loan agreement with [Defendant]." *Id.* at 16, 18, 20 (citing Docket No. 38 at ¶¶ 10-12). Therefore, Plaintiff's responses to these requests are sufficient.

Accordingly, the motion to compel is denied as to request for admission nos. 41-43. Docket No. 267.

### b.   Request for Admission Nos. 44-46

Defendants seek admissions as to whether various law firms served as Plaintiff's counsel in connection with the alleged SLA. *See* Docket No. 267 at 14-15. Plaintiff objected to these requests on numerous grounds. *See* Docket No. 267-17 at 20-25. Further, Plaintiff submits that the parties did not discuss these requests for admission during their meet and confer, but agreed to provided amended responses. *See* Docket No. 305 at 15 (citing Docket No 269-9 at 3 (Plaintiff's counsel's August 8, 2025, email summarizing July 23 and 24 conferrals)). In reply, Defendants contend that Plaintiff's "claim that these specific RFAs were not discussed in the parties' meet and confers is belied by the record." Docket No. 311 at 12 (citing Docket No. 268 at 10 (Defendants' counsel's declaration setting forth details of meet-and-confer conferences on RFAs Nos. 41-46)).

Although these requests were not explicitly identified in Plaintiff's counsel's August 8, 2025, email summarizing the parties' July 23 and 24, 2025, conferrals, *see* Docket No. 269-9 at 3, it appears that these disputes have been sufficiently discussed during meet-and-confers throughout the course of this litigation. *See* Docket No. 269-5 at 3 (Defendants' counsel's June 10, 2025, email setting forth discussion items for upcoming meet-and-confer); *see also* Docket No. 269-7 at 3 (Defendants' counsel's July 9, 2025, email identifying items where the parties reached an impasse during June 18 call), *id.* at 9 (Defendants' counsel's June 9, 2025, email setting forth discussion items for upcoming meet-and-confer). Given that Plaintiff has agreed to provide

amended responses to these requests, the motion to compel is denied as moot as to request for admission nos. 44-46.  Docket No. 267.

**E.  Genuineness of Documents**

Defendants seek admissions as to the "genuineness" of certain documents and responses to interrogatories as to "all principal facts" supporting denial of the documents' genuineness.  *See* Docket No. 267 at 16-18; *see also* Docket Nos. 269-17 at 6-8 (request for admission nos. 33-34), 269-19 at 11-12 (interrogatory nos. 22-23).

a.  Request for Admission Nos. 33-34

Request for admission no. 33 asks Plaintiff to admit the genuineness of a document that Defendants submit is a letter on Plaintiff's letterhead, bearing the seal of Plaintiff's CEO/Chairman, and "which appears to confirm [former employee] Lee's authorization to negotiate and execute" the transactions at issue.  Docket No. 267 at 16.  Request for admission no. 34 asks Plaintiff to admit the genuineness of a document titled "Seal Certificate."  *Id.*; *see also* Docket No. 269-17 at 7.  Plaintiff contends that these requests are vague, that it is not Plaintiff's burden to authenticate documents produced by Defendants, and that the parties did not sufficiently meet and confer on this issue.  *See* Docket No. 305 at 13-14.  Further, Plaintiff submits that "[g]iven [Defendants'] control over the documents after third-parties provided them, [Plaintiff] cannot determine their authenticity and could not admit or deny the request."  *Id.* at 14.  Defendants submit that the term "genuineness" is not vague, Plaintiff can be required to authenticate documents it did not produce in discovery, Plaintiff cannot assert a lack of knowledge without making a reasonable inquiry, and Plaintiff's provision of related documents does not excuse its noncompliance.  *See* Docket No. 311 at 11.

Federal Rule of Civil Procedure 36(a)(4) provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Given Plaintiff's assertion that it cannot determine the authenticity of the documents at issue and thus could not admit or deny the request, Plaintiff must provide a supplemental response to these requests explaining how it made a reasonable inquiry

and why the information it knows or can readily obtain is insufficient to enable it to admit or deny. "A boilerplate assertion of having undertaken a reasonable inquiry is not sufficient; the answering party must instead 'state fully those efforts' undertaken to obtain the needed information." *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2024 WL 4729495, at *2 (D. Nev. Oct. 15, 2024) (quoting *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010)).

Accordingly, the motion to compel is granted in part as to request for admission nos. 33-34. Docket No. 267.

b. Interrogatory Nos. 22-23

Interrogatory nos. 22-23 ask Plaintiff to "state all principal facts" supporting its denial of the aforementioned documents' genuineness. Docket No. 269-19 at 11-12. In Plaintiff's response, it does not deny the genuineness of the documents but submits that it "cannot determine their authenticity and could not admit or deny the request." Docket No. 305 at 14. Further, the Court has ordered Plaintiff to provide a supplemental response to the corresponding requests for production. Accordingly, the motion to compel is denied as moot as to interrogatory nos. 22-23. Docket No. 267.

**F. Defendants' Request for Expenses**

Through the instant motion, Defendants move the Court to award expenses incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5). *See* Docket No. 267 at 2, 19. Given that the motion is granted in part and denied in part, the Court declines to award expenses.

**IV.   CONCLUSION**

For the reasons discussed above, the motion to compel is **GRANTED in part** and **DENIED in part**. Docket No. 267. The ordered discovery must be provided by February 19, 2026.

IT IS SO ORDERED.

Dated: January 30, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

11