**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br>      Plaintiff, <br> v. <br> RYZE RENEWABLES HOLDINGS, LLC, et al., <br>      Defendants. | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket No. 314] |

Pending before the Court is Plaintiff's motion to compel discovery from third parties Greg Paulk ("Mr. Paulk"), NC Industries, LLC ("NCI"), and MMC, Inc. ("MMC," collectively with Paulk and NCI, referred to as "Paulk Parties"). Docket No. 314. The Paulk Parties filed a response. Docket No. 318. Plaintiff filed a reply. Docket No. 325.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

The Court has reviewed the parties' briefing and corresponding exhibits. *See* Docket Nos. 314, 315, 316, 318, 325. Plaintiff seeks to compel responses to request for production nos. 3, 4, 48, and 49 in the Paulk Subpoena, and request for productions nos. 6, 17, 18, 20-22, 25, 34-36, and 42 in the NCI and MMC Subpoenas. Docket No. 314. Plaintiff submits that these requests have been narrowed from their original language and that "it is only seeking non-privileged documents that are in the [Paulk Parties'] possession and which have not been produced by other parties/non-parties." *Id.* at 314. However, it is unclear to the Court how each specific request has been narrowed, and what types of documents and communications Plaintiff seeks as to each request.

Therefore, the Court **ORDERS** the parties to file a joint supplement briefly describing the scope of each request in dispute, no later than March 27, 2025. The Court will not consider additional arguments presented in the joint supplement and will refer solely to the arguments presented in the briefing for the purpose of deciding the motion.

IT IS SO ORDERED.

Dated: March 19, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

2