**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br><br>　　　Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br><br>　　　Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order**<br><br>[Docket No. 418] |

Pending before the Court is Plaintiff's motion for issuance of letters rogatory. Docket Nos. 418, 418-1, 418-2.

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants. Plaintiff submits that the testimony of Huijun Yang and Hyun Joo Park is relevant and proportional to the central issue in this case because they were employed by Plaintiff when this litigation commenced, and each has first-hand knowledge of the events at issue. Docket No. 418 at 1-5. Further, Plaintiff submits that Yang and Park are former-employee Korean nationals who are beyond both parties' control and the subpoena power of this Court. *See id.* at 4-5. Plaintiff filed the instant motion requesting that this Court issue letters rogatory pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) to conduct the depositions of Huijun Yang and Hyun Joo Park. *See id.* The Court extended the discovery deadline solely for the purpose of conducting the depositions of Yang and Park. Docket No. 402.

"[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). Private parties in U.S. litigation may seek the issuance of letters rogatory in civil lawsuits. *See in re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 562 (9th Cir. 2011). A deposition may be taken in a foreign country "under a letter of request, whether or not

captioned a 'letter rogatory.'" Fed. R. Civ. P. 28(b)(1)(B). A letter rogatory may also include a request for the production of documents. *Viasat, Inc. vv. Space Systems/Loral, Inc.*, 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013).

The standards governing such requests have been succinctly stated as follows:

> A court has inherent authority to issue letters rogatory. 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. Whether to issue such a letter is a matter of discretion for the court. When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. A court's decision whether to issue a letter rogatory, though, does require an application of Rule 26(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. "Under Rule 26(b), parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense."

*Dish Network LLC v. Jadoo TV, Inc.*, 2020 WL 6528425, at *2 (N.D. Cal. June 29, 2020) (internal citations omitted).

The Court finds that issuance of letters rogatory is appropriate in this case. Plaintiff has made a showing that Huijun Yang and Hyun Joo Park have relevant information in this case. Given that Yang and Park are nonparties located in Korea, the letters rogatory are a necessary and appropriate mechanism to request the desired discovery.

Accordingly, the Court **GRANTS** Plaintiff's motion for issuance of letters rogatory to conduct the depositions of Huijun Yang and Hyun Joo Park. Docket Nos. 418, 418-1, 418-2.

IT IS SO ORDERED.

Dated: March 23, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

# EXHIBIT 1

# Letter of Request for International Judicial Assistance for Yang

# English and Korean Version Combined

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company, | CASE NO. 2:23-cv-01492-APG-NJK |

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

      Plaintiff,

  vs.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

      Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

      Counter-Claimants,

  vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

      Counter-Defendant.

CASE NO. 2:23-cv-01492-APG-NJK

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**UNDER THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF**
**<u>EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters (the "Convention"), the U.S. District Court for

the District of Nevada (the "Court") has the honor to submit this Letter of Request to the

Appropriate Judicial Authority of the Republic of Korea to obtain evidence relating to the above-

referenced action pending before this Court. The Court requests the assistance described below.

**1) Sender:**

The Honorable Nancy J. Koppe
United States Magistrate Judge
United States District Court for the District of Nevada
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

**2) Central authority of the requested state:**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

**3) Person to whom the executed Letter of Request is to be returned:**

Daniel Prince
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
Telephone: +1-213-683-6000
danielprince@paulhastings.com

**4) Date by which the requesting authority requires receipt of the response to the Letter of Request:**

The requesting authority, the United States District Court for the District of Nevada,
requests that the receipt of the response to this Request be returned within the time frame that the
Appropriate Judicial Authority of the Republic of Korea has used to process such previous
requests.

5) **In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

    a. **Requesting judicial authority (identity and address)**

The Honorable Nancy J. Koppe
United States Magistrate Judge
United States District Court for the District of Nevada
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

    b. **To the competent authority of (the requested state)**

Republic of Korea

    c. **Letter of Request to be served upon:**

Huijun Yang
c/o Dongdoo Choi
Barun Law
Barun Law Building,
7, Teheran-ro 92-gil, Gangnam-gu,
Seoul, 06181
Republic of Korea
dongdoo.choi@barunlaw.com
+82-2-3479-7888

    d. **Names and addresses of the parties and their representatives:**

**<u>Plaintiff and Plaintiff's Representatives</u>**

Mirae Asset Securities Co., Ltd.
Mirae Asset Center 1 Bldg.
26, Eulji-Ro 5-Gil, Jung-Gu
Seoul, 04539
Republic of Korea

*Represented by:*

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
Telephone: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
Telephone: +1-702-786-1001

**Defendants and Defendants' Representatives**

Ryze Renewables Holdings, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

Ryze Renewables Nevada, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

***Represented by:***

DENNIS L. KENNEDY (NSB No. 1462)
DKennedy@BaileyKennedy.com
TAYLER D. BINGHAM (NSB No. 15870)
TBingham@BaileyKennedy.com
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
United States of America
Telephone: +1-702-562-8820

JOHN M. EDGAR (admitted *pro hac vice*)
jme@edgarlawfirm.com
JOHN F. EDGAR (admitted *pro hac vice*)
jfe@edgarlawfirm.com
MICHAEL R. OWENS (admitted *pro hac vice*)
mro@edgarlawfirm.com
ALEXANDER C. MELIN (admitted *pro hac vice*)
acm@edgarlawfirm.com
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

JAMES C. SHAH *(admitted Pro Hac Vice)*
jcshah@millershah.com
BRUCE D. PARKE *(admitted Pro Hac Vice)*
bdparke@millershah.com
ANNA K. D'AGOSTINO *(admitted Pro Hac Vice)*
akdagostino@millershah.com
CHRISTOPHER A. MILLER *(admitted Pro Hac Vice)*
camiller@millershah.com
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: +1-866-540-5505

**6)  Nature and purpose of the proceedings and summary of the facts:**

This case involves Mirae Asset Securities Co., Ltd.'s suit for declaratory relief that it did

not enter two contracts with Ryze Renewables Holdings, LLC and Ryze Renewables Nevada,

LLC ("Ryze").  In its counterclaims, Ryze alleges that Mirae Asset breached the two contracts at issue and abused judicial proceedings.  Mirae Asset filed its amended complaint on October 13, 2023.  Ryze filed its answer and counterclaims on December 15, 2023.

Mirae Asset seeks a judicial declaration that it never entered into two purported agreements with Ryze which would purportedly commit Mirae Asset to more than US$250 million in loan obligations.

Ryze alleges that Mirae Asset's claim is barred based on several equitable defenses, and counterclaims that Mirae Asset has breached both contracts and abused the judicial process.

**7)  Evidence to be obtained or other judicial act to be performed:**

This Court requests the deposition testimony of Mr. Huijun Yang.  Mr. Yang is a former employee of Mirae Asset.  His testimony is relevant due to his position at Mirae Asset.  Mr. Yang's deposition is sought to preserve his testimony for the trial record.

Please find the list of questions to be put to Mr. Yang in the list attached as Exhibit A.

**8)  Any requirements that the evidence be given under oath or affirmation and any special form to be used:**

This Court requests that the witness listed in Section 7 above be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?"

In the event that the witness cannot be placed under oath, it is requested that he answer questions in such a manner as provided by Korean law for taking evidence.

This Court respectfully requests examinations be recorded by stenographic and videographic means.

-6-

In the event that the evidence cannot be taken in the manner requested, the testimony is to be taken in such a manner as provided by Korean law.

**9)      Request for Notification of the Time and Place for the Execution of the Request**

The parties respectfully request notifying:

For Plaintiff:

Daniel Prince
danielprince@paulhastings.com
+1-213-683-6000

For Defendant:

Michael R. Owens
mro@edgarlawfirm.com
+1-816-531-0033

**10)      Specification of Privilege or Duty to Refuse to Give Evidence**

The witness may refuse to give evidence only insofar as they have a legal privilege or duty to refuse to give evidence under the laws of the United States of America or the laws of the Republic of Korea.

Any legal privilege to refuse to give evidence under U.S. law is contained in the U.S. Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable U.S. laws.

**11)      The fees and costs incurred which are reimbursable will be borne by:**

Fees and costs incurred which are reimbursable under the Convention will be borne by Plaintiff.  Payment of such fees and costs by Plaintiff in accordance with this Letter of Request is without prejudice to Plaintiff making subsequent application to an appropriate court for reimbursement.

**12)    Reciprocity**

This Court is willing to provide similar assistance to the judicial authorities in the

Republic of Korea, should they ever need such assistance in the United States.

**13)    Date of request and signature and seal of the requesting authority**

WITNESS my hand and seal of said Court in the District of Nevada, on this <u>23rd</u> day of

<u>March</u>, 2026.

The Honorable Nancy J. Koppe
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| 대한민국 회사,<br>미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.)<br><br>원고,<br><br>vs.<br><br>네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br><br>피고들. | 사건번호 2:23-cv-01492-APG-NJK |
| 네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC,<br><br>반소원고,<br><br>vs.<br><br>대한민국 회사,<br>미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.),<br><br>반소피고. | |

**1970 년 3 월 18 일자 민사 또는 상사에 있어서 해외에서의 증거조사에 관한**
**헤이그 협약에 따른 국제사법공조 촉탁서**

1970 년 3 월 18 일자 민사 또는 상사에 있어서 해외에서의 증거조사에 관한 헤이그 협약(이하 "협약") 제 3 조에 의거하여, 미국 네바다 연방지방법원(이하 "법원")은 본 법원에 계류 중인 상기 사건과 관련된 증거를 확보하기 위하여 대한민국의 관할 사법당국에 본 촉탁서를 제출하는 바입니다. 본 법원은 아래에 기재된 공조를 요청합니다.

**1) 발신인:**

The Honorable Nancy J. Koppe
미합중국 연방 치안 판사
미합중국 네바다 연방지방법원
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

**2) 피요청국의 중앙당국:**

대한민국 (우) 06590
서울 서초구 서초대로 219
법원행정처
수신: 국제심의관

**3) 집행 완료된 촉탁서의 반환 수령인:**

Daniel Prince
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000
danielprince@paulhastings.com

**4) 요청기관이 촉탁서에 대한 회신을 수령하여야 하는 기한:**

요청기관인 미합중국 네바다 연방지방법원은, 대한민국 관할 사법당국이 기존의 유사한 촉탁서를 처리하는 데 소요된 기간 내에 본 촉탁서에 대한 회신이 반환될 수 있도록 하여 줄 것을 요청합니다.

**5)** 협약 제 3 조에 의거하여, 아래 서명한 신청인은 다음과 같은 요청을 제출하는 바입니다:

     **a.** 요청 사법당국 (명칭 및 주소)

The Honorable Nancy J. Koppe
미합중국 연방 치안 판사
미합중국 네바다 연방지방법원
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

     **b.** (피요청국의) 관할 당국 수신

대한민국

     **c.** 촉탁서의 송달 대상자:

대한민국 (우) 06181
서울특별시 강남구 테헤란로 92 길 7
법무법인(유한) 바른 빌딩
법무법인(유한) 바른
c/o 최동두
양희준
dongdoo.choi@barunlaw.com
+82-2-3479-7888

     **d.** 당사자 및 대리인의 성명과 주소:

<u>원고 및 원고 대리인</u>

대한민국 (우) 04539
서울특별시 중구 을지로 5 길 26
미래에셋센터원빌딩
미래에셋증권주식회사

*대리인:*

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
전화: +1-702-786-1001

**피고들 및 피고들 대리인**

Ryze Renewables Holdings, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

Ryze Renewables Nevada, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

*대리인:*

DENNIS L. KENNEDY (NSB No. 1462)
DKennedy@BaileyKennedy.com
TAYLER D. BINGHAM (NSB No. 15870)
TBingham@BaileyKennedy.com
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
United States of America
전화: +1-702-562-8820

JOHN M. EDGAR (admitted *pro hac vice*)
jme@edgarlawfirm.com
JOHN F. EDGAR (admitted *pro hac vice*)
jfe@edgarlawfirm.com
MICHAEL R. OWENS (admitted *pro hac vice*)
mro@edgarlawfirm.com
ALEXANDER C. MELIN (admitted *pro hac vice*)
acm@edgarlawfirm.com
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

JAMES C. SHAH *(admitted Pro Hac Vice)*
jcshah@millershah.com
BRUCE D. PARKE *(admitted Pro Hac Vice)*
bdparke@millershah.com
ANNA K. D'AGOSTINO *(admitted Pro Hac Vice)*
akdagostino@millershah.com
CHRISTOPHER A. MILLER *(admitted Pro Hac Vice)*
camiller@millershah.com
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
전화: +1-866-540-5505


**6) 소송의 성격, 목적 및 사실관계 요약:**


본 사건은 미래에셋증권주식회사가 Ryze Renewables Holdings, LLC Ryze

Renewables Holdings, LLC 및 Ryze Renewables Nevada, LLC Ryze Renewables Nevada, LLC

(이하 "Ryze")와 두 건의 계약을 체결한 사실이 없음을 확인하는 확인판결을 구하는 소송입니다. Ryze 는 반소에서 미래에셋증권주식회사가 쟁점이 되는 두 건의 계약을 위반하고 사법절차를 남용하였다고 주장하고 있습니다. 미래에셋증권주식회사는 2023 년 10 월 13 일에 수정소장을 제출하였고, Ryze 는 2023 년 12 월 15 일에 답변서 및 반소장을 제출하였습니다.

미래에셋증권주식회사는 Ryze 와의 두 건의 계약 체결 사실이 없다는 사법적 확인을 구하고 있으며, 해당 계약들은 미래에셋증권주식회사에게 2 억 5 천만 미국 달러 이상의 대출 채무를 부담하게 약정한 것으로 주장되고 있습니다.

Ryze 는 미래에셋증권주식회사의 청구가 여러 형평법상 방어에 의하여 차단된다고 주장하는 한편, 미래에셋증권주식회사가 두 건의 계약을 모두 위반하고 사법절차를 남용하였다고 반소하고 있습니다.

**7) 확보할 증거 또는 수행할 사법적 행위:**

본 법원은 양희준 씨의 증언녹취를 요청합니다. 양희준 씨는 미래에셋증권주식회사의 전직 직원입니다. 양희준 씨의 증언은 미래에셋증권주식회사에서의 그의 직위로 인해 관련성이 있습니다. 양희준 씨의 증언녹취는 재판 기록을 위하여 그의 증언을 보전하기 위해 요청되는 것입니다.

양희준 씨에게 제시할 질문 목록은 별첨 A 에 첨부되어 있습니다.

**8) 선서 또는 확약 하에 증거를 제출해야 하는 요건 및 사용할 특별한 양식:**

본 법원은 상기 제 7 항에 기재된 증인이 질문에 답변하기에 앞서 선서하도록 하여 줄 것을 요청합니다. 요청하는 선서의 양식은 다음과 같습니다: "귀하는 본 증언녹취

절차에서 진실을, 모든 진실을, 오로지 진실만을 증언할 것이라고 엄숙히 선서하시겠습니까?"

증인이 선서할 수 없는 경우, 대한민국 법률이 증거조사를 위해 규정하는 방식에 따라 질문에 답변할 것을 요청합니다.

본 법원은 속기 및 영상 녹화의 방식으로 신문이 기록될 것을 정중히 요청합니다.

증거를 요청한 방식으로 조사할 수 없는 경우, 대한민국 법률이 규정하는 방식에 따라 증언을 조사하여 주시기 바랍니다.

**9)    촉탁의 집행 일시 및 장소에 관한 통지 요청**

당사자들은 다음 각 수신인에게 통지하여 줄 것을 정중히 요청합니다:

원고 측:

Daniel Prince
danielprince@paulhastings.com
+1-213-683-6000

피고 측:

Michael R. Owens
mro@edgarlawfirm.com
+1-816-531-0033

**10)    증언 거부의 특권 또는 의무에 관한 명시**

증인은 미합중국 법률 또는 대한민국 법률에 따라 증언을 거부할 수 있는 법적 특권 또는 의무가 있는 경우에 한하여 증언을 거부할 수 있습니다.

미국 법률에 따른 증언 거부의 법적 특권은 미국 연방민사소송규칙, 연방증거법 및 기타 적용 가능한 미국 법률에 규정되어 있습니다.

**11)    상환 가능한 수수료 및 비용의 부담:**

협약에 따라 상환 가능한 수수료 및 비용은 원고가 부담합니다. 본 촉탁서에 따른 원고의 해당 수수료 및 비용 지급은, 원고가 추후 적절한 법원에 상환을 구하는 신청을 하는 데 영향을 미치지 않습니다.

**12)    상호주의**

본 법원은 대한민국 사법당국이 미합중국에서 이러한 공조를 필요로 하는 경우, 유사한 공조를 제공할 의사가 있습니다.

**13)    요청일자 및 요청기관의 서명과 관인**

오늘 2026 년 _____월 _____일 당일에 네바다 연방지방법원의 관인 날인과 함께 본인이 직접 서명합니다.

_____

The Honorable Nancy J. Koppe

미합중국 연방 치안 판사

Dated: March 23, 2026

일자: 2026 년 3 월 16 일                      위와 같이 제출합니다,

                                              서명자: _____

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
전화: +1-702-786-1001

원고 및 반소피고 미래에셋증권주식회사의
소송대리인

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, and/or project manager specializing in translating English to Korean, Japanese, and Chinese and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from English to Korean or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document from English to Korean.

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

I also certify that this is a true, correct, and complete translation of the corresponding source text, identified above, to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of March 2026 in Contra Costa County of the State of California.

By:_____
       Alex N. Jo
      Member, ATA

# EXHIBIT A

# Questions for Yang

# English and Korean Version Combined

**EXHIBIT A**

**QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED (ARTICLE 3,f): MR. HUIJIN YANG**

**<u>Background</u>**

1.     Please state your full name for the record.

2.     Where do you currently work?

3.     What is your title?

4.     How long have you been in that position?

**<u>Experience at Mirae Asset</u>**

5.     Are you familiar with a company called Mirae Asset Securities Co., Ltd., also known as Mirae Asset?

6.     How are you familiar with Mirae Asset?

7.     Are you familiar with the lawsuit pending between Mirae Asset and two companies, Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC, currently pending in United States District Court for the District of Nevada?

8.     Did you submit declarations in connection with that litigation?

*[HAND WITNESS COPY OF EXHIBIT B-1 (ECF No. 4-2) AND EXHIBIT B-2 (ECF No. 11 pp. 17-22)]*

9.     Do you recognize Exhibit B-1?

10.     What is Exhibit B-1?

11.     Do you recognize Exhibit B-2?

12.     What is Exhibit B-2?

13.     Did you review this declaration before you signed it?

14.     Did you review in Korean or English?

15. Are you able to read and understand the contents of documents in English?

16. As you sit here today, is the information in this declaration truthful and accurate?

*[HAND WITNESS COPY OF EXHIBIT B-3 (ECF No. 335)]*

17. Do you recognize Exhibit B-3?

18. What is Exhibit B-3?

19. Did you review this declaration before you signed it?

20. Did you review in Korean or English?

21. As you sit here today, is the information in this declaration, Exhibit B-3, truthful and accurate?

22. When did you begin working at Mirae Asset?

23. What was your position or role at Mirae Asset in April 2020?

    a. What group/team/division were you in?

    b. What kind of work did your group/team/division do?

