**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
|     Plaintiff, | |
| v. | **Order** |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | [Docket No. 415] |
|     Defendants. | |

Pending before the Court is Defendants' motion to seal.  Docket No. 415.  Plaintiff's counsel filed a declaration in support of sealing in response.  Docket No. 422.

There is a strong presumption in favor of the public's access to judicial filings.  *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause.  *Id.* at 1180.  As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.  *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The filings at issue are Exhibits J and J-1 to the appendix of evidence in support of Defendants' motion for an order to show cause. *See* Docket Nos. 412-10 (Exhibit J), 412-11 (Exhibit J-1), 410 (motion for an order to show cause). Plaintiff's counsel submits that the filings are Plaintiff's communications with Korean police in connection with its criminal complaint against its former employee Lee, and the English translations of those communications. Docket No. 422 at 2. Further, Plaintiff's counsel submits that there is good cause to seal these exhibits because they contain sensitive personal details and employment history regarding a foreign national, non-party former employee. *See id.* at 3. Additionally, Plaintiff's counsel submits that these exhibits contain confidential information about Plaintiff's internal operations, including details revealing its process for providing its corporate seal on documents. *See id.* However, Plaintiff has failed to demonstrate that the exhibit meets the standard for redaction or sealing because Plaintiff's counsel lacks personal knowledge as to the confidential information contained in the exhibits and Plaintiff's internal operations. *See id.* Further, Plaintiff makes no showing as to whether redactions are appropriate. Therefore, the Court cannot make a determination as to whether the exhibit is properly sealed or should be unsealed.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 415. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibits under seal at this juncture. Docket Nos. 412-10 (Exhibit J), 412-11 (Exhibit J-1). Plaintiff must file a response to Defendant's motion to seal by March 30, 2026. That response must include an evidentiary

showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue, and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: March 23, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

3