**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket Nos. 419, 439]

Pending before the Court is Plaintiff's motion to seal. Docket No. 419. Also pending before the Court is Plaintiff's motion to seal Exhibit A to Eun-mi Park's declaration and its certified English translation.[1] Docket No. 439; *see also* Docket No. 438-1 (Exhibit A).

The filings at issue are Exhibits B-4 to Exhibit 1 and Exhibits B-4 and B-5 to Exhibit 2[2] of Plaintiff's motion for issuance of letters rogatory. Docket Nos. 418-1 at 65-68 (Exhibit B-4 to Exhibit 1), 418-2 at 70-71 (Exhibit B-4 to Exhibit 2), 418-2 at 72-73 (Exhibit B-5 to Exhibit 2). The Court deferred ruling on the instant motion because the motion fails to include the declaration of someone with personal knowledge as to the confidential information contained in the exhibits, makes no showing as to whether redactions are appropriate, and does not include an English translation to the unsealed versions of these documents. *See* Docket No. 432; *see also* Docket No. 419. The Court ordered Plaintiff to file a supplement to its motion to seal that includes an evidentiary showing (presumably a declaration from someone with personal knowledge), attaches a certified English translation of each exhibit sought to be sealed, provides argument specific to the information at issue, and proposes redactions, if appropriate. Docket No. 432 at 2-3. Plaintiff

---

[1] Exhibit A to Eun-mi Park's declaration is the same document as Exhibit B-4 to Exhibit 1, as well as its certified English translation. *See* Docket No. 440. Plaintiff also contends that limited redactions are insufficient to protect the information in Docket No. 438-1. Therefore, the Court's analysis as to Docket No. 419 as it pertains to Exhibit B-4 to Exhibit 1, and Docket No. 439 is the same.

[2] Plaintiff submits that it has elected to withdraw its sealing request for Exhibits B-4 and B-5 to Exhibit 2 and has not submitted a supplement as to these documents. Docket No. 439 at 2 n.1.

1

has since filed a declaration from the team leader of Plaintiff's assessment team, Docket No. 438, and a certified English translation of Exhibit B-4 to Exhibit 1.  Docket No. 440.

There is a strong presumption in favor of the public's access to judicial filings.  *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause.  *Id.* at 1180.  As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.  *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Plaintiff's assessment team leader, Eun-mi Park, submits that she has been employed by Plaintiff since 2015 and is familiar with Plaintiff's approval process for potential investment opportunities.  Docket No. 438 at 2.  Ms. Park submits that Exhibit B-4 to Exhibit 1 is internal correspondence between Plaintiff's Real Estate Financing Team 1 and Plaintiff's Assessment

Team, and that the document contains confidential impressions and analysis conducted by Plaintiff as it performed due diligence on a potential transaction. *See id.* Further, Ms. Park submits that the document reveals the manner in which Plaintiff evaluates transactions, the information Plaintiff may rely on in its analysis, and strategies that Plaintiff potentially employs in transactions. *See id.* Additionally, Ms. Park submits that good cause exists to seal this exhibit because the release of this information can harm Plaintiff's competitive standing by providing competitors and other entities with knowledge about Plaintiff's confidential, internal business practices and processes, including what documentation must be submitted for due diligence in connection with a potential transaction. *Id.* at 3. Moreover, Ms. Park contends that no redactions could be easily applied that would leave meaningful information available to the public. *Id.*

The Court finds that good cause exists for sealing Exhibit B-4 to Exhibit 1, and its certified English translation, because the exhibit contains impressions and analysis conducted by Plaintiff as it performed due diligence on a potential transaction; therefore, public disclosure of this information could potentially damage Plaintiff's competitive standing. *See Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1188 (D. Nev. 2021).

Accordingly, the Court **GRANTS** the motion to seal as to Exhibit B-4 to Exhibit 1 and **DENIES** it as to Exhibits B-4 and B-5 to Exhibit 2. Docket No. 419. Further, the Court **GRANTS** Plaintiff's motion to seal at Docket No. 439. No later than April 7, 2026, Plaintiff must file Exhibits B-4 and B-5 to Exhibit 2 on the public docket and attach a certified English translation of each exhibit. The Clerk's Office is **INSTRUCTED** to maintain Exhibit B-4 to Exhibit 1 under seal, Docket No. 418-1 at 65-68 (Exhibit B-4 to Exhibit 1) and Docket No. 438-1.

IT IS SO ORDERED.

Dated: March 31, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge