**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br><br>      Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br><br>      Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order**<br><br>[Docket No. 415] |

Pending before the Court is Defendants' motion to seal. Docket No. 415. Plaintiff's counsel filed a declaration in support of sealing. Docket No. 422. Plaintiff also filed a declaration from the team leader of Plaintiff's Legal Affairs Team 1 in support of sealing. Docket No. 437.

The filings at issue are Exhibits J and J-1 to the appendix of evidence in support of Defendants' motion for an order to show cause. *See* Docket Nos. 412-10 (Exhibit J), 412-11 (Exhibit J-1), 410 (motion for an order to show cause). The Court deferred ruling on the instant motion because the motion fails to include the declaration of someone with personal knowledge as to the confidential information contained in the exhibits and makes no showing as to whether redactions are appropriate. Docket No. 424; *see also* Docket No. 415. The Court ordered Plaintiff to include an evidentiary showing (presumably a declaration from someone with personal knowledge), provide argument specific to the information at issue, and propose redactions, if appropriate. Docket No. 424 at 2-3. Plaintiff has since filed a declaration from the team leader of Plaintiff's Legal Affairs Team 1 in support of sealing. Docket No. 437.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that

standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Plaintiff's Legal Affairs Team 1 leader, Youngjun Kim, submits that he has been employed by Plaintiff since 2017 and was involved in the internal investigation of Plaintiff's former employee, Lee.  Docket No. 437 at 2.  Mr. Kim submits that Exhibit J is correspondence regarding the criminal complaint filed against former employee Lee, and that Exhibit J-1 is a supplementary statement that Plaintiff submitted to Korean authorities which includes proprietary information related to Plaintiff's approval and internal processes, including its protocols for assessing or rating potential financial transactions, internal steps for deciding whether to progress a transactions, details about the use of Plaintiff's corporate seal, and information regarding specific proposed transactions.  *Id.* at 2-3.  Further, Mr. Kim submits that good cause exists to seal these exhibits because they contain sensitive personal details and employment history regarding a foreign national, non-party former employee of Plaintiff, as well as confidential information about

Plaintiff's internal operations, including details revealing its processes for assessing and providing approval for deals and for providing its corporate seal on documents, including a former employee's efforts and potential methods to evade the safeguards of these processes. *See id.* at 3. Additionally, Mr. Kim submits that this information is sensitive and could be used to harm Plaintiff's ongoing business interests, particularly given the discussion on Plaintiff's seals for use in signaling approval of projects. *Id.* Moreover, Mr. Kim submits that the information in these documents cannot easily be redacted while leaving meaningful information available to the public. *Id.*

The Court finds that good cause exists for sealing Exhibit J-1 because it contains sensitive information as to Plaintiff's use of its corporate seal and potential methods of forging Plaintiff's corporate seal. *See First 100 LLC v. Omni Fin., LLC*, 2016 WL 5661916, at *1 (D. Nev. Sept. 29, 2016).

However, the Court does not find that good cause exists for sealing Exhibit J because it is merely email correspondence between an attorney employed by Plaintiff and Korean authorities generally describing the documents being exchanged. Neither Plaintiff's response nor Mr. Kim's declaration specifically describes the information in this exhibit that is sensitive, confidential, or personal, and thus justifies sealing. *See* Docket Nos. 422, 437. Therefore, it is unclear how this exhibit contains confidential personnel records sufficient to warrant sealing.

Accordingly, the Court **GRANTS** the motion to seal as to Exhibit J-1 and **DENIES** it as to Exhibit J. Docket No. 415. No later than April 7, 2026, Plaintiff must file Exhibit J on the public docket. The Clerk's Office is **INSTRUCTED** to maintain Exhibit J-1 under seal. Docket No. 412-11 (Exhibit J-1).

IT IS SO ORDERED.

Dated: April 1, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

3