**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
|     Plaintiff, | **Order** |
| v. | [Docket No. 314] |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | |
|     Defendants. | |

Pending before the Court is Plaintiff's motion to compel discovery from third parties Greg Paulk ("Mr. Paulk"), NC Industries, LLC ("NCI"), and MMC, Inc. ("MMC," collectively with Paulk and NCI, referred to as "Paulk Parties"). Docket No. 314. The Paulk Parties filed a response. Docket No. 318. Plaintiff filed a reply. Docket No. 325. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.      BACKGROUND**

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants.[1] The instant motion involves discovery disputes between Plaintiff and the Paulk Parties, who have done business with Defendants related to the projects involved in this case.

Mr. Paulk is a principal of NCI and MMC along with other construction entities in Nevada.[2] Docket No. 318 at 5. NCI is a real estate holding company and MMC is an industrial contracting company. *See id.* In 2018, NCI sold property to Defendant Ryze Renewables Nevada,

---

[1] As the parties are already familiar with the facts of this case, the Court will not provide an extensive factual background.

[2] The Paulk Parties submit that New-Com, which was not served with a subpoena in this matter but is mentioned throughout the briefing, is the parent company to the construction entities. Further, the Paulk Parties submit that NCI is not an affiliate or subsidiary of New-Com or MMC, and that NCI's only connection to New-Com and MMC is that Mr. Paulk is the managing member of NCI. *See* Docket No. 318 at 5, n.4.

LLC, which included a biodiesel facility. *See id.* The facility was constructed by MMC years prior but was no longer operating at the time of Defendants' purchase. *See id.* NCI entered into a promissory note with Defendant Ryze Renewables Nevada, LLC for a portion of the purchase price of that property, and the note was assigned to Defendant Ryze Renewables Holdings, LLC. *See id.* MMC entered into a contract to build a renewable energy project for Defendant Ryze Renewables Nevada, LLC. *See id.* The project came to a standstill and MMC terminated the contract in January 2023. *See id.* NCI and New-Com commenced litigation against Defendants for failing to repay the loans and ultimately obtained a judgment in their favor. *See id.* at 6.

Plaintiff served a subpoena for documents to Mr. Paulk in November 2024. Docket Nos. 314 at 8-9, 318 at 7 (referred to as the Paulk Subpoena). Plaintiff served subpoenas for documents to NCI and MMC in June 2025. Docket Nos. 314 at 10, 318 at 8 (collectively referred to as the NCI/MMC Subpoena).[3] The instant motion seeks to compel additional document production in response to several discovery requests to Mr. Paulk, NCI, and MMC. Docket No. 314.

On March 19, 2026, the Court ordered the parties to file a joint supplement briefly describing the scope of each request in dispute. Docket No. 421. The Court explained that it will not consider additional arguments presented in the joint supplement and will refer solely to the arguments presented in the briefing for the purpose of deciding the motion. *See id.* at 2. The parties filed the joint supplement. Docket No. 436. The Court has considered all arguments presented in the briefing, as well as the parties' positions on the scope of each request in the joint supplement.[4]

….

….

---

[3] Although Plaintiff served separate subpoenas to NCI and MMC, the requests at issue here are identical between the two subpoenas. *Compare* Docket No. 316-5 (Subpoena to NIC), *with* Docket No. 316-6 (Subpoena to MMC). The Court collectively refers to requests from those subpoenas as the NCI/MMC Subpoena, unless the request at issue is relevant to one entity but not the other, in which case they are referred to separately.

