UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket No. 446]

Pending before the Court is Defendants' motion to seal exhibits in the appendix to their response to Plaintiff's motion for issuance of letters rogatory. Docket No. 446; *see also* Docket No. 445 (appendix of exhibits).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2. The sole ground for Defendants' motion to seal is the confidentiality designations applied to the exhibits at issue by the producing parties. Docket No. 446 at 3. The filings at issue are Exhibits B-5, B-6, B-7, B-8, and B-9 to Exhibit A, Exhibits B-7 and B-8 to Exhibit B, and Exhibits 6, 6.1, and 7 to Exhibit C. *See id.* at 2. Plaintiff filed a declaration of its assessment team leader in support of sealing Exhibits B-6, B-7, B-8, and B-9 to Exhibit A, and Exhibit B-8 to Exhibit B. Docket No. 457.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good

cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

**I.    Exhibit A**

Defendants' motion seeks to seal Exhibits B-5, B-6, B-7, B-8, and B-9 to Exhibit A. Docket No. 446. Defendants submit that Exhibits B-5 and B-6 were designated confidential by non-party Berkeley Research Group, LLC, and Exhibits B-7, B-8, and B-9 were designated confidential by Plaintiff. *See id.* at 2. Plaintiff filed a declaration in support of sealing Exhibits B-6, B-7, B-8, and B-9. Docket No. 457. No declarations were filed as to the remaining exhibits.

**A. Exhibit B-5**

Exhibit B-5 appears to be a Korean-language email. Docket No. 445-1 at 82. This exhibit was marked confidential by non-party Berkeley Research Group. Docket No. 446 at 2. It is

unclear whether the non-party has notice of this motion.  *See* Docket.  Accordingly, no later than April 16, 2026, Defendants must serve this motion on non-party Berkeley Research Group and file a certificate of service on the docket.  Defendants must also file a certified English translation of this exhibit under seal.

### B. Exhibit B-6

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibit B-6 is a due diligence report regarding the potential Ryze transaction.  Docket No. 457 at 2.  Ms. Park submits that the report contains Plaintiff's detailed impressions of a potential agreement with Defendants.  *Id.* at 2-3.  However, Defendants did not attach an English translation to the sealed version of this exhibit.  Docket No. 447-1 at 84-168.  Therefore, the Court cannot make a determination as to whether the exhibit is properly sealed or redacted.  No later than April 16, 2026, Defendants must file a certified English translation of this exhibit under seal.

### C. Exhibits B-7, B-8, and B-9

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibits B-7, B-8, and B-9 to Exhibit B are Korean language spreadsheets drafted by Plaintiff's assessment team.  Docket No. 457 at 3.  Ms. Park submits that the documents contain confidential findings and summaries by Plaintiff and reveal the manner in which Plaintiff evaluates potential transactions.  *See id.* However, Defendants did not attach English translations to the sealed versions of these exhibits, and the sealed versions of these exhibits are heavily redacted.  *See* Docket No. 447-1 at 169-174. Therefore, the Court cannot make a determination as to whether the exhibits are properly sealed or redacted.  No later than April 16, 2026, Defendants must file certified English translations of these exhibits, as well as completely unredacted versions of the exhibits, under seal.

## II.    Exhibit B

Defendants submit that Exhibit B-7 and B-8 were designated confidential by non-party Berkeley Research Group, LLC.  Docket No. 446 at 2.  Plaintiff filed a declaration in support of sealing Exhibit B-8.  Docket No. 457.

….

….

#### A. Exhibit B-7

Exhibit B-7 appears to be the same Korean-language email as Exhibit B-5 to Exhibit A. Docket No. 447-2 at 95-96. It is unclear whether the non-party received notice of this motion. *See* Docket. Accordingly, no later than April 16, 2026, Defendants must serve the motion on the non-party and file a certificate of service, as well as file a sealed certified English translation of the document.

#### B. Exhibit B-8

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibit B-8 is the same due diligence report regarding the potential Ryze transaction as Exhibit B-6 to Exhibit A. Docket No. 457 at 2. Once again, Defendants did not attach an English translation to the sealed version of this exhibit. Docket No. 447-2 at 97-181. Therefore, the Court cannot make a determination as to whether the exhibit is properly sealed or redacted. No later than April 16, 2026, Defendants must file a certified English translation under seal.

### III.    Exhibit C

Defendants submit that Exhibits 6, 6.1, and 7 were designated confidential by non-party Snell & Wilmer LLP. Docket No. 446 at 2. Plaintiff's declaration makes no showing as to sealing Exhibits 6, 6.1, and 7 to Exhibit C. Docket No. 457. Exhibit 6 appears to be an email seeking payment for legal services. Docket No. 445-3 at 418. Exhibit 6.1 appears to be an invoice for legal services. *Id.* at 419. Exhibit 7 appears to be email correspondence about loan agreements. *Id.* at 420. It is unclear whether the non-party received notice of this motion. *See* Docket. Accordingly, no later than April 16, 2026, Defendants must serve the non-party and file a certificate of service on the docket.

### IV.    Conclusion

For the reasons provided above, the Court **DEFERS** ruling on the motion to seal.

The Court **ORDERS** Defendants to file, under seal, fully unredacted versions of Exhibits B-5, B-7, B-8, and B-9 to Exhibit A, as well as certified English translations of Exhibits B-6, B-7, B-8, and B-9 to Exhibit A, and Exhibit B-8 to Exhibit B, no later than April 16, 2026.

4

No later than April 16, 2026, Defendants must serve the motion to seal and this order on the relevant non-parties and file a certificate of service on the docket. The non-parties must file a response to the motion to seal no later than April 23, 2026. The Clerk's Office is **INSTRUCTED** to continue maintaining under seal Docket No. 447 at this juncture.

IT IS SO ORDERED.

Dated: April 9, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge