UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket Nos. 410, 413]

Pending before the Court is Defendants' motion for an order to show cause why Plaintiff should not be sanctioned for violating this Court's January 30, 2026, Order. Docket No. 410. Plaintiff filed a response. Docket No. 426. Defendants filed a reply. Docket No. 441. Also pending before the Court is Defendants' motion for leave to supplement its motion for an order to show cause. Docket No. 413. Plaintiff filed a response. Docket No. 435. Defendants filed a reply. Docket No. 451. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants.[1]

Defendants filed a motion to compel Plaintiff to produce discovery concerning its internal investigation into former employee Lee, documents and communications with Korean regulators and law enforcement regarding Lee's alleged malfeasance, Plaintiff's counsel relationships, and the genuineness of documents concerning Lee's authority. Docket No. 267. On January 30, 2026, the Court issued an order granting in part and denying in part Defendants' motion to compel.

---

[1] As the parties are already familiar with the facts of this case, the Court will not provide an extensive factual background.

Docket No. 403. The instant motion primarily concerns the Court's Order as to the internal investigation documents and the regulatory/prosecutor communications. *See* Docket No. 403.

As to the internal investigation documents (Request for Production Nos. 25-26, 44), the Court explained that Plaintiff's failure to provide a privilege log made it impossible for the Court to assess Plaintiff's assertion that the documents sought are privileged. Docket No. 403 at 5. The Court ordered Plaintiff to produce all responsive nonprivileged documents and properly log all responsive documents that Plaintiff claims are protected by attorney-client privilege or attorney work product doctrine. *Id.* at 6. Further, the Court ordered that the privilege log must contain the following information to be sufficient: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *Id.* (citing *Phillips v. C.R. Bard*, 290 F.R.D. 615, 627 (D. Nev. 2013)). Thus, the Court granted the motion to compel as to the internal investigation documents (Requests for Production Nos. 25-26, 44). Docket No. 403 at 6.

As to the regulatory/prosecutor communications, the Court found that Plaintiff failed to satisfy its burden of showing why that discovery should be denied. *Id.* at 7. Specifically, Plaintiff failed to explain how the Korean confidentiality law cited was implicated by the discovery sought and whether other United States courts have limited discovery based on that law. *Id.* Further, the Court explained that Plaintiff failed to demonstrate that comity and privacy concerns exist as to the discovery sought. *Id.* at 7-8. Thus, the Court granted the motion to compel as to the regulatory/prosecutor communications (Request for Production Nos. 37-40). *Id.* at 8.

Through the instant motion, Defendants request that the Court order production, issue an order to show cause, award Defendants their reasonable expenses and attorneys' fees under Rule 37(b)(2)(C), and order any further relief the Court deems just and proper. Docket No. 410 at 23.

## II.     STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v.*

*Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

It is a foundational aspect of federal litigation that orders are not suggestions or recommendations, but rather they are directives with which compliance is mandatory.  *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979).  Quite plainly, "all orders and judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975), and "[n]o judge tolerates a disregard of court orders," *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *8 (D. Nev. May 22, 2015).

The Court has authority to issue sanctions against parties for failing to comply with court orders "to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  The threshold inquiry in deciding a Rule 37(b) motion is whether the opposing party violated a discovery order.  *Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 WL 2735534, at *2 (D. Nev. Sept. 24, 2025) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994)).  Upon finding a violation of a discovery order, the analysis turns to deciding the consequences for that disobedience.  *Id.* "Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court."  *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).  The repercussions for violating a discovery order are established in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.  The text of that rule provides as follows:

> (A) For Not Obeying a Discovery Order.  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

3

> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"The very purpose of Rule 37 is to ensure compliance with discovery orders." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (cleaned up). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). "Without adequate sanctions, the procedure for discovery would be ineffectual." *Grimes*, 951 F.2d at 241. Because discovery scenarios will vary in each case,

> Rule 37 is flexible. The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response. The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.

8B C. Wright, A. Miller, R. Marcus, FEDERAL PRACTICE AND PROCEDURE: Civil § 2284 at 436-37 (2010 ed., 2026 supp.). Hence, Rule 37(b) "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order." *United States v. Nat'l Med. Enterps., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986). The Court's discretion in deciding whether to impose discovery sanctions, and which sanctions are appropriate, is particularly broad. *See, e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) (identifying the "great latitude" afforded to lower courts on deciding discovery sanctions).

