**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
| Plaintiff, | |
| v. | **Order** |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | [Docket No. 446] |
| Defendants. | |

Pending before the Court is Defendants' motion to seal exhibits in the appendix to their response to Plaintiff's motion for issuance of letters rogatory. Docket No. 446; *see also* Docket No. 445 (appendix of exhibits).

The Court deferred ruling on the motion to seal and ordered the parties to file, under seal, fully unredacted versions and certified English translations of several exhibits to allow the Court to make a determination as to whether the exhibits are properly sealed or redacted. *See* Docket Nos. 458, 482. The Court also ordered Defendants to serve the motion to seal and this Court's order on the relevant non-parties and file a certificate of service on the docket. Docket No. 458.

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2. The sole ground for Defendants' motion to seal is the confidentiality designations applied to the exhibits at issue by the producing parties. Docket No. 446 at 3. The filings at issue are Exhibits B-5, B-6, B-7, B-8, and B-9 to Exhibit A, Exhibits B-7 and B-8 to Exhibit B, and Exhibits 6, 6.1, and 7 to Exhibit C. *See id.* at 2. Plaintiff filed a declaration of its

1

assessment team leader in support of sealing Exhibits B-6, B-7, B-8, and B-9 to Exhibit A, and Exhibit B-8 to Exhibit B.  Docket No. 457.

There is a strong presumption in favor of the public's access to judicial filings.  *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause.  *Id.* at 1180.  As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.  *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

## I.    Exhibit A

Defendants' motion seeks to seal Exhibits B-5, B-6, B-7, B-8, and B-9 to Exhibit A.  Docket No. 446.  Defendants submit that Exhibits B-5 and B-6 were designated confidential by non-party Berkeley Research Group, LLC (BRG), and Exhibits B-7, B-8, and B-9 were designated

confidential by Plaintiff.  *See id.* at 2.  Plaintiff filed a declaration in support of sealing Exhibits B-6, B-7, B-8, and B-9.  Docket No. 457.  No declarations were filed as to the remaining exhibits.

### A.  Exhibit B-5

Exhibit B-5 is a Korean-language email.  Docket No. 445-1 at 82.  This exhibit was marked confidential by non-party BRG.  Docket No. 446 at 2.  The Court ordered Defendants to serve the motion on the non-party and file a certificate of service, as well as file a sealed certified English translation of the exhibit.  Docket Nos. 458, 482.  Defendants filed a certificate of service to BRG, Docket No. 459, and a certified English translation of the exhibit.  Docket No. 491-1.  Defendants also filed a notice of partial compliance in which they submit that "[c]ounsel for BRG indicated that BRG 'takes no position as to confidentiality' of the documents it produced pursuant to the [Defendants] Subpoena, "defers to the determination of each Party to the litigation as to confidentiality,' and 'does not intend to file anything with the Court.'"  Docket No. 465 at 4; *see also* Docket No. 464-2 (email correspondence with counsel for BRG).

The Court does not find that good cause exists for sealing this exhibit.  Accordingly, the Court **ORDERS** Defendants to file Exhibit B-5 to Exhibit A on the public docket and attach a certified English translation by May 19, 2026.

### B.  Exhibit B-6

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibit B-6 is a due diligence report regarding the potential Ryze transaction.  Docket No. 457 at 2.  Ms. Park submits that the report contains Plaintiff's detailed impressions of a potential agreement with Defendants.  *Id.* at 2-3.  Defendants did not originally attach an English translation to the sealed version of this exhibit.  Docket No. 447-1 at 84-168.  The Court ordered Defendants to file a certified English translation of this exhibit under seal.  Docket No. 458 at 3.  Defendants filed a sealed certified English translation.  Docket No. 479-1.

The Court finds that good cause exists for sealing this exhibit, and its certified English translation, because the exhibit contains impressions and analysis conducted by Plaintiff as it performed due diligence on a potential transaction; therefore, public disclosure of this information could potentially damage Plaintiff's competitive standing.  *See Hunt v. Zuffa, LLC*, 528 F. Supp.

3d 1180, 1188 (D. Nev. 2021). Accordingly, the Court **INSTRUCTS** the Clerk's Office to maintain Exhibit B-6 to Exhibit A and its certified English translation under seal. Docket Nos. 447-1 at 84-168, 479-1.

### C. Exhibits B-7, B-8, and B-9

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibits B-7, B-8, and B-9 to Exhibit B are Korean language spreadsheets drafted by Plaintiff's assessment team. Docket No. 457 at 3. Ms. Park submits that the documents contain confidential findings and summaries by Plaintiff and reveal the manner in which Plaintiff evaluates potential transactions. *See id.* Defendants did not originally attach English translations to the sealed versions of these exhibits, and the sealed versions of these exhibits are heavily redacted. *See* Docket No. 447-1 at 169-174. The Court ordered Defendants to file certified English translations of these exhibits, as well as completely unredacted versions of the exhibits, under seal. Docket No. 458. Defendants filed a notice of partial compliance in which they submit that they do not possess unredacted versions of these exhibits because Plaintiff applied the redactions to the exhibits and maintains custody of the unredacted originals. Docket No. 465 at 3; *see also* Docket No. 480 (supplemental notice of compliance). The Court ordered Plaintiff to file, under seal, fully unredacted versions and certified English translations of Exhibits B-7, B-8, and B-9 to Exhibit A. Docket No. 482 at 2. Plaintiff filed fully unredacted versions and English translations of the exhibits. Docket No. 494.

