# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants

Case No.: 2:23-cv-01492-APG-NJK

**Order**

Plaintiff Mirae Asset Securities Co., Ltd. moved to compel nonparties Greg Paulk, MMC Inc., and NC Industries, LLC (collectively, the Paulk parties) to comply with subpoenas to produce documents. ECF No. 314.  The Paulk parties opposed the motion. ECF No. 318. Magistrate Judge Koppe ordered supplemental briefs to explain how the specific document requests had been narrowed through the parties' protracted (but almost entirely unproductive) pre-motion meet and confer sessions. ECF No. 421 at 2.  She thereafter granted the motion to compel in part as narrowed down to certain categories of responsive documents that are not privileged, do not include the defendants in this case, and could not have been produced by the defendants. ECF No. 452 at 6-13.  She also ordered the Paulk parties to provide a privilege log for any responsive documents they withhold due to privilege. *Id.*

The Paulk parties object, arguing, among other things, that Judge Koppe did not meaningfully analyze proportionality and the undue burden on them as nonparties to this case in having to comply with a subpoena covering thousands of documents that will require a privilege review. ECF No. 468.  The Paulk parties contend that the information Mirae seeks from them is irrelevant to the case or duplicative of materials readily obtainable through other means.  The

Paulk parties thus move to set aside Judge Koppe's order. Alternatively, they request that I narrow the order, and they offer various means to do so. *Id.* at 23. They also seek cost-shifting under Federal Rule of Civil Procedure 45 so that Mirae bears the burden of production, given that the Paulk parties are not parties to this case. And they ask for more than the 30 days Judge Koppe ordered for production.[1]

Mirae responds by arguing, among other things, that the objection is the first time the Paulk parties revealed the scope of the production. Mirae asserts that the Paulk parties did not explain "what custodians were searched, what repositories were collected, what search terms were used, what date ranges were applied, what filters were run, what hit counts resulted from narrower searches, or what sampling was performed." ECF No. 474 at 6. Mirae states that it was willing to discuss a reasonable extension of time to produce the documents and practical search limitations to narrow the volume of responsive documents, but the Paulk parties did not respond to its invitation for a meet and confer session. Mirae states that if I am not inclined to overrule the objection in full, then I should require the Paulk parties "to meet and confer promptly regarding search methodology, phased production, and any privilege-log procedures that preserve Mirae Asset's ability to evaluate privilege claims." *Id.* at 25.

The Paulk parties then filed an unauthorized reply. *See* LR IB 3-1(a) (providing that replies to objections to a magistrate judge's order "will be allowed only with leave of the court"). But in that reply, the Paulk parties offer potential means to resolve the parties' disputes and narrow the production needed. ECF No. 477 at 21-22. They suggest that I should order cost-

---

[1] I already suspended the May 1 deadline from Judge Koppe's order while I considered this objection. ECF No. 473. The Paulk parties request that if I do not overrule Judge Koppe's order, they be given 120 days from my order to produce the documents because they will need that time to collect, review, and prepare a privilege log for over 500,000 pages of material.

shifting under Rule 45(d)(2)(B)(ii) and *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

Having read the briefs, it is apparent that the parties have spent more time and effort pointing out how the other side is not communicating than they have actually communicated with each other. Both sides offer potential solutions in their papers that they should have already discussed before wasting their time and resources and this court's time and resources with a motion to compel, supplemental briefs, and an objection to the magistrate judge's order. It appears from the briefs that both sides are now willing to compromise.

Consequently, I will hold the objection in abeyance and order the parties to meet and confer on the Paulk parties' production. This must be an actual discussion with actual proposals from each side on key sticking points, such as the types of documents that are both necessary to Mirae's case and cannot be obtained elsewhere, categories of documents that can be excluded entirely, search terms, date ranges, custodians, privilege log issues, cost shifting, and timing of production. Email and letter wars will not suffice. Any party who does not confer in good faith may be subject to sanctions, including cost shifting or the denial of cost shifting. *See* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (g).

I THEREFORE ORDER that by June 26, 2026, Mirae Asset Securities Co., Ltd., Greg Paulk, MMC Inc., and NC Industries, LLC must file a status report regarding their efforts to resolve the Paulk parties' production as set forth in this order. If the parties are making progress in their discussions, they may stipulate to extend this deadline.

DATED this 14th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3