**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket No. 418]

Pending before the Court is Plaintiff's motion for issuance of letters rogatory. Docket Nos. 418, 418-1, 418-2. Defendants filed a response. Docket No. 443 Plaintiff filed a reply. Docket No. 455. The Court does not require a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants. Plaintiff filed a motion to reopen discovery for the limited purpose of permitting remote depositions of third party witnesses Huijun Yang and Hyun Joo Park. Docket No. 312. The Court granted Plaintiff's motion and ordered that the depositions be completed by February 6, 2026. Docket No. 390. Defendants filed an emergency objection to the Court's order on the basis that the undersigned authorized conduct that directly violates South Korean sovereignty and that Defendants were "trapped between violating Korean law and forfeiting [their] fundamental right to cross-examination." Docket No. 392 at 3. Chief United States District Judge Andrew P. Gordon held a hearing where he overruled Defendant's emergency objection and extended the discovery deadline to May 22, 2026, solely for the purpose of conducting the depositions of Yang and Park. Docket No. 402. Chief Judge Gordon clarified the undersigned's order by requiring that the deposition cannot go forward in South Korea unless the parties comply with South Korean law." Docket No. 405 at 23.

Plaintiff filed the instant motion requesting that this Court issue letters rogatory pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or

Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) to conduct the depositions of Huijun Yang and Hyun Joo Park. Docket No. 418. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 418, 443, 455.

**II.    STANDARDS**

"[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). Private parties in U.S. litigation may seek the issuance of letters rogatory in civil lawsuits. *See in re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 562 (9th Cir. 2011). A deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'" Fed. R. Civ. P. 28(b)(1)(B). A letter rogatory may also include a request for the production of documents. *Viasat, Inc. vv. Space Systems/Loral, Inc.*, 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013).

The standards governing such requests have been succinctly stated as follows:

> A court has inherent authority to issue letters rogatory. 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. Whether to issue such a letter is a matter of discretion for the court. When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. A court's decision whether to issue a letter rogatory, though, does require an application of Rule 26(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. "Under Rule 26(b), parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense."

*Dish Network LLC v. Jadoo TV, Inc.*, 2020 WL 6528425, at *2 (N.D. Cal. June 29, 2020) (internal citations omitted).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

### III.    ANALYSIS

Plaintiff submits that the testimony of Yang and Park is relevant and proportional to the central issue in this case because both were employed by Plaintiff when this litigation commenced, and each has first-hand knowledge of the events at issue. Docket No. 418 at 1-5. Further, Plaintiff submits that Yang and Park are former-employee Korean nationals who are beyond both parties' control and the subpoena power of this Court. *See id.* at 4-5. Defendants request that the Court deny Plaintiff's motion because the motion is untimely, the proposed letters are deficient, and the proposed letters are one-sided. Docket No. 443 at 2-3. Defendants contend that the letters must include their cross-examination questions, should not issue until Plaintiff complies with the Court's production order, should include a request for examination of Paul Yoon, should request counsel attendance under Articles 7 and 8, and that Plaintiff's proposed questions should be modified to cure form deficiencies. *Id.* at 8-12. Plaintiff replies that the Court already resolved Defendants' objections to these depositions, Defendants cannot oppose the application of the same Hague Convention procedures it requested, the Court properly exercised its discretion to issue the letters, Defendants' arguments in opposition are a pretext for a delay it created, Defendants' authorities concerning delay/timing are inapposite and unpersuasive, and Defendants' attempt to expand discovery after the deadline confirms its bad faith. Docket No. 455 at 7-16. The Cout considers each of Defendants' arguments in turn.

#### A. Timeliness

Defendants contend that the letters rogatory procedure will result in delay and asks the Court to exercise its discretion to decline issuance. Docket No. 443 at 5-8. In Defendants' January 22, 2026, emergency objection to the Court's order reopening discovery for the sole purpose of permitting depositions of Yang and Park, Defendants submitted that, "where foreign law prohibits a deposition, U.S. courts either require the deposition to occur elsewhere or insist on compliance with that country's designated Hague Convention procedures." Docket No. 392 at 11. During the January 27, 2026, hearing on Defendants' emergency objection, before Chief United States District Judge Andrew P. Gordon, Defendants' counsel stated that "the real deadline for these depositions is trial, which is a ways out," and "[Defendants] face a very real and concrete risk that proceeding

3

in the manner these depositions are noticed in is contrary to Korean law." Docket No. 405 at 17-18. When Chief Judge Gordon asked Defendants' counsel how he felt about an extension of the discovery deadline to permit the taking of these depositions, Defendants' counsel responded that "[Defendants are] fine with a long leash on that, Your Honor. No objection." *Id.* at 23. Given that Defendants objected to the Court's order reopening discovery for the sole purpose of permitting these depositions, proposed the Hague Convention as a compliant method, and accepted a "long leash" to permit taking these depositions, the Court is not persuaded by Defendants' arguments as to the dilatory nature of the letters rogatory procedure.

### B. Plaintiff's Compliance with Production Order

Defendants contend that the letters should not issue until Plaintiff complies with the Court's January 30, 2026, Order. Docket No. 443 at 9; *see also* Docket No. 403. Defendants contend that Plaintiff is withholding documents which would frustrate Defendants' ability to cross-examine Yang and Park. *Id.* at 9-10. Since the completion of briefing of the instant motion, the Court ruled on Defendants' motion for an order to show cause why Plaintiff should not be sanctioned for violating the Court's January 30, 2026, Order. *See* Docket No. 496. Therefore, the Court declines to consider this argument as a basis for delaying or denying issuance of the letters rogatory.

### C. Examination of Paul Yoon

Defendants request leave to include an examination of Paul Yoon, a partner at Korean law firm Lee & Ko, in any letters authorized by the Court. Docket No. 443 at 10. Defendants contend that Yoon's testimony uniquely bears on former employee Lee's authority. *Id.* at 10-11. Plaintiff contends that this is an untimely attempt to pursue additional discovery without first obtaining an order or court-approved stipulation reopening discovery. Docket No. 455 at 15.

The Court's January 9, 2026, order reopened discovery for the sole purpose of conducting the remote depositions of Yang and Park. Docket No. 390 at 3.[1] Defendants fail to cite the proper standards for reopening the discovery period after the deadline has already expired. *See id.* at 1-2. Therefore, the Court denies Defendants' request to include an examination of Paul Yoon.

---

[1] Plaintiff filed a motion to extend the discovery deadline for the limited purposes of conducting the depositions of Yang and Park, which is pending. Docket No. 481.

### D. Inclusion of Defendants' Cross-Examination Questions

Defendants contend that if the Court issues letters, it should ensure the process is not one-sided by including Defendants' cross-examination questions. Docket No. 443 at 8. Further, Defendants contend that Plaintif's proposed letters exclude cross-examination and fail to provide a mechanism for Defendants to submit questions or present exhibits. *Id.* at 8-9. Defendants submit that these omissions will produce testimony that is inadmissible against Defendants at trial. *Id.* at 9. Plaintiff contends that Defendants were invited to submit cross-examination questions and did not respond, and that the Hague Convention does not require inclusion of Defendants' cross-examination questions. Docket No. 455 at 9-10.

To ensure that both parties are able to adequately examine Yang and Park, the Court orders the parties to file joint letters rogatory which include proposed questions and exhibits from both parties. The parties are expected to collaborate with one another to resolve disputes and provide the Court with complete letters rogatory.

### E. Modification of Plaintiff's Questions to Cure Form Deficiencies

Defendants contend that many of Plaintiff's questions are improperly leading for direct examination, they reserve their right to object to specific questions, and lodge objections to the form of Plaintiff's proposed questions in attached exhibits. Docket No. 443 at 10; *see also* Docket Nos. 445-4, 445-5. Plaintiff disputes that its questions are leading and submits that the proposed questions comply with the Hague Convention, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Docket No. 455 at 9-10. Further, Plaintiff contends that the Hague Convention procedure allows the Korean legal professional posing the questions to reserve the right to review questions for form and content before any testimony is taken and to modify the form of a question. *Id.*

The parties must share their respective proposed questions and exhibits with one another and meet and confer to resolve any objections. The parties are expected to collaborate to ensure that all proposed questions and exhibits comply with the Hague Convention, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. To the extent the parties disagree, they must

present their arguments to one another with authorities supporting their positions as to each issue in dispute.

### F. Request for Counsel Attendance or Video-Link Participation

Defendants contend that the letters should request counsel attendance under Articles 7 and 8 and, alternatively, video-link participation under Article 9. Docket No. 443 at 11-12. Further, Defendants contend that Plaintiff's interests are fully protected by their proposed questions, while Defendants have no representative present, no ability to observe demeanor, and no opportunity for real-time follow-up. *Id.* at 11. Plaintiff contends that it is unaware of any legal rights as to video or stenographic recording of the depositions or the attendance of U.S.-based counsel, but if Defendants would like to submit such a request they may do so. Docket No. 455 at 11.

The parties are ordered to discuss each of these issues during their conferrals in the process of submitting joint letters rogatory.

### IV.   CONCLUSION

The Court finds that issuance of letters rogatory is appropriate in this case. Plaintiff has made a showing that Huijun Yang and Hyun Joo Park have relevant information in this case. Given that Yang and Park are nonparties located in Korea, the letters rogatory are a necessary and appropriate mechanism to request the desired discovery.

Accordingly, the Court **HOLDS** Plaintiff's motion for issuance of letters rogatory to conduct the depositions of Huijun Yang and Hyun Joo Park in abeyance pending further conferral by the parties and submission of joint letters rogatory. Docket Nos. 418, 418-1, 418-2. The Court **ORDERS** the parties to meet and confer and collaborate to file a joint letters rogatory by June 5, 2026. The joint letters rogatory must include questions and exhibits from both parties that comply with the Hague Convention, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

IT IS SO ORDERED.

Dated: May 19, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

6