**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01492-APG-NJK<br><br>**Order**<br><br>[Docket No. 489] |

Pending before the Court is Defendants' motion for leave to file under seal Exhibits F through T-2 in the appendix to Defendants' motion to enforce. Docket No. 489; *see also* Docket Nos. 487, 488 (appendix of exhibits).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2. The sole ground for Defendants' motion for leave to file under seal is the confidentiality designations applied to the exhibits at issue by Plaintiff. Docket No. 489 at 2-4. The filings at issue are Exhibits F through T-2. *See id.* at 3. Plaintiff filed declarations of its counsel and legal affairs team leader in support of sealing Exhibits F and G. Docket Nos. 498, 499.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the

1

information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at \*1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at \*1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

## I.      Exhibit F

Defendants submit that this exhibit is a criminal complaint against Plaintiff's former employee K. Lee. Docket No. 487 at 2; *see also* Docket No. 487-10 at 1. Plaintiff's legal affairs team leader, Youngjun Kim, submits that good cause exists to seal this exhibit because it contains sensitive personal details and employment history regarding a foreign national, non-party former employee of Plaintiff, including a confidential investigation into him, as well as confidential information about Plaintiff's internal operations. Docket No. 499 at 2. Further, Plaintiff's legal affairs team leader contends that sealing this document would protect Plaintiff's proprietary information and the privacy interests of various individuals, including the former employee who otherwise may be harmed by their public disclosure. *Id.*

However, this exhibit is in the Korean language and contains redactions; therefore, the Court cannot make a determination as to whether the exhibit is properly sealed. Accordingly, the Court **ORDERS** Plaintiff to file, under seal, a fully unredacted version and certified English translation of Exhibit F by June 4, 2026.

## II.    Exhibit G

Defendants submit that this exhibit is a supplementary statement to the criminal complaint. Docket No. 487 at 2; *see also* Docket No. 487-11 at 1. Plaintiff's counsel submits that this is a Korean-language supplementary statement of complaint that Plaintiff submitted to Korean authorities on November 2, 2023. Docket No. 498 at 2. Further, Plaintiff's counsel submits that this exhibit includes proprietary information related to Plaintiff's approval and internal processes, including its protocols for assessing or rating potential financial transactions, internal steps for deciding whether to progress a transaction, details about the use of Plaintiff's corporate seal, and information regarding specific proposed transactions. *Id.* Additionally, Plaintiff's counsel submits that the Court has already granted a motion to seal this document previously. *Id.* (citing Docket No. 449).

The Court finds that good cause exists for sealing Exhibit G because it contains sensitive information as to Plaintiff's use of its corporate seal and potential methods of forging Plaintiff's corporate seal. *See First 100 LLC v. Omni Fin., LLC*, 2016 WL 5661916, at \*1 (D. Nev. Sept. 29, 2016).

## III.    Exhibits H through T-2

Plaintiff failed to file any declarations in support of sealing Exhibits H through T-2. *See* Docket. The Court therefore cannot find that good cause exists for sealing these exhibits.

## IV.    Conclusion

For the reasons provided above, the Court **GRANTS** the motion for leave to file under seal as to Exhibit G and **DENIES** it as to Exhibits H through T-2. Docket No. 489. The Court **DEFERS** ruling on the motion to seal as to Exhibit F.

The Court **ORDERS** Plaintiff to file under seal, a fully unredacted version and certified English translation of Exhibit F by June 4, 2026.  The Clerk's Office is **INSTRUCTED** to continue maintaining under seal Docket No. 487-10 at this juncture.

The Clerk's Office is **INSTRUCTED** to maintain Exhibit G and its certified English translation under seal.  Docket No. 487-11.

The Court further **ORDERS** Defendants to file Exhibits H through T-2 on the public docket and attach a certified English translation of the exhibits by June 4, 2026.

IT IS SO ORDERED.

Dated: May 28, 2026.

Nancy J. Koppe
United States Magistrate Judge

4