**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
| Plaintiff, | |
| v. | **Order** |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | [Docket No. 485] |
| Defendants. | |

Pending before the Court is Defendants' motion to enforce this Court's January 30, 2026, Order. Docket No. 485. Plaintiff filed a response. Docket No. 510. Defendants filed a reply. Docket No. 513. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

This case arises from a dispute regarding the enforceability of loan agreements entered into between Plaintiff's former employee, Lee, and Defendants.[1]

Defendants filed a motion to compel Plaintiff to produce discovery concerning its internal investigation into former employee Lee, documents and communications with Korean regulators and law enforcement regarding Lee's alleged malfeasance, Plaintiff's counsel relationships, and the genuineness of documents concerning Lee's authority. Docket No. 267. On January 30, 2026, the Court issued an order granting in part and denying in part Defendants' motion to compel. Docket No. 403. The instant motion concerns the Court's Order on requests for admissions as to the genuineness of documents concerning Lee's authority. *See id.* at 10-11.

Request for Admission No. 33 asks Plaintiff to admit the genuineness of a document that Defendants submit is a letter on Plaintiff's letterhead, bearing the seal of Plaintiff's CEO/Chairman. *Id.* (citing Docket No. 267 at 16). Request for Admission No. 34 asks Plaintiff

_____

[1] As the parties are already familiar with the facts of this case, the Court will not provide an extensive factual background.

to admit the genuineness of a document titled "Seal Certificate." *Id.* Plaintiff submitted that it could not determine the authenticity of the documents and could not admit or deny the request. Docket No. 403 at 10 (citing Docket No. 305 at 14). The Court explained that Federal Rule of Civil Procedure 36(a)(4) provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Docket No. 403 at 10 (citing Fed. R. Civ. P. 36(a)(4)). The Court ordered that, by February 19, 2026, Plaintiff must "provide a supplemental response to these requests explaining how it made a reasonable inquiry and why the information it knows or can readily obtain is insufficient to enable it to admit or deny." Docket No. 403 at 10-11. Further, the Court explained that "[a] boilerplate assertion of having undertaken a reasonable inquiry is not sufficient; the answering party must instead 'state fully those efforts' undertaken to obtain the needed information." *Id.* at 11 (quoting *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2024 WL 4729495, at *2 (D. Nev. Oct. 15, 2024)). Thus, the Court granted the motion to compel in part as to Request for Admission Nos. 33-34 about the genuineness of documents. Docket No. 403 at 10-11.

Defendants now contend that Plaintiff failed to serve a compliant supplemental response and ask the Court to deem Request for Admission Nos. 33-34 admitted, award Defendants their expenses incurred in bringing this motion, and order any further relief the Court deems appropriate. Docket No. 485 at 3, 18.

**II.     STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

It is a foundational aspect of federal litigation that orders are not suggestions or recommendations, but rather they are directives with which compliance is mandatory. *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). Quite plainly, "all orders and judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975), and "[n]o judge tolerates a disregard of court orders," *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *8 (D. Nev. May 22, 2015).

The Court has authority to issue sanctions against parties for failing to comply with court orders "to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The threshold inquiry in deciding a Rule 37(b) motion is whether the opposing party violated a discovery order. *Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 WL 2735534, at *2 (D. Nev. Sept. 24, 2025) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994)). Upon finding a violation of a discovery order, the analysis turns to deciding the consequences for that disobedience. *Id.* "Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court." *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981). The repercussions for violating a discovery order are established in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. The text of that rule provides as follows:

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

3

> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"The very purpose of Rule 37 is to ensure compliance with discovery orders." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (cleaned up). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). "Without adequate sanctions, the procedure for discovery would be ineffectual." *Grimes*, 951 F.2d at 241. Because discovery scenarios will vary in each case,

> Rule 37 is flexible. The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response. The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.

8B C. Wright, A. Miller, R. Marcus, FEDERAL PRACTICE AND PROCEDURE: Civil § 2284 at 436-37 (2010 ed., 2026 supp.). Hence, Rule 37(b) "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order." *United States v. Nat'l Med. Enterps., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986). The Court's discretion in deciding whether to impose discovery sanctions, and which sanctions are appropriate, is particularly broad. *See, e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) (identifying the "great latitude" afforded to lower courts on deciding discovery sanctions).

## III.    ANALYSIS

The Court first considers whether Plaintiff violated the Court's Order.

….

4

**A. Violation of the Court's Order**

Defendants contend that Plaintiff violated the Court's Order by failing to serve a compliant supplemental response to Request for Admission Nos. 33-34. Further, Defendants contend that, even if Plaintiff's October 13, 2025, supplements are considered, they fail on their own terms. Docket No. 485 at 10-13. As to Plaintiff's supplemental response to Request for Admission No. 33, Defendants contend that Plaintiff denied that the document was validly authorized, approved, or created by Plaintiff, but Plaintiff should have answered whether the document is what it purports to be. *Id.* at 11. As to Plaintiff's supplemental response to Request for Admission No. 34, Defendants contend that Plaintiff's denial answers a question the request did not ask. *Id.* at 12.

Plaintiff contends that it substantially complied with the Court's January 30, 2026, Order by providing supplemental responses to Defendants' requests in October 2025. Docket No. 510 at 10-12. In response to Request for Admission No. 33, Plaintiff provided a supplemental response in which it "[admits] that [the document] appears to be [sic] letter, but [Plaintiff] denies that this is a document that was validly authorized, approved, or created by [Plaintiff]." Docket No. 487-4 at 7. In response to Request for Admission No. 34, Plaintiff provided a supplemental response in which it "[admits] that [the document] appears to be a copy of a [Plaintiff] seal certificate, but [Plaintiff] denies that this is a document that was validly authorized, created, or approved for dissemination by [Plaintiff]." *Id.* at 8. Plaintiff submits that the Court's order to provide a supplemental response was moot or had already been complied with as a result of its supplemental responses because "how could [Plaintiff] explain how it was unable to admit or deny an RFA that it no longer claimed to be unable to admit or deny?" Docket No. 510 at 11. Further, Plaintiff contends that Defendants attempt to use "genuineness" as a weapon. *Id.* at 12-13. Additionally, Plaintiff contends that Defendants' own discovery conduct undermines its request. *Id.* at 14-15.

In reply, Defendants contend that Plaintiff's supplements never answer whether the documents are genuine. Docket No. 513 at 5-6. Further, Defendants contend that Plaintiff did not comply with the Court's Order and could not excuse noncompliance by deciding for itself that the Court's Order was moot. *Id.* at 6-8. Additionally, Defendants contend that Federal Rule of Civil

Procedure 36 authorizes the genuineness requests and Plaintiff cannot disclaim the document it created, sealed, and sent. *Id.* at 8-9.

Defendants have the better argument. The Court ordered that, by February 19, 2026, Plaintiff must "provide a supplemental response to these requests explaining how it made a reasonable inquiry and why the information it knows or can readily obtain is insufficient to enable it to admit or deny." Docket No. 403 at 10-11. Further, the Court explained that "[a] boilerplate assertion of having undertaken a reasonable inquiry is not sufficient; the answering party must instead 'state fully those efforts' undertaken to obtain the needed information." *Id.* at 11 (quoting *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2024 WL 4729495, at *2 (D. Nev. Oct. 15, 2024)). Plaintiff failed to provide a compliant supplemental response following the Court's Order and, instead, contends that supplemental responses it served after the briefing was completed on the underlying motion to compel preemptively mooted the Court's Order. *See* Docket No. 510 at 11. However, "orders are not suggestions or recommendations, but rather they are directives with which compliance is mandatory." *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). Quite plainly, "all orders and judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975), and "[n]o judge tolerates a disregard of court orders," *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *8 (D. Nev. May 22, 2015). Therefore, Plaintiff violated the Court's Order by failing to provide a supplemental response to Request for Admission Nos. 33-34.

Plaintiff's contention that the Court's Order was moot or had already been complied with is especially unavailing because Plaintiff could have taken several courses of action to avoid its violation of the Court's Order. Plaintiff should have filed a supplement to its briefing in October 2025 to inform the Court of its changed position—but it did not do so. Further, Plaintiff could have filed a motion for reconsideration of the Court's Order prior to the February 2026 supplemental response deadline but, once again, it did not do so. Plaintiff cannot unilaterally choose to excuse itself from compliance with Court orders. Given that Plaintiff violated the Court's Order, the Court next considers the appropriate sanction.

**B. Deem Requests Admitted**

Defendants request that the Court deem Request for Admission Nos. 33-34 admitted. Docket No. 485 at 15-18.  Plaintiff contends that deeming Request for Admission Nos. 33-34 admitted would be improper and disproportionate.  Docket No. 510 at 15-17.  In reply, Defendants contend that deeming the requests admitted is the proper second step here.  Docket No. 513 at 9-12.

The Court declines to deem Request for Admission Nos. 33-34 admitted.  *See Jones v. Zimmer*, 2014 WL 6772916, at *8 (D. Nev. Dec. 2, 2014).  Instead, the Court orders Plaintiff to provide a fully compliant supplemental response to Request for Admission Nos. 33-34.  Plaintiff is reminded that requests for admission relating to the genuineness of a document are expressly provided for in Federal Rule of Civil Procedure 36(a)(1)(B).  The Court is, once again, not persuaded by Plaintiff's contentions that the form of Defendants' requests are improper.  *See* Docket No. 403 at 10-11.  Further, the Court cautions Plaintiff that its October 2025 supplemental responses are not compliant with Rule 36(a)(4) or the Court's January 30, 2026, Order.  Rule 36(a)(4) provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  Both Plaintiff's initial responses and its supplemental responses lack the specificity required by Rule 36(a)(4) and the Court's Order.

**C. Defendants' Request for Expenses**

Defendants seek expenses incurred in bringing this motion pursuant to Rule 37(b)(2)(C). Docket No. 485 at 22.  The Court denies this request.

….

….

7

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to enforce. Docket No. 485.  The Court **ORDERS** Plaintiff to provide compliant supplemental responses to Request for Admission Nos. 33-34 by June 10, 2026.  The Court **DENIES** Defendants' request for fees and costs.

IT IS SO ORDERED.

Dated: June 3, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge