**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
|     Plaintiff, | **Order** |
| v. | [Docket No. 483] |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | |
|     Defendants. | |

Pending before the Court is Defendants' motion for clarification of this Court's January 30, 2026, Order.[1] Docket No. 483. Plaintiff filed a response. Docket No. 511. Defendants filed a reply. Docket No. 514. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

In reviewing the underlying motion practice, it was unclear to the Court that Plaintiff agreed to provide supplemental responses to Request for Admission Nos. 41-43, in addition to Request for Admission Nos. 44-46. *See* Docket No. 305 at 15 ("Nevertheless, in the interest of resolving conflict, [Plaintiff] will agree to provide amended responses to these requests for admission"). Defendants' motion sought to compel Plaintiff to provide straightforward admissions or denials. Docket No. 267 at 14 ("[Plaintiff] has systematically evaded its obligations under Rule 36 to provide straightforward admissions or denials"). After briefing concluded on the underlying motion to compel but before the Court issued its order, Plaintiff provided supplemental responses in which it denied that the various attorneys and law firms had been validly retained by Plaintiff.

---

[1] The Court also notes that the instant motion appears to be untimely because Defendants sought clarification of the Court's Order over three months after it was issued. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The Court has broad discretionary power to control discovery"); *see also V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019) ("magistrate judges are given broad discretion to manage [discovery] in the interests of dispatch and fairness"); *see also Antoine v. Rucker*, 2007 U.S. Dist. LEXIS 17602, *4 (D.N.J. Mar. 12, 2007) (holding a motion for clarification to the same 10-day time restriction as motions for reconsideration).

Docket No. 511 at 4; *see also* Docket No. 484-2 at 3; *see also* Docket No. 514 at 4. As the Court has previously explained, Plaintiff should have filed a supplement to its briefing in October 2025 to inform the Court of its changed position and sought leave to supplement its responses pursuant to Rule 36(b). *See* Docket No. 521 at 6. Plaintiff's supplemental responses effectively mooted the parties' dispute prior to the Court's Order because Plaintiff provided straightforward denials to the requests. *See de la Vega v. Barila*, 2026 WL 1070922, at *1 (D. Nev. Apr. 20, 2026) ("Courts resolve live disputes between the parties; they do not issue advisory opinions"). Therefore, the Court **VACATES** its prior Order as to Request for Admissions Nos. 41-43. Docket No. 403 at 8-9. Thus, there is no need for clarification of the Court's Order.

Accordingly, the Court **DENIES** Defendants' motion for clarification as moot. Docket No. 483.

IT IS SO ORDERED.

Dated: June 10, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

2