**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br>     Plaintiff, <br> v. <br> RYZE RENEWABLES HOLDINGS, LLC, et al., <br>     Defendants. | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket No. 536] |

Pending before the Court is Plaintiff's motion for leave to file under seal Exhibits B-4, B-6, B-7, B-8, and B-9 to the joint letters rogatory for the deposition testimony of Huijun Yang (Yang Letter) and Exhibits B-8 and B-9 to the joint letters rogatory for the deposition testimony of Hyun Joo Park (Park Letter). Docket No. 536; *see also* Docket Nos. 535-1 (Park Letter), 535-2 (Yang Letter).

Plaintiff submits that the Court has previously sealed Exhibits B-4, B-6, B-7, B-8, and B-9 to the Yang Letter and Exhibit B-8 to the Park Letter. Docket No. 536 at 2-3 (citing Docket No. 448, 497). Further, Plaintiff submits that the Court found that Exhibit B-9 to the Park Letter should be maintained under seal when Defendant previously mistakenly submitted a copy of this document and its certified English translation to the Court. *See* Docket No. 536 at 3-4 n.1 (citing Docket No. 520).

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.

1

*Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at \*1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at \*1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The Court has already found that good cause exists for sealing the documents in Exhibits B-4, B-6, B-7, B-8, and B-9 to the Yang Letter and Exhibits B-8 and B-9 to the Park Letter.

Accordingly, the Court **GRANTS** the motion for leave to file under seal. Docket No. 536. The Clerk's Office is **INSTRUCTED** to maintain Exhibits B-4, B-6, B-7, B-8, and B-9 to the Yang Letter and Exhibits B-8 and B-9 to the Park Letter and their certified English translations under seal. Docket No. 535-1, 535-2.

IT IS SO ORDERED.

Dated: June 15, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

2