DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

JOHN M. EDGAR
*(Admitted Pro Hac Vice)*
JOHN F. EDGAR
*(Admitted Pro Hac Vice)*
MICHAEL R. OWENS
*(Admitted Pro Hac Vice)*
ALEXANDER C. MELIN
*(Admitted Pro Hac Vice)*
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: 816.531.0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

JAMES C. SHAH
*(Admitted Pro Hac Vice)*
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counter-Claimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Mirae Asset Securities Co., Ltd., a Republic of Korea company,<br><br>Plaintiff,<br><br>v.<br><br>Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company, | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MIRAE'S MOTION FOR SUMMARY JUDGMENT WITH NEWLY PRODUCED EVIDENCE**<br><br>Judge: Andrew P. Gordon<br><br>Date Action Filed: September 22, 2023 |

Counterclaimants,

v.

Mirae Asset Securities Co., Ltd., a Republic of Korea company,

Counterdefendant.

Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze") respectfully submit this Motion for Leave to Supplement the Record on Mirae's Motion for Summary Judgment with Newly Produced Evidence.

## INTRODUCTION

Mirae has moved for summary judgment, ECF No. 331 (the "Motion"), contending that no reasonable jury could hold it liable for its Director Lee's conduct. It defends the underlying July 23, 2021 lawsuit as "quintessential litigation conduct": "meritorious" claims, "contemplated in good faith," that fall "squarely within the scope of" the litigation privilege. ECF No. 331 at 15, 34-35. It describes Lee as a rogue employee, ECF No. 331 at 8, invokes Section 4.01 of the CLA as a bar to Ryze's claims, ECF No. 331 at 8-9, and represents that LV Renewables A is unaffiliated with Mirae. ECF No. 331 at 27.

Mirae filed that Motion while withholding documents that contradict both the premise and the particulars. Its counsel had told the Korean police that Mirae's liability to Ryze "[redacted]" Owens Decl. ¶ 9, and that even if the CLA is void, a U.S. court could find it "[redacted]" to leave Ryze with no recovery. Owens Decl. ¶ 9. The Motion asks the Court to rule out, as a matter of law, a liability Mirae's counsel could not. Other withheld records describe the same lawsuit as a "[redacted]" [redacted] Owens Decl. ¶ 8, brought not by "Ryze's agents," ECF No. 331 at 15, but by its Director Lee, filed not in good faith but to "[redacted]" Owens Decl. ¶ 9—and in a sworn criminal complaint, Mirae asked Korean authorities to jail Lee for it. Owens Decl. ¶ 9. Still other records controvert the Motion's remaining contentions, each taken up below.

The Court ordered those documents produced. Mirae had resisted on the theory that records postdating the conduct in suit could not be relevant—a theory that would equally bury deposition



BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

transcripts, expert reports, and the police records this investigation produced. The Magistrate Judge found no merit in it and compelled production by February 19, 2026. ECF No. 403 at 7. Mirae complied late and only in part. It withheld the central document even then, and the Court sanctioned it. ECF No. 496 at 9-11. The 509 pages did not arrive until May 31, 2026, more than six months after the November 12, 2025 dispositive-motion deadline.[1] Ryze respectfully asks leave to supplement the summary-judgment record with what Mirae has belatedly produced so far.[2]

## I. BACKGROUND

1. Ryze served the Requests for Production at issue early in discovery, on June 3, 2024. ECF No. 268, ¶ 3. Ryze sought the documents at the core of Mirae's "rogue employee" defense: Mirae's communications telling Lee he had "exceeded his authority in signing the CLA" and "the SLA" (Request Nos. 25-26); Mirae's communications with the Korean Financial Supervisory Service, the Bank of Korea, "any Korean law enforcement agency," and "any Korean prosecutor" (Request Nos. 37-40); and Mirae's internal investigation of Lee's "alleged malfeasance" (Request No. 44). ECF No. 268, ¶¶ 5-9. Mirae objected to each on relevance grounds, arguing that communications post-dating the conduct in suit could not bear on its pleaded defense, and layered on objections for proportionality, Korean privacy law, and comity. ECF No. 305 at 9-10. It held that position for fifteen months, through the October 13, 2025 close of discovery.

---

[1] These documents are in Korean, and certified translations remain in progress. Rather than ask the Court to await that work, Ryze respectfully requests leave—as set out in its request for relief below—to proceed now on the working translations reflected in this motion and to file the exhibits, with certified translations, as a supplemental appendix once it is complete (which is expected to be not later than 10 days from this date of filing).

[2] Mirae's production remains incomplete. Its records identify responsive materials it has not produced—interview sessions preceding the one it produced, earlier versions of its police complaint, and materials it uploaded to the Financial Supervisory Service. Ryze reserves all rights arising from that noncompliance, including the right to move for contempt of the Magistrate Judge's orders. This motion makes the narrower request that the documents Mirae has produced be considered on the summary-judgment record.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

2. Mirae's relevance theory, taken seriously, would have excluded deposition transcripts, expert reports, sworn interrogatory responses, and every other category of evidence that by nature post-dates the events it concerns—including Mirae's pleadings in this case. The Court rejected it. Mirae's communications with the Korean authorities about Lee's authority "are relevant, even if they occurred after the complaint," because they bear on "Plaintiff's assertion . . . that its former employee went 'rogue,'" and the Court ordered the documents produced by February 19, 2026. ECF No. 403 at 7, 11.

3. On February 19, Mirae produced 124 documents and a 1,427-entry privilege log, then withheld a document at the center of the dispute. It logged the November 22, 2024 Seoul Gwangjin Police Notice of Investigation Results as Entry ID 1425 and withheld it under Korea's Personal Information Protection Act, the same foreign-confidentiality objection the January 30 Order had already overruled. ECF No. 403 at 7-8; ECF No. 410. Ryze moved for sanctions.

4. On May 12, 2026, nearly three months after the production deadline, the Court found that Mirae had "violated the Court's Order by withholding . . . Entry ID 1425," ordered the Notice of Investigation Results produced within six days and awarded monetary sanctions against Mirae. ECF No. 496 at 9-11; ECF No. 509.

5. Mirae produced the Notice of Investigation Results on May 18, 2026, as Production 14. ECF No. 506. The 28-page document summarized the Seoul Gwangjin Police's fourteen-month investigation into the criminal complaint Mirae had filed against Lee, and recited Mirae's allegations to a foreign sovereign: that Lee had filed "a [redacted]" MAS_000298474, and "[redacted]" MAS_000298472. The Notice also quoted the underlying investigative records by number: Mirae's criminal complaint against Lee, the supplemental filings, the police statements, and the FSS communications. Mirae had produced none of them.

6. Ryze pressed again, mapping in two further deficiency letters the document categories Mirae's records showed existed. Mirae shifted ground twice—first invoking witness-

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

statement attorney-client privilege, then asserting that the communications were oral and undocumented—before producing, on May 31, 2026, ninety-six days after certifying its February 19 production complete, Production 15: 509 pages (MAS_000298487-298995) that had sat in Mirae's custodial files throughout. They included Mirae's October 19, 2023 criminal complaint against Lee (196 pages of substance and exhibits, MAS_000298487-298682), two supplemental filings dated November 2 and November 8, 2023, a package of reference materials Mirae's in-house counsel hand-delivered to the Seoul Jungnang Police Station on November 24, 2023, and three police statement records of Mirae's representative, taken on November 13 and November 24, 2023, and April 9, 2024.

7. Productions 16 through 18 followed in June. Mirae's production remains incomplete: the enclosures its filings enumerate, the FSS-transmitted instances its records reference, and the audit materials its privilege log catalogues have not been produced.

## II. LEGAL STANDARD

The court may grant a party leave to file supplemental pleadings, briefs, authorities, or evidence upon a showing of good cause. L.R. 7-2(g). Good cause "usually exists if there is a showing that the party seeking good cause was reasonably diligent." *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 849 (D. Nev. 2021) (quotation omitted). Good cause exists here: the documents were in Mirae's exclusive possession, and, despite Ryze's diligent efforts, Mirae withheld them long past the deadline.

## ARGUMENT

Granting Ryze leave to supplement the record opposing Mirae's Motion for Summary Judgment is appropriate here. Mirae produced these documents after the close of discovery and after dispositive-motion briefing closed, *see* ECF Nos. 331, 366, and 380 (reply, filed Dec. 23, 2025)—on a "relevance" objection the Magistrate Judge found meritless—and produced the central document among them even after the February 19, 2026 production deadline the Magistrate

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

ordered. Because these documents bear on the central premises and contentions Mirae's Motion advances, they belong in the record on that Motion.

## I. MIRAE'S CALCULATED DELAY KEPT THESE DOCUMENTS OUT OF THE RECORD UNTIL AFTER THE DEADLINE.

Good cause under Local Rule 7-2(g) turns on the movant's diligence, *Borenstein*, 526 F. Supp. 3d at 849, and Ryze has been diligent at every step. It served the Requests for Production that called for these documents at the outset of discovery, conferred when Mirae stood on its objections, moved to compel, and obtained an order overruling those objections and compelling production by February 19, 2026. ECF Nos. 267, 403. When Mirae withheld the court-ordered Notice of Investigation Results anyway, Ryze moved for sanctions and obtained a ruling that Mirae had violated the order. ECF Nos. 410, 496.

The reason these documents are not already in the summary-judgment record is because they were in Mirae's exclusive possession throughout. Ryze could not have supplemented earlier with evidence Mirae was withholding. *See Borenstein*, 526 F. Supp. 3d at 849 (allowing supplementation where "the party seeking good cause was reasonably diligent" but the evidence could not be included in the briefing when it was filed); *T1 Payments LLC v. New U Life Corp.*, No. 2:19-cv-01816-APG-DJA, 2022 WL 195111, at *2 n.2 (D. Nev. Jan. 21, 2022) (allowing supplementation where a party obtained "new information" after briefing closed and was "reasonably diligent in seeking that information and moving to supplement"). Good cause to supplement the record thus exists here.

## II. THE DOCUMENTS FURTHER SUPPORT RYZE'S OPPOSITION BY RAISING GENUINE ISSUES OF MATERIAL FACT ON SEVERAL ISSUES RAISED BY MIRAE'S MOTION.

Each document below remained in Mirae's sole possession until Mirae produced it months after discovery closed. For each, Ryze states the exhibit it proposes to file, the basis on which Mirae withheld it, the contention Mirae's Motion for Summary Judgment presses, and what the document shows. Each, taken with the points and evidence already in Ryze's Opposition, further

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

controverts the contention identified. The English renderings of the Korean originals are working translations; Ryze will file certified translations within the period the Court directs.

1. Ryze proposes to file as Exhibit S106 a record of what Mirae's in-house counsel told the Seoul Jungnang Police on November 24, 2023, which Mirae withheld on relevance grounds and produced only on May 31, 2026, after the close of discovery. Mirae's Motion contends that "its former agents—Jeff Hall and Han—hired Snell to file suit" and that Mirae "was unaware of the lawsuit." ECF No. 331 at 15, 34-35. In this statement, Mirae's lawyer told the police that "[redacted]" Ex. S106 (MAS_000298967). This controverts Mirae's representation in its Motion for Summary Judgment that "Ryze's Agents Launch[ed] Litigation Against It in Nevada State Court." ECF No. 331 at 15 (header I.B). Mirae's representative noted that Lee "[redacted]" S106 at MAS_000298960 (emphasis added).[3]

2. Ryze proposes to file as Exhibit S107 a record of what Mirae's board audit committee found when it took up the Lee matter on July 27, 2023, which Mirae withheld through the close of discovery and produced only in its court-ordered February 19, 2026 production. Mirae's Motion presents Lee as a "rogue employee" who acted "without the permission or knowledge of his superiors." ECF No. 331 at 8, 12, 15, 18. Mirae's board-level Audit Committee found that Lee had forged the seals of Mirae's chief executive and a division head to "[redacted]" and recorded the Chairman's statement that

[3] Also of note: despite alleging forgery in connection with other transactions by Mr. Lee, nowhere in this statement did Mirae's representative claim that Lee forged Mirae Chairman Hyun-Man Choi's signing stamp on the "Letter of Notice" issued to Ryze in October 2021, *see* ECF No. 199 at 15-16 (explaining the significance of this document as a certification of Lee's authority to negotiate and execute the Ryze transactions). Nor was any such allegation asserted regarding any other document involved the Ryze transactions.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

"[redacted]" Ex. S107 (MAS_000297787, 297793). Whether Lee's conduct was the isolated, unknown act the Motion describes is genuinely disputed.

3. Ryze proposes to file as Exhibit S108 Mirae's internal audit report on the Lee matter, which Mirae withheld as privileged and produced only on June 5, 2026, after the close of discovery. The report bears on Mirae's CLA defense. Mirae contends that its funding obligation never arose because the transaction never obtained Final Investment Committee Approval: the Assessment Team, Mirae says, "did not advance the transaction to" the Investment Committee, so the agreement terminated by its terms. ECF No. 331 at 14, 29-30. Ryze's Opposition answers, in the alternative, that Mirae cannot invoke the non-occurrence of a condition that Mirae itself prevented—a lender that never convened the Investment Committee for a good-faith determination of the transaction as required by the contract and thus cannot hide behind the absence of the Committee's approval. ECF No. 366 at 16-18. The audit is the contemporaneous record of that prevention: it states that the Ryze deal "[redacted]" Ex. S108 (MAS_000298997). In other words, Mirae did not permit the deal to reach the contractually-required Investment Committee deliberation. Whether Mirae made a good-faith credit decision or instead frustrated the condition it had agreed to pursue is a jury question, and the audit places it in genuine dispute. The same report also recognized the Snell & Wilmer engagement and roughly [redacted] in Snell fees as a liability of the company, Ex. S108 (MAS_000298996-298997)—a contemporaneous accounting of the engagement as Mirae's that a jury may weigh against its contention that "Ryze's agents" retained Snell. ECF No. 331 at 15.

1. Ryze proposes to file as Exhibit S109 a summary of the investigation and criminal-referral decision the Seoul Gwangjin Police reached on a complaint Mirae had filed against Lee, which Mirae withheld on relevance and Korean-confidentiality grounds and produced only on May 18, 2026—after the Court sanctioned Mirae for withholding the Notice of Investigation Results in violation of its order. Mirae's Motion contends that the July 23 suit was good-faith litigation, that Lee acted without his superiors' knowledge, and that LV Renewables A "is not a subsidiary or

affiliate of Mirae Asset." ECF No. 331 at 15, 18, 27, 34-35. The Notice records that Lee filed "a [redacted]" that "[redacted]" that his conduct "[redacted]" that his Managing Director superior twice approved his U.S. Ryze trips after the CLA was signed, and that the SLA lender was "[redacted]" Ex. S109 (MAS_000298465, 298466, 298471-298472, 298474, 298475). It places a genuine dispute on each of those three contentions.

2. Ryze proposes to file as Exhibit S110 Mirae's 196-page October 19, 2023 criminal complaint against Lee, and as Exhibit S111 its November 8, 2023 supplemental complaint, which Mirae withheld on relevance grounds and produced only on May 31, 2026, after the close of discovery. Mirae's Motion contends that the suit was good-faith litigation it "was unaware of," ECF No. 331 at 15, 34-35, and that LV Renewables A is unaffiliated, ECF No. 331 at 27. In the complaint, Mirae asked the Seoul Bukbu District Prosecutors' Office to prosecute Lee for the conduct surrounding the CLA and the July 2021 lawsuit, and attached the [redacted] Ex. S110 (MAS_000298664). The supplemental complaint is [redacted]. Ex. S111 (MAS_000298687-298689). Mirae has asked prosecutors to treat that suit as a crime; its Motion asks this Court to treat the same suit as good-faith litigation. The two are difficult to reconcile, and the assignment bears on whether LV is the unaffiliated stranger the Motion describes.

3. Ryze proposes to file as Exhibit S112 a record of what Mirae's representative told the Seoul Gwangjin Police on April 9, 2024, which Mirae withheld on relevance grounds and produced only on May 31, 2026, after the close of discovery. Mirae's Motion contends that the suit was good-faith litigation and that Lee's conduct is not attributable to Mirae. ECF No. 331 at 8, 12, 15, 34-35. In this statement, Mirae's in-house counsel said the lawsuit was filed "[redacted]" [redacted] and to "[redacted]" admitted a "[redacted]" that Mirae would bear liability to Ryze for Lee's conduct that "[redacted]" and acknowledged that even if the CLA is void a U.S. court could find it "[redacted]" to

BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
702.562.8820

leave Ryze with no recovery. Ex. S112 (MAS_000298977, 298978, 298979-298980, 298987). Counsel's assessment that Mirae's liability "[redacted]" is a genuine dispute on the very attribution question the Motion asks the Court to decide as a matter of law.

4. Ryze proposes to file as Exhibit S113 a report Mirae made to its financial regulator about the Lee matter, which Mirae withheld on relevance grounds and produced only in its court-ordered February 19, 2026 production. Mirae's Motion presents Lee as a rogue employee who acted "without the permission or knowledge of his superiors." ECF No. 331 at 8, 12, 15, 18. Mirae's report to its regulator records that it [redacted] for the matter. Ex. S113 (MAS_000297768-297769). Mirae does not reprimand two Managing Directors for failing to supervise conduct outside its business, and whether Lee acted without his superiors' knowledge is genuinely disputed.

One thread runs through these documents. Mirae moves for judgment as a matter of law on the questions at the center of this case: whether the July 23 suit was Mirae's, whether Lee's conduct binds it, and whether Section 4.01 forecloses recovery. On each, what Mirae told Korean prosecutors and police is far less favorable to it than what its Motion tells this Court: that the suit was a "[redacted]" sham, that its liability for Lee's conduct "[redacted]" and that a court could find the result "[redacted]" and rule for Ryze. Taken together with the Opposition already before the Court, it would appear that neither party genuinely believes this is a summary-judgment case.

**CONCLUSION**

For the foregoing reasons, Ryze respectfully requests that the Court grant its Motion for Leave to Supplement the Record on Mirae's Motion for Summary Judgment with Newly Produced Evidence. Because the documents are in Korean, Ryze has engaged translators to prepare certified translations for filing with the Court, and that work remains in progress. Ryze respectfully requests leave to file a supplemental appendix of certified translations of these exhibits as soon as they are

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

returned—and, if not already docketed when the Court rules on this motion, within ten days of any order granting leave.

Accordingly, Ryze moves for an Order:

(a) granting Ryze leave to supplement its Opposition, ECF No. 366, out of time with the exhibits identified in Part II of this motion;

(b) permitting Ryze to file a supplemental appendix of certified translations of those exhibits when they are ready or, if they are not already on the docket when the Court rules, within ten (10) days of the order granting this motion; and

(c) providing that those exhibits and their certified translations stand as part of the summary-judgment record on Mirae's Motion. ECF No. 331.

Ryze further requests such other and further relief as the Court deems just and proper.

Dated: June 17, 2026.

DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

Respectfully submitted,

*/s/ Michael R. Owens*
John M. Edgar (PHV)
John F. Edgar (PHV)
Michael R. Owens (PHV)
Alexander C. Melin (PHV)
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

JAMES C. SHAH
*(Admitted Pro Hac Vice)*
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820