**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., | Case No. 2:23-cv-01492-APG-NJK |
| Plaintiff, | |
| v. | **Order** |
| | [Docket No. 342] |
| RYZE RENEWABLES HOLDINGS, LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to file exhibits under seal in support of Plaintiff's motion for summary judgment.  Docket No. 342.

There is a strong presumption in favor of the public's access to judicial filings.  *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause.  *Id.* at 1180.  As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.  *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

The filings at issue are Plaintiff's motion for summary judgment, Exhibits 1, 2, and 3 to the Declaration of Eun-mi Park in support of Plaintiff's motion for summary judgment, and Exhibits DP1, DP3, DP4, DP6, and DP7 to the appendix of exhibits to the declaration of Daniel Prince. *See* Docket Nos. 343 (motion for summary judgment), 344 (Exhibit 1), 345 (Exhibit 2), 346 (Exhibit 3), 347 (Exhibit DP1), 348 (Exhibit DP3), 349 (Exhibit DP4), 350 (Exhibit DP6), 351 (Exhibit DP7).  Plaintiff submits that it seeks to redact portions of its motion for summary judgment containing confidential information from the exhibits at issue. *See* Docket No. 342 at 2.

As to Exhibits 1, 2, and 3 to the Declaration of Eun-mi Park in support of Plaintiff's motion for summary judgment, Plaintiff's counsel contends that compelling reasons exist to seal the documents. *Id.* at 3.  Specifically, Plaintiff's counsel contends that Exhibit 1 contains confidential business information concerning the operations of Plaintiff's finance division, Exhibit 2 contains confidential impressions and analysis conducted by Plaintiff as it performed due diligence, and Exhibit 3 contains confidential employee information concerning Plaintiff's former employee. *Id.* at 3-4.   However, Plaintiff has failed to demonstrate that the exhibits meet the standard for

redaction or sealing because Plaintiff's counsel lacks personal knowledge as to the confidential information contained in the exhibits and Plaintiff's internal operations. *See id.* Further, Plaintiff makes no showing as to whether redactions are appropriate. Therefore, the Court cannot make a determination as to whether the exhibits are properly sealed or should be unsealed.

As to Exhibits DP1 and DP6 to the appendix of exhibits to the declaration of Daniel Prince, Plaintiff's counsel submits that the sole ground for sealing is the confidentiality designations applied to the exhibits at issue by Defendants. Docket No. 342 at 4. Further, Plaintiff's counsel submits that Plaintiff is not aware of any compelling reasons for sealing these exhibits. *Id.* However, Defendants failed to file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing within seven days of Plaintiff's filing of the motion to seal. *See* Docket. The Court therefore **ORDERS** Defendants to file, no later than July 6, 2026, either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing.

As to Exhibits DP3, DP4, and DP7 to the appendix of exhibits to the declaration of Daniel Prince, Plaintiff's counsel submits that the sole ground for sealing is the confidentiality designations applied to the exhibits at issue by non-party Snell & Wilmer LLP. *Id.* Further, Plaintiff's counsel submits that Plaintiff is not aware of any compelling reasons for sealing these exhibits. *Id.* It is unclear whether the non-party received notice of this motion. *See* Docket. Accordingly, no later than July 6, 2026, Plaintiff must serve the instant motion and this Order on the non-party and file a certificate of service on the docket.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 342. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibits under seal at this juncture. Docket Nos. 343-351. The Court **ORDERS** Plaintiff to file a supplement to the motion to seal by July 6, 2026. That supplement must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue in each of Exhibits 1-3 to the Declaration of Eun-mi Park, and must propose redactions, if appropriate.

The Court further **ORDERS** Defendants to file a response to Plaintiff's motion to seal by July 6, 2026. That response must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue in Exhibits DP1 and DP6 to the appendix of exhibits to the declaration of Daniel Prince, and must propose redactions, if appropriate.

The Court further **ORDERS** Plaintiff to serve the instant motion and this Order on non-party Snell & Wilmer LLP and file a certificate of service on the docket by July 6, 2026. Non-party Snell & Wilmer LLP must then file a response to Plaintiff's motion to seal, no later than July 15, 2026. That response must either demonstrate the proper standards, including an evidentiary showing, as to why the relevant exhibits are properly redacted or sealed, or withdraw the confidentiality designations.

IT IS SO ORDERED.

Dated: June 26, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge