# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket No. 377]

Pending before the Court is Defendants' motion for leave to file under seal exhibits contained in the appendix of evidence in opposition to Plaintiff's motion for summary judgment. Docket No. 377.

## I. STANDARDS

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

## II.      ANALYSIS

The filings at issue are Exhibits 45-56 in appendix volume VIII, Exhibits 57-79 in appendix volume IX, and Exhibit 101 in appendix volume XII. Docket Nos. 369 (appendix volume VIII), 371 (appendix volume IX), 374 (appendix volume XII).

Defendants submit that Exhibits 45-51, 54-56, and 58-79 were designated confidential by either non-party Snell & Wilmer LLP and/or Plaintiff. Docket No. 377 at 3. Defendants submit that Exhibits 52 and 53 were designated confidential by non-party Berkeley Research Group LLC (BRG). *Id.* Defendants submit that Exhibit 57 was designated confidential by non-party Magnetar Financial. *Id.* Defendants submit that Exhibit 101 was designated confidential by Plaintiff. *Id.*

Defendants contend that the sole ground for sealing all exhibits other than Exhibit 57 is the confidentiality designations applied by the aforementioned parties. *Id.*

However, as to Exhibit 57, Defendants fail to demonstrate that the exhibit meets the standard for redaction or sealing because Defendants fail to put forth any argument addressing the proper standards. *See id.* Therefore, the Court cannot make a determination as to whether the exhibits are properly sealed or should be unsealed. It is also unclear whether non-party Magnetar Financial received notice of this motion. *See* Docket.

Plaintiff's counsel filed a declaration in support of the instant motion, specifically as to sealing Exhibits 45-53, 78, and 101. Docket No. 379. As to Exhibits 52 and 53, Plaintiff's counsel contends that he met with counsel for non-party BRG and agreed that, although these documents were produced by BRG, they would be considered Plaintiff's documents for purposes of the instant motion to seal. *Id.* at 2. Further, Plaintiff's counsel contends that he and counsel for BRG agreed that Plaintiff would include Exhibits 52 and 53 in Plaintiff's counsel's declaration. *Id.* Plaintiff's counsel submits that good cause exists to seal these documents because they reveal the manner in which Plaintiff reviews contemplated deals, the items and information Plaintiff relies on for its analysis, and specific strategies Plaintiff potentially employs in transactions. *Id.* at 4-5. As to Exhibits 45-47 and 51, Plaintiff's counsel contends that good cause exists to seal these documents because they contain sensitive, confidential, and proprietary information regarding Plaintiff's internal procedures. *Id.* at 3. As to Exhibits 48-50, Plaintiff's counsel contends that good cause exists to seal these documents because they contain confidential, non-public methods of conducting business, including how Plaintiff tracks and analyzes deals. *Id.* at 4. As to Exhibit 78, Plaintiff's counsel contends that good cause exists to seal this document because it may reveal litigation and business strategies in the context of alleged ongoing negotiations and contractual obligations with a separate party that is not publicly available. *Id.* at 5. As to Exhibit 101, Plaintiff's counsel contends that good cause exists to seal this document because it contains confidential and non-public business information concerning Plaintiff's operations, including but not limited to which employees or practice groups may review and analyze specific types of documents or deals for approval. *Id.*

For Exhibits 45-53, 78, and 101, Plaintiff fails to demonstrate that the exhibits meet the standard for redaction or sealing because Plaintiff's counsel lacks personal knowledge as to the confidential information contained in the exhibits and Plaintiff's internal operations. *See id.* Further, Plaintiff's counsel makes no showing as to whether redactions are appropriate. Therefore, the Court cannot make a determination as to whether the exhibits are properly sealed or should be unsealed.

For Exhibits 54-56, 58-77, and 79, it is unclear whether non-party Snell & Wilmer LLP received notice of this motion. *See* Docket. Accordingly, no later than July 6, 2026, Defendants must serve the instant motion and this Order on the non-party and file a certificate of service on the docket.

**III.    CONCLUSION**

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 377. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibits under seal at this juncture. Docket Nos. 369 (appendix volume VIII), 371 (appendix volume IX), 374 (appendix volume XII).

The Court **ORDERS** Defendants to serve the instant motion and this Order on non-party Magnetar Financial, no later than July 6, 2026, and file a certificate of service on the docket. Non-party Magnetar Financial must then file a response to Defendants' motion to seal, no later than July 17, 2026. That response must either demonstrate the proper standards, including an evidentiary showing, as to why Exhibit 57 is properly redacted or sealed, or withdraw the confidentiality designations.

The Court further **ORDERS** Defendants to serve the instant motion and this Order on non-party Snell & Wilmer LLP and file a certificate of service on the docket by July 6, 2026. Non-party Snell & Wilmer LLP must then file a response to Plaintiff's motion to seal, no later than July 17, 2026. That response must either demonstrate the proper standards, including an evidentiary showing, as to why Exhibits 54-56, 58-77, and 79 are properly redacted or sealed, or withdraw the confidentiality designations.

The Court further **ORDERS** Plaintiff to file a supplement to the motion to seal by July 10, 2026. That supplement must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue in Exhibits 45-53, 78, and 101, and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: June 29, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge