**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., <br><br>     Plaintiff, <br><br> v. <br><br> RYZE RENEWABLES HOLDINGS, LLC, et al., <br><br>     Defendants. | Case No. 2:23-cv-01492-APG-NJK <br><br> **Order** <br><br> [Docket No. 384] |

Pending before the Court is Plaintiff's motion for leave to file exhibits under seal in support of Plaintiff's reply in support of its motion for summary judgment.  Docket No. 384.

There is a strong presumption in favor of the public's access to judicial filings.  *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause.  *Id.* at 1180.  As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard.  Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge.  *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).  The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

The filings at issue are Exhibits 103 and 105 to appendix volume 13 to the declaration of Daniel Prince in support of Plaintiff's reply in support of its motion for summary judgment. Docket Nos. 386 (Exhibit 103), 387 Exhibit 105). Plaintiff submits that it seeks to redact portions of its reply containing confidential information from the exhibits at issue and from exhibits previously filed under seal either by Plaintiff or Defendants. Docket No. 384 at 2; *see also* Docket No. 385 (Plaintiff's reply).

Plaintiff's counsel submits that the sole ground for sealing Exhibits 103 and 105 is the confidentiality designations applied to the exhibits by Defendants. Docket No. 384 at 3. Further, Plaintiff's counsel submits that Plaintiff is not aware of any compelling reasons for sealing these exhibits. *Id.* However, Defendants failed to file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing within seven days of Plaintiff's filing of the motion to seal. *See* Docket.

As to Plaintiff's request to seal portions of its reply containing confidential information from the exhibits at issue and from exhibits previously filed under seal, Plaintiff fails to identify

2

the sources of the redacted portions or the Court's decisions as to those exhibits in the instant motion.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 384. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibits under seal at this juncture. Docket Nos. 385-387.

The Court **ORDERS** Plaintiff to file a supplement to the motion to seal by July 6, 2026. That supplement must identify the source of each redaction in Plaintiff's reply, and inform the Court of the status of each cited exhibit which was previously filed under seal.

The Court further **ORDERS** Defendants to file, no later than July 6, 2026, either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. Any response in support of sealing must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue in Exhibits 103 and 105, and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: June 29, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge