**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD.,

    Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

    Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket No. 543]

Pending before the Court is Defendants' motion for leave to file under seal unredacted motion for leave to supplement the record on Plaintiff's motion for summary judgment. Docket No. 543.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

1

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

The filing at issue is Defendants' motion for leave to supplement the record on Plaintiff's motion for summary judgment.  Docket No. 542.  Defendants submit that their motion quotes and describes documents that Plaintiff produced in discovery and designated confidential.  Docket No. 543 at 2 (citing proposed Exhibits S106-S113).  Further, Defendants submit that the public version of the motion redacts the quotations and content from the Plaintiff-designated documents.  *See id.* (citing Docket No. 541).

Defendants' counsel submits that the sole ground for sealing is the confidentiality designations applied to the exhibits by Plaintiff.  Docket No. 543 at 3.  Further, Defendants' counsel submits that Defendants are not aware of any compelling reasons for sealing the motion. *Id.*  Although seven days have passed since the filing of the instant motion, Plaintiff failed to file either (1) a declaration establishing sufficient justification for sealing the document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing.  *See* Docket.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 543. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject motion under seal at this juncture. Docket No. 542.

The Court further **ORDERS** Plaintiff to file, no later than July 6, 2026, either (1) a declaration establishing sufficient justification for sealing the document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. Any response in support of sealing must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue in each exhibit, and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: June 29, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge