DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Plaintiff,

vs.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Counter-Claimants,

vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Counter-Defendant.

CASE NO. 2:23-cv-01492-APG-NJK

**PLAINTIFF AND COUNTER-DEFENDANT MIRAE ASSET SECURITIES CO., LTD'S RESPONSE TO RYZE'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MIRAE ASSET'S MOTION FOR SUMMARY JUDGMENT WITH NEWLY PRODUCED EVIDENCE**

Judge: Andrew P. Gordon
Action Filed: September 22, 2023
Complaint Served: October 3, 2023

## I. INTRODUCTION

Ryze's Motion to Supplement (the "Motion") should be denied because the proposed supplemental exhibits do not satisfy LR 7-2(g). That rule does not permit a party to add evidence to a fully briefed summary judgment record simply because the party wants another opportunity to argue its opposition. Ryze must show good cause. It has not done so because the proposed exhibits (the "Subject Documents") do not make a substantive difference to the issues presented by Mirae Asset's Motion for Summary Judgment (the "MSJ").

Ryze's motion is built around a false premise. Ryze contends that the proposed exhibits undermine Mirae Asset's summary judgment motion because they supposedly create disputes about K.H. Lee's authority, the July 23 lawsuit, and LV Renewables A. But Mirae Asset's motion does not turn on those issues. As Mirae Asset explained in its opening brief, the Court need not decide whether K.H. Lee lacked actual or apparent authority to grant summary judgment on the Convertible Loan Agreement ("CLA") claim. The dispositive issue is whether the contractual conditions necessary to trigger any funding obligation were satisfied. They were not. The CLA required Final Mirae Investment Committee Approval. Ryze does not dispute that requirement. And the proposed exhibits confirm that the transaction never received that approval.

The same is true of the Second Loan Agreement (the "SLA"). Ryze's proposed exhibits do not change the fact that the SLA identifies LV Renewables A, not Mirae Asset, as the lender. To hold Mirae Asset liable under that agreement, Ryze must establish that LV Renewables A was Mirae Asset's alter ego. Nothing in the proposed supplement does that. Ryze points to statements and characterizations in Korean investigative materials, but those statements do not establish ownership, control, unity of interest, misuse of the corporate form, or any other basis to disregard LV Renewables A's separate existence.

Ryze's abuse-of-process claim fares no better. Ryze tries to use the proposed exhibits to relitigate who caused the July 23 lawsuit to be filed and whether K.H. Lee acted improperly. But those questions do not defeat Mirae Asset's independent grounds for

summary judgment. The Nevada state court already dismissed the same abuse-of-process theory with prejudice. That ruling precludes Ryze from relitigating the claim here. Nevada law also bars the claim because the filing of a complaint does not constitute abuse of process, and litigation conduct is protected even when a party alleges an improper motive. Ryze's proposed exhibits do not alter those legal rules.

Nor do the proposed exhibits address several additional and independent grounds for summary judgment. They do not show that Ryze owned the refinery. They do not cure Ryze's attempt to recover diminution-in-value damages for property it did not own. They do not overcome the CLA's limitation on consequential damages. And they do not create a triable issue on any contractual condition that Ryze was required to satisfy before Mirae Asset had any funding obligation.

Ryze's Motion also grossly overstates the procedural record. Mirae Asset complied with the Court's discovery orders and produced documents within its possession, custody, or control. In several instances, Mirae Asset went further and obtained materials from third parties to address Ryze's complaints about documents maintained by Korean authorities. Ryze's suggestion that Mirae Asset suppressed evidence obscures the real issue presented by this motion: whether the proposed exhibits matter to summary judgment. They do not.

At most, the proposed exhibits show that Korean authorities and Mirae Asset investigated Lee after the relevant events. But *post hoc* investigative materials do not rewrite the CLA, do not create Final Mirae Investment Committee Approval, do not make Mirae Asset the lender under the SLA, do not establish alter ego, and do not avoid issue preclusion or Nevada's protections for litigation conduct. If anything, the exhibits reinforce Mirae Asset's position that K.H. Lee acted without authorization and contrary to Mirae Asset's directives.

Ryze's Motion should therefore be denied. If the Court nevertheless elects to review the proposed exhibits, it should do so only for the limited purpose of confirming that they do not create a genuine dispute of material fact and do not undermine the independent grounds supporting summary judgment in Mirae Asset's favor.

## II. BACKGROUND

Ryze's Motion depends heavily on the suggestion that Mirae Asset withheld dispositive evidence from the summary judgment record. That framing is misleading. The documents Ryze now seeks to add were produced through a series of post-briefing productions following discovery motion practice concerning Korean regulatory, law-enforcement, and internal investigation materials. Ryze now asks to use those productions not merely to complete the record, but to file what amounts to a second opposition to Mirae Asset's MSJ.

The relevant sequence is straightforward. On January 30, 2026, Magistrate Judge Koppe resolved Ryze's motion to compel concerning several categories of documents relating to Lee and communications with Korean authorities. ECF No. 403. The Court ordered Mirae Asset to produce nonprivileged responsive documents and to log documents withheld on privilege or work-product grounds. Mirae Asset served a production and privilege log on February 19, 2026. Declaration of Daniel Prince ("Prince Decl.") at ¶ 2.

That February 2026 production included the two documents Ryze now identifies as Exhibits S107 and S113. Ryze therefore had those documents months before filing its Motion. If Ryze believed those documents required supplementation of the summary judgment record, it could have sought leave promptly. It did not.

Mirae Asset produced additional documents after further proceedings and correspondence between the parties. On May 18, 2026, Mirae Asset produced the document Ryze identifies as Exhibit S109, the Seoul Gwangjin Police Notice of Investigation Results. Prince Decl. at ¶ 3. On May 31, 2026, Mirae Asset produced documents Ryze now identifies as Exhibits S106, S110, S111, and S112. Prince Decl. at ¶ 4. Those documents include statements to Korean police and criminal complaint materials concerning K.H. Lee. On June 5, 2026, Mirae Asset produced the document Ryze identifies as Exhibit S108, Mirae Asset's internal audit report concerning K.H. Lee. Prince Decl. at ¶ 5.

Ryze now seeks leave to add those documents to the summary judgment record after briefing on Mirae Asset's MSJ has closed. Ryze also seeks leave to rely on working translations of Korean-language documents and to file certified translations later. Mirae Asset files this response to address whether Ryze has shown good cause under LR 7-2(g) to supplement the summary judgment record.

## III. LEGAL STANDARD

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). The Court will only find good cause under LR 7-2(g) if Plaintiff was reasonably diligent in seeking leave to supplement. *See, e.g., De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, Case No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018). Further, the Court will only find good cause exists to allow Plaintiff's supplemental briefing if the proposed briefing will make a substantive difference. *See, e.g., Morrison v. Quest Diagnostics Inc.*, Case No. 2:14-cv-01207-RFB-PAL, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F. App'x 350 (9th Cir. 2017) (declining to consider supplemental documents filed in opposition to summary judgment motions because the supplemental documents failed to raise any issues of material fact).

When the proposed supplement concerns a MSJ, the materiality inquiry is especially important. Summary judgment turns on whether the record shows a genuine dispute of material fact and whether the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Evidence does not warrant supplementation if it does not affect that analysis, does not address the dispositive issues raised by the motion, or does not create a genuine dispute of material fact. *See Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-cv-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019), *vacated on other grounds,* 2022 WL 22353746 (D. Nev. June 24, 2022); *Morrison*, 2016 WL 6246306, at *3.

## IV. ARGUMENT

Ryze has not shown good cause to supplement the summary judgment record. The production history explains why Ryze filed this Motion. It does not establish that the proposed exhibits should be added to the record. Under LR 7-2(g), Ryze must show that supplementation is warranted because the proposed exhibits would make a substantive difference to the Court's resolution of the MSJ. They would not.

Ryze's proposed exhibits concern *post hoc* investigations, reports, and communications about K.H. Lee's conduct. But Mirae Asset's summary judgment motion does not rise or fall on Lee's actual or apparent authority. Nor does it depend on whether Korean authorities investigated Lee, whether Mirae Asset reported K.H. Lee's conduct to Korean authorities, or whether witnesses later characterized the July 23 lawsuit in a particular way. Mirae Asset's motion rests on independent grounds that Ryze's proposed exhibits do not disturb. The CLA claim fails because the required Final Mirae Investment Committee Approval never occurred. The SLA claim fails because the SLA identifies LV Renewables A as the lender, and Ryze cannot establish alter ego. The abuse-of-process claim fails because it is barred by issue preclusion and Nevada law governing litigation conduct. Ryze's damages theories also fail for reasons unrelated to the proposed exhibits.

### 1. Ryze Was Not Diligent as to Exhibits S107 And S113.

Ryze cannot show diligence for all of the materials it seeks to add. Exhibits S107 and S113 were produced on February 19, 2026. Ryze waited nearly four months before seeking leave to supplement the summary judgment record with those documents. If Ryze believed those documents created a genuine dispute of material fact, it could have moved promptly. It did not.

That delay matters. LR 7-2(g) requires good cause, and good cause generally requires reasonable diligence. Ryze had S107 and S113 months before filing its Motion. Yet it waited until after additional discovery disputes and later productions to present them as part of a broader supplemental opposition. That is not a basis to reopen a fully briefed summary judgment record.

In any event, S107[1] and S113 do not help Ryze. Ryze says S107 shows that K.H. Lee was not a rogue employee because Mirae Asset's Audit Committee addressed his conduct. But the document, as Ryze describes it, reflects alleged forgery of executive seals and unauthorized conduct. That supports Mirae Asset's position. Forgery is not evidence of authority. It is evidence that authority was lacking.

S113 fares no better. Ryze emphasizes that Mirae Asset disciplined K.H. Lee and reprimanded two supervisors. ECF No. 543 ¶ 7.[2] But discipline of supervisors does not establish that those supervisors authorized K.H. Lee's conduct. Nor does it show that K.H. Lee had authority to bind Mirae Asset to the CLA or SLA. At most, it reflects *post hoc* internal discipline concerning supervision. It does not create Final Mirae Investment Committee Approval, make Mirae Asset the lender under the SLA, or affect any other independent ground for summary judgment.

**2. The Proposed Exhibits Do Not Affect the CLA Claim.**

Ryze's proposed exhibits do not create a genuine dispute regarding the CLA. The MSJ explains that no funding obligation arose because the transaction never received Final Mirae Investment Committee Approval. *See* ECF No. 331 at 20-24. Ryze does not dispute that the CLA required that approval. The relevant question is whether the approval occurred. The proposed exhibits do not show that it did.

---

[1] For Exhibit S107, Ryze seeks to add a record of findings by Mirae Asset's board audit committee related to K. H. Lee. ECF No. 542 ¶ 2. Forging executive signatures is evidence of unauthorized conduct. *See Melika, Inc. v. Bank of Am. Corp.*, No. CV 11-00825 DDP RZX, 2011 WL 4529354, at *2 (C.D. Cal. Sept. 30, 2011). It therefore supports, rather than undermines a conclusion that Lee was acting outside the scope of his authority. More importantly, Ryze overlooks the central point: ***summary judgment does not depend on a determination regarding Lee's authority***. The dispositive issue remains the absence of the required investment committee approval.

[2] For Exhibit S113, Ryze seeks to include a report Mirae Asset made to its financial regulator about K.H. Lee. ECF No. 542 ¶ 7. The exhibit shows that K.H. Lee used Mirae Asset's name and documents without authorization and engaged in document counterfeiting. The exhibit does not suggest that those supervisors authorized K.H. Lee's conduct. Nor does it explain the basis for any discipline imposed on them. Nothing in S113 undermines the conclusion that K.H. Lee acted contrary to Mirae Asset's policies and directives. And in any event, as discussed above and in Mirae Asset's motion, Lee's authority or lack therefore does not affect summary judgment.

Exhibit S108 confirms the opposite. Ryze acknowledges that S108 states the Ryze transaction "was dropped in March 2021 during consultations with the company's examination department and was never submitted as an investment proposal." ECF No. 542 ¶ 3. That statement supports Mirae Asset's position. If the transaction was never submitted as an investment proposal, it necessarily did not receive Final Mirae Investment Committee Approval. S108 therefore does not create a genuine dispute on the dispositive contractual condition. It confirms that the condition was never satisfied.

Ryze tries to recast S108 as evidence that Mirae Asset prevented the condition from occurring or failed to make a good faith credit decision. That argument does not justify supplementation. Ryze asserted a breach of contract claim under the CLA. ECF No. 31, Countercls. ¶¶ 112-121. It did not assert a separate implied-covenant claim based on a supposed failure to pursue approval in good faith. A plaintiff cannot use a motion to supplement the record to add a new theory after summary judgment briefing has closed. *See Courtesy Oldsmobile, Inc. v. Gen. Motors Corp.*, No. CV-S-03-1047-JCM, 2007 WL 9725221, at *7 (D. Nev. Nov. 19, 2007), aff'd, 329 F. App'x 73 (9th Cir. 2009) (rejecting an attempt to recast a claim for breach of contract as a claim for breach of implied covenant of good faith and fair dealing at summary judgment). The question remains whether the contractual approval occurred. S108 confirms it did not.

Ryze's reliance on S112 also does not alter the CLA analysis.[3] Ryze points to statements by a Mirae Asset representative acknowledging litigation risk and the possibility that a court could reach an unfavorable result. ECF No. 542 ¶ 6. But a litigation-risk assessment is not a factual admission that the CLA was enforceable, that the required approval occurred, or that Ryze is entitled to recover. Parties and counsel

[3] For Exhibit S112, Ryze focuses on statements by Mirae Asset's representative to the police that litigation outcome can be difficult to predict and that a court might reach an unfavorable result despite the invalidity of the CLA. ECF No. 542 ¶ 6. Such observations do not create a factual dispute. They merely acknowledge a reality familiar to every litigant: litigation is uncertain.

routinely assess litigation uncertainty. Such statements do not create a genuine dispute regarding a contractual condition that the record shows was never satisfied.

Indeed, as Ryze describes it, S112 includes statements that investment committee approval did not occur, that K.H. Lee never informed Ryze such approval had been obtained, and that no funding obligation would arise if the contractual conditions precedent were not satisfied. *See* S112 at 3-4. Those points support Mirae Asset's motion. They do not warrant supplementation of the summary judgment record.

**3. The Proposed Exhibits Do Not Affect the SLA Claim.**

Ryze's proposed exhibits also do not affect the SLA claim. The SLA identifies LV Renewables A as the lender. Mirae Asset is not the lender under that agreement. See ECF No. 331 at 16, 25. Ryze therefore must establish a basis to disregard LV Renewables A's separate existence and treat it as Mirae Asset's alter ego. *See Trucks Ins. Exch. v. Swanson*, 124 Nev. 629, 635 (2008); *Ene v. Graham*, 546 P.3d 1232, 1237 (Nev. 2024). The proposed exhibits do not do that.

Ryze relies primarily on statements and characterizations in S109 and S110.[4] ECF No. 542 ¶¶ 4-5. But those documents do not establish the elements of alter ego. They do not show that Mirae Asset owned LV Renewables A. They do not show that Mirae Asset controlled LV Renewables A. They do not show a unity of interest. They do not show misuse of the corporate form. And they do not show that respecting LV Renewables A's separate existence would sanction fraud or promote injustice.

At most, Ryze points to statements that K.H. Lee represented LV Renewables A as affiliated with Mirae Asset or acted as though LV Renewables A was connected to Mirae Asset. But K.H. Lee's representations are not corporate ownership. Nor are they alter ego.

---

[4] As Mirae Asset stated in its MSJ, Nevada's litigation privilege applies "even when the motives...are malicious and they are made with knowledge of the communications' falsity." *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014). Exhibit S109, for example, does not change that the filing of a lawsuit constitutes protected activity under Nevada law regardless of the plaintiff's alleged motives. *See* ECF No. 380 at 21 (discussing *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 60 (1983)). Thus, even if S109 criticizes KH. Lee's conduct, it does not alter the litigation privilege analysis.

To the contrary, S109 states that K.H. Lee established LV Renewables A without internal reporting and in violation of Mirae Asset's Internal Control Standards Enforcement Regulation. *See* S109 at 10. That is evidence of unauthorized conduct. It is not evidence that LV Renewables A was Mirae Asset's alter ego.

Ryze also relies on an assignment document attached to S110. But the existence of an assignment document does not establish that LV Renewables A was Mirae Asset's alter ego at the time of the SLA. The document does not establish that ***Mirae Asset*** established LV Renewables A or was involved in these documents. Nor does it change the identity of the lender named in the SLA. Ryze's proposed exhibits therefore do not create a genuine dispute on the SLA claim.

**4. The Proposed Exhibits Do Not Affect The Abuse-Of-Process Claim.**

Ryze's proposed exhibits do not affect Mirae Asset's independent grounds for summary judgment on the abuse-of-process claim. Ryze uses the proposed exhibits to argue about who caused the July 23 lawsuit to be filed, whether the lawsuit was filed for an improper purpose, and whether K.H. Lee acted wrongfully. *See e.g.,* ECF No. 542 ¶ 4. Those issues do not overcome the legal defects in Ryze's claim.

First, the abuse-of-process claim is barred by issue preclusion. Mirae Asset's MSJ explained that the Nevada state court already addressed Ryze's abuse-of-process theory and dismissed it with prejudice. *See* ECF No. 331 at 35-37. Ryze does not explain how any proposed exhibit changes the preclusive effect of that ruling. None does.

Second, the proposed exhibits do not discuss nor change Nevada law. The Nevada state court held that "filing a complaint alone does not constitute abuse of process and statements made at the mediation cannot form the basis for Ryze's because such statements are confidential settlement discussions." ECF No. 331 at 36 (citing Nevada State Litigation). Nothing in S109 changes the preclusive effect of that ruling. Nor can Ryze avoid that rule by pointing to later investigative materials or characterizations of the lawsuit. Ryze's claim still depends on litigation conduct that Nevada law protects against litigation claims.

Third, Ryze's focus on Mirae Asset's criminal complaints against K.H. Lee is misplaced. Mirae Asset can report K.H. Lee's alleged forgery, misuse of corporate documents, or unauthorized conduct to Korean authorities while also arguing that Ryze's abuse-of-process claim fails under Nevada law. Those positions are not inconsistent. The Korean criminal materials concern Lee's alleged misconduct. They do not determine whether Ryze can maintain an abuse-of-process claim in this Court.

S106 does not change the analysis.[5] Ryze says S106 shows that K.H. Lee, through Snell & Wilmer, filed the July 23 lawsuit in Mirae Asset's name. ECF No. 542 ¶ 1. But Mirae Asset's abuse-of-process arguments do not depend on identifying the individual who initiated the lawsuit. The claim fails because it is precluded and because the alleged litigation conduct does not support abuse of process under Nevada law. As Mirae Asset stated in its MSJ, Nevada's litigation privilege applies "even when the motives...are malicious and they are made with knowledge of the communications' falsity." *Jacobs*, 325 P.3d at 1285. The filing of a lawsuit constitutes protected activity under Nevada law regardless of the plaintiff's alleged motives. *See* ECF No. 380 at 21 (discussing *Circus Circus*, 99 Nev. at 60). Thus, even if S109 criticizes Lee's conduct, it does not alter the litigation privilege analysis.

S108 likewise does not change the abuse-of-process analysis.[6] Ryze describes S108 as a "contemporaneous accounting" of the Snell engagement. ECF No. 542 ¶ 3. But

---

[5] Through Exhibit S106, Ryze seeks to add summaries of statements made by Mirae Asset's in-house counsel to Korean authorities that Lee, through Snell & Wilmer, filed litigation against Ryze. ECF No. 542 ¶ 1. Mirae Asset's abuse of process arguments do not depend on identifying the individual who initiated the lawsuit. The claim is barred by issue preclusion regardless because the claim has already been decided by the Nevada State Court.

[6] Exhibit S108 involves Mirae Asset's internal audit report concerning K.H. Lee. *See* ECF No. 542 ECF ¶ 3. The report states that Ryze's transaction "was dropped in March 2021 during consultations with the company's examination department and was never submitted as an investment proposal." ECF No. 542 ¶ 3(citing Ex. S108). The problem for Ryze is that this document supports, rather than undermines Mirae Asset's position. Mirae Asset's summary judgment motion explains that no obligation to fund the CLA could arise because the transaction never received Final Mirae Investment Committee Approval. ECF No. 331 at 20-24. The audit report confirms exactly that. According to the report, the transaction

S108 is dated July 28, 2023, more than two years after the July 23 lawsuit was filed. See ECF No. 57-1. It is not contemporaneous evidence of the filing of that lawsuit. Nor does it establish that Mirae Asset owed or paid Snell legal fees. At most, S108 concerns later internal treatment of the issue. It does not defeat issue preclusion or Nevada law governing abuse-of-process claims.

S109, S110, S111,[7] and S112 also do not create a triable issue. Ryze seeks to add a summary of the investigation and criminal referral decision arising from Mirae Asset's complaint against Lee. Ryze contends that this document places a genuine dispute regarding (1) whether the July 23rd lawsuit was good-faith litigation, (2) Lee's apparent authority, and (3) LV Renewable A's relationship to Mirae Asset. *See* ECF No. 542 at 7-9. It does none of this.

**5. The Proposed Exhibits Do Not Affect Mirae Asset's Independent Damages Arguments.**

The proposed exhibits also do not address Mirae Asset's independent damages arguments. The MSJ explains that Ryze cannot recover diminution-in-value damages for a refinery it does not own. ECF No. 331 at 29. The proposed exhibits do not change the ownership structure. They do not show that Ryze owned the refinery. They do not establish that Ryze may recover damages belonging to a separate entity.

The same is true of consequential damages under the CLA. The MSJ explains that Ryze cannot recover consequential damages barred by the CLA. *See* ECF No. 331 at 33.

---

was abandoned before it was ever submitted for approval. Thus, S108 further establishes that the necessary approval process was not completed.

[7] With respect to Exhibits S110 and S111, Ryze seeks to add Mirae Asset's criminal complaint and supplemental complaint to Korean prosecutors against Lee. These documents show that Mirae Asset requested that Korean prosecutors pursue criminal charges against K.H. Lee. Ryze argues that Mirae Asset cannot simultaneously seek criminal prosecution in Korea while arguing in this Court that the July 23rd lawsuit constitutes protected litigation activity. But this argument rests on a false premise. The Korean criminal complaint and supplemental complaint focus on Lee's alleged forgery of corporate documents and Mirae Asset's corporate seal. They do not concern Nevada's litigation privilege. Nor do they address the legal standards governing an abuse of process claim under Nevada law.

Ryze's proposed exhibits do not alter the CLA's damages limitation. They do not identify a recoverable category of damages. And they do not cure Ryze's inability to establish damages on the theories challenged in Mirae Asset's motion.

These independent damages defects are sufficient reason to deny supplementation. Evidence that does not affect recoverable damages cannot make a substantive difference to the summary judgment analysis. Ryze's proposed exhibits therefore do not justify reopening the record.

**6. Ryze Should Not Be Permitted To Supplement The Record Based On Working Translations And Later Argument.**

Ryze's request is also procedurally overbroad. Ryze seeks leave to rely now on working translations of Korean-language documents and to file certified translations later. *See* ECF No. 542 at 9-10. That procedure would invite confusion and further briefing disputes. It would allow Ryze to add attorney-characterized evidence to the record first and supply the actual certified translations later.

The Court should deny leave on that basis as well. Ryze has not shown that supplementation is warranted based on materials that are not yet before the Court in certified translated form. At minimum, if the Court allows any supplementation, it should limit Ryze to filing certified translations of the specific exhibits identified in its Motion and should not permit further argument, new characterizations, or an expanded supplemental opposition.

That limitation is especially appropriate because several of Ryze's arguments rely on police summaries, investigative recitations, and statements attributed to others. Ryze has not shown that each statement on which it relies is admissible or reducible to admissible form at summary judgment. Nor has it shown that embedded statements in investigative materials can be considered for the truth of the matters asserted. Those evidentiary problems further confirm that the proposed exhibits should not be used to reopen the summary judgment record.

**7. The Proposed Exhibits Do Not Make a Substantive Difference.**

Ryze's Motion ultimately fails for a simple reason: the proposed exhibits do not matter to the dispositive issues. They do not establish Final Mirae Investment Committee Approval. They do not make Mirae Asset the lender under the SLA. They do not establish alter ego. They do not avoid issue preclusion. They do not change Nevada law governing abuse-of-process claims. They do not establish refinery ownership. And they do not cure Ryze's damages defects.

## V. CONCLUSION

Because the proposed exhibits do not create a genuine dispute of material fact or undermine the independent grounds for summary judgment, Ryze has not shown good cause under LR 7-2(g). The Motion should be denied.

DATED: July 1, 2026

Respectfully submitted,

By: *\/s/ Daniel Prince*
Daniel Prince

DANIEL PRINCE (admitted *pro hac vice)*
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice)*
scottcarlton@paulhastings.com
BRIAN KAEWERT (admitted *pro hac vice)*
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA B. PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff
MIRAE ASSET SECURITIES CO., LTD.