24. What were your responsibilities in that role at Mirae Asset in 2020?

    a. Approximately how many employees did you supervise?

25. Did your responsibilities change between April 2020 and November 2021?

    a. If so, how did your responsibilities at Mirae Asset change between April 2020 and November 2021?

26. At Mirae Asset, what types of transactions, if any, did you oversee?

27. While at Mirae Asset, did you have a team that reported to you?

    a. If so, who was on that team?

28. When did you leave Mirae Asset?

    a.   What were the circumstances surrounding your departure from Mirae Asset?

    b.   Was your employment at Mirae Asset terminated?

    c.   Were you ever disciplined at Mirae Asset for any act or omission to act?

    d.   Did you choose to pursue another professional opportunity upon your departure from Mirae Asset?  What was it?

29.    Are you familiar with Eunmi Park at Mirae Asset?

    a.   If so, what was Eunmi Park's role at Mirae Asset?

30.    Which, if any, committees at Mirae Asset did you sit on between April 2020 and November 2021?

31.    What was your role on the Assessment Team?

32.    What does the Assessment Team do?

**Mirae Asset's Loan Transaction Approval Process**

33.    Are you familiar with Mirae Asset's internal procedures for approving loan transactions?

34.    How did you obtain this familiarity?

35.    I'd like you to explain the process if you can, who is the first group to review a potential transaction for approval?

36.    What does the Investment Team at Mirae Asset look for in its review of a transaction?

37.    If the Investment Team at Mirae Asset moves a proposed deal forward, who reviews the potential deal next?

38.    Have you heard of the Assessment Team at Mirae Asset?

    a.   What is it?

    b.   Did you ever serve on the Assessment Team?

c. Did you interact with the Assessment Team as a general matter?  Please explain.

39. What does the Assessment Team at Mirae Asset look for in its review of a transaction?

40. Are there conclusions that the Assessment Team can reach regarding a potential deal?

41. What happens to a deal if it receives a negative opinion from the Assessment Team?

42. What happens to a deal if it receives a neutral opinion from the Assessment Team?

43. What happens to a deal if it receives a positive opinion from the Assessment Team?

44. When one of these opinions is issued, how is it documented?

45. How is the opinion of the Assessment Team communicated within Mirae Asset?

46. If the Assessment Team issues a positive opinion, who at Mirae Asset reviews the potential deal next?

47. What does the Legal Department at Mirae Asset look for in its review of a transaction?

48. If the Legal Department at Mirae Asset signs off, who reviews the potential deal next?

49. What does the Investment Assessment Committee at Mirae Asset look for in its review of a transaction?

50. If the Investment Assessment Committee approves, who else, if anyone, must approve a potential deal before the transaction can move forward?

51. Are each of those approvals required in all transactions at Mirae Asset?

52. What has to happen for the General Affairs Department to affix the corporate seal?

53. All together, on average, how long does the approval process for a potential loan transaction of over US$100 million take at Mirae Asset?

**Knowledge Regarding Kyung Hyun Lee**

54. Are you familiar with a man named Kyung Hyun Lee?

55.     How are you familiar with Kyung Hyun Lee?

56.     What was your relationship with Kyung Hyun Lee?

     a.   Did you supervise him?

     b.   Did you talk to him informally?

     c.   Did you talk to him about the Ryze deal?  What did he say?

**Knowledge Regarding Ryze Renewables**

57.     Are you familiar with an entity called Ryze Renewables Holdings LLC?

58.     How did you first hear about Ryze Renewables Holdings LLC?

59.     Are you familiar with Ryze Renewables Nevada LLC?

60.     How did you first hear about Ryze Renewables Nevada LLC?

61.     What involvement, if any, did Mirae Asset have with Ryze Renewables Holdings, LLC and/or Ryze Renewables Nevada LLC (collectively, "Ryze")?

62.     Did you personally have any communications with anyone at Ryze?

63.     Who, if anyone, at Mirae Asset do you know was the primary point of contact with Ryze?

**Knowledge Regarding the Proposed Ryze Transaction**

64.     Were you aware of negotiations between Ryze and Mirae Asset in 2020 regarding a potential loan transaction?

65.     How did you become aware of the potential loan transaction?

66.     What documents, if any, did Kyung Hyun Lee present to you in connection with a potential transaction with Ryze?

67.     What, if any, was the Mirae Asset's or the Assessment team's response to Kyung Hyun Lee's proposal for a transaction with Ryze?

68.     To your knowledge, what was the status of a potential deal with Ryze following that response?

69.     With whom, if anyone, do you recall ever discussing the potential deal between Ryze and Mirae Asset?

*[HAND WITNESS COPY OF EXHIBIT B-4 ((MAS-000231115)]*

70.     Do you recognize Exhibit B-4?

71.     What is Exhibit B-4?

72.     How do you recognize Exhibit B-4?

73.     Please take a look at the first email on the last page of this document from Kyung Hyun Lee.  What are the "scenarios" referred to here?

74.     Were these scenarios considered during your team's assessment of a potential deal with Ryze?

75.     What impact did these scenarios have on your team's assessment of a potential deal with Ryze?

76.     Did the Assessment Team at Mirae Asset evaluate a potential transaction with Ryze?

    a.  Did you speak with anyone on the Assessment Team regarding the potential Ryze transaction with Mirae Asset?  When?

    b.  What was the nature of that discussion?

    c.  Do you know whether the Assessment Team reviewed the potential Ryze transaction?

    d.  If so, when did this review occur?

    e.  What was the outcome?

    f.  Why did the Assessment Team have a negative view of the potential Ryze deal?

    g.  Was this negative evaluation communicated to Mr. Lee?  By whom?

h.  Did you speak with Mr. Lee regarding the Assessment Team's negative opinion of the potential Ryze transaction?  Please tell me about that discussion.

i.  Did you tell Mr. Lee that the Assessment Team decided to drop the potential Ryze transaction?

77.  Did Mr. Lee tell you that he understood that Mirae Asset had decided not to proceed with the potential Ryze transaction?

a.  Did he say anything else?

b.  Did Mr. Lee communicate that another party was going to pursue the potential Ryze transaction?

78.  What was your understanding of the status of any potential transaction between Mirae Asset and Ryze after the Assessment Team reached its conclusion?

79.  To whom, if anyone, was the Assessment Team's conclusion regarding the Ryze transaction communicated at Mirae Asset?

80.  How was the conclusion of the Assessment Team communicated to other individuals at Mirae Asset?

81.  Was Kyung Hyun Lee informed of the Assessment Team's conclusion about a potential transaction with Ryze?

82.  When was Kyung Hyun Lee informed of the Assessment Team's conclusion?

83.  How was Kyung Hyun Lee informed of the Assessment Team's conclusion?

84.  What, if anything, was Kyung Hyun Lee's reaction to the Assessment Team's conclusion regarding a potential transaction with Ryze?

85.  Following the Assessment Team's decision on the potential Ryze transaction, did you have any further communication with Kyung Hyun Lee regarding any new potential agreement with Ryze?

a.  If so, what do you recall about those communications?

86.  Did you have any further communications with anyone else regarding a potential transaction with Ryze after the Assessment Team rejected the deal with Ryze?

      a.   If so, what do you recall about those communications?

87.      Other than the Assessment Team, did the potential deal with Ryze progress to any other Mirae Asset committee or stakeholder for approval?

88.      Did the Investment Committee ever meet to consider a deal with Ryze?

89.      Did the Investment Assessment Committee ever meet to consider a deal with Ryze?

## Authority to Execute Loan Agreements

90.      Were you aware of a convertible loan agreement negotiated with Ryze in 2020?

91.      To your knowledge, did Mirae Asset ever authorize any convertible loan agreement with Ryze as borrower?

92.      Did Kyung Hyun Lee have the authority to execute a loan agreement on behalf of Mirae Asset without internal approval?

93.      Were you ever contacted by anyone at Ryze inquiring whether a convertible loan agreement had been approved by Mirae Asset?

94.      Are you aware of anyone else at Mirae Asset being contacted by anyone at Ryze inquiring whether a convertible loan agreement had been approved by Mirae Asset? If so, who?

95.      Were you ever contacted by anyone at Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a convertible loan agreement with Ryze on behalf of Mirae Asset?

96.      Are you aware of anyone else at Mirae Asset being contacted by Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a convertible loan agreement with Ryze on behalf of Mirae Asset? If so, who?

## Concluding Questions

97.      Are you familiar with Mr. Lee's signature?

      a.   Have you seen him sign documents?

      b.   If so, when was it? What documents?

    c.   Could you state with accuracy whether you recognize his signature on document?

98.    For Mirae Asset to authorize a convertible loan agreement, how many committees must first approve the transaction?

99.    Did any committee at Mirae Asset ever approve any convertible loan agreement with Ryze?

100.    To the best of your knowledge, was Mr. Lee authorized to sign any loan agreement on behalf of Mirae Asset?

101.    To the best of our knowledge, was Mr. Lee authorized to agree to any contractual indemnity obligations with Ryze, on behalf of Mirae Asset?

102.    To the best of your knowledge, was Mr. Lee ever authorized to enter into any loan financing agreement with Ryze, on behalf of Mirae Asset?

**증거물 A**

## 신문 대상자에게 제시될 질문들 (제 3 조 f 항)
   양희준님

## 백그라운드

1.    기록을 위해 성명을 말씀해 주시겠습니까?

2.    현재 어느 회사에서 일하시나요?

3.    직함은요?

4.    그 직위에서 일하신 지 얼마나 오래 되었습니까?

## 미래에셋에서의 경력

5.    미래에셋증권주식회사, 즉 미래에셋이라고도 하는 회사를 알고 계십니까?

6.    미래에셋은 어떤 경위로 아시나요?

7.    현재 미국 네바다 연방지방법원에 계류 중인, 미래에셋과 두 회사 Ryze Renewables Holdings LLC 및 Ryze Renewables Nevada LLC 사이의 소송을 알고 계십니까?

8.    그 소송과 관련하여 진술서를 제출하신 적이 있습니까?

*[증인에게 증거물 B-1(ECF No. 4-2) 및 증거물 B-2(ECF No. 11, 페이지 17~22) 사본을 건네 주십시오]*

9.    증거물 B-1 을 보신 적이 있는 문서입니까?

10.    증거물 B-1 은 무엇입니까?

11.    증거물 B-2 를 보신 적이 있는 문서입니까?

12.    증거물 B-2 는 무엇입니까?

13.    이 진술서에 서명하시기 전에 그 내용을 검토하였습니까?

14.    그 검토는 한국어로 하였습니까, 아니면 영어로 하였습니까?

15.    영어로 문서의 내용을 읽고 이해할 수 있습니까?

16.    오늘 이 자리에서, 이 진술서의 내용은 진실하고 정확합니까?

*[증인에게 증거물 B-3(ECF No. 335) 사본을 건네 주십시오]*

17. 증거물 B-3 을 보신 적이 있는 문서입니까?

18. 증거물 B-3 은 무엇입니까?

19. 이 진술서에 서명하시기 전에 그 내용을 검토하였습니까?

20. 그 검토는 한국어로 하였습니까, 아니면 영어로 하였습니까?

21. 오늘 이 자리에서, 증거물 B-3 진술서의 내용은 진실하고 정확합니까?

22. 미래에셋에서 일하기 시작한 시점이 언제부터이셨죠?

23. 2020 년 4 월 그 당시에는 미래에셋에서 어떤 직위나 역할을 맡으셨나요?

    a. 당시 소속은 어느 부서/팀/사업부였죠?

    b. 당시 그 소속 부서/팀/사업부는 어떤 종류의 일을 했죠?

24. 2020 년 당시 미래에셋에서의 그 역할에서 어떤 담당업무들을 맡으셨죠?

    a. 휘하 직원 수는 대략 몇명이셨죠?

25. 2020 년 4 월부터 2021 년 11 월 사이에 맡으신 담당업무가 변경되었습니까?

    a. 만약 그렇다면, 2020 년 4 월부터 2021 년 11 월 사이에 미래에셋에서 맡으신 담당업무가 어떻게 변경되었습니까?

26. 미래에셋에서 근무하는 동안, 총괄하신 거래들이 있었다면 어떤 유형의 거래들이었습니까?

27. 미래에셋에 재직하는 동안, 귀하에게 보고하는 휘하 팀이 있었습니까?

    a. 있었다면, 그 팀에는 누구누구가 속해 있었습니까?

28. 미래에셋을 언제 떠나셨습니까?

    a. 어떤 경위로 미래에셋을 떠나시게 된건가요?

    b. 미래에셋에서의 고용이 종료되었습니까?

    c. 미래에셋에서 어떤 작위나 부작위로 인해 징계를 받은 적이 있었습니까?

    d. 미래에셋을 떠나면서 다른 직업적 기회를 추구하기로 선택하였습니까? 그게 무엇이었습니까?

29. 미래에셋의 박은미를 아십니까?

    a. 아신다면, 박은미는 미래에셋에서 어떤 역할을 담당했습니까?

30. 2020 년 4 월부터 2021 년 11 월 사이에 미래에셋의 어떤 위원회에 참여하셨다면, 어느 위원회이셨죠?

31. 심사팀(Assessment Team)에서는 어떤 역할을 하셨나요?

32. 심사팀은 뭘 하나요?

## 미래에셋의 대출 거래 승인 절차

33. 미래에셋의 대출 거래 승인을 위한 내부 절차에 익숙하십니까?

34. 어떻게 해서 익숙하게 되셨나요?

35. 가능하시다면 그 프로세스를 설명해 주시되, 일단 잠재적인 어떤 거래의 승인을 가장 먼저 검토하는 부서는 어디입니까?

36. 미래에셋의 투자팀(Investment Team)은 거래를 검토하는 데에 있어서 무엇을 살펴봅니까?

37. 미래에셋의 투자팀이 어떤 제안된 딜(deal)을 그 다음 단계로 추진하기로 하면, 그 다음엔 어느 부서에서 그 잠재적인 딜을 검토하나요?

38. 미래에셋의 심사팀에 대해 들어보신 적이 있습니까?

    a. 뭐하는 팀이죠?

    b. 그 심사팀에서 근무하신 적이 있으십니까?

    c. 일반적으로 그 심사팀과 인터랙션 하셨습니까? 설명해 주십시오.

39. 미래에셋의 심사팀은 어떤 거래를 검토하는 데에 있어서 무엇을 살펴봅니까?

40. 심사팀은 어떤 잠재적인 딜에 대해 어떠한 결론들에 도달할 수 있습니까?

41. 어떤 딜이 심사팀에서 부정적 의견(negative opinion)을 받으면 그 딜은 어떻게 됩니까?

42. 어떤 딜이 심사팀에서 중립적 의견(neutral opinion)을 받으면 그 딜은 어떻게 됩니까?

43.    어떤 딜이 심사팀에서 긍정적 의견(positive opinion)을 받으면 그 딜은 어떻게 됩니까?

44.    이런 의견들 중 하나가 발급되면, 그게 어떤 방식으로 문서화됩니까?

45.    심사팀의 의견은 미래에셋 내부에서 어떤 방식으로 커뮤니케이션 됩니까?

46.    심사팀이 긍정적 의견을 발급하면, 그 다음엔 미래에셋의 어느 부서에서 그 잠재적 딜을 검토하게 되나요?

47.    미래에셋의 법무부서는 어떤 거래를 검토하는 데에 있어서 뭘 살펴봅니까?

48.    미래에셋의 법무부서가 승인하면, 그 다음에는 어느 부서에서 그 잠재적인 딜을 검토합니까?

49.    미래에셋의 투자심사위원회(Investment Assessment Committee)는 어떤 거래를 검토할 때 어떤 사항을 중점적으로 살펴봅니까?

50.    투자심사위원회에서 승인이 나면, 거래가 추진되기 전에 다른 어떤 부서에서 추가로 승인을 받아야만 한다면, 어느 부서입니까?

51.    이러한 승인들은 각각 미래에셋의 모든 거래에서 필히 요구됩니까?

52.    미래에셋의 총무부서가 법인 인감을 날인하기 위해 필요한 절차는 무엇입니까?

53.    미화로 1억 달러를 웃도는 어떤 잠재적 대출 거래의 경우, 미래에셋에서 승인 프로세스가 완료되기까지 다 합쳐서 평균적으로 얼마나 걸립니까?

## 이경현에 대해 아는 내용

54.    이경현이라는 분을 아시나요?

55.    이경현이 누구인지를 어떤 경위로 아시나요?

56.    이경현과 어떤 관계이셨습니까?

    a.  그분을 슈퍼바이즈 하였습니까?

    b.  그분과 비공식적으로 이야기도 하셨습니까?

    c.  그분한테 Ryze 딜에 대하여 이야기하신 적 있으십니까? 그분이 뭐라고 말하던가요?

## Ryze Renewables 에 대해 아는 내용

57. Ryze Renewables Holdings LLC 라는 회사를 아십니까?

58. Ryze Renewables Holdings LLC 에 대해 제일 처음 어떤 경위로 들어보게 되셨죠?

59. Ryze Renewables Nevada LLC 라는 회사를 아시나요?

60. Ryze Renewables Nevada LLC 에 대해 제일 처음 어떤 경위로 들어보게 되셨죠?

61. Ryze Renewables Holdings, LLC 및/또는 Ryze Renewables Nevada LLC(이하 총칭하여 "Ryze")와 관련하여 미래에셋이 관여한게 있었다면 뭐였죠?

62. Ryze 의 어느 누구와든 직접 커뮤니케이션을 하셨던 적이 있었나요?

63. 미래에셋과 Ryze 사이의 주된 소통창구는 누구였습니까?

## 제안된 Ryze 거래에 대해 아는 내용

64. 2020 년에 Ryze 와 미래에셋 사이에 있었던 어떤 잠재적 대출 거래에 대한 협상을 당시에 인지하고 계셨습니까?

65. 그 잠재적 대출 거래를 어떤 경위로 인지하시게 되었습니까?

66. Ryze 와의 어떤 잠재적 거래와 관련하여 이경현이 제시한 문서가 있었다면, 어떠어떠한 문서들이었습니까?

67. 이경현이 제안한 Ryze 와의 거래에 대해 미래에셋, 혹은 심사팀의 반응이 있었다면, 그게 뭐였죠?

68. 아시는 바에 따르면, 그 반응이 있고나서 Ryze 와의 어떤 잠재적 딜은 어떤 상태였죠?

69. Ryze 와 미래에셋 간의 그 잠재적 거래에 대해 누군가와 함께 논의하셨던 적이 있었다면, 그 분이 누구죠?

*[증인에게 증거물 B-4(MAS_000231115)의 사본을 건네주십시오]*

70. 증거물 B-4 를 보신 적이 있는 문서로 알아보시겠습니까?

71. 증거물 B-4 는 무엇입니까?

72. 증거물 B-4 을 무슨 근거로 알아보신다고 하시는지요?

73. 이 문서의 마지막 페이지에 있는 이경현의 첫 번째 이메일을 보시기 바랍니다. 여기서 언급된 "scenarios(시나리오들)"는 무엇을 의미합니까?

74. 소속되신 팀에서 Ryze 와의 어떤 잠재적 딜을 심사하는 동안 이 시나리오들이 검토되었습니까?

75. 이 시나리오들이 Ryze 와의 어떤 잠재적 거래에 대한 귀하 팀의 심사에 어떤 영향을 미쳤습니까?

76. 미래에셋의 심사팀이 Ryze 와의 잠재적 거래를 평가한 적이 있었습니까?

 a. 미래에셋과 Ryze 사이의 잠재적 거래와 관련하여 심사팀(Assessment Team)의 누구와 이야기하신 적이 있었습니까? 언제였습니까?

 b. 그 논의의 내용은 무엇이었습니까?

 c. 심사팀(Assessment Team)이 Ryze 와의 잠재적 거래를 검토하였는지 여부에 대해 아시고 있었습니까?

 d. 그렇다면, 그 검토는 언제 이루어졌습니까?

 e. 어떤 결과가 나왔죠?

 f. 심사팀이 Ryze 와의 그 잠재적 거래에 대해 부정적인 견해를 가졌던 이유는 뭐였죠?

 g. 이러한 부정적인 평가는 이경현님에게 커뮤니케이션 되었습니까? 누구에 의해서요?

 h. Ryze 와의 잠재적 거래에 대한 심사팀의 부정적인 의견에 대하여 이경현님과 이야기하신 적이 있었습니까? 그 논의에 대해 말씀해 주십시오.

 i. 심사팀이 Ryze 와의 그 잠재적 거래를 중단하기로 결정하였다고 이경현님에게 말씀하셨던 적이 있었습니까?

77. 미래에셋이 Ryze 와의 그 잠재적 거래를 진행하지 않기로 결정한 것으로 알고 있다는 것을 이경현님이 귀하에게 말한 적이 있었습니까?

 a. 그분이 다른 무슨 이야기도 하던가요?

 b. 이경현이 다른 당사자가 Ryze 와의 그 잠재적 거래를 추진할 것이라고 말한 적이 있었습니까?

78. 심사팀이 그러한 결론을 내린 이후, 미래에셋과 Ryze 사이에 논의된 잠재적 거래가 어떤 상태라고 이해하셨습니까?

79. Ryze 거래에 대한 심사팀의 결론은 미래에셋 내부에서 누군가에게 커뮤니케이션 되었다면, 누구에게였죠?

80. 심사팀의 결론은 미래에셋 내 다른 사람들에게 어떤 방식으로 커뮤니케이션 되었습니까?

81. 이경현은 Ryze 와의 어떤 잠재적 거래에 대한 심사팀의 결론을 전달받았습니까?

82. 이경현은 언제 심사팀의 결론을 전달받았습니까?

83. 이경현은 심사팀의 결론을 어떤 방식으로 통보받았습니까?

84. Ryze 와의 어떤 잠재적 거래에 대한 심사팀의 결론에 대해 이경현의 반응이 있었다면, 어떤거였죠?

85. 심사팀이 그 잠재적 Ryze 거래에 대해 결정을 내린 이후, Ryze 와의 어떤 새로운 잠재적 계약이든 그와 관련하여 이경현과 추가로 어떤 커뮤니케이션이라도 있었나요?

   a. 있었다면, 그러한 커뮤니케이션들에 대해 뭐가 기억나십니까?

86. 심사팀이 Ryze 와의 딜을 거부한 이후, Ryze 와의 어떤 잠재적 거래와 관련하여 다른 누군가와 추가로 커뮤니케이션이 있었습니까?

   a. 있었다면, 그러한 커뮤니케이션들에 대해 뭐가 기억나십니까?

87. 심사팀 외에, Ryze 와의 잠재적 거래 승인을 위하여 그게 미래에셋 내의 다른 어떤 위원회나 이해관계자에게까지 진행된 적이 있었습니까?

88. 투자위원회가 Ryze 와의 딜을 검토하기 위해 만났던 적이 있었습니까?

89. 투자심사위원회가 Ryze 와의 딜을 검토하기 위해 만났던 적이 있었습니까?

## 대출 계약 체결 권한 관련

90. 2020 년에 Ryze 와 협상되던 어떤 전환 대출 계약을 인지하시고 계셨나요?

91. 아시는 바에 따르면, 미래에셋이 Ryze 를 차주로 하는 전환 대출 계약을 승인한 적이 한번이라도 있었습니까?

92. 이경현은 미래에셋을 대신하여 전환 대출 계약을 내부 승인없이 스스로 체결할 권한이 있었습니까?

93. 미래에셋이 전환 대출 계약을 승인하였는지 묻는 연락을 Ryze 측으로부터 직접 받으신 적이 있습니까?

94. 미래에셋이 전환 대출 계약을 승인하였는지 묻는 연락을 Ryze 측으로부터 미래에셋의 다른 직원이 받았는지 아십니까? 아신다면, 그 직원이 누구인가요?

95. 이경현이 미래에셋을 대신하여 전환 대출 계약을 체결할 권한이 있는지 문의하는 연락을 Ryze 측으로보터 직접 받으신 적이 있습니까?

96. 이경현이 미래에셋을 대신하여 전환 대출 계약을 체결할 권한이 있는지 문의하는 연락을 Ryze 측으로부터 미래에셋의 다른 직원이 받았는지 아십니까? 아신다면, 그 직원이 누구인가요?

**마무리 질문**

97. 이경현의 서명에 익숙하십니까?

    a. 이경현이 문서에 서명하는 것을 본 적이 있으십니까?

    b. 본 적이 있으시다면 언제였나요? 어떤 문서들이었습니까?

    c. 문서에 있는 그의 서명을 알아보실 수 있는지 여부를 정확하게 말씀해주실 수 있습니까?

98. 미래에셋이 어떤 전환 대출 계약을 승인하기 위해서는 먼저 해당 거래를 승인해야하는 위원회가 몇 군데나 됩니까?

99. 미래에셋의 어떤 위원회라도 Ryze 와의 어떤 전환 대출 계약이든 승인했던 적이 있습니까?

100. 아시는 한, 이경현이 미래에셋을 대신하여 어떤 대출계약이든 서명할 권한을 부여받은 적이 있었습니까?

101. 아시는 한, 이경현이 미래에셋을 대신하여 Ryze 와의 어떤 계약상 배상/면책 이든 동의할 권한을 부여받은 적이 있었습니까?

102. 아시는 한, 이경현이 미래에셋을 대신하여 Ryze 와 어떤 대출 금융 계약이든 체결할 권한을 부여받은 적이 있었습니까?

## CERTIFICATE OF TRANSLATION ACCURACY

I am a professional translator, reviewer, and/or project manager specializing in translating English to Korean, Japanese, and Chinese and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from English to Korean or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document from English to Korean.

## QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED (ARTICLE 3, f)

I also certify that this is a true, correct, and complete translation of the corresponding source text, identified above, to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of March 2026 in Contra Costa County of the State of California.

By: _____

       Alex N. Jo
      Member, ATA

# EXHIBIT B-1

# 9/22/23 Declaration of Huijun Yang

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.
*will comply with LR IA 11-2 within 14
days

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | Case Number:<br><br><br>*Declaration of Huijun Yang* |

**DECLARATION OF HUIJUN YANG**

I, Huijun Yang, declare as follows:

1.    I am a Senior Manager and Member of the Private Equity Team at Mirae Asset Securities Co., Ltd. ("Mirae Asset").  I submit this declaration in support of Mirae Asset's Motion for Preliminary Injunction.  Unless otherwise noted herein, all of the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties.  If called as a witness in this matter, I could and would competently testify to the matters set forth in this declaration.  I have reviewed a Korean translation of this declaration that was prepared with the assistance of counsel, Paul Hastings LLP.

2.    My current business address is Mirae Asset Center 1 Bldg., 26, Eulji-Ro 5-Gil, Jung-Gu, Seoul, Republic of Korea 04539.

3.    I have been employed at Mirae Asset since 2007.  During that time, I have become familiar with Mirae Asset's internal processes for approving syndicated loan deals, including cross-border transactions.  In fact, I served on Mirae Asset's Assessment Team from June 15, 2015 through July 18, 2021 and during my tenure, I regularly worked with various internal stakeholders, committees, and departments to facilitate the review and approval process for potential investments.  Further, I served as the Team Leader of Corporate Financial Assessment Team 2 from April 1, 2019 through July 18, 2021 and oversaw six team members.  During that time period, my job duties at Mirae Asset included, for example, (a) engaging in early-stage preliminary discussions with investment teams on potential investments, (b) assessing deal-related risk factors and counter-proposing terms and conditions, (c) elevating potential deals and terms to decision makers, and (d) familiarizing myself with the company's processes for approvals on transactions.

1

4.     As a general matter, Mirae Asset's approval process for loan transactions involved the following steps, excluding any regulatory requirements that may be mandated by domestic or foreign agencies:

(a)     Review by the Investment Team, which is responsible for internally evaluating the feasibility of a deal and to determine whether to initiate the negotiation with a counterparty in a potential deal.

(b)     Review and Approval by the Assessment Team, which is responsible for preliminary evaluation of the stability and soundness of the potential deal, taking into account the type of investment and risk factors.  The Assessment Team generally issues one of three opinions, "positive," "neutral," or "negative."

(c)     Review and Approval by the Legal Department, which is responsible for reviewing and approving agreements before execution.

(d)     Review and Approval by the Investment Assessment Committee, which is an ad hoc committee responsible for reviewing and giving final approval to invest in a potential deal, which is led by the Chief Risk Officer.

(f)     Approval by Department Heads, Assessment Team, and Legal Department.  Various approvals are required before a binding letter of intent or commitment is issued.

(g)     Authorization by the General Affairs Department, which analyzes the internal audit trail and provides authorization for use of corporate seals on contracts.

5.     As a member of the Assessment Team, I assisted with the preliminary evaluation of the stability and soundness of potential deals.  This included, for example, evaluating a deal's potential structure, the credit rating of the counter party, and evaluating the feasibility of a transaction.  In 2020, the Assessment Team conducted a preliminary review of a potential transaction with Ryze Renewables Holdings LLC and/or Ryze Renewables Nevada LLC (collectively, "Ryze").  I understood that Ryze was in the

DECLARATION OF HUIJUN YANG

process of constructing a renewable diesel facility in Las Vegas, Nevada, and that Ryze was seeking financing for construction and upgrades to that facility.

6. Kyung Hyun Lee ("Lee") was the Team Leader for the Investment Development Team 2 (Investment Development Division No. 1) within the Corporate Finance Department at Mirae Asset. Lee informed me that he was involved in sourcing the potential transaction with Ryze, and in or about February 2021, he provided the Assessment Team, including me, with various materials to evaluate in connection with the potential transaction.

7. The potential transaction was at the preliminary stages, and it was customary for the Assessment Team to conduct its review during the early stages of a potential deal to make a recommendation about whether the deal ought to be put forward to the various other committees and stakeholders for review and approval.

8. From approximately February 2021 through March 2021, the Assessment Team evaluated the potential transaction with Ryze and decided that it was not the right opportunity for Mirae Asset to pursue. In fact, the Assessment Team advised Lee at the first meeting in or around February 2021 that the Ryze would be a difficult deal to pursue. The potential transaction raised concerns for the Assessment Team, including Mirae Asset's: (a) lack of experience in renewable diesel facilities; (b) inability to sufficiently diligence the deal during the global Covid-19 pandemic and travel restrictions; (c) fear of cost overruns for the project due to pandemic-related supply chain shortages and delays; (d) concerns regarding the creditworthiness of the vendor that Ryze had intended to use to buildout the project; (e) concerns about the fundraising structure, structure of the collateral, and sponsor risks; and (f) concerns regarding the commercial risks of not achieving the projected business revenue or profit goals due to the lack of stability in profitability and of reliable contracts executed by Ryze.

DECLARATION OF HUIJUN YANG

9.     I had multiple meetings with Lee from approximately February 2021 through March 2021 and clearly communicated to Lee the Assessment Team's evaluation of the potential deal.  I informed Lee throughout the process that the Assessment Team had a negative opinion of the transaction, and that, by March 2021, the deal was being dropped and that the Assessment Team would not recommend proceeding with the transaction.  Lee told me that he understood the Assessment Team's evaluation and decision, and that, in any event, another financial institution had stepped in to pursue the deal with Ryze.

10.    At the time, I had no reason to believe that Lee would have disregarded the Assessment Team's decision.  Until Ryze submitted its Demand for Arbitration to JAMS on or about July 21, 2023, I was not aware that Lee purportedly signed a Convertible Loan Agreement ("CLA") with Ryze, dated January 27, 2021.  No deal involving Ryze ever progressed past the Assessment Team's review to the other internal committees and stakeholders.  To my knowledge, Lee was not authorized to sign the CLA or to purport to commit Mirae Asset to any loan financing under the CLA.

//

//

//

//

//

//

//

//

//

//

//

4

DECLARATION OF HUIJUN YANG

11.    I also understand that Ryze contends that it entered into a Second Loan Agreement ("SLA") with LV Renewables A, LLC on or November 29, 2021, and that Lee purportedly signed the SLA (ostensibly containing indemnity obligations by Mirae Asset) on behalf of Mirae Asset.  Again, to my knowledge, Lee was not authorized to sign the SLA or to purport to commit Mirae Asset to any indemnity obligations under the SLA.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed on this 22nd day of September, 2023, at Seoul, Republic of Korea.



HUIJUN YANG

DECLARATION OF HUIJUN YANG

# EXHIBIT B-2

# 9/29/23 Notice of Errata re: Declarations of Hyun-Joo Park and Huijun Yang ISO Mirae Asset's Motion for Preliminary Injunction

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
Mirae Asset Securities Co., Ltd.
*will comply with LR IA 11-2 within 14 days

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mirae Asset Securities Co., Ltd., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,<br><br>Defendants. | Case Number: 2:23-cv-01492-APG-NJK<br><br><br>*Notice of Errata re: Declarations of Hyun-Joo Park and Huijun Yang in support of Plaintiff Mirae Asset Securities Co., Ltd.'s Motion for Preliminary Injunction*<br><br>Judge:          Andrew P. Gordon<br>Date Action Filed:   September 22, 2023 |

NOTICE OF ERRATA

**TO THE COURT AND TO COUNSEL OF RECORD FOR ALL PARTIES:**

PLEASE TAKE NOTICE that Plaintiff Mirae Asset Securities Co., Ltd. ("Mirae Asset") hereby submits this Notice of Errata in connection with the Declarations of Hyun-Joo Park and Huijun Yang, both of which were filed in support of Mirae Asset's Motion for Preliminary Injunction. *See* Docket Entry Nos. 4-1 and 4-2, respectively.

Mirae Asset hereby submits certified Korean translations of the above-referenced declarations, which had been omitted from the filing on September 22, 2023. *See* Exhibit A (certified Korean translation of the Park Declaration) and Exhibit B (certified Korean translation of the Yang Declaration). Further, Mirae Asset notes the correction of a typographical error in the Park Declaration. *See* Docket Entry No. 4-1, Park Decl., ¶ 20, at 5:21 ("Ha**s** was not authorized …" has been corrected to "Ha**n** was not authorized…") (emphasis added).

Dated:  September 29, 2023

Respectfully submitted,


By: _/s/ Peter C. Meier_
PETER C. MEIER

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON
(NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
Mirae Asset Securities Co., Ltd.
*will comply with LR IA 11-2 within 14 days

NOTICE OF ERRATA

PETER C. MEIER (NSB No.9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON (NSB No.5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.
*will comply with LR IA 11-2 within 14 days

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 대한민국 회사, 미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.),<br><br>원고,<br><br>vs.<br><br>네바다주 유한책임회사(LIMITED LIABILITY COMPANY), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC,<br><br>피고. | Case Number:<br><br>*양희준의 진술* |

DECLARATION OF HUIJUN YANG

Page 17

**[양 희 준]의 진술**

 [양 희 준], 본인은 다음과 같이 진술합니다:

1.　　　본인은 미래에셋증권(Mirae Asset Securities Co., Ltd., 이하 "미래에셋") Private Equity 팀의 시니어 매니저이자 구성원입니다. 본인은 미래에셋의 가처분 신청을 뒷받침하기 위해 다음 진술을 제출합니다. 본 진술서에서 달리 명시되지 않는 한, 본 진술서 상 모든 진술은 본인의 개인적인 지식이나 본인의 일반적인 업무 수행 도중 취득할 수 있는 정보에 기초합니다. 본 사안과 관련하여 증인으로 소환될 경우, 본인은 본 진술서에 제공된 내용에 대해 증언할 수 있습니다. 본인은 Paul Hastings LLP 가 준비한 본 진술서의 한글 번역본을 검토하였습니다.

2.　　　본인의 현재 영업 주소지는 대한민국 서울특별시 중구 을지로 5 길 26, 미래에셋 센터원 빌딩(04539)입니다.

3.　　　본인은 미래에셋에서 2007 년부터 근무하고 있습니다. 해당 기간 동안, 본인은 크로스보더 거래를 포함하여, 신디케이트 대출 딜의 승인을 위한 미래에셋의 내부 절차를 잘 알게 되었습니다. 실제로 본인은 2015 년 6 월 15 일부터 2021 년 7 월 18 일까지 미래에셋의 심사팀에서 근무하였고, 근무 기간 중 본인은 잠재적 투자를 위한 검토 및 승인 절차의 진행을 위해 다양한 내부 이해관계자, 위원회 및 사업부와 정기적으로 협업하였습니다. 또한, 본인은 2019 년 4 월 1 일부터 2021 년 7 월 18 일까지 기업금융심사 2 팀의 팀장으로 근무하였고 6 명의 팀원을 감독하였습니다. 그 기간 동안 미래에셋에서 본인의 업무 책임은, 예를 들어, (a) 잠재적 투자와 관련하여 투자팀들과 초기 예비적 협의에 참여하고, (b) 딜 관련 위험 요소를 평가하고 조건을 역제안하며, (c) 잠재적 딜과 조건을 의사결정자에게 제공하고, (d) 거래의 승인과 관련된 회사의 절차들을 잘 이해하는 것이었습니다.

4.　　　국내 혹은 해외 기관에서 요구하는 법적 요건을 제외하고, 대출 거래를 위한 미래에셋의 승인 프로세스는 일반적으로 다음 단계들을 포함합니다.

　　　(a)　　　내부적으로 딜에 대한 타당성 평가를 책임지고 잠재적 딜의 거래 상대방과 협상을 개시할 것인지를 결정하는 투자팀의 검토

(b)　　투자 형태 및 위험 요소를 고려하여 잠재적인 딜의 안정성과 건전성에 대한 예비적 평가 업무를 책임지는 심사팀의 검토 및 승인. 심사팀은 일반적으로 "긍정," "중립," "부정," 세 종류 중 하나의 의견을 제공합니다.

(c)　　계약 체결 전, 계약의 검토와 승인을 책임지는 법무팀의 검토 및 승인

(d)　　잠재적 딜에 대한 투자를 최종 검토 및 승인을 책임지는 Chief Risk Officer가 주도하는 투자심사위원회의 검토 및 승인.

(e)　　사업본부장, 심사팀 및 법무팀의 승인. 구속력이 있는 의향서나 그 외 약정서가 발행되기 전에는 다양한 승인이 요구됩니다.

(f)　　내부 감사를 분석하고 법인 인감을 계약 체결에 사용하는 것에 대한 권한을 부여하는 총무팀의 승인.

5.　　심사팀의 구성원으로서 본인은 잠재적 딜의 안정성과 건전성에 대한 예비적 평가를 지원했습니다. 이는, 예를 들어, 딜의 잠재적 구조와 거래 상대방의 신용 등급을 평가하고, 거래의 타당성을 평가하는 것을 포함합니다. 2020년에 심사팀은 Ryze Renewables Holdings LLC 및/또는 Ryze Renewables Nevada LLC (이하 총칭하여, "Ryze")와의 잠재적 거래에 대한 예비적 검토를 시행하였습니다. 본인은 Ryze가 네바다주 라스베가스에 재활용 디젤 시설을 건설 중임과 Ryze가 시설을 건설하고 업그레이드하기 위한 자금을 조달하고 있음을 이해하였습니다.

6.　　이경현은 미래에셋 기업금융사업부의 투자개발 2팀(투자개발 1본부) 팀장이었습니다. 이경현은 Ryze와의 잠재적 거래를 발굴하는데 관여하고 있음을 본인에게 알려주었고, 2021년 2월 혹은 그 즈음에, 잠재적 거래의 검토와 관련하여 본인을 포함한 심사팀에게 다양한 자료를 제공하였습니다.

7.　　해당 잠재적 거래는 예비적 단계에 있었습니다. 그리고 심사팀이 잠재적 딜의 초기 단계에 해당 딜을 다양한 위원회 및 이해관계자들의 검토 및 승인을 받기 위해 추천할지를 결정하기 위해 검토하는 것은 관행이었습니다.

8.　　대략 2021년 2월과 2021년 3월 사이에, 심사팀은 Ryze와의 잠재적 거래를 심사하였고, 해당 거래가 미래에셋이 계속 참여할만한 적합한 기회가 아니라고 결정했습니다. 실제로 심사팀은 2021년 2월 혹은 그 즈음에 첫 번째 회의에서

2

양희준의 진술

이경현에게 Ryze 가 추진하기 어려운 거래가 될 것이라고 조언했습니다. 해당 잠재적 거래는 심사팀에게 다음을 포함한 우려를 제기하였습니다: (a) 미래에셋의 재활용 디젤 시설 관련 경험 전무; (b) 미래에셋이 Covid-19 팬데믹과 여행 제한으로 인해 해당 딜에 대한 충분한 실사를 진행할 수 없었음; (c) 팬데믹과 관련된 공급체인 부족 및 지연으로 인한 프로젝트 비용 초과에 대한 두려움; (d) Ryze 가 프로젝트 빌드아웃을 위해 활용하고자 했던 벤더의 신뢰성에 대한 우려; (e) 자금조달 구조, 담보 구조, 스폰서 리스크에 대한 우려; (f) 수익성에 대한 안정성 결여 및 Ryze 가 체결한 신뢰할만한 계약의 부재로 인해 계획한 사업 매출이나 이익 목표가 달성되지 않을 가능성과 관련된 상업적 리스크에 대한 우려.

9.    본인은 2021 년 2 월부터 2021 년 3 월까지 이경현과 미팅을 여러 차례 진행했고, 잠재적 딜에 대한 심사팀의 평가를 이경현에게 분명히 전달하였습니다. 본인은 해당 절차 중 심사팀이 해당 거래에 대해 부정적 의견을 가지고 있고, 2021 년 3 월까지 해당 딜을 드롭하여야 하며, 심사팀은 해당 거래의 진행을 추천하지 않을 것이라고 이경현에게 알려주었습니다. 이경현은 심사팀의 평가와 결정을 이해했다고 하였고, 어차피 다른 금융기관이 Ryze 와의 딜을 따기 위해 참여하였다고 저에게 말했습니다.

10.    당시 본인은 이경현이 심사팀의 결정을 무시할거라고 생각할 그 어떠한 이유도 없었습니다. Ryze 가 2023 년 7 월 21 일 혹은 그 즈음에 JAMS 에 중재신청서를 제출할 때까지, 본인은 이경현이 Ryze 와의 2021 년 1 월 27 일자 Convertible Loan Agreement (이하 "CLA")에 서명한 사실을 알지 못했습니다. Ryze 와 관련된 어떠한 딜도 심사팀의 검토를 통과하여 다른 내부 위원회나 이해관계자에게 전달되지 않았습니다. 본인이 알기로, 이경현은 CLA 에 서명하거나 CLA 에 따라 미래에셋을 그 어떤 대출 파이낸싱에 구속할 권한을 지니고 있지 않았습니다.

//

//

//

3

양희준의 진술

//

//

//

//

//

//

//

//

//

11.     또한 본인은 Ryze 가 2021 년 11 월 29 일 LV Renewables A, LLC 와 Second Loan Agreement (이하 "SLA")를 체결하였고, 이경현이 (미래에셋의 면책 의무를 포함하고 있다고 하는) SLA 에 미래에셋을 대신하여 서명하였다고 주장하고 있다는 것으로 알고 있습니다. 다시 한 번 말하자면, 본인이 알기로 이경현은 SLA 에 서명하거나 SLA 에 따라 미래에셋을 그 어떤 면책 의무에도 구속할 권한을 지니고 있지 않았습니다.

본인은 미국 법에 의거한 위증에 대한 처벌 아래 상기 내용이 사실이고 정확함을 진술합니다. 본 진술서는 2023 년 9 월 22 일 대한민국 서울에서 체결되었습니다.

_____<br>HUIJUN YANG



# CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

File Name(s): Declaration of Huijun Yang

Source Language(s): English (United States)

Target Language(s): Korean (South Korea)

*Authorized Signature:*                                          *Signature, Notary Public:*

*Name:*    Dan McCourt

*Title:*      Project Assistant

*Date:*     September 25, 2023



*Stamp: Notary Public*

Page 22

# EXHIBIT B-3

# 11/10/25 Declaration of Huijun Yang

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE)*
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**DECLARATION OF HUIJUN YANG**<br><br>Judge:          Hon. Andrew P. Gordon<br>Action Filed:  September 22, 2023<br>Complaint Served: October 3, 2023 |

**DECLARATION OF HUIJUN YANG**

I, Huijun Yang, declare as follows:

1.     I am a former Senior Manager and Member of the Private Equity Team at Mirae Asset Securities Co., Ltd. ("Mirae Asset").  I submit this declaration in support of Mirae Asset's Motion for Summary Judgment.  Unless otherwise noted herein, all of the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties.  If called as a witness in this matter, I could and would competently testify to the matters set forth in this declaration.  I have reviewed a Korean translation of this declaration that was prepared with the assistance of counsel, Paul Hastings LLP.

2.     My current business address is 26F., 10, Gukjegeumyung-ro, Yeongdeungpo-gu, Seoul, Republic of Korea 07326.

3.     I was employed at Mirae Asset from 2007 until I voluntarily left the company on April 30, 2024.

4.     I reviewed and signed my prior declaration submitted in this action on or about September 22, 2023, a true and correct copy of which is attached hereto as Exhibit A.  *See* ECF No. 4-2.  I understand that a Korean translation of my prior declaration, which I reviewed on September 22, 2023, was filed on September 29, 2023.  A true and correct copy of the Korean translation of my prior declaration is attached hereto as Exhibit B.  *See* ECF No. 11 at 16–21.

1
DECLARATION OF HUIJUN YANG

5.    Except as otherwise identified here (including my current business address and date of separation from Mirae Asset), the statements and facts contained in my prior declaration were true and correct at the time they were filed with the Court, and such facts and statements remain true today.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed on this 10th day of November 2025, at Seoul, Republic of Korea.

_____

HUIJUN YANG

2

DECLARATION OF HUIJUN YANG

# KOREAN DECLARATION

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE)*
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE)*
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| 대한민국 회사, 미래에셋증권 (MIRAE ASSET SECURITIES CO., LTD.) <br><br> 원고, <br><br> vs. <br><br> 네바다주 유한책임회사 (Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC <br><br> 피고. <br> 네바다주 유한책임회사 (Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC <br><br> 반소원고, <br><br> vs. <br> 대한민국 회사, 미래에셋증권 (MIRAE ASSET <br><br> SECURITIES CO., LTD.) <br><br> 반소피고. | CASE NO. 2:23-cv-01492-APG-NJK <br><br> **양희준의 진술** <br><br> 판사:          Hon. Andrew P. Gordon <br> 소송 제기일: 2023 년 9 월 22 일 <br> 소장 송달일: 2023 년 10 월 3 일 |

DECLARATION OF HUIJUN YANG

<u>양 희 준의 진술</u>

양 희 준, 본인은 다음과 같이 진술합니다:

1.    본인은 미래에셋증권(Mirae Asset Securities Co., Ltd., 이하 "미래에셋") Private Equity 팀의 전 시니어 매니저이자 구성원입니다. 본인은 미래에셋의 사실심리생략판결 신청을 뒷받침하기 위한 본 진술서를 제출합니다. 본 진술서에서 달리 명시하지 않는 한, 본 진술서 상 모든 진술은 본인의 직접적인 지식이나 본인의 일상적인 직무 수행 과정에서 본인에게 가용한 정보에 근거합니다. 본 사안과 관련하여 증인으로 소환될 경우, 본인은 본 진술서에 제공된 내용에 대해 증언할 수 있습니다. 본인은 Paul Hastings LLP 의 도움으로 작성된 본 진술서의 한글 번역본을 검토하였습니다.

2.    본인의 현재 업무 주소지는 대한민국 (우) 07326 서울특별시 영등포구 국제금융로 10, 26 층 입니다.

3.    본인은 미래에셋에 2007 년부터 2024 년 4 월 30 일에 자발적으로 퇴사할 때까지 고용되어 있었습니다.

4.    본인은 이 사건에서 제출된 본인의 이전 진술서를 2023 년 9 월 22 일경에 검토하고 서명하였으며, 그 진실되고 정확한 사본이 본 진술서에 A 호증으로 첨부되어 있습니다. ECF No. 4-2 *참조*. 본인은 2023 년 9 월 22 일 본인이 검토한 본인의 이전 진술서의 한글 번역본이 2023 년 9 월 29 일 제출되었음을 알고 있습니다. 진실되고 정확한 본인의 이전 진술서의 한글 번역본은 본 진술서에 B 호증으로 첨부되어 있습니다. ECF No. 11 의 16-21 행 *참조*.

5.    본 진술서에 달리 명시된 사항(본인의 현재 업무 주소지와 미래에셋사로부터의 퇴사일 포함)을 제외하고는, 법원에 제출된 본인의 이전 진술서에 포함된 진술 및 사실은 당시 모두 진실하고 정확하였으며, 그 사실과 진술은 현재에도 진실합니다.

1

DECLARATION OF HUIJUN YANG

본인은 미국 법에 따른 위증 처벌 하에 위의 내용이 진실하고 정확하다는 것을 진술합니다. 본 진술서는 2025 년 <u>11</u> 월 <u>10</u> 일 대한민국 서울에서 체결되었습니다.

[서명됨]  /s/ HUIJUN YANG

양희준(HUIJUN YANG)

2

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, or project manager specializing in translating Korean, Japanese, and Chinese to English and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from Korean to English or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document translated from English to Korean.

**DECLARATION OF HUIJUN YANG**

I also certify that this is a true, correct, and complete translation of the corresponding source text to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November 2025 in Contra Costa County of the State of California.


By:_____

Alex N. Jo
Member, ATA

# EXHIBIT B-4

# 3/10/21 Email re Operating Agreement

Message

CONFIDENTIAL

CONFIDENTIAL

MAS_000231116

CONFIDENTIAL

MAS_000231117

# EXHIBIT 2

# Letter of Request for International Judicial Assistance for Park

# English and Korean Version Combined

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>                    Defendants.<br>――――――――――――――――――――<br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>                    Counter-Claimants,<br><br>        vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>                    Counter-Defendant. | CASE NO. 2:23-cv-01492-APG-NJK |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
UNDER THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF
<u>EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters (the "Convention"), the U.S. District Court for

the District of Nevada (the "Court") has the honor to submit this Letter of Request to the

Appropriate Judicial Authority of the Republic of Korea to obtain evidence relating to the above-

referenced action pending before this Court. The Court requests the assistance described below.

-1-

**1) Sender:**

The Honorable Nancy J. Koppe
United States Magistrate Judge
United States District Court for the District of Nevada
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

**2) Central authority of the requested state:**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

**3) Person to whom the executed Letter of Request is to be returned:**

Daniel Prince
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
Telephone: +1-213-683-6000
danielprince@paulhastings.com

**4) Date by which the requesting authority requires receipt of the response to the Letter of Request:**

The requesting authority, the United States District Court for the District of Nevada,

requests that the receipt of the response to this Request be returned within the time frame that the

Appropriate Judicial Authority of the Republic of Korea has used to process such previous

requests.

**5) In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

**a. Requesting judicial authority (identity and address)**

The Honorable Nancy J. Koppe
United States Magistrate Judge
United States District Court for the District of Nevada
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

**b. To the competent authority of (the requested state)**

Republic of Korea

**c. Letter of Request to be served upon:**

Hyun-joo Park
c/o Dongdoo Choi
Barun Law
Barun Law Building,
7, Teheran-ro 92-gil, Gangnam-gu,
Seoul, 06181
Republic of Korea
dongdoo.choi@barunlaw.com
+82-2-3479-7888

**d. Names and addresses of the parties and their representatives:**

**Plaintiff and Plaintiff's Representatives**

Mirae Asset Securities Co., Ltd.
Mirae Asset Center 1 Bldg.
26, Eulji-Ro 5-Gil, Jung-Gu
Seoul, 04539
Republic of Korea

*Represented by:*

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
Telephone: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
Telephone: +1-702-786-1001

**Defendants and Defendants' Representatives**

Ryze Renewables Holdings, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

Ryze Renewables Nevada, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

*Represented by:*

DENNIS L. KENNEDY (NSB No. 1462)
DKennedy@BaileyKennedy.com
TAYLER D. BINGHAM (NSB No. 15870)
TBingham@BaileyKennedy.com
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
United States of America
Telephone: +1-702-562-8820

JOHN M. EDGAR (admitted *pro hac vice*)
jme@edgarlawfirm.com
JOHN F. EDGAR (admitted *pro hac vice*)
jfe@edgarlawfirm.com
MICHAEL R. OWENS (admitted *pro hac vice*)
mro@edgarlawfirm.com
ALEXANDER C. MELIN (admitted *pro hac vice*)
acm@edgarlawfirm.com
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
Telephone: +1-816-531-0033

JAMES C. SHAH *(admitted Pro Hac Vice)*
jcshah@millershah.com
BRUCE D. PARKE *(admitted Pro Hac Vice)*
bdparke@millershah.com
ANNA K. D'AGOSTINO *(admitted Pro Hac Vice)*
akdagostino@millershah.com
CHRISTOPHER A. MILLER *(admitted Pro Hac Vice)*
camiller@millershah.com
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: +1-866-540-5505

**6)  Nature and purpose of the proceedings and summary of the facts:**

This case involves Mirae Asset Securities Co., Ltd.'s suit for declaratory relief that it did not enter two contracts with Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC ("Ryze").  In its counterclaims, Ryze alleges that Mirae Asset breached the two contracts at

issue and abused judicial proceedings. Mirae Asset filed its amended complaint on October 13, 2023.  Ryze filed its answer and counterclaims on December 15, 2023.

Mirae Asset seeks a judicial declaration that it never entered into two purported agreements with Ryze which would purportedly commit Mirae Asset to more than US$250 million in loan obligations.

Ryze alleges that Mirae Asset's claim is barred based on several equitable defenses, and counterclaims that Mirae Asset has breached both contracts and abused the judicial process.

**7)  Evidence to be obtained or other judicial act to be performed:**

This Court requests the deposition testimony of Mr. Hyun-joo Park.  Mr. Park is a former employee of Mirae Asset.  His testimony is relevant due to his position at Mirae Asset.  Mr. Park's deposition is sought to preserve his testimony for the trial record.

Please find the list of questions to be put to Mr. Park in the list attached at Exhibit A.

**8)  Any requirements that the evidence be given under oath or affirmation and any special form to be used:**

This Court requests that the witness listed in Section 7 above be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?"

In the event that the witness cannot be placed under oath, it is requested that he answer questions in such a manner as provided by Korean law for taking evidence.

This Court respectfully requests examinations be recorded by stenographic and videographic means.

In the event that the evidence cannot be taken in the manner requested, the testimony is to be taken in such a manner as provided by Korean law.

**9)      Request for Notification of the Time and Place for the Execution of the Request**

The parties respectfully request notifying:

For Plaintiff:

Daniel Prince
danielprince@paulhastings.com
+1-213-683-6000

For Defendant:

Michael R. Owens
mro@edgarlawfirm.com
+1-816-531-0033

**10)      Specification of Privilege or Duty to Refuse to Give Evidence**

The witness may refuse to give evidence only insofar as they have a legal privilege or duty to refuse to give evidence under the laws of the United States of America or the laws of the Republic of Korea.

Any legal privilege to refuse to give evidence under U.S. law is contained in the U.S. Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable U.S. laws.

**11)      The fees and costs incurred which are reimbursable will be borne by:**

Fees and costs incurred which are reimbursable under the Convention will be borne by Plaintiff. Payment of such fees and costs by Plaintiff in accordance with this Letter of Request is without prejudice to Plaintiff making subsequent application to an appropriate court for reimbursement.

**12)      Reciprocity**

This Court is willing to provide similar assistance to the judicial authorities in the Republic of Korea, should they ever need such assistance in the United States.

**13)      Date of request and signature and seal of the requesting authority**

WITNESS my hand and seal of said Court in the District of Nevada, on this <u>23rd</u> day of <u>March</u>, 2026.

_____

The Honorable Nancy J. Koppe
United States Magistrate Judge

-8-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| 대한민국 회사,<br>미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.)<br><br>　　　　　원고,<br><br>　　vs.<br><br>네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br><br>　　　　　피고들. | 사건번호 2:23-cv-01492-APG-NJK |
| 네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC,<br><br>　　　　　반소원고,<br><br>　　vs.<br><br>대한민국 회사,<br>미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.),<br><br>　　　　　반소피고. | |

**1970 년 3 월 18 일자 민사 또는 상사에 있어서 해외에서의 증거조사에 관한**

**헤이그 협약에 따른 국제사법공조 촉탁서**

1970 년 3 월 18 일자 민사 또는 상사에 있어서 해외에서의 증거조사에 관한 헤이그

협약(이하 "협약") 제 3 조에 의거하여, 미국 네바다 연방지방법원(이하 "법원")은 본

법원에 계류 중인 상기 사건과 관련된 증거를 확보하기 위하여 대한민국의 관할

사법당국에 본 촉탁서를 제출하는 바입니다. 본 법원은 아래에 기재된 공조를 요청합니다.

**1) 발신인:**

The Honorable Nancy J. Koppe
미합중국 연방 치안 판사
미합중국 네바다 연방지방법원
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

**2) 피요청국의 중앙당국:**

대한민국 (우) 06590
서울 서초구 서초대로 219
법원행정처
수신: 국제심의관

**3) 집행 완료된 촉탁서의 반환 수령인:**

Daniel Prince
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000
danielprince@paulhastings.com

**4) 요청기관이 촉탁서에 대한 회신을 수령하여야 하는 기한:**

요청기관인 미합중국 네바다 연방지방법원은, 대한민국 관할 사법당국이 기존의 유사한 촉탁서를 처리하는 데 소요된 기간 내에 본 촉탁서에 대한 회신이 반환될 수 있도록 하여 줄 것을 요청합니다.

**5) 협약 제 3 조에 의거하여, 아래 서명한 신청인은 다음과 같은 요청을 제출하는 바입니다:**

      **a. 요청 사법당국 (명칭 및 주소)**

The Honorable Nancy J. Koppe
미합중국 연방 치안 판사
미합중국 네바다 연방지방법원
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
United States of America

      **b. (피요청국의) 관할 당국 수신**

대한민국
      **c. 촉탁서의 송달 대상자:**

대한민국 (우) 06181
서울특별시 강남구 테헤란로 92 길 7
법무법인(유한) 바른 빌딩
법무법인(유한) 바른
c/o 최동두
박현주
dongdoo.choi@barunlaw.com
+82-2-3479-7888

      **d. 당사자 및 대리인의 성명과 주소:**

<u>원고 및 원고 대리인</u>

대한민국 (우) 04539
서울특별시 중구 을지로 5 길 26
미래에셋센터원빌딩
미래에셋증권주식회사

*대리인:*

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
전화: +1-702-786-1001

## 피고들 및 피고들 대리인

Ryze Renewables Holdings, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

Ryze Renewables Nevada, LLC
c/o EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

*대리인:*

DENNIS L. KENNEDY (NSB No. 1462)
DKennedy@BaileyKennedy.com
TAYLER D. BINGHAM (NSB No. 15870)
TBingham@BaileyKennedy.com
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
United States of America
전화: +1-702-562-8820

JOHN M. EDGAR (admitted *pro hac vice*)
jme@edgarlawfirm.com
JOHN F. EDGAR (admitted *pro hac vice*)
jfe@edgarlawfirm.com
MICHAEL R. OWENS (admitted *pro hac vice*)
mro@edgarlawfirm.com
ALEXANDER C. MELIN (admitted *pro hac vice*)
acm@edgarlawfirm.com
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
United States of America
전화: +1-816-531-0033

JAMES C. SHAH *(admitted Pro Hac Vice)*
jcshah@millershah.com
BRUCE D. PARKE *(admitted Pro Hac Vice)*
bdparke@millershah.com
ANNA K. D'AGOSTINO *(admitted Pro Hac Vice)*
akdagostino@millershah.com
CHRISTOPHER A. MILLER *(admitted Pro Hac Vice)*
camiller@millershah.com
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
전화: +1-866-540-5505

**6)  소송의 성격, 목적 및 사실관계 요약:**

본 사건은 미래에셋증권주식회사가 Ryze Renewables Holdings, LLC Ryze

Renewables Holdings, LLC 및 Ryze Renewables Nevada, LLC Ryze Renewables Nevada, LLC

(이하 "Ryze")와 두 건의 계약을 체결한 사실이 없음을 확인하는 확인판결을 구하는 소송입니다. Ryze 는 반소에서 미래에셋증권주식회사가 쟁점이 되는 두 건의 계약을 위반하고 사법절차를 남용하였다고 주장하고 있습니다. 미래에셋증권주식회사는 2023 년 10 월 13 일에 수정소장을 제출하였고, Ryze 는 2023 년 12 월 15 일에 답변서 및 반소장을 제출하였습니다.

미래에셋증권주식회사는 Ryze 와의 두 건의 계약 체결 사실이 없다는 사법적 확인을 구하고 있으며, 해당 계약들은 미래에셋증권주식회사에게 2 억 5 천만 미국 달러 이상의 대출 채무를 부담하게 약정한 것으로 주장되고 있습니다.

Ryze 는 미래에셋증권주식회사의 청구가 여러 형평법상 방어에 의하여 차단된다고 주장하는 한편, 미래에셋증권주식회사가 두 건의 계약을 모두 위반하고 사법절차를 남용하였다고 반소하고 있습니다.

**7) 확보할 증거 또는 수행할 사법적 행위:**

본 법원은 박현주 씨의 증언녹취를 요청합니다. 박현주 씨는 미래에셋증권주식회사의 전직 직원입니다. 박현주 씨의 증언은 미래에셋증권주식회사에서의 그의 직위로 인해 관련성이 있습니다. 박현주 씨의 증언녹취는 재판 기록을 위하여 그의 증언을 보전하기 위해 요청되는 것입니다.

박현주 씨에게 제시할 질문 목록은 별첨 A 에 첨부되어 있습니다.

**8) 선서 또는 확약 하에 증거를 제출해야 하는 요건 및 사용할 특별한 양식:**

본 법원은 상기 제 7 항에 기재된 증인이 질문에 답변하기에 앞서 선서하도록 하여 줄 것을 요청합니다. 요청하는 선서의 양식은 다음과 같습니다: "귀하는 본 증언녹취

-6-

절차에서 진실을, 모든 진실을, 오로지 진실만을 증언할 것이라고 엄숙히

선서하시겠습니까?"

증인이 선서할 수 없는 경우, 대한민국 법률이 증거조사를 위해 규정하는 방식에

따라 질문에 답변할 것을 요청합니다.

본 법원은 속기 및 영상 녹화의 방식으로 신문이 기록될 것을 정중히 요청합니다.

증거를 요청한 방식으로 조사할 수 없는 경우, 대한민국 법률이 규정하는 방식에

따라 증언을 조사하여 주시기 바랍니다.

**9)    촉탁의 집행 일시 및 장소에 관한 통지 요청**

당사자들은 다음 각 수신인에게 통지하여 줄 것을 정중히 요청합니다:

원고 측:

Daniel Prince
danielprince@paulhastings.com
+1-213-683-6000

피고 측:

Michael R. Owens
mro@edgarlawfirm.com
+1-816-531-0033

**10)    증언 거부의 특권 또는 의무에 관한 명시**

증인은 미합중국 법률 또는 대한민국 법률에 따라 증언을 거부할 수 있는 법적 특권

또는 의무가 있는 경우에 한하여 증언을 거부할 수 있습니다.

미국 법률에 따른 증언 거부의 법적 특권은 미국 연방민사소송규칙, 연방증거법 및

기타 적용 가능한 미국 법률에 규정되어 있습니다.

**11)     상환 가능한 수수료 및 비용의 부담:**

협약에 따라 상환 가능한 수수료 및 비용은 원고가 부담합니다. 본 촉탁서에 따른 원고의 해당 수수료 및 비용 지급은, 원고가 추후 적절한 법원에 상환을 구하는 신청을 하는 데 영향을 미치지 않습니다.

**12)     상호주의**

본 법원은 대한민국 사법당국이 미합중국에서 이러한 공조를 필요로 하는 경우, 유사한 공조를 제공할 의사가 있습니다.

**13)     요청일자 및 요청기관의 서명과 관인**

오늘 2026 년 _____월 _____일 당일에 네바다 연방지방법원의 관인 날인과 함께 본인이 직접 서명합니다.

_____

The Honorable Nancy J. Koppe

미합중국 연방 치안 판사

Dated: March 23, 2026

-8-

일자: 2026 년 3 월 16 일                                    위와 같이 제출합니다,

서명자: _____

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
JOSEPH MONTOYA (admitted *pro hac vice*)
josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
United States of America
전화: +1-213-683-6000

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, Nevada 89101
United States of America
전화: +1-702-786-1001

원고 및 반소피고 미래에셋증권주식회사의 소송대리인

-9-

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, and/or project manager specializing in translating English to Korean, Japanese, and Chinese and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from English to Korean or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document from English to Korean.

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

I also certify that this is a true, correct, and complete translation of the corresponding source text, identified above, to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of March 2026 in Contra Costa County of the State of California.

By: _____
        Alex N. Jo
        Member, ATA

-10-

# EXHIBIT A

# Questions for Park

# English and Korean Version Combined

**EXHIBIT A**

**QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED (ARTICLE 3,f): MR. HYUN-JOO PARK**

**<u>Background</u>**

1. Please state your full name for the record.

2. Where do you currently work?

3. What is your title?

4. How long have you been in that position?

**<u>Experience at Mirae Asset</u>**

5. Are you familiar with a company called Mirae Asset Securities Co., Ltd., also known as Mirae Asset?

6. How are you familiar with Mirae Asset?

7. Are you familiar with the lawsuit pending between Mirae Asset and two companies, Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC, currently pending in United States District Court for the District of Nevada?

8. Did you submit any declarations in connection with that litigation?

*[HAND WITNESS COPY OF EXHIBIT B-1 (ECF No. 4-1) AND EXHIBIT B-2 (ECF No. 11 pp. 8-15)]*

9. Do you recognize Exhibit B-1?

10. What is Exhibit B-1?

11. Do you recognize Exhibit B-2?

12. What is Exhibit B-2?

13. Did you review this declaration before you signed it?

14. Did you review in Korean or English?

15. Are you able to read and understand the contents of documents in English?

16. As you sit here today, is the information in this declaration truthful and accurate?

*[HAND WITNESS COPY OF EXHIBIT B-3 (ECF No. 334)]*

17. Do you recognize Exhibit B-3?

18. What is Exhibit B-3?

19. Did you review this declaration before you signed it?

20. Did you review in Korean or English?

21. As you sit here today, is the information in this declaration, Exhibit B-3, truthful and accurate?

22. When did you begin working at Mirae Asset?

23. What was your position or role at Mirae Asset in April 2020?

    a. What group/team/division were you in?

    b. What kind of work did your group/team/division do?

24. What were your responsibilities in that role at Mirae Asset in 2020?

    a. Approximately how many employees did you supervise?

25. Did your responsibilities change between April 2020 and November 2021?

    a. If so, how did your responsibilities at Mirae Asset change between April 2020 and November 2021?

26. When did you stop working at Mirae Asset?

    a. Were you terminated?  Or, did you simply choose to pursue another professional opportunity?

**Knowledge Regarding Kyung Hyun Lee**

27.     Are you familiar with a man named Kyung Hyun Lee?

28.     How are you familiar with Kyung Hyun Lee?

29.     What was your relationship with Kyung Hyun Lee?

30.     Were you his supervisor throughout 2020 and 2021?

31.     Do you know what titles Kyung Hyun Lee held at Mirae Asset when you supervised him?  What were they?

    a.   Mr. Lee was a team leader?  Do you recall how many Mirae Asset employees had the same title in 2020-21?

32.     What were Kyung Hyun Lee's responsibilities at Mirae Asset in 2020 and 2021?

    a.   Did Mr. Lee supervise people?  Approximately how many?

33.     To the best of your knowledge, was Mr. Lee ever a member of the board of directors of Mirae Asset?

    a.   Or, did he hold the title of president, vice-president, senior executive director, executive director, or any other title suggesting that he had the sole authority to bind the company to a loan agreement?

34.     Are you familiar with Kyung Hyun Lee's signature?

    a.   Have you seen him sign any documents?

    b.   If so, when?  And what documents?

**Knowledge Regarding Ryze Renewables**

35.     Are you familiar with Ryze Renewables Holdings LLC?

36.     How did you first hear about Ryze Renewables Holdings LLC?

37.     Are you familiar with Ryze Renewables Nevada LLC?

38.     How did you first hear about Ryze Renewables Nevada LLC?

39.     Was Mirae Asset seeking to conduct due diligence in connection with a potential transaction involving Ryze Renewables Holding LLC and/or Ryze Renewables Nevada, LLC (collectively, "Ryze")?

    a. Was Kyung Hyun Lee involved in due diligence for the potential Ryze deal?

    b. Was it customary for Kyun Hyun Lee to be involved in due diligence on potential transactions?

    c. Approximately how many transactions did Mirae Asset diligence each year?

40.     Did you personally have any communications with Ryze?

41.     Who, if anyone, at Mirae Asset do you know was the primary point of contact with Ryze?

**<u>Knowledge Regarding the Proposed Ryze Transaction</u>**

42.     Were you aware of the negotiations between Ryze and Mirae Asset in 2020 regarding a potential loan transaction?

43.     What, if anything, do you recall about the terms discussed in that proposed transaction between Mirae Asset and Ryze?

44.     Did you sign a non-binding Offering Memorandum between Ryze and Mirae Asset?

45.     What was the purpose of the non-binding Offering Memorandum?

46.     Did Kyung Hyun Lee have authority to sign the non-binding Offering Memorandum?

    a. If so, under what authority could he sign it? If not, why not?

47.     Did Mirae Asset have internal policies and procedures for approving loan transactions?

    a. What were the relevant internal policies and procedures in 2020-21?

    b. Should Kyung Hyun Lee have been aware of those internal polices and procedures? If so, how can you be sure?

      c.  Did you review those policies and procedures with Mr. Lee at any time?

48.     Was Kyung Hyun Lee authorized to execute large loan agreements on behalf of Mirae Asset?

      a.  Did Kyung Hyun Lee have the authority to commit Mirae Asset to any loan transaction, regardless of the size?

      b.  Did Kyung Hyun Lee know that he lacked authority to execute a loan agreement on behalf of Mirae Asset?  How do you know that?

49.     Did anyone senior to Kyung Hyun Lee ever evaluate any transaction with Ryze?

      a.  If so, what were the circumstances?

50. Was Kyung Hyun Lee still employed at Mirae Asset when you left Mirae Asset?

51.     If Mirae Asset ever reviewed a transaction with Ryze under its internal policies and procedures, which department or departments conducted that review?

52.     What is the Assessment Team?

      a.  What is its role?

      b.  Were you a member?

      c.  Do you know if the Assessment Team considered the Ryze deal?

      d.  What information was provided to the Assessment Team?  And by whom?

      e.  What, if anything, did the Assessment Team conclude about a transaction with Ryze?

53.     How did you learn what the Assessment Team at Mirae Asset concluded about a transaction with Ryze?

54.     When did you learn what the Assessment Team at Mirae Asset concluded about a transaction with Ryze?

55.     Do you know if Kyung Hyun Lee was informed of the Assessment Team's conclusions regarding a deal with Ryze?

    a.   Did you speak with Mr. Lee regarding the Assessment Team's conclusions?

    b.   Did you form any conclusions about the Ryze deal? What were they? Did you discuss them with Mr. Lee?

56.     How was Kyung Hyun Lee informed of the Assessment Team's conclusions?

57.     Following the Assessment Team's conclusion, what did you understand the status of a potential transaction between Mirae Asset and Ryze to be?

58.     Do you know if this status of the Assessment Team's conclusion regarding the Ryze transaction were communicated to Kyung Hyun Lee?

59.     How was Kyung Hyun Lee informed of the status of the transaction with Ryze?

60.     What is the Investment Committee?

61.     What is the Investment Assessment Committee?

62.     Did the Investment Committee at Mirae Asset meet to consider a potential transaction with Ryze?

63.     Did the Investment Assessment Committee at Mirae Asset meet to consider a potential transaction with Ryze?

64.     Was any convertible loan agreement ever entered into between Mirae Asset and Ryze?

65.     If Mirae Asset were to approve a loan agreement as lender, whose approval would have been required?

66.     To your knowledge, did Mirae Asset ever authorize any convertible loan agreement with Ryze as borrower?

67.     Did Kyung Hyun Lee have the authority to execute a convertible loan agreement on behalf of Mirae Asset without internal approval?

68.     Were you ever contacted by anyone at Ryze inquiring whether a convertible loan agreement had been approved by Mirae Asset?

69.    Are you aware of anyone else at Mirae Asset being contacted by anyone at Ryze inquiring whether a convertible loan agreement had been approved by Mirae Asset? If so, who?

70.    Were you ever contacted by anyone at Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a convertible loan agreement with Ryze on behalf of Mirae Asset?

71.    Are you aware of anyone else at Mirae Asset being contacted by Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a convertible loan agreement with Ryze on behalf of Mirae Asset? If so, who?

**Knowledge Regarding Sunghee Han**

72.    Do you know who Sunghee Han is?

73.    How do you know who Sunghee Han is?

74.    Was Sunghee Han an employee of Mirae Asset?

75.    Did Mirae Asset give Sunghee Han authority to negotiate agreements on behalf of the company?

76.    Did you give Kyung Hyun Lee permission to allow Sunghee Han to negotiate agreements on behalf of Mirae Asset?

    a.    Do you know if anyone else at Mirae Asset gave Kyung Hyun Lee permission to allow Sunghee Han to negotiate agreements on behalf of Mirae Asset? Did Kyung Hyun Lee ever delegate that authority to Han?

**Law Firms**

77.    Have you heard of the law firm Snell & Wilmer?  In what capacity?

    a.    What about the law firms Kutak Rock?  Holland & Knight?

    b.    Did Kyung Hyun Lee have authority to retain law firms related to the potential Ryze transaction on behalf of Mirae Asset?

    c.    Did Mr. Lee have the authority to sign a law firm retention letter on behalf of Mirae Asset?

d. What approvals would be required for Mr. Lee to retain a law firm?

e. If Mr. Lee had authority to execute agreements on behalf of Mirae Asset, what was the scope of his authority, if any?

f. Do you know if Mr. Lee received approval from the Mirae Asset legal department to retain any law firms related to the potential Ryze transaction?

78. Did Kyunghyun Lee talk to you about pursuing litigation against Ryze in the United States?

a. Did Mr. Lee have authority to decide on his own to pursue litigation in the United States on behalf of Mirae Asset?

b. Which department, if any, at Mirae Asset could have authorized Kyung Hyun Lee to pursue and conduct litigation in the United States on behalf of Mirae Asset?

c. Do you know if Mr. Lee received authorization from the Mirae Asset legal department to file any lawsuit against Ryze in the United States?

d. Do you know if Mr. Lee received authorization from the Mirae Asset legal department to resolve any lawsuit involving Ryze in the United States?

79. Did Sunghee Han have authority to pursue litigation in the United States on behalf of Mirae Asset? If so, do you know the scope of that authority?

**Authority to Execute Loan Agreements**

80. To your knowledge, did Mirae Asset authorize the execution of a convertible loan agreement involving Mirae Asset and Ryze in November 2021?

81. Did you have any discussions with Kyung Hyun Lee about a November 2021 convertible loan agreement involving Ryze?

82. Did Kyung Hyun Lee have the authority to execute a November 2021 convertible loan agreement involving Ryze?

83. Did Kyung Hyun Lee know that he lacked the authority to execute a November 2021 convertible loan agreement involving Ryze?

a. What is the basis for that understanding?

84.     Did Kyung Hyun Lee have authority, on behalf of Mirae Asset, to execute an agreement to which Ryze was a party and that would impose obligations on Mirae Asset in November 2021?

85.     Were you ever contacted by anyone at Ryze inquiring whether a November 2021 convertible loan agreement had been approved by Mirae Asset?

86.     Are you aware of anyone else at Mirae Asset being contacted by anyone at Ryze inquiring whether a November 2021 convertible loan agreement had been approved by Mirae Asset? If so, who?

87.     Were you ever contacted by anyone at Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a November 2021 convertible loan agreement involving Ryze?

88.     Are you aware of anyone else at Mirae Asset being contacted by Ryze inquiring whether Kyung Hyun Lee had the authority to enter into a November 2021 convertible loan agreement involving Ryze on behalf of Mirae Asset?

**Travel Approvals for Kyung Hyun Lee**

*[HAND WITNESS COPY OF EXHIBIT B-4 ((MAS_000066962)]*

89.     Do you recognize Exhibit B-4?

90.     What is Exhibit B-4?

91.     How do you recognize Exhibit B-4?

92.     Did you approve an overseas business trip for Kyung Hyun Lee in January 2021?

93.     If so, why did you approve Kyung Hyun Lee's overseas business trip in January 2021?

*[HAND WITNESS COPY OF EXHIBIT B-5 ((MAS_000066959)]*

94.     Do you recognize Exhibit B-5?

95.     What is Exhibit B-5?

96.     How do you recognize Exhibit B-5?

97.     Did you approve an overseas business trip for Kyung Hyun Lee in March 2021?

98.     If so, why did you approve Kyung Hyun Lee's overseas business trip in March 2021?

**Knowledge Regarding LV Renewables**

99.     Are you familiar with a company called LV Renewables A, LLC?

100.    How did you first learn about LV Renewables A, LLC?

101.    Does LV Renewables A, LLC have any relationship with Mirae Asset?

102.    Are you familiar with a company called LV Renewables B, LLC?

103.    How did you first learn about LV Renewables B, LLC?

104.    Does LV Renewables B, LLC have any relationship with Mirae Asset while you were employed at Mirae Asset?

**Concluding Questions**

105.    Did Kyung Hyun Lee know that the Assessment Team had declined to move forward with a deal with Ryze in March 2021?  How?

106.    In 2021, were you aware of any convertible loan agreements between Ryze and Mirae Asset?

107.    In 2021, were you aware of any legal action between Ryze and Mirae Asset?

108.    Did Kyung Hyun Lee have authorization from Mirae Asset to engage counsel on behalf of Mirae Asset?  To initiate a lawsuit on behalf of Mirae Asset against a third party?

109.    Did Kyung Hyun Lee have authorization from Mirae Asset to enter into any convertible loan transaction or any similar agreement with Ryze on behalf of Mirae Asset?

**증거물 A**

신문 대상자에게 제시될 질문들 (제 3 조 f 항)
 박현주님

<u>백그라운드</u>

1.    기록을 위해 성명을 말씀해 주시겠습니까?

2.    현재 어느 회사에서 일하시나요?

3.    직함은요?

4.    그 직위에서 일하신 지 얼마나 오래 되었습니까?

<u>미래에셋에서의 경력</u>

5.    미래에셋증권주식회사, 즉 미래에셋이라고도 하는 회사를 아시나요?

6.    미래에셋은 어떤 경위로 아시나요?

7.    현재 미국 네바다 연방지방법원에 계류 중인, 미래에셋과 두 회사 Ryze Renewables Holdings LLC 및 Ryze Renewables Nevada LLC 사이의 소송을 알고 계십니까?

8.    그 소송과 관련하여 진술서를 제출하신 적이 있습니까?

*[증인에게 증거물 B-1(ECF No. 4-1) 및 증거물 B-2(ECF No. 11, 페이지 8~15) 사본을 건네 주십시오]*

9.    증거물 B-1 을 보신 적이 있는 문서입니까?

10.    증거물 B-1 은 무엇입니까?

11.    증거물 B-2 를 보신 적이 있는 문서입니까?

12.    증거물 B-2 는 무엇입니까?

13.    이 진술서에 서명하시기 전에 그 내용을 검토하셨습니까?

14.    그 검토는 한국어로 하였습니까, 아니면 영어로 하였습니까?

15.    영어로 문서의 내용을 읽고 이해할 수 있습니까?

16.    오늘 이 자리에서, 이 진술서의 내용은 진실하고 정확합니까?

*[증인에게 증거물 B-3(ECF No. 334) 사본을 건네 주십시오]*

17.    증거물 B-3 을 보신 적이 있는 문서입니까?

18.    증거물 B-3 은 무엇입니까?

19.    이 진술서에 서명하시기 전에 그 내용을 검토하였습니까?

20.    그 검토는 한국어로 하였습니까, 아니면 영어로 하였습니까?

21.    오늘 이 자리에서, 증거물 B-3 진술서의 내용은 진실하고 정확합니까?

22.    미래에셋에서 일하기 시작한 시점이 언제부터이셨죠?

23.    2020 년 4 월 그 당시에는 미래에셋에서 어떤 직위나 역할을 맡으셨나요?

    a. 당시 소속은 어느 부서/팀/사업부였죠?

    b. 당시 그 소속 부서/팀/사업부는 어떤 종류의 일을 했죠?

24.    2020 년 당시 미래에셋에서의 그 역할에서 어떤 담당업무들을 맡으셨죠?

    a. 휘하 직원 수는 대략 몇명이셨죠?

25.    2020 년 4 월부터 2021 년 11 월 사이에 맡으신 담당업무가 변경되었습니까?

    a. 만약 그렇다면, 2020 년 4 월부터 2021 년 11 월 사이에 미래에셋에서 맡으신 담당업무가 어떻게 변경되었습니까?

26.     미래에셋에서 더 이상 일하지 않게 된 게 언제부터 였습니까?

    a. 해고된건가요? 아니면 단순히 다른 직업적 기회를 추구하기 위한 선택을 하셨던건가요?

## 이경현에 대해 아는 내용

27.    이경현이라는 분을 아십니까?

28.    이경현이 누구인지를 어떤 경위로 아시나요?

29.    이경현과는 어떤 관계이셨죠?

30.    2020 년과 2021 년 내내 그 분의 상사이셨습니까?

31.    이경현의 상사이셨을 당시 그분이 미래에셋에서 어떤 직함을 역임했는지 아시나요? 어떠한 직함들이었죠?

a. 이경현님은 팀장이었습니까? 2020~2021 년 당시 미래에셋에서 동일한 직함을 가진 직원이 몇 명이나 있었는지 기억나십니까?

32. 2020 년과 2021 년 동안 미래에셋에서 이경현의 담당 업무는 무엇이었죠?

a. 이경현님은 휘하에 부하 직원들이 있었습니까? 대략 몇 명이었습니까?

33. 아시는 한, 이경현이 미래에셋의 이사회 구성원이었던 적이 있습니까?

a. 또는, 이경현이 대표이사, 부사장, 전무이사, 상무이사, 혹은 회사를 대출 계약에 구속시킬 단독 권한이 있음을 시사하는 다른 어떠한 직함을 보유한 사실이 있습니까?

34. 이경현의 서명에 익숙하십니까?

a. 이경현이 문서에 서명하는 걸 본 적이 있습니까?

b. 있다면, 언제였나요? 그리고 무슨 문서였죠?

## Ryze Renewables 에 대해 아는 내용

35. Ryze Renewables Holdings LLC 라는 회사를 아십니까?

36. Ryze Renewables Holdings LLC 에 대해 제일 처음 어떤 경위로 들어보게 되셨죠?

37. Ryze Renewables Nevada LLC 라는 회사를 아십니까?

38. Ryze Renewables Nevada LLC 에 대해 제일 처음 어떤 경위로 들어보게 되셨죠?

39. 미래에셋은 Ryze Renewables Holdings LLC 및 Ryze Renewables Nevada LLC (총칭하여 "Ryze")가 관여되는 잠재적 거래와 관련하여 실사를 진행하려고 했습니까?

a. Ryze 를 상대로 하는 잠재적 거래에 대한 실사에 이경현이 관여하였습니까?

b. 그러한 잠재적 거래에 대한 실사에 이경현이 관여하는 것이 이경현의 일반적인 업무 일환이었습니까?

c. 미래에셋은 년간 대략 몇 건 정도의 잠재적 거래에 대해 실사를 진행하죠?

40. Ryze 와 직접 커뮤니케이션을 하셨던 적이 있었습니까?

41. 미래에셋과 Ryze 사이의 주된 소통 창구는 누구였습니까?

## 제안된 **Ryze** 거래에 대해 아는 내용

42. 2020 년에 Ryze 와 미래에셋 사이에 있었던 어떤 잠재적 대출 거래에 대한 협상을 당시에 인지하고 계셨습니까?

43. 미래에셋과 Ryze 사이에서 논의된 거래의 조건에 대해 기억나는 부분이 있습니까? 있다면 무엇인가요?

44. Ryze 와 미래에셋 사이의 구속력 없는 제안서(Offering Memorandum)에 서명하신 적이 있습니까?

45. 그 구속력 없는 제안서의 목적은 무엇이었습니까?

46. 이경현에게 그 구속력 없는 제안서에 서명할 권한이 있었습니까?

    a. (있었다면) 어떠한 권한으로 서명할 수 있었나요? (없었다면) 왜 없었죠?

47. 미래에셋에는 대출 거래 승인을 위한 내부 규정 및 절차가 있었습니까?

    a. 2020~2021 년 당시 관련한 내부 규정이 무엇이었죠?

    b. 이경현은 그러한 내부 규정을 인지하고 있었어야 했나요? (그렇다면) 그러한 사실을 어떻게 확신하십니까?

    c. 어느 시점이든, 이경현과 그 규정 및 절차를 검토한 적이 있었습니까?

48. 이경현은 미래에셋을 대신하여 대규모 대출 계약 건들을 체결할 권한을 부여 받았습니까?

    a. 미래에셋을 대신하여 어떠한 규모의 대출 건에도 이경현이 약정할 권한이 있었습니까?

    b. 이경현이 미래에셋을 대신하여 대출 계약을 체결할 권한이 자신에게 없다는 것을 알고 있었습니까? 증인께서 그렇게 생각하시는 근거는 무엇입니까?

49. 이경현의 상급자인 누군가가 Ryze 와의 어떠한 거래라도 검토한 적 있었습니까?

    a. 있었다면, 어떤 상황에서였죠?

50. 미래에셋을 떠나셨던 당시에, 이경현은 여전히 미래에셋에 재직 중이었습니까?

51. 미래에셋이 내부 규정에 따라 Ryze 와의 거래를 검토한 적이 있었다면, 어떠한 부서가 검토를 하였나요?

52. 심사팀(Assessment Team)이 무엇이죠?

    a. 그 역할은 무엇입니까?

    b. 그 팀에 소속되어 있으셨습니까?

    c. 심사팀이 Ryze 와의 거래를 검토했는지 아십니까?

    d. 심사팀에는 어떤 정보가 제공되었습니까? 그리고 누가 제공했죠?

    e. 심사팀이 Ryze 와의 거래에 대해 결론을 내렸다면, 그게 뭐였습니까?

53. 미래에셋의 심사팀이 Ryze 와의 거래에 대해 내린 결론을 어떻게 아시게 되었죠?

54. 미래에셋의 심사팀이 Ryze 와의 거래에 대해 내린 결론을 언제 아시게 되었죠?

55. 이경현이 Ryze 와의 거래에 관한 심사팀의 결론을 전달받았는지 아십니까?

    a. 심사팀의 결론에 관해 이경현님과 대화하셨습니까?

    b. Ryze 와 논의된 거래에 대해 어떤 판단을 직접 내리신 적이 있으셨습니까? 뭐였죠? 그걸 이경현님과 논의하신 적이 있었습니까?

56. 이경현은 심사팀의 결론을 어떤 방식으로 전달받았습니까?

57. 심사팀의 결론이 나오고나서, 미래에셋과 Ryze 사이에 논의된 잠재적 거래가 어떤 상태라고 이해하셨습니까?

58. 그 거래의 상태에 대한 심사팀의 결론이 이경현에게 커뮤니케이션 되었는지 아십니까?

59. 이경현은 Ryze 와의 거래 상태를 어떤 방식으로 전달받았습니까?

60. 투자위원회(Investment Committee)란 무엇입니까?

61. 투자심사위원회(Investment Assessment Committee) 란 무엇입니까?

62. 미래에셋 투자위원회가 Ryze 와의 잠재적 거래를 검토하기 위해 소집되어 상의한 적 있었습니까?

63. 미래에셋의 투자심사위원회가 Ryze 와의 잠재적 거래를 검토하기 위해 소집되어 상의한 적 있었습니까?

64. 미래에셋과 Ryze 사이에 대출 약정이 체결된 적 있습니까?

65. 미래에셋이 대주로서 대출계약을 승인한다면 누구의 승인이 필요하였나요?

66. 아시는 바에 따르면, 미래에셋이 Ryze 를 차주로 하는 전환 대출 계약을 승인한 적이 한 번이라도 있었습니까?

67. 이경현은 미래에셋을 대신하여 전환 대출 계약을 내부 승인없이 스스로 체결할 권한이 있었습니까?

68. 미래에셋이 전환 대출 계약을 승인하였는지 묻는 연락을 Ryze 측으로부터 직접 받으신 적이 있습니까?

69. 미래에셋이 전환 대출 계약을 승인하였는지 묻는 연락을 Ryze 측으로부터 미래에셋의 다른 직원이 받았는지 아십니까? 아신다면, 그 직원이 누구인가요?

70. 이경현이 미래에셋을 대신하여 전환 대출 계약을 체결할 권한이 있는지 문의하는 연락을 Ryze 측으로보터 직접 받으신 적이 있습니까?

71. 이경현이 미래에셋을 대신하여 전환 대출 계약을 체결할 권한이 있는지 문의하는 연락을 Ryze 측으로부터 미래에셋의 다른 직원이 받았는지 아십니까? 아신다면, 그 직원이 누구인가요?

## 한성희에 대해 아는 내용

72. 한성희가 누구인지 아십니까?

73. 한성희가 누구인지를 어떤 경위로 아시나요?

74. 한성희는 미래에셋의 직원이었습니까?

75. 미래에셋은 한성희에게 회사를 대신하여 계약 건들에 대한 협상 권한을 여한 적이 있었습니까?

76. 미래에셋을 대신하여 계약 건들을 한성희가 협상하도록 한성희에게 허락해줄 권한을 증인께서 이경현에게 부여하신 적이 있었습니까?

    a. 미래에셋을 대신하여 계약 건들을 한성희가 협상하도록 미래에셋 내의 다른 누군가가 이경현에게 부여한 적 있습니까? 이경현이 그 권한을 한성희한테 위임한 적 있습니까?

## 로펌 관련

77. Snell & Wilmer 라는 로펌에 대해 들어본 적이 있었습니까? 어떤 역할을 하시면서 아시게 됐죠?

    a. Kutak Rock 이나 Holland & Knigh 라는 로펌에 대해서는 아십니까?

      b.  이경현이 Ryze 와의 잠재적 거래와 관련하여 미래에셋을 대신하여 로펌을 선임할 권한이 있었습니까?

      c.  이경현이 미래에셋을 대신하여 로펌 수임계약서(retention letter)을 서명할 권한이 있었습니까?

      d.  이경현이 로펌을 선임하기 위해서는 어떤 승인들이 필요하였습니까?

      e.  이경현이 미래에셋을 대신하여 계약을 체결할 권한이 있었다면, 그 권한 범위는 뭐였죠?

      f.  Ryze 와 논의된 잠재적 거래와 관련하여 이경현이 로펌을 선임하는 것에 대해 이경현이 미래에셋 법무팀으로부터 승인을 받았는지 아십니까?

78.  이경현님이 미국에서 Ryze 를 상대로 소송을 추진하는 데에 대해 증인과 논의한 적이 있었습니까?

      a.  이경현에게 미래에셋을 대신하여 미국에서 소송을 스스로 결정하여 추진할 권한이 있었나요?

      b.  이경현이 미래에셋을 대신하여 미국에서 소송을 추진하고 진행할 권한을 미래에셋의 어떠한 부서가 부여할 수 있었나요?

      c.  이경현님이 미국에서 Ryze 를 상대로 소송을 추진하기 위해 미래에셋 법무팀의 승인을 받았는지 아십니까?

      d.  이경현님이 미국에서 Ryze 와 관련된 소송을 해결하기 위해 미래에셋 법무팀의 승인을 받았는지 아십니까?

79.  한성희가 미래에셋을 대신하여 미국에서 소송을 추진할 권한이 있었나요? 있었다면, 그 권한의 범위를 아십니까?

## 대출 계약 체결 권한 관련

80.  아시는 바에 따르면, 2021 년 11 월에 미래에셋과 Ryze 가 당사자인 전환 대출 계약의 체결을 미래에셋이 승인한 적이 있었습니까?

81.  Ryze 가 관여된 2021 년 11 월 전환 대출 계약에 대해 이경현과 논의한 적이 있었습니까?

82.  이경현에게 Ryze 가 당사자인 2021 년 11 월 전환 대출 계약을 체결할 권한이 있었습니까?

83. 이경현은 자신에게 Ryze 가 관여된 2021 년 11 월 전환 대출 계약을 체결할 권한이 없다는 것을 알고 있었습니까?

    a. 증인께서 그렇게 알고 계시는 근거는 무엇인가요?

84. 2021 년 11 월에 이경현에게 Ryze 가 당사자이며 미래에셋을 대신하여 미래에셋이 의무를 부담하는 약정을 체결할 권한이 있었습니까?

85. 2021 년 11 월 전환 대출 계약이 미래에셋에 의해 승인되었는지 여부를 문의하는 연락을 Ryze 측으로부터 직접 받으신 적이 있었습니까?

86. 2021 년 11 월 전환 대출 계약이 미래에셋에 의해 승인되었는지 여부를 문의하는 연락을 Ryze 측으로부터 받은 미래에셋의 다른 직원이 있습니까? 있다면, 그 직원을 지목하실 수 있습니까?

87. 이경현이 2021 년 11 월 Ryze 가 관여된 2021 년 11 월 전환 대출 계약을 체결할 권한이 있는지 여부를 문의하는 연락을 Ryze 측으로부터 직접 받으신 적이 있습니까?

88. 이경현이 미래에셋을 대신하여 Ryze 가 당사자인 2021 년 11 월 전환 대출 계약을 체결할 권한이 있었는지 여부를 문의하는 연락을 Ryze 측으로부터 받은 미래에셋의 다른 직원을 지목하실 수 있습니까?

## 이경현의 해외 출장 승인 관련

*[증인에게 증거물 B-4(MAS_000066962) 사본을 건네 주십시오]*

89. 증거물 B-4 을 보신 적이 있는 문서입니까?

90. 증거물 B-4 는 무엇입니까?

91. 증거물 B-4 는 알아보신다고 하셨는데 그 근거는 무엇인지요?

92. 2021 년 1 월에 이경현의 해외 출장을 승인하였습니까?

93. 그렇다면, 2021 년 1 월에 이경현의 이러한 해외출장을 승인한 이유는 무엇입니까?

*[증인에게 증거물 B-5(MAS_000066959) 사본을 건네 주십시오]*

94. 증거물 B-5 를 보신 적이 있습니까?

95. 증거물 B-5 는 무엇입니까?

96. 증거물 B-5 를 알아보신다고 하셨는데 그 근거는 무엇인지요?

97. 2021 년 3 월에 이경현의 해외출장을 승인하였습니까?

98.　2021 년 3 월에 이경현의 이러한 해외출장을 승인한 이유는 무엇입니까?

**LV Renewables 관련 인지 여부**

99.　LV Renewables A, LLC 라는 회사를 아십니까?

100.　LV Renewables A, LLC 에 대해 제일 처음 어떻게 아시게 되었습니까?

101.　LV Renewables A, LLC 는 증인이 미래에셋에 재직할 당시 미래에셋과 어떤 관계라도 있었습니까?

102.　LV Renewables B, LLC 라는 회사에 대해 알고 있습니까?

103.　LV Renewables B, LLC 에 대해 제일 처음 어떻게 아시게 되었습니까?

104.　LV Renewables B, LLC 는 증인이 미래에셋에 재직할 당시 미래에셋과 어떤 관계라도 있었습니까?

**마무리 질문**

105.　이경현은 2021 년 3 월 심사팀이 Ryze 와의 딜 추진을 거부했다는 것을 알고 있었던건가요? 이경현이 그걸 어떻게 알게 된거죠?

106.　2021 년에 Ryze 와 미래에셋 사이의 전환 대출 계약의 존재를 알고 계셨던가요?

107.　2021 년에 Ryze 와 미래에셋 사이의 소송이나 법적 절차의 존재를 알고 계셨던가요?

108.　이경현에게 미래에셋을 대신하여 변호사를 선임할 권한이 미래에셋으로부터 부여되어 있었습니까? 이경현에게 미래에셋을 대신하여 (제 3 자에게) 소송을 제기할 권한이 부여되어 있었습니까?

109.　이경현에게 Ryze 와 전환 대출 거래 또는 어떠한 유사한 약정이라도 미래에셋을 대신하여 체결할 수 있는 권한이 부여되어 있었습니까?

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, and/or project manager specializing in translating English to Korean, Japanese, and Chinese and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from English to Korean or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document from English to Korean.

**QUESTIONS TO BE PUT TO THE PERSON TO BE EXAMINED (ARTICLE 3, f)**

I also certify that this is a true, correct, and complete translation of the corresponding source text, identified above, to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of March 2026 in Contra Costa County of the State of California.

By: _____

　　　 Alex N. Jo
　　　 Member, ATA

# EXHIBIT B-1

# 9/22/23 Declaration of Hyun-Joo Park

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No.5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.
*will comply with LR IA 11-2 within 14
days

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | Case Number:<br><br>*Declaration of Hyun-Joo Park* |

**DECLARATION OF HYUN-JOO PARK**

I, Hyun-Joo Park, declare as follows:

1.      I am the Head of the Investment Team (Department) and Asset Division Leader at Mirae Asset Securities Co., Ltd. ("Mirae Asset").  I submit this declaration in support of Mirae Asset's Motion for Preliminary Injunction.  Unless otherwise noted herein, all of the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties.  If called as a witness in this matter, I could and would competently testify to the matters set forth in this declaration.  I have reviewed a Korean translation of this declaration that was prepared with the assistance of counsel, Paul Hastings LLP.

2.      My current business address is Mirae Asset Center 1 Bldg., 26, Eulji-Ro 5-Gil, Jung-Gu, Seoul, Republic of Korea 04539.

3.      Mirae Asset is headquartered in Seoul, Republic of Korea and engages in the provision of comprehensive asset management and brokerage services.  It provides wealth management, investment banking, and securities trading services.

4.      I have been employed at Mirae Asset since 1995, and have held several positions with the company.  As the Head of the Investment Team and Asset Division Leader, I am familiar with the company's structure and processes with respect to reviewing potential investment opportunities that may be brought to the company's attention by junior to mid-level employees, such as Kyung Hyun Lee ("Lee").

5.      Lee has been a member of several teams at Mirae Asset, including the Structured Finance Team 2, the Real Estate Finance Team 1, and the Investment Development Teams 1 and 2.  I supervised Lee from about 2019 through November 2021, when he was the Team Leader on one of the Investment Development Teams that sits in the Corporate Finance Department.  In the second half of 2021, Mirae Asset reorganized its corporate structure and Lee also became a Director, but that does not mean that Lee

1

DECLARATION OF HYUN-JOO PARK

served on the Board of Directors of Mirae Asset.  He did not.  Nor was he ever an officer of Mirae Asset.

6.      There are approximately 42 Team Leaders in the Corporate Finance Department and nearly 194 employees carry the same title across the organization.  As a Team Leader and Director, Lee was a junior to mid-level employee, who reported up to a Division Leader and Managing Director, who then reported up to various levels of senior management, including Executive Managing Director, Executive Vice President, President, Vice Chair, and ultimately to the Chair of Mirae Asset.

7.      Lee did not have the authority to enter into a loan transaction on behalf of Mirae Asset, and he was aware that he did not have such authority given his tenure with the company and familiarity with our internal processes for approving loan transactions. Lee's duties instead included researching potential investment opportunities, having preliminary discussions to explore the terms or structure of those opportunities and how they might generate revenue for the firm, and bringing those deals to more senior professionals for review and to obtain the requisite approvals in accordance with Mirae Asset's internal policies and procedures.

8.      Based on my experience and knowledge of our business and the industry, preliminary discussions for deals are often done by lower to mid-level professionals where neither negotiator has nor reasonably expects the other to have authority to bind their principals without further review, diligence, and the requisite approvals on behalf of the company itself.  In fact, in 2020, I was aware that Lee was engaging in preliminary discussions with Ryze Renewables Holdings LLC and/or Ryze Renewables Nevada LLC (collectively, "Ryze") relating to the potential financing of the construction of a renewable diesel facility in Las Vegas, Nevada.

9.      As part of the preliminary exploration of a potential transaction, it would be customary for us to open non-binding discussions with the counter-party.  We did so with Ryze.  On April 29, 2020, I signed on behalf of Mirae Asset a non-binding Offering

2

DECLARATION OF HYUN-JOO PARK

Memorandum regarding the potential financing of a transaction with Ryze.  The Offering Memorandum reflected Mirae Asset's initial expression of interest setting forth the framework for negotiations, and outlined some of the key terms and conditions of a potential deal.  The Offering Memorandum was expressly intended to act only as a roadmap for the parties' further negotiations, stating that "[The Offering Memorandum] does not purport to include detailed legal conditions … [and] is intended to serve only as a basis for discussion of terms that would apply to the prospective transaction," and that "this Offering Memorandum is not legally binding and does not create an offer capable of acceptance to undertake the Transaction or enter into legal binding agreements."

10.     As Team Leader, Lee was not authorized to sign the Offering Memorandum.  Instead, I executed the Offering Memorandum in my capacity as a Managing Director of Mirae Asset.  Before I signed the Offering Memorandum, it went through Mirae Asset's proper channels of internal review and approval, including an initial feasibility check by the Investment Team and a review of the soundness of the deal and its potential risks by the Assessment Team.  Attached hereto as Exhibit A is a true and correct copy of the April 29, 2020 Offering Memorandum.

11.     The potential Ryze deal never received approval by the Assessment Team.  It was dropped early into the company's process, which also requires (assuming the Assessment Team approves the deal) review and approval by the Legal Department, the Investment Assessment Committee, and various Department Heads before authorization is provided by the General Affairs Department to use the corporate seal on a contract.

12.     In or about February 2021, Lee informed me that the Assessment Team had a negative evaluation of the proposed deal.  In or about March 2021, Lee informed me that the Assessment Team decided not to present the deal to other internal committees for further review and approval.  Based on Mirae Asset's internal requirements and based on the Assessment Team's decision, I understood that the transaction with Ryze was not moving forward.  Since the potential transaction with Ryze did not progress past the

3

DECLARATION OF HYUN-JOO PARK

Assessment Team, no senior personnel from Mirae Asset were introduced to Ryze. In fact, I am not aware of anyone from Mirae Asset ever communicating with Ryze except through Lee.

13.    On or about July 21, 2023, I understand that Ryze submitted a Demand for Arbitration to JAMS, claiming that Mirae Asset breached a document called the Convertible Loan Agreement ("CLA"), dated January 27, 2021. Attached hereto as Exhibit B is a true and correct copy of the Demand for Arbitration that was submitted to JAMS. The Demand for Arbitration also attaches the CLA as an exhibit.

14.    The CLA appears to contain signatures for Matthew G. Pearson, Manager, on behalf of Ryze, and Lee, "Head of Multi Structured Finance Team," purportedly on behalf of Mirae Asset. Lee, however, has never been authorized by Mirae Asset to sign the CLA. Nor does the CLA contain the Company's corporate seal. As I stated earlier, the Assessment Team at Mirae Asset decided not to present the potential transaction with Ryze to other internal committees for further review and approval, and therefore the necessary approvals from Mirae Asset were never obtained to enter into the transaction.

15.    Lee knew that Mirae Asset had not approved a loan transaction involving Ryze. Lee also knew that, under Mirae Asset's corporate structure, as a Team Leader and Director, he lacked authority to enter into material financing agreements like the CLA. I also did not authorize Lee to enter into the CLA with Ryze, nor am I aware of anyone at Mirae Asset authorizing Lee to execute the CLA.

16.    I was not made aware that Lee was exchanging drafts of the CLA with Ryze, nor that Lee appears to have executed the CLA. I would customarily be made aware of the material terms negotiated between the parties and there would be internal approval of such terms, but that did not happen here.

17.    I am not aware of anyone at Ryze attempting to contact me (even though I signed the Offering Memorandum), Mirae Asset's legal team, or any other authorized executives of Mirae Asset regarding the potential Ryze transaction, to determine whether

4

DECLARATION OF HYUN-JOO PARK

Lee had approval to enter into the CLA, or to inquire whether the company had approved a deal with Ryze.

18.    Based on my review of Ryze's Demand for Arbitration, I also understand that Ryze contends that it entered into a Second Loan Agreement ("SLA") with LV Renewables A, LLC on or around November 29, 2021, and that Ryze claims that Lee purported to sign the SLA on behalf of Mirae Asset with respect to certain indemnity obligations. Mirae Asset is not a party to the SLA, and Mirae Asset's claimed affiliation with LV Renewables is, and at all relevant times herein was, a function of (mis)representations by Lee, who appears to be a Managing Member and officer of LV Renewables. LV Renewables A, LLC is not a subsidiary or affiliate of Mirae Asset. Lee never informed me of the SLA, and Lee was not authorized to sign the SLA on behalf of Mirae Asset, including with respect to any claimed indemnity obligations.

19.    I am not aware of anyone at Ryze attempting to contact me, Mirae Asset's legal team, or any other authorized executives of Mirae Asset to determine whether Lee had approval to enter into the SLA or to inquire whether the company had authorized Lee to sign the SLA. I also did not authorize Lee to enter into the SLA, nor am I aware of anyone at Mirae Asset authorizing Lee to execute the SLA.

20.    I understand, based on my review of the Demand for Arbitration, that Ryze asserts that a person named Sung Hee Han ("Han") was engaging in discussions relating to the CLA and the SLA ostensibly on behalf of Mirae Asset. To my knowledge, Han has never been an employee of Mirae Asset. Has was not authorized by Mirae Asset to negotiate or approve the CLA or the SLA. Nor was Lee ever authorized to permit Han to negotiate or enter into the CLA or the SLA, purportedly on behalf of Mirae Asset. Likewise, neither Han nor Lee were authorized by Mirae Asset to pursue (or resolve) any litigation on behalf of Mirae Asset, including for the purpose of enforcing the terms of the CLA to which the company never agreed in the first instance.

DECLARATION OF HYUN-JOO PARK

21.    Lee has been terminated by Mirae Asset.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 22nd day of September, 2023, at Seoul, Republic of Korea.

_____
HYUN-JOO PARK

6
DECLARATION OF HYUN-JOO PARK

# EXHIBIT B-2

# 9/29/23 Notice of Errata re: Declarations of Hyun-Joo Park and Huijun Yang ISO Mirae Asset's Motion for Preliminary Injunction

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
Mirae Asset Securities Co., Ltd.
*will comply with LR IA 11-2 within 14 days

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| Mirae Asset Securities Co., Ltd., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,<br><br>Defendants. | Case Number: 2:23-cv-01492-APG-NJK<br><br>*Notice of Errata re: Declarations of Hyun-Joo Park and Huijun Yang in support of Plaintiff Mirae Asset Securities Co., Ltd.'s Motion for Preliminary Injunction*<br><br>Judge:            Andrew P. Gordon<br>Date Action Filed:   September 22, 2023 |

NOTICE OF ERRATA

**TO THE COURT AND TO COUNSEL OF RECORD FOR ALL PARTIES:**

PLEASE TAKE NOTICE that Plaintiff Mirae Asset Securities Co., Ltd. ("Mirae Asset") hereby submits this Notice of Errata in connection with the Declarations of Hyun-Joo Park and Huijun Yang, both of which were filed in support of Mirae Asset's Motion for Preliminary Injunction.  *See* Docket Entry Nos. 4-1 and 4-2, respectively.

Mirae Asset hereby submits certified Korean translations of the above-referenced declarations, which had been omitted from the filing on September 22, 2023.  *See* Exhibit A (certified Korean translation of the Park Declaration) and Exhibit B (certified Korean translation of the Yang Declaration).  Further, Mirae Asset notes the correction of a typographical error in the Park Declaration.  *See* Docket Entry No. 4-1, Park Decl., ¶ 20, at 5:21 ("Ha**s** was not authorized …" has been corrected to "Ha**n** was not authorized…") (emphasis added).

Dated:  September 29, 2023

Respectfully submitted,


By: _/s/ Peter C. Meier_____
          PETER C. MEIER

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON
(NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff
Mirae Asset Securities Co., Ltd.
*will comply with LR IA 11-2 within 14 days

NOTICE OF ERRATA

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE*
danielprince@paulhastings.com
ADAM J. FEE*
adamfee@paulhastings.com
D. SCOTT CARLTON*
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA BEATTY PETERSON (NSB No.5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.
*will comply with LR IA 11-2 within 14 days

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 대한민국 회사,<br>미래에셋증권(MIRAE ASSET SECURITIES CO., LTD.)<br><br>원고,<br><br>    v.<br><br>네바다주 유한책임회사(Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br><br>피고. | Case Number:<br><br>박현주의 진술 |

DECLARATION OF HYUN-JOO PARK

Page 8

**박 현 주의 진술**

박 현 주, 본인은 다음과 같이 진술합니다:

1.     본인은 미래에셋증권(Mirae Asset Securities Co., Ltd. 이하 "미래에셋" )의 자산사업본부장(Asset Division Leader)이자 투자팀의 책임자입니다. 본인은 미래에셋의 가처분 신청을 뒷받침하기 위한 본 진술서를 제출합니다. 본 진술서에서 달리 명시되지 않는 한, 본 진술서 상 모든 진술은 본인의 개인적인 지식이나 본인의 일반적인 업무 수행 도중 취득할 수 있는 정보에 기초합니다. 본 사안과 관련하여 증인으로 소환될 경우, 본인은 본 진술서에 제공된 내용에 대해 증언할 수 있습니다. 본인은 Paul Hastings LLP 가 준비한 본 진술서의 한글 번역본을 검토하였습니다.

2.     본인의 현재 영업 주소지는 대한민국 서울특별시 중구 을지로 5 길 26, 미래에셋 센터원 빌딩(04539)입니다.

3.     미래에셋은 대한민국 서울에 본사를 두고 있으며, 종합적인 자산관리 및 브로커리지 서비스를 제공하고 있습니다. 미래에셋은 자산관리, 인베스트먼트 뱅킹 및 주식 트레이딩 서비스를 제공하고 있습니다.

4.     본인은 미래에셋에 1995 년부터 근무하고 있고, 회사 내에서 다수의 직위를 거쳤습니다. 투자팀과 자산사업본부장(Asset Division Leader)으로서 본인은 이경현과 같은 주니어 또는 중간 레벨 직원들이 회사에 가지고 올 수도 있는 잠재적 투자 기회들을 검토하는 것과 관련하여 회사의 구조와 절차에 대해 잘 알고 있습니다.

5.     이경현은 미래에셋에서 구조화금융 2, 부동산금융 1 팀 및 투자개발 1/2 팀(Investment Development Teams 1 and 2)를 포함한 여러 팀의 구성원이었습니다. 본인은 이경현이 기업금융부문에 속한 투자개발팀 중 하나의 팀장을 맡고 있던 2019 년 경부터 2021 년 11 월까지의 기간 동안 이경현을 감독하였습니다. 2021 년 하반기 혹은 그 즈음에 미래에셋은 회사 조직을 개편하였고 이경현은 이사가 되었으나 이것이 이경현이 미래에셋의 이사회에 참여하게 되었다는 의미는 아닙니다. 이경현은 그런 적이 없을 뿐 아니라 미래에셋의 임원인 적도 없습니다.

1

DECLARATION OF HYUN-JOO PARK

6.    기업금융사업부문에는 약 42 명의 팀장이 있고, 회사 전체에 걸쳐 약 194 명의 직원들이 동일한 직위에 있습니다. 팀장이자 이사로서 이경현은 본부장 및 상무에게 보고하는 주니어 혹은 중간 레벨 직원이었으며, 본부장과 상무는 이를 전무, 총괄부사장(Executive Vice President), 사장(President), 부회장(Vice Chair), 그리고 궁극적으로는 회장(Chair of Mirae Asset)을 포함하는 다양한 레벨의 고위 경영진에게 보고합니다.

7.    이경현은 미래에셋을 대표하여 대출 거래를 체결할 권한을 지니고 있지 않았고, 이경현의 회사 근무 기간과 대출 거래 승인을 위한 내부 절차에 대해 그가 잘 알고 있었다는 점을 볼 때, 이경현도 자신이 그러한 권한이 없음을 알고 있었습니다. 대신, 이경현의 책임은 잠재 투자 기회를 발굴하고, 그러한 기회들의 조건 또는 구조와 그러한 기회들이 회사를 위해 어떻게 수익을 창출할 것인지를 파악하기 위한 예비적 협의를 진행하며, 그러한 딜들을 임원들이 검토하고 미래에셋의 내부 정책 및 절차에 따라 필요한 승인을 위해 제공하는 것을 포함합니다.

8.    저희 사업과 산업에 대한 본인의 경험과 지식을 기초로 볼 때, 딜을 위한 예비적 협의는 주니어 혹은 중간 레벨 프로페셔널에 의해 종종 진행되는데, 그 어느 측의 협상자도 상대방이 그 회사의 추가적인 검토, 실사 및 필요한 승인 없이 회사를 대리하여 그들의 주인(principal)을 구속할 권한을 지니고 있다고 합리적으로 기대하지 않습니다. 실제로 본인은 이경현이 2020 년에 네바다주 라스베가스에 위치한 재활용 가능한 디젤 시설물 건설을 위한 잠재적 자금조달과 관련하여 Ryze Renewables Holdings LLC 및/또는 Ryze Renewables Nevada LLC (이하 총칭하여, "Ryze")와 예비적으로 협의하고 있음을 알고 있었습니다.

9.    잠재 거래에 대한 예비적 조사의 일환으로, 저희는 거래 상대방과 구속력이 없는 협의를 개시하는 것이 일반적입니다. 저희는 Ryze 와도 그리하였습니다. 2020 년 4 월 29 일 본인은 Ryze 거래를 위한 잠재적 자금조달과 관련하여 Ryze 와의 구속력이 없는 투자설명서(Offering Memorandum)에 미래에셋을 대표하여 서명하였습니다. 해당 투자설명서는 협상 구조를 설정하고자 하는 미래에셋의 최초 관심을 반영하였고, 잠재적 딜의 일부 주요 조건의 윤곽을 포함하였습니다.

2

DECLARATION OF HYUN-JOO PARK

해당 투자설명서는 "[본 투자설명서는] 구체적인 법적 조건을 제공하지 않습니다. [본 투자설명서는] 잠재적인 거래에 적용될 조건에 대한 협상의 근거로만 활용될 의도입니다"라고 하고, "본 투자설명서는 법적 구속력을 지니지 않으며, 본 거래를 수락할 수 있는 제안을 구성하거나 법적 구속력을 지닌 계약을 체결하지 않습니다"라고 하여 당사자들의 추가 협상을 위한 로드맵만 제공하는 것을 의도한다는 점을 명시하였습니다.

10. 팀장으로서 이경현은 해당 투자설명서에 서명할 권한을 지니지 않았습니다. 대신, 본인이 미래에셋의 상무의 자격으로 해당 투자설명서를 체결하였습니다. 본인이 서명하기 전에 해당 투자설명서는 투자팀의 최초 타당성 검토와 심사팀의 딜 건전성 및 잠재적 리스크에 대한 검토를 포함하여 미래에셋의 적법한 내부 검토 및 승인 절차를 거쳤습니다. 본 진술서의 첨부 A로 제공된 문서는 2020년 4월 29일자 투자설명서의 정본입니다.

11. Ryze와의 잠재적 딜은 심사팀의 승인을 얻지 못했습니다. 해당 딜은 총무팀이 법인 인감을 계약에 날인하는 것을 승인하기 전에 심사팀이 해당 딜을 승인하는 것을 전제로 법무팀, 투자평가위원회 및 다수의 본부장의 검토 및 승인을 요구하는 회사 절차의 초기 단계에서 탈락하였습니다.

12. 2021년 2월 혹은 그 즈음에, 심사팀이 제안된 딜에 대해 부정적인 평가를 했다고 이경현이 본인에게 알려주었습니다. 2021년 3월 혹은 그 즈음에, 이경현은 심사팀이 다른 내부 위원회의 추가 검토 및 승인을 위해 해당 딜을 진행하지 않기로 결정했다고 알려주었습니다. 미래에셋의 내부 요건에 따라, 그리고 심사팀의 결정에 따라, 본인은 Ryze와의 거래가 더 이상 진행되지 않는 것으로 이해했습니다. Ryze와의 잠재적 거래는 미래에셋 심사팀도 통과하지 못했기 때문에 미래에셋의 어느 고위직도 Ryze에 소개된 적이 없습니다. 실제로 본인은 이경현을 통하는 것을 제외하고 미래에셋의 어느 누구도 Ryze와 의사소통한 사실을 알지 못합니다.

13. 2023년 7월 21일 혹은 그 즈음에, Ryze가 2021년 1월 29일자 Convertible Loan Agreement (이하 "CLA")라는 문서를 미래에셋이 위반하였다고 주장하며, JAMS에 중재 신청서를 접수한 것으로 알고 있습니다. 본 진술서의 첨부 B로

3

제공된 문서는 JAMS 에 제출된 중재신청서 정본입니다. 중재신청서는 CLA 를 첨부로 포함하고 있습니다.

14. 해당 CLA 는 매니저인 Matthew G. Pearson 이 Ryze 를 대표하여 서명하고, 이경현이 다중구조화금융팀(Multi Structured Finance Team)의 헤드로 미래에셋을 대신하는 것처럼 기입한 서명을 포함하고 있는 것으로 보입니다. 그러나 이경현은 해당 CLA 에 서명하기 위한 그 어떠한 권한도 미래에셋으로부터 부여받은 바 없습니다. 또한 해당 CLA 는 미래에셋의 법인 인감을 포함하고 있지도 않습니다. 본인이 앞서 설명한 바와 같이, 미래에셋의 심사팀은 Ryze 와의 잠재적 거래를 다른 내부위원회들의 추가 검토 및 승인을 받도록 진행하지 않기로 결정하였고, 따라서 해당 거래를 체결하기 위해 필요한 승인도 미래에셋으로부터 얻은 바 없습니다.

15. 이경현은 미래에셋이 Ryze 와의 대출 거래를 승인한 적이 없다는 것을 알고 있었습니다. 또한 이경현은 자신이 미래에셋의 기업 구조 하에서 일개 팀장이자 이사로서 CLA 와 같은 중요한 자금조달 계약을 체결할 권한을 지니고 있지 않다는 점을 알고 있었습니다. 본인 또한 Ryze 와의 CLA 를 체결할 수 있는 권한을 이경현에게 부여한 바 없고, 미래에셋이 해당 CLA 를 체결할 수 있도록 이경현에게 권한을 부여한 사실을 알지 못합니다.

16. 본인은 이경현이 CLA 초안을 Ryze 와 주고받은 사실을 알지 못했으며, 이경현이 CLA 를 체결한 것으로 보인다는 사실도 알지 못했습니다. 본인은 통상적으로 당사자들 간에 협의되는 주요 조건을 알게 되며, 그러한 조건에 대한 내부 승인이 있으나, 본 건과 관련해서는 그러한 일들이 일어나지 않았습니다.

17. 본인은 잠재적인 Ryze 거래와 관련하여 Ryze 의 어느 누구도 이경현이 CLA 를 체결할 승인을 얻었는지를 확인하거나 회사가 Ryze 와의 딜을 승인하였는지를 확인하기 위해 (본인이 투자설명서에 서명하였음에도 불구하고) 본인이나, 미래에셋의 법무팀 혹은 그 외 권한을 위임받은 미래에셋의 다른 임원에게 연락을 시도하였다는 사실을 알지 못합니다.

18. Ryze 의 중재신청서에 대한 본인의 검토를 기초로, 본인은 Ryze 가 2021 년 11 월 29 일이나 그 즈음에 LV Renewables A, LLC 와 Second Loan Agreement (이하 "SLA")를 체결하였다고 주장하고 있다는 것도 알고 있고, 이경현이 특정 면책

4

DECLARATION OF HYUN-JOO PARK

의무와 관련하여 미래에셋을 대신하여 SLA 에 서명하였다고 주장하고 있음을 알고 있습니다. 미래에셋은 SLA 의 당사자가 아니며, 미래에셋이 주장하는 LV Renewables 와의 제휴는 LV Renewables 의 경영진이자 임원으로 보이는 이경현의 (허위) 진술이며, 본 진술서의 모든 관련 시점에서 그렇습니다. LV Renewables A, LLC 는 미래에셋의 자회사나 관계사가 아닙니다. 이경현은 SLA 에 대해 본인에게 어떠한 정보도 제공한 바 없고, 이경현은 미래에셋을 대리하여 Ryze 가 주장하고 있는 면책의무와 관련된 내용을 포함하여 SLA 에 서명할 권한도 지니고 있지 않습니다.

19.    본인은 Ryze 의 누군가가 본인이나 미래에셋 법무팀, 또는 기타 권한을 지닌 미래에셋의 다른 임원에게 이경현이 SLA 를 체결할 승인을 얻었는지를 확인하였다거나, 회사가 Ryze 와의 딜을 승인하였는지를 확인하기 위해 연락을 시도한 적이 있다는 사실을 알지 못합니다. 또한 본인은 미래에셋의 누군가가 이경현으로 하여금 SLA 를 체결하도록 권한을 부여한 사실도 알지 못합니다.

20.    중재신청서에 대한 본인의 검토에 기초하여, 본인은 Ryze 가 한성희라는 자가 미래에셋을 위해 CLA 및 SLA 와 관련된 협의에 참여하였다고 주장하는 것을 알고 있습니다. 제가 알기로 한성희는 미래에셋의 직원이었던 적이 절대 없었던 자입니다. 한성희는 미래에셋으로부터 특정 계약(CLA) 또는 SLA 를 협상하거나 승인할 권한을 부여받은 적이 없습니다. 이경현은 한성희가 미래에셋을 위해 CLA 나 SLA 를 협상하거나 체결하도록 허용할 권한도 부여받은 적이 없습니다. 마찬가지로, 한성희와 이경현은 미래에셋이 1 심에서 결코 동의하지 않은 CLA 조건을 집행하기 위한 목적을 포함하여 미래에셋을 대신하여 소송을 제기(또는 해결)할 권한을 미래에셋으로부터 부여받지도 않았습니다.

//

//

//

//

21.    이경현은 미래에셋에서 해고된 상태입니다.

5

DECLARATION OF HYUN-JOO PARK

　　　　본인은 미국 법에 의거한 위증에 대한 처벌 아래 [상기 내용]이 사실이고 정확함을 진술합니다. 본 진술서는 2023 년 9 월 22 일 대한민국 서울에서 체결되었습니다.

 

 

HYUN-JOO PARK

---

6

DECLARATION OF HYUN-JOO PARK



# CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

File Name(s): Declaration of Hyun-Joo Park

Source Language(s): English (United States)

Target Language(s): Korean (South Korea)

*Authorized Signature:*

*Signature, Notary Public:*

*Name:*   Dan McCourt

*Title:*     Project Assistant

*Date:*    September 25, 2023



*Stamp: Notary Public*

# EXHIBIT B-3

# 11/11/25 Declaration of Hyun-Joo Park

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE*)
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**DECLARATION OF HYUN-JOO PARK**<br><br>Judge:        Hon. Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Complaint Served: October 3, 2023 |
| RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | |

**DECLARATION OF HYUN-JOO PARK**

I, Hyun-Joo Park, declare as follows:

1.      I am the former Head of the Investment Team (Department) and Asset Division Leader at Mirae Asset Securities Co., Ltd. ("Mirae Asset").  I submit this declaration in support of Mirae Asset's Motion for Summary Judgment.  Unless otherwise noted herein, all of the statements in this declaration are based upon my personal knowledge or upon information available to me in the regular course of my duties.  If called as a witness in this matter, I could and would competently testify to the matters set forth in this declaration.  I have reviewed a Korean translation of this declaration that was prepared with the assistance of counsel, Paul Hastings LLP.

2.      My current business address is 11F., 70, Yeoui-daero, Yeoungdeungpo-gu, Seoul, Republic of Korea 07325.

3.      I was employed at Mirae Asset from 1995 until May 26, 2024, when I voluntarily left the company.

4.      I reviewed and signed my prior declaration submitted in this action on September 22, 2023, a true and correct copy of which is attached hereto as Exhibit A.  *See* ECF No. 4-1.  I understand that a Korean translation of my prior declaration, which I reviewed on September 22, 2023, was filed on September 29, 2023.  A true and correct copy of the Korean translation of my prior declaration is attached hereto as Exhibit B.  *See* ECF No. 11 at 7–14.

1

DECLARATION OF HYUN-JOO PARK

5.      Except as otherwise identified here (including my current business address and date of separation from Mirae Asset), the statements and facts contained in my prior declaration were true and correct at the time they were filed with the Court, and such facts and statements remain true today.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 11th day of November, 2025, at Seoul, Republic of Korea.

HYUN-JOO PARK

2

DECLARATION OF HYUN-JOO PARK

박현주/CapitalMarket본부/2025/11/11 07:49:52

# KOREAN DECLARATION

PETER C. MEIER (NSB No. 9123)
petermeier@paulhastings.com
DANIEL PRINCE (*PRO HAC VICE)*
danielprince@paulhastings.com
D. SCOTT CARLTON (*PRO HAC VICE)*
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (*PRO HAC VICE*)
Briankaewert@paulhastings.com
JOSEPH MONTOYA (*PRO HAC VICE*)
Josephmontoya@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 786-1001
Facsimile:  (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| 대한민국 회사,<br>미래에셋증권 (MIRAE ASSET SECURITIES CO., LTD.)<br>원고,<br>vs.<br>네바다주 유한책임회사 (Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br><br>피고.<br>네바다주 유한책임회사 (Nevada limited liability company), RYZE RENEWABLES HOLDINGS, LLC 및 RYZE RENEWABLES NEVADA, LLC<br>반소원고,<br>vs.<br>대한민국 회사,<br>미래에셋증권 (MIRAE ASSET SECURITIES CO., LTD.)<br>반소피고. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**박현주의 진술**<br><br>판사:          Hon. Andrew P. Gordon<br>소송 제기일: 2023 년 9 월 22 일<br>소장 송달일: 2023 년 10 월 3 일 |

DECLARATION OF HYUN-JOO PARK

**박현주의 진술**

박현주, 본인은 다음과 같이 진술합니다:

1.    본인은 미래에셋증권(Mirae Asset Securities, Ltd. 이하 "미래에셋")의 투자팀(부서)의 전 책임자이자 전 자산사업본부장(Asset Division Leader)입니다. 본인은 미래에셋의 사실심리생략판결 신청을 뒷받침하기 위한 본 진술서를 제출합니다. 본 진술서에서 달리 명시하지 않는 한, 본 진술서 상 모든 진술은 본인의 직접적인 지식이나 본인의 일상적인 직무 수행 과정에서 본인에게 가용한 정보에 근거합니다. 본 사안과 관련하여 증인으로 소환될 경우, 본인은 본 진술서에 기술된 내용에 대해 유능하게 증언할 수 있으며 그렇게 할 것입니다. 본인은 Paul Hastings LLP 의 도움으로 작성된 본 진술서의 한글 번역본을 검토하였습니다.

2.    본인의 현재 업무 주소지는 대한민국 (우) 07325 서울 영등포구 여의대로 70, 11 층입니다.

3.    본인은 미래에셋에 1995 년부터 2024 년 5 월 26 일까지 고용되어 있었으며, 해당 일자에 자발적으로 퇴사하였습니다.

4.    본인은 이 사건에서 제출된 본인의 이전 진술서를 2023 년 9 월 22 일경에 검토하고 서명하였으며, 그 진실되고 정확한 사본이 본 진술서에 A 호증으로 첨부되어 있습니다. ECF No. 4-1 *참조*. 본인은 2023 년 9 월 22 일 본인이 검토한 본인의 이전 진술서의 한글 번역본이 2023 년 9 월 29 일 제출되었음을 알고 있습니다. 진실되고 정확한 본인의 이전 진술서의 한글 번역본은 본 진술서에 첨부 B 로 첨부되었습니다. ECF No. 11 의 7-14 행 *참조*.

1

DECLARATION OF HYUN-JOO PARK

5.    본 진술서에 명시된 사항(본인의 현재 업무 주소지와 미래에셋사로부터의 퇴사일 포함)을 제외하고는, 법원에 제출된 본인의 이전 진술서에 포함된 진술 및 사실은 당시 모두 진실하고 정확하였으며, 그 사실과 진술은 현재에도 진실합니다.

본인은 미국 법에 따른 위증 처벌 하에 위의 내용이 진실하고 정확하다는 것을 진술합니다. 본 진술서는 2025 년 11 월 11 일 대한민국 서울에서 체결되었습니다.

[서명됨] /s/ HYUN-JOO PARK

박현주( HYUN-JOO PARK)

2

DECLARATION OF HYUN-JOO PARK

**CERTIFICATE OF TRANSLATION ACCURACY**

I am a professional translator, reviewer, or project manager specializing in translating Korean, Japanese, and Chinese to English and vice versa.

I served as Chief Examiner of the certified court interpreter test for the State of California and as a contract translator and interpreter for various federal agencies through the U.S. Department of State for more than a decade. I served as an instructor at the University of California at Berkeley, and the Middlebury Institute of International Studies at Monterey (MIIS) Graduate Program in Translation.

I have more than 35 years of experience translating numerous technical, legal, and business documents from Korean to English or vice versa submitted to, among others, Korean judicial authorities, U.S. federal courts, the U.S. International Trade Commission (ITC), the U.S. Patent and Trademark Office (USPTO), and the USPTO Patent Trial and Appeal Board (PTAB).

I certify that I reviewed and edited the following document translated from English to Korean.

**DECLARATION OF HYUN-JOO PARK**

I also certify that this is a true, correct, and complete translation of the corresponding source text to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of November 2025 in Contra Costa County of the State of California.

By: _____

Alex N. Jo
Member, ATA

# EXHIBIT B-4

# 1/29/21 Email re Project Ryze

CONFIDENTIAL

MAS_000066962

# EXHIBIT B-5

# 3/8/21 Email re Project Ryze

CONFIDENTIAL

MAS_000066959