[4] Given the volume of motion practice and the desire to avoid further unnecessary delay, the Court will not analyze in writing every issue raised. The Court has implicitly rejected any argument not addressed herein that is inconsistent with the outcome of this order.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.  The scope of discovery under a subpoena issued under Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *See GW Grundbesitz AG v. Gunn*, 2022 WL 4359131, at *3 (D. Nev. Sept. 20, 2022), *appeal denied, judgment aff'd*, 2023 WL 4546437 (D. Nev. July 14, 2023) (quoting *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *4 (D. Nev. 2013)).  A party issuing a subpoena to a nonparty "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  In determining whether a subpoena poses an undue burden, courts consider the burden to the subpoenaed party against the value of the information to the serving party.  *Amini Innovation Corp. v. McFerran Home Furnishings*, Inc., 300 F.R.D. 406, 409 (C.D. Cal. 2014).  Whether a subpoena imposes an undue burden is a case-specific inquiry. *Id.*

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  District courts enjoy wide discretion in deciding relevancy for discovery purposes.[5] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015).  To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz.

---

[5] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purpose of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero*, 2017 WL 7314240, at *2 (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

## III.    ANALYSIS

Plaintiff seeks to compel four categories of documents from the Paulk Parties.[6]  Docket No. 314 at 15-21.  All parties request an award of fees incurred in the briefing of the instant motion. Docket No. 318 at 24-25; *see also* Docket No. 325 at 14-15.

….

….

….

---

[6] The Court notes that, while these requests are presented in four distinct categories, there is significant overlap in the language of the requests and the documents and communications requested.

### A. Documents Related to Agreements and Potential Loans with Defendants

Plaintiff seeks to compel responses to Requests for Production Nos. 3 and 4 in the Paulk Subpoena and Requests for Production Nos. 6, 17, and 18 in the NCI /MMC Subpoena. Docket No. 314 at 15-17.

i. Paulk Subpoena RFP Nos. 3-4 & NCI/MM Subpoena RFP No. 6

Request for Production No. 3 in the Paulk Subpoena seeks all documents and communications regarding lending agreements Defendants or Mr. Paulk entered into between 2018-2022. Docket No. 316-1 at 11. Request for Production No. 4 in the Paulk Subpoena and Request for Production No. 6 in the NCI/MMC Subpoena seek documents and communications regarding any payments, indebtedness, property, or transfers of money between Defendants and the Paulk Parties. *See id.*; *see also* Docket No. 316-5 at 14.

Plaintiff contends that it proposed narrowing the scope of these requests to relevant internal non-privileged communications and documents in the Paulk Parties' possession that do not include Defendants and could not be produced by Defendants. *See* Docket No. 436 at 2-6. Plaintiff also contends that it offered to further narrow the scope of these requests to responsive documents produced in the Paulk Parties' separate ligation with Defendants; however, the Paulk Parties did not accept the offer. *See* Docket No. 436 at 2-6. The Paulk Parties submit that Plaintiff never actually limited the scope of these requests because it maintained the position that the relevant agreements and all related communications must be produced while it simultaneously offered to narrow the scope. *See id.* at 3-6.

The Court finds that Plaintiff's narrowed scope of these requests—to responsive documents produced in the Paulk Parties' separate ligation with Defendants—is relevant and proportional to the needs of the case. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler v. Wells Fargo Bank, N.A.*, 2025 WL 783262, at *6 (D. Nev. Mar. 11, 2025) (citing *D.S. v. Clark Cnty.*, 2023 WL 3584256, at *2 n.5 (D. Nev. May 22, 2023)) (explaining that the Court "generally holds parties to the compromise positions that their counsel took during the conferral process"). Therefore, the motion to compel is granted as to Requests for Production Nos. 3 and 4 in the Paulk Subpoena and Request for Production No. 6 in the NCI /MMC Subpoena. The Paulk Parties must produce

responsive documents produced in the Paulk Parties' separate ligation with Defendants, which are non-privileged, do not include Defendants, and could not be produced by Defendants.  To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

ii.     NCI/MMC Subpoena RFP Nos. 17-18

Requests for Production Nos. 17 and 18 in the NCI/MMC Subpoena seek all documents and communications related to any potential loans or other funding from NCI/MMC to Defendants, including but not limited to any agreements entered into between NCI/MMC and Defendants, term sheets, documents exchanged as part of due diligence, and any analyses of Defendants and its plans for use of proceeds.  Docket No. 316-5 at 15.

The Paulk Parties submit that they produced all loan agreements between NCI and New-Com and Defendants in December 2024.  Docket No. 318 at 13.  The Paulk Parties contend that these requests are overly broad and unduly burdensome, and that they call for an extensive production of internal emails and communications with counsel, drafts of legal memorandums and filings relating to NCI and Defendants' litigation, all discovery produced in the litigation, and work product and notes from counsel.  *See id.* at 13-15.  The Paulk Parties further submit that they have not produced a privilege log identifying all internal documents being withheld because it would be unduly burdensome to prepare for every single attorney/client communication and document protected by the privilege from 2018 to date.  *See id.* at 16.  Plaintiff contends that the Paulk Parties' arguments as to burden are unavailing because Plaintiff seeks specific internal communications and documents regarding lending agreements and regarding payment indebtedness, or transfers of money between Defendants and the Paulk Parties.  Docket No. 325 at 11-12.  Further, Plaintiff contends that the Paulk Parties' privilege claims do not explain the burden of producing a privilege log, and that search terms or filters could identify privileged communications without the need for manual review.  *See id.* at 12.

Plaintiff contends that it proposed narrowing the scope of these requests to relevant internal non-privileged communications and documents in the Paulk Parties' possession that do not include Defendants and could not be produced by Defendants.  *See* Docket No. 436 at 7-10. The Paulk

6

Parties submit that Plaintiff never actually limited the scope of these requests. *See id.* The Court finds that the narrowed scope of these requests as presented by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. Therefore, the motion to compel is granted as to Requests for Production Nos. 17 and 18 in the NCI/MMC Subpoena. The Paulk Parties must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

**B. Documents Related to Financial Assistance the Paulk Parties Provided to Defendants**

Plaintiff seeks to compel responses to Requests for Production Nos. 48 and 49 in the Paulk Subpoena. Docket No. 314 at 17-18. Requests for Production Nos. 48 and 49 seek all documents and communications regarding any funds, money, or other assistance Mr. Paulk and MMC provided to Defendants, including for use in Defendants' projects such as construction of a biodiesel refinery. *See* Docket No. 316-1 at 17.

The Paulk Parties contend that these requests are duplicative of Requests for Production Nos. 3 and 4 in the Paulk Subpoena as seeking irrelevant information, and being vague and ambiguous, overly broad, and unduly burdensome. Docket No. 318 at 18.

Plaintiff contends that it proposed narrowing the scope of these requests to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants. *See* Docket No. 436 at 10-11. The Paulk Parties submit that Plaintiff never actually limited the scope of these requests. *See id.* at 11-12.

The Court finds that the narrowed scope of these requests, as submitted by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. Therefore, the motion to compel is granted as to Request for Production Nos. 48 and 49 in the Paulk Subpoena. Mr. Paulk must produce responsive internal documents and communications

which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent Mr. Paulk contends that responsive documents and communications are privileged, they must produce a privilege log.

### C. Documents Related to Defendants' Facilities

Plaintiff seeks to compel responses to Requests for Production Nos. 20-22 and 25 in the NCI/MMC Subpoena. Docket No. 314 at 18-20.

i.    Request for Production No. 20

Request for Production No. 20 in the NCI/MMC Subpoena seeks all documents and communications related to Defendants' facilities, including but not limited to budgets, contracts, request for additional funds, valuation reports, appraisals, change orders, timelines, progress updates, presentations for the facilities, documents and communications related to expected output of the facility, and documents and communications related to ownership or financial interests in the facility or land for the facility. *See* Docket Nos. 316-5 at 15-16, 316-6 at 16.

The Paulk Parties contend that NCI has no documents related to the construction of the facilities because it was not involved in the construction whatsoever; therefore, there is nothing to compel from NCI beyond the produced loan agreements. *See* Docket No. 318 at 22. Plaintiff fails to respond to this argument. *See* Docket No. 325 at 13. Therefore, the motion to compel is denied as to Request for Production No. 20 in the NCI Subpoena. *See* LR 7-2(d).

As to the MMC Subpoena, Plaintiff contends that it proposed narrowing the scope of this request to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants. *See* Docket No. 436 at 13-14. The Paulk Parties submit that Plaintiff never actually limited the scope of this request. *See id.* at 14.

The Court finds that the narrowed scope of this request, as submitted by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. MMC contracted to construct the facility; thus, it is possible that MMC has relevant internal documents and communications about the facility that Defendants do not. Therefore, the motion to compel is

granted as to Request for Production No. 20 in the MMC Subpoena. The Paulk Parties must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

### ii.    Request for Production No. 21

Request for Production No. 21 seeks all documents and communications regarding the use of technology in Defendants' facilities, including any changes to the technology to be used in the refinery, any work NCI or MMC provided in repurposing the technology in the refinery, or guarantees related to the technology to be used in the refinery. Docket Nos. 316-5 at 16, 316-6 at 16.

Once again, the Paulk Parties contend that NCI has no documents related to the use of technology at the facility because it was not involved in the construction whatsoever; therefore, there is nothing to compel from NCI. *See* Docket No. 318 at 23 n.21. Plaintiff fails to respond to this argument. *See* Docket No. 325 at 13. Therefore, the motion to compel is denied as to Request for Production No. 21 in the NCI Subpoena. *See* LR 7-2(d).

As to the MMC Subpoena, Plaintiff contends that it proposed narrowing the scope of this request to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants. *See* Docket No. 436 at 15. The Paulk Parties submit that Plaintiff never actually limited the scope of this request. *See id.* at 16.

The Court finds that the narrowed scope of this request, as submitted by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. MMC was involved with construction of the facility; thus, even if Mr. Paulk was not involved in technology decisions, it is possible that MMC possesses relevant internal documents and communications about changes to the technology used in the facility. Therefore, the motion to compel is granted as to Request for Production No. 21 in the MMC Subpoena. The Paulk Parties

must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

### iii.  Request for Production No. 22

Request for Production No. 22 seeks all documents and communications related to the progress and/or status of construction or repurposing activity of Defendants' facilities. Docket Nos. 316-5 at 16, 316-6 at 16-17.

The Paulk Parties contend that this request is largely duplicative of Request for Production Nos. 20 and 21 and should be denied for the same reasons. Docket No. 318 at 23. Plaintiff contends that it proposed narrowing the scope of this request to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants. *See* Docket No. 436 at 15. The Paulk Parties submit that Plaintiff never actually limited the scope of this request. *See id.* at 16.

The Court finds that the narrowed scope of this request, as submitted by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties. *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. MMC contracted to construct the facility; thus, it is possible that MMC has relevant internal documents and communications about the facility's construction that Defendants do not. Therefore, the motion to compel is granted as to Request for Production No. 22 in the NCI/MMC Subpoena.[7] The Paulk Parties must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

….

---

[7] The Paul Parties generally contend that this request is largely duplicative of Request for Production Nos. 20 and 21 and should be denied for the same reasons, but they fail to certify that NCI has no responsive documents as to this particular request. *See* Docket No. 318 at 23. Therefore, the Court grants this request as to the NCI Subpoena as well.

iv.    Request for Production No. 25

Request for Production No. 25 seeks all documents and communications regarding the ownership of the land related to Defendants' facilities.  Docket No. 316-5 at 17.

The Paulk Parties produced the sale and purchase agreement for the sale of the property to Defendants, but object to further production and submit that they possess no other relevant documents to compel.  Docket No. 318 at 23.  The Paulk Parties object to further production because, they submit, information related to NCI's prior ownership of a biodiesel plant is not relevant to this action and any additional documents as to Defendants' ownership of the land could have been obtained from Defendants.  *Id.* at 23.  Plaintiff submits that this request is not limited to formal agreements and that it also seeks related communications and supporting documents.  Docket No. 325 at 13.

Plaintiff contends that it proposed narrowing the scope of this request to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants.  *See* Docket No. 436 at 18-19.  The Paulk Parties contend that Plaintiff only asked to confirm if there were any additional agreements, and the Paulk Parties confirmed there were none.  *Id.* at 19-20.

The Paulk Parties have the better argument.  Defendants are the proper party from which to seek documents and communications relating to the ownership of their property.  The Court is not persuaded that NCI or MMC would have relevant documents pertaining to ownership of the land after NCI sold the land to Defendants.  Further, Plaintiff's argument that these documents may disclose "whether there were other parties or entities involved in [Defendants' facilities] and who may have asserted claims for the value or control of the facilities" is unavailing.  Docket No. 314 at 19.  Therefore, the motion to compel is denied as to Request for Production No. 25 in the NCI/MMC Subpoena.

**D. Documents Related to the Funds and Construction of Defendants' Facilities**

Plaintiff seeks to compel responses to Requests for Production Nos. 34-36 and 42 in the NCI/MMC Subpoena.  Docket No. 314 at 20-21.

Requests for Production Nos. 34-36 seek all documents and communications regarding (1) the use of funds for construction of Defendants' facilities, including the Paulk Parties' use of these funds for purchases, payments, or loans; (2) any payments or financial transfers provided to subcontractors for use in Defendants' facilities; and (3) NCI/MMC's role in the construction, engineering, drafting, design, technical support or modeling services of Defendants' facilities Docket Nos. 316-5 at 18, 316-6 at 19.  Request for Production No. 42 seeks all documents sufficient to allow tracing of the funds used for construction or repurposing of Defendants' facilities.  Docket Nos. 316-5 at 19, 316-6 at 20.

The Paulk Parties contend that this category of requests is duplicative and largely seeks documents relating to the construction of the renewable energy facility.  Docket No. 318 at 23. Further, the Paulk Parties contend that the only new argument made in this section is Plaintiff's contention that Defendants' former CFO suspects that MMC may have funneled funds to subcontractors who then used them on other projects.  *Id.* at 24.  Plaintiff submits that these requests are relevant because Defendants' expenditures in connection with their facilities form the crux of their damages and because of the allegations that the Paulk Parties misspent funds, leading to Defendants' facilities not being as far constructed as claimed.  Docket No. 325 at 13-14.  Further, Plaintiff contends that the use of funds for construction, including payments to subcontractors, are relevant to the status and valuation of Defendants' facilities.  *See id.*

Plaintiff contends that it proposed narrowing the scope of these requests to relevant internal non-privileged communications and documents in Mr. Paulk's possession that do not include Defendants and could not be produced by Defendants.  *See* Docket No. 436 at 20-26.  The Paulk Parties submit that Plaintiff never actually limited the scope of these requests.  *See id.*

The Court finds that the narrowed scope of this request, as submitted by Plaintiff, is both relevant and proportional to the needs of the case and does not pose an undue burden on the Paulk Parties.  *See Guerrero*, 2017 WL 7314240, at *2; *see also Winkler*, 2025 WL 783262, at *6. Documents reflecting MMC's receipt of payments and use of those funds for construction of the facilities are relevant to Defendants' damages claims. Therefore, the motion to compel is granted as to Requests for Production Nos. 34-36 and 42 in the NCI/MMC Subpoena.  The Paulk Parties

must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants. To the extent the Paulk Parties contend that responsive documents and communications are privileged, they must produce a privilege log.

### E. Request for Fees Incurred

The Court declines to award either party fees incurred in briefing the instant motion.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel. Docket No. 314. The ordered discovery must be provided no later than May 1, 2026.

IT IS SO ORDERED.

Dated: April 6, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

13