4

III.    MOTION FOR LEAVE TO SUPPLEMENT, DOCKET NO. 413

Defendants seek leave to supplement the record on its motion for order to show cause by submitting a letter that Plaintiff's counsel transmitted on March 10, 2026.  Docket No. 413 at 2. Plaintiff contends that Defendants' motion is an improper attempt to add new arguments to its motion for an order to show cause, but has no objection to its March 10, 2026, letter being added to the record.  Docket No. 435 at 4.  Further, Plaintiff filed a copy of the letter in its exhibits to its response to the underlying motion.  *Id.* (citing Docket No. 431-4).  Given that Plaintiff does not object to its March 10, 2026, letter being added to the record and that the letter is included in Plaintiff's exhibits to its response to the underlying motion, *see* Docket No. 431-4, the Court **DENIES** Defendants' motion for leave to supplement as moot.  Docket No. 413.

IV.    MOTION FOR ORDER TO SHOW CAUSE, DOCKET NO. 410

The Court first considers Plaintiff's threshold arguments in opposition to the instant motion on the basis that Rule 37(b) relief is unavailable and that Defendants failed to properly meet and confer before filing.  Docket No. 426 at 9-13.  The Court then considers Defendants' arguments that Plaintiff violated the Court's Order.  Lastly, the Court considers Defendants' request for expenses.

**A.  Rule 37(b) Relief**

Plaintiff submits that Defendants' motion should be denied in its entirety because it addresses conduct outside the Court's January 30, 2026, Order and, therefore, Rule 37(b) relief is unavailable.  Docket No. 426 at 9-11.  Plaintiff submits that the Court's January 30, 2026, Order required Plaintiff to log privileged documents responsive to a limited set of requests (Request for Production Nos. 25-26, 44); however, Defendants' motion attacks the privilege log wholesale, including entries and categories of documents that were not implicated in the Court's order.  *Id.* at 10.  Specifically, Plaintiff contends that its privilege log entries from the 2020 to 2021 timeframe regarding a review of the contracts at issue in this matter are not subject to the Court's Order, yet Defendants' motion argues that those entries in the privilege log violate the Court's Order.  *Id.* Defendants contend that each issue they identify is either a direct violation of the Court's Order or a proximate consequence of it.  Docket No. 441 at 13.

5

The Court declines to deny Defendants' motion in its entirety on this basis; instead, the Court considers each of the arguments presented and whether the conduct at issue is in violation of the Court's January 30, 2026, Order. *See*, *e.g.*, *Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 WL 2735534, at *2 (D. Nev. Sept. 24, 2025)

**B. Meet-and-Confer Requirement**

Plaintiff submits that the instant motion should be denied because it is not a Rule 37(b) motion; rather, it is a discovery motion to which the meet-and-confer requirements apply, and Defendants failed to properly meet and confer before filing. Docket No. 426 at 11-13. Defendants contend that Rule 37(b) sanctions do not require pre-filing conferral and, even if conferral were required, Defendants invited conferral several times and Plaintiff did not respond. Docket No. 441 at 3-4 (citing *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2026 WL 74044, at *2 n.3 (D. Nev. Jan. 8, 2026)).

The Court finds that, since Defendants' motion is a Rule 37(b) motion, the meet-and-confer requirement does not apply. See *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2026 WL 74044, at *2 n.3 (D. Nev. Jan. 8, 2026)).

**C. Privilege Log**

Defendants contend that Plaintiff's privilege log violates the Court's Order in four ways: 1) Plaintiff reasserts positions the Court previously rejected; 2) the log contains entries that are facially not privileged; 3) the log fails on four of five Court-ordered elements at scale; and 4) third-party disclosures independently render privilege inapplicable as to hundreds of entries. Docket No. 410 at 8-18. Defendant submits that Plaintiff reasserts positions the Court previously rejected as to its Korea PIPA assertions and omissions of communications with Paul Hastings. *Id.* at 8-10.[2] Plaintiff contends that it complied with the Court's Order because: 1) its privilege log provides sufficient information to assess the asserted claims of privilege; 2) Defendants' challenges to Plaintiff's privilege log entries amount to ordinary disagreements over privilege and not sanctionable noncompliance; 3) the presence of third parties or personal email accounts does

---

[2] The Court considers Plaintiff's Korea PIPA assertion for privilege log Entry ID 1425 separately from the rest of Defendants' privilege log arguments.

not establish waiver on this record; and 4) Plaintiff had no Paul Hastings communications responsive to Request for Production No. 44.  Docket No. 426 at 13-20.

Particularly when a party seeks the imposition of significant sanctions, the Court takes very seriously the requirement that the movant provide adequate factual and legal support for its request. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015); *see also, e.g., Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2025 WL 342094, at *2 (D. Nev. Jan. 30, 2025). In assessing whether to impose sanctions, the Court hews closely to the standards and requirements applicable to the cited authority.  *See, e.g., Borenstein v. Animal Found.*, 2024 WL 6069434, at *1-2 (D. Nev. Feb. 14, 2024). The Court does so in accordance with Ninth Circuit law.  *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a court imposing sanctions "must clearly delineate under which authority it acts to insure that the attendant requirements are met"); *in re: Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on") (internal quotation marks omitted).  "The pertinent question is not whether some sort of wrongdoing has occurred; the inquiry is whether the movant has met the standards that govern its specific request for sanctions." *Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 WL 2735534, at *1 (D. Nev. Sept. 24, 2025).[3]

Defendants' motion seeks sanctions predicated solely on Rule 37(b)(2).  Docket No. 410 at 2, 7-8.  To prevail on that request, Defendants must establish as a threshold matter that a discovery order has been violated.  *See* Fed. R. Civ. P. 37(b)(2)(A) (providing for sanctions when a litigation "fails to obey an order"); *see also, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1170

---

[3] In reaching its decision, the Court finds that Defendants have not met the standards that govern their motion as to most of the arguments presented; however, the Court is not suggesting that Plaintiff has lived up to its discovery obligations.  Providing a privilege log is a basic duty that is encompassed in the text of the federal rules, *see* Fed. R. Civ. P. 26(b)(5), and the requirements for the contents of the log are well-established by law, *Nevada Power Co. v. Monsanto*, 151 F.R.D. 118, 121 & n.5 (D. Nev. 1993).  It would certainly seem in this case that Plaintiff should have provided a proper privilege log, even in the absence of an order.  On the other side of the ledger, however, a litigant must promptly seek relief if there has been a discovery violation, *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S. D. Miss. 2001), and Defendants' earlier motion to compel was specific to a subset of documents. *See* Docket No. 267.  If Defendants believed broad relief was warranted as to improperly withheld documents, Defendants needed to seek that relief in prompt fashion.

(9th Cir. 1994) (holding that imposition of sanctions pursuant to Rule 37(b)(2)(A) was erroneous where discovery order had not been violated). In the instant motion, Defendants have not made that showing, except for their argument as to Plaintiff's Korea PIPA assertion for privilege log Entry ID 1425. Defendants previously brought a motion to compel specific discovery responses and, in resolving that motion, the Court ordered Plaintiff to provide a proper privilege log. Docket No. 403 at 6. The Court was not adjudicating a broader dispute as to other documents, but was ruling on the specific documents in dispute in the underlying motion. In seeking relief now as to documents and privilege log entries that were not previously in dispute, Defendants have not established that Plaintiff violated a discovery order. Accordingly, Defendants are not entitled to sanctions pursuant to Rule 37(b)(2)(A) for Plaintiff's privilege log.

### D. Korean PIPA Assertion

Defendants contend that Entry ID 1425 on Plaintiff's privilege log asserts Korea's Personal Information Protection Act (PIPA) as the basis for withholding despite the Court's Order granting the motion to compel as to the regulatory/prosecutor communications (Request for Production Nos. 37-40) because Plaintiff failed to satisfy its burden of showing why that discovery should be denied. Docket No. 410 at 8-9; *see also* Docket No. 403 at 7. The description of Entry ID 1425 provides that it is a "[d]ocument regarding criminal investigation into Kyunghyun Lee reflecting information protected by Korean law, including the Personal Information Protective Act (PIPA)." Docket No. 412-1 at 149.

Plaintiff contends that the document contains personal information and investigative details protected under Korea's Personal Information Protection Act. Docket No. 426 at 18. Further, Plaintiff contends that producing this document may violate Korean law, exposing Plaintiff to penalties, and that the document may not lawfully be produced even pursuant to the protective order in this case. *Id.* Additionally, Plaintiff contends that seeking to avoid violation of foreign laws does not establish sanctionable noncompliance with the Court's Order. *Id.* Plaintiff provides the declaration of Sunhee Kim, an attorney licensed to practice law in the Republic of Korea and a partner at Yulchon LLC, and a memorandum by Yulchon LLC discussing Plaintiff's potential

liability under Korea's PIPA in support of its contentions.  *See* Docket Nos. 428 (declaration of Sunhee Kim), 431-1 (Yulchon LLC memorandum).

Defendants contend that the Court already considered and rejected Plaintiff's Korean law objection.  Docket No. 441 at 6.  Further, Defendants contend that the Sunhee Kim declaration and Yulchon LLC memorandum amount to seven pages of unsubstantiated legal argument.  *Id.* at 7.  Additionally, Defendants contend that Plaintiff's expert foreign law submissions are unpersuasive because they contain no discussion of Korean case law and no identification of past enforcement actions, and they omit the only two United States decisions to consider PIPA in discovery.  *Id.* at 7-8.  Moreover, Defendants contend that the aforementioned submissions are disingenuous because cross-border disclosure of Lee's personal information did not present a concern for Plaintiff when the documents served its interests, such as when Plaintiff produced Lee's personnel file, criminal complaint, and termination records.  *Id.* at 8.

Defendants have the better argument.  Plaintiff had the opportunity to demonstrate that the regulatory/prosecutor communications were protected by Korea's PIPA in its response to Defendants' motion to compel.  *See* Docket No. 305.  The Court considered Plaintiff's argument and explained that it "fails to satisfy its 'heavy burden of showing why that discovery should be denied.'"  Docket No. 403 at 7 (citing *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019)).  Further, the Court found that "Plaintiff fail[ed] to explain how the Korean confidentiality law it cites is implicated by the discovery sought here and whether other United States courts have limited discovery based on this law."  Docket No. 403 at 7.  The Court granted the motion to compel as to the regulatory/prosecutor communications (Request for Production Nos. 37-40) and ordered production by February 19, 2026.  *Id.* at 7, 11.  Thus, Plaintiff violated the Court's Order by withholding production of Entry ID 1425 after the Court ordered production.  Accordingly, the Court **GRANTS** the motion for sanctions as to Plaintiff's privilege log Entry ID 1425.  Docket No. 410.

### E.  Document Production

Defendants contend that Plaintiff's document production violates the Court's Order because it consists of 109 unlogged redactions across 53 documents, including white redactions to

9

a document that invisibly remove forensic evidence. Docket No. 410 at 18-20. Plaintiff contends that the Defendants' accusation of white redactions is false because the missing text resulted from an imaging error and Plaintiff produced a corrected version of the document once the issue was identified. Docket No. 426 at 20.

As explained above regarding Plaintiff's privilege log, Defendants have not demonstrated that Plaintiff's document production violates the Court's January 30, 2026, Order. Therefore, Defendants are not entitled to sanctions pursuant to Rule 37(b)(2)(A) for Plaintiff's document production.

### F. Defendants' Request for Expenses

Defendants seek expenses incurred in connection with their February 27 deficiency letter, this motion, and related efforts pursuant to Rule 37(b)(2)(C). Docket No. 410 at 22. Given that Plaintiff violated the Court's Order by withholding Entry ID 1425 after the Court ordered production of regulatory/prosecutor communications, Plaintiff must pay Defendants' reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to comply with the Court's Order, only as to privilege log Entry ID 1425. The Court declines to consider Defendants' requests for additional sanctions. *See* Docket Nos. 410 at 20-23, 441 at 13.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion for leave to supplement the record as moot. Docket No. 413. The Court **GRANTS** in part and **DENIES** in part Defendants' motion for sanctions. Docket No. 410. The Court **ORDERS** Plaintiff to meet and confer with Defendants about the proper avenue to produce privilege log Entry ID 1425 and to produce Entry ID 1425 by May 18, 2026.[4]

The Court further **ORDERS** that Plaintiff must pay Defendants' costs and fees incurred in filing the motion for sanctions and its reply, only as to privilege log Entry ID 1425. No later than May 15, 2026, the parties must meet and discuss the appropriate amount of fees and costs. If the

---

[4] In Plaintiff counsel's March 10, 2026, letter to Defendants' counsel, Plaintiff's counsel stated that, "[Plaintiff] is willing to meet and confer to discuss potential avenues for production of this document in a manner that complies with Korean law." Docket No. 431-4 at 5.

parties agree to the appropriate amount, they must file notice, no later than May 18, 2026, of their agreement. If the parties cannot agree, Defendants must file a motion to calculate costs and fees no later than May 19, 2026.

IT IS SO ORDERED.

Dated: May 12, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

11