The Court finds that good cause exists for sealing these exhibits, and their certified English translations, because the exhibits contain analysis conducted by Plaintiff as it evaluated potential transactions; therefore, public disclosure of this information could potentially damage Plaintiff's competitive standing. *See Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1188 (D. Nev. 2021). Accordingly, the Court **INSTRUCTS** the Clerk's Office to maintain Exhibits B-7, B-8, and B-9 to Exhibit A, and the certified English translation of these exhibits, under seal. Docket Nos. 447-1 at 169-174, 494.

….

….

….

## II.    Exhibit B

Defendants submit that Exhibit B-7 and B-8 were designated confidential by non-party Berkeley Research Group, LLC.  Docket No. 446 at 2.  Plaintiff filed a declaration in support of sealing Exhibit B-8.  Docket No. 457.

### A.  Exhibit B-7

Exhibit B-7 is the same Korean-language email as Exhibit B-5 to Exhibit A.  Docket No. 447-2 at 95-96.  The exhibit was marked confidential by non-party BRG.  Docket No. 446 at 2. The Court ordered Defendants to serve the motion on the non-party and file a certificate of service, as well as file a sealed certified English translation of the document.  Docket Nos. 458, 482. Defendants filed a certificate of service to BRG, Docket No. 459, and a certified English translation of the exhibit.  Docket No. 491-2.  Defendants also filed a notice of partial compliance in which they submit that "[c]ounsel for BRG indicated that BRG 'takes no position as to confidentiality' of the documents it produced pursuant to the [Defendants] Subpoena, "defers to the determination of each Party to the litigation as to confidentiality,' and 'does not intend to file anything with the Court.'"  Docket No. 465 at 4; *see also* Docket No. 464-2 (email correspondence with counsel for BRG).

The Court does not find that good cause exists for sealing this exhibit.  Accordingly, the Court **ORDERS** Defendants to file Exhibit B-7 to Exhibit B on the public docket and attach a certified English translation by May 19, 2026.

### B.  Exhibit B-8

Plaintiff's assessment team leader, Eun-mi Park, submits that Exhibit B-8 is the same due diligence report regarding the potential Ryze transaction as Exhibit B-6 to Exhibit A.  Docket No. 457 at 2.  Defendants did not originally attach an English translation to the sealed version of this exhibit.  Docket No. 447-2 at 97-181.  The Court ordered Defendants to file a certified English translation under seal.  Docket No. 458.  Defendants filed a sealed certified English translation. Docket No. 479-2.

The Court finds that good cause exists for sealing this exhibit, and its certified English translation, because the exhibit contains impressions and analysis conducted by Plaintiff as it

performed due diligence on a potential transaction; therefore, public disclosure of this information could potentially damage Plaintiff's competitive standing. *See Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1188 (D. Nev. 2021). Accordingly, the Court **INSTRUCTS** the Clerk's Office to maintain Exhibit B-8 to Exhibit B and its certified English translation under seal. Docket Nos. 447-2 at 97-181, 479-2.

**III.     Exhibit C**

Defendants submit that Exhibits 6, 6.1, and 7 were designated confidential by non-party Snell & Wilmer LLP. Docket No. 446 at 2. Plaintiff's declaration makes no showing as to sealing Exhibits 6, 6.1, and 7 to Exhibit C. Docket No. 457. Exhibit 6 appears to be an email seeking payment for legal services. Docket No. 445-3 at 418. Exhibit 6.1 appears to be an invoice for legal services. *Id.* at 419. Exhibit 7 appears to be email correspondence about loan agreements. *Id.* at 420. The Court ordered Defendants to serve the non-party and file a certificate of service on the docket. Docket No. 458. Defendants filed a certificate of service to Snell & Wilmer LLP. Docket No. 459. Defendants also filed a notice of partial compliance in which they submit that counsel for Snell & Wilmer "indicated that the firm is 'not seeking to maintain the confidentiality of the specific documents referenced.'" Docket No. 465 at 4; *see also* Docket No. 464-1 (email correspondence with counsel for Snell & Wilmer).

The Court does not find that good cause exists for sealing these exhibits. Accordingly, the Court **ORDERS** Defendants to file Exhibits 6, 6.1, and 7 to Exhibit C on the public docket by May 19, 2026.

**IV.     Conclusion**

For the reasons provided above, the Court **GRANTS** in part and **DENIES** in part the motion to seal. Docket No. 446.

No later than May 19, 2026, Defendants must file Exhibit B-5 to Exhibit A, Exhibit B-7 to Exhibit B, and Exhibits 6, 6.1, and 7 to Exhibit C on the public docket and attach a certified English translation of Exhibit B-5 to Exhibit A and Exhibit B-7 to Exhibit B.

The Clerk's Office is **INSTRUCTED** to maintain Exhibits B-6, B-7, B-8, and B-9 to Exhibit A, Exhibit B-8 to Exhibit B, and the certified English translations of these exhibits under seal. Docket Nos. 447-1 at 84-174, 447-2 at 97-181, 479-1, 479-2, 494.

IT IS SO ORDERED.

Dated: May 12, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge