DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

JOHN M. EDGAR
*(Admitted Pro Hac Vice)*
JOHN F. EDGAR
*(Admitted Pro Hac Vice)*
MICHAEL R. OWENS
*(Admitted Pro Hac Vice)*
ALEXANDER C. MELIN
*(Admitted Pro Hac Vice)*
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: 816.531.0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

JAMES C. SHAH
*(Admitted Pro Hac Vice)*
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counter-Claimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Mirae Asset Securities Co., Ltd., a Republic of Korea company,

Plaintiff,

v.

Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,

Defendants.

---

Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,

CASE NO. 2:23-cv-01492-APG-NJK

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MIRAE'S MOTION FOR SUMMARY JUDGMENT WITH NEWLY PRODUCED EVIDENCE**

Judge: Andrew P. Gordon

Date Action Filed: September 22, 2023

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Counterclaimants,

v.

Mirae Asset Securities Co., Ltd., a Republic of Korea company,

Counterdefendant.

Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze") respectfully submit this Reply in Support of their Motion for Leave to Supplement the Record on Mirae's Motion for Summary Judgment with Newly Produced Evidence (ECF No. 541).

## INTRODUCTION

Mirae believes it should be entitled to exclude plainly relevant documents—documents it wrongfully withheld through years of discovery—because, unsurprisingly, it thinks it should win summary judgment with or without them. Ryze also believes, equally unsurprisingly, that it should prevail on summary judgment regardless of whether the record is supplemented. But that is not the standard. Rather, the question is whether a litigant can withhold plainly relevant, court-ordered documents through the entire discovery period and the dispositive-motion deadline, only to shield those very documents from this Court's review when they finally emerge. Mirae's Response devotes its pages to debating what these documents mean—arguing that the audit report "confirms" no Investment Committee approval occurred and that the police Notice of Investigation Results "states" Director Kyung-Hyun Lee acted without internal reporting. But that merits dispute is the exact answer to this procedural motion: if the two sides are fighting over what the documents show, the documents matter. Fairness dictates that the record on Mirae's motion be complete.

The Court should grant Ryze leave to supplement for three reasons:

*First*, the newly produced evidence is undeniably material. When the parties actively contest what evidence means on the summary-judgment motion's central issues—Lee's authority, the July 23 lawsuit, the Investment Committee approval condition, and LV Renewables A's affiliation with Mirae—that evidence belongs before the Court.



BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

*Second*, Mirae's remaining objections rely on arguments this Court has already rejected. Its "post hoc investigative materials" theory repackages the relevance objection the Magistrate Judge overruled in compelling these productions. ECF No. 403 at 7. Similarly, its litigation-privilege argument contradicts this Court's pleading-stage holding that improper purpose is the operative question—a question these withheld records answer in Mirae's own words. ECF No. 251 at 10-11.

*Third*, Ryze acted with absolute diligence in the face of Mirae's obstruction. The essentials are undisputed: Mirae withheld the documents, the Court compelled production and issued sanctions, ECF No. 403 at 7; ECF No. 496 at 9-11, and the final 509 pages arrived more than six months after the dispositive-motion deadline. Ryze moved for leave just seven days later. Ryze asks only for leave to present a more complete record to the Court.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## I. MIRAE'S EXTENSIVE MERITS ARGUMENTS CONFIRM THAT THE NEWLY PRODUCED DOCUMENTS ARE MATERIAL TO ITS SUMMARY-JUDGMENT MOTION.

Leave under Local Rule 7-2(g) requires good cause, which turns on the movant's diligence, *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 849 (D. Nev. 2021), and on whether the proposed material will "make a substantive difference." ECF No. 561 at 5 (citing *Morrison v. Quest Diagnostics Inc.*, No. 2:14-cv-01207-RFB-PAL, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F. App'x 350 (9th Cir. 2017)).[1] Mirae's Response answers the second question against itself, because by briefing what each exhibit means, Mirae treats the exhibits as capable of making a substantive difference; its insistence that Lee's authority is unnecessary is at odds with

[1] The cases Mirae invokes involved material that could not matter: *Morrison* struck rule-violating filings that created no dispute of material fact, 2016 WL 6246306, at *3; *Chemeon* denied briefing whose content "does not affect the Court's decision" on a standing question resolved in the same order. *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-cv-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019). Indicating only that *Chemeon* was "*vacated on other grounds*," ECF No. 561 at 5, Mirae omits that the Ninth Circuit vacated that initial standing determination and the district court reopened the case, *see* 2022 WL 22353746, at *1 (D. Nev. June 24, 2022); briefing on remand ultimately included the plaintiff's proposed supplemental material, 2023 WL 1765704, at *7 (D. Nev. Feb. 3, 2023).

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

a motion that presented those facts as undisputed and material; and its remaining objections repeat arguments this Court has already rejected.

**A. By Disputing the Meaning of Each Exhibit, Mirae Concedes That the Evidence Could Affect the Motion's Outcome.**

Mirae engages the exhibits document by document, argues that they "reinforce Mirae Asset's position," and asks the Court, if it reviews them at all, to do so "only for the limited purpose of confirming" that they change nothing. ECF No. 561 at 3, 6-12. But reviewing the exhibits to decide what they show is supplementation, and Mirae quotes and cites the exhibits as support for its summary-judgment motion while opposing their admission to the record of that same motion. *See, e.g.*, *id.* at 8 (*quoting* Exhibit S108).

Mirae's exhibit-specific responses share one structure. The exhibits "would not" "make a substantive difference," ECF No. 561 at 6; the motion "does not turn on" Lee's authority, *id.* at 2; the abuse-of-process claim does "not depend on identifying the individual who initiated the lawsuit," *id.* at 11; the police Notice "does none of this," *id.* at 12; and the exhibits show at most "later internal treatment," *id.*, "unauthorized conduct," *id.* at 7 n.1, or "a reality familiar to every litigant," *id.* at 8 n.3. Each is a merits inference drawn in Mirae's favor, and at summary judgment the inferences run the other way: the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Ryze need only show that the evidence would make a substantive difference to the motion—the standard Mirae invokes. ECF No. 561 at 5-6.

Mirae's "independent grounds" refrain, ECF No. 561 at 6, does not make the evidence immaterial, because the motion did not confine itself to legal grounds. It asked the Court to accept a factual narrative as undisputed: Lee was a "rogue former employee" who "lacked actual or apparent authority to execute the CLA," ECF No. 331 at 8; he signed "unbeknownst to Mirae Asset and without the permission or knowledge of his superiors," *id.* at 12; "Ryze's Agents Launch[ed] Litigation Against It," and Mirae "was unaware of the lawsuit," *id.* at 14-15; and LV Renewables A is a stranger to Mirae, *id.* at 25-28. The new exhibits speak to each proposition. If Mirae is now

clarifying that much of its "Concise Statement of Undisputed Material Facts" was extraneous narrative, immaterial to the relief it seeks, then the Court should bind it to that representation.

Mirae answers Exhibit S106 by narrowing it: the statement "does not change the analysis" because abuse of process does "not depend on identifying the individual who initiated the lawsuit." ECF No. 561 at 11. Mirae's motion drew the issue more broadly, presenting as undisputed that Ryze's former agents "hired Snell to file suit" and that Mirae "was unaware of the lawsuit." ECF No. 331 at 14-15. S106 is Mirae's in-house counsel telling the Seoul Jungnang Police that [redacted]—the same Lee who, in counsel's account, [redacted] Ex. S106 (Suppl. App'x 12, 5), and who leveraged that pretextual and coercive lawsuit against Ryze's financing—in the police's words, [redacted] Ex. S109 (Suppl. App'x 61). Mirae cannot present the "Ryze's Agents" narrative as undisputed material fact and call this account irrelevant.

Mirae's answer to Exhibit S108 attacks an offer Ryze did not make. Whether Mirae "owed or paid" Snell, ECF No. 561 at 12, was not the point; the audit treats the Snell engagement as Mirae's exposure. It records that Lee, by [redacted] and it [redacted] Ex. S108 (Suppl. App'x 31-32). That bears directly on the motion's effort to place the Snell engagement with "Ryze's Agents."

S108 also bears on the condition-precedent defense. Mirae reads the audit's statement that the deal "was dropped in March 2021 during consultations with the company's examination department and was never submitted as an investment proposal" as confirming that the approval condition never occurred, ECF No. 561 at 8; *id.* at 11 n.6, while Ryze's Opposition answered that defense with prevention. ECF No. 366 at 17-18. Whether the drop was a good-faith credit decision or frustration of the approval process is a merits question; the evidence that frames it belongs in the record. Section II answers Mirae's pleading objection.

BAILEY ❖ KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
702.562.8820

Mirae's answer to Exhibit S109 is that the Notice "does none of this." ECF No. 561 at 12. The Notice records, in the police's words, that Lee [redacted]; and that Lee [redacted] Ex. S109 (Suppl. App'x 61). It records that, [redacted] *Id.* (Suppl. App'x 65). It recites the SLA as placing the loan with LV [redacted] *Id.* (Suppl. App'x 56). And, applying Korean Supreme Court precedent, the police wrote that Mirae's failure to detect the year-long scheme [redacted] resolving the ultimate question only as one that [redacted] *Id.* (Suppl. App'x 66). From these findings Mirae addresses one—that Lee "established LV Renewables A without internal reporting," ECF No. 561 at 10—and leaves the rest unmentioned. A jury could read the findings as Ryze does: litigation filed in Mirae's name, on Mirae's business, by an employee whose superior was approving his engagement with Ryze.

Exhibits S110 and S111 present the same conduct as Mirae's criminal complaints, and Mirae answers that the complaints "focus on Lee's alleged forgery," "do not concern Nevada's litigation privilege," and are consistent with defending this suit. ECF No. 561 at 11, 12 & n.7. The complaints are not so confined. As Mirae's counsel recited the charges to the police, they run to [redacted] the obstruction built on the CLA scheme and the suit filed in the company's name. Ex. S106 (Suppl. App'x 4, 9-12). And S110's attachments include [redacted]

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

[redacted]—evidence bearing on whether LV is the unaffiliated stranger the motion describes. Ex. S110 (Suppl. App'x 112); ECF No. 541 at 9. Exhibit S112 answers the attribution question in doctrinal terms. Mirae's representative told the police that, [redacted] Ex. S112 (Suppl. App'x 250). He added that [redacted] *id.* (Suppl. App'x 253), and, asked whether it is highly likely that Mirae will bear liability for Lee's acts, answered, [redacted] *id.* (Suppl. App'x 246). Mirae calls this "a reality familiar to every litigant." ECF No. 561 at 8 n.3. The statements name the doctrines and affirm the conclusion—on the authority question the motion says "is not necessary for summary judgment." ECF No. 331 at 8. As for Exhibits S107 and S113, Mirae argues that "discipline of supervisors does not establish that those supervisors authorized K.H. Lee's conduct." ECF No. 561 at 7. Ryze offered the documents on knowledge and supervision: [redacted], Ex. S107 (Suppl. App'x 18), and Mirae's report to its financial regulator [redacted], Ex. S113 (Suppl. App'x 265). Timeliness is addressed in Section III, *infra*.

Mirae's forgery refrain cuts the other way. In Mirae's records, the forgery findings are confined to other transactions: the Audit Committee's findings describe Lee forging the corporate seal [redacted] and using it on [redacted] Ex. S107 (Suppl. App'x 19), and the police record the seal misuse on commitment letters for [redacted] Ex. S109 (Suppl. App'x 60). No record identifies any Ryze document as forged. The charges Mirae's counsel recited as to Ryze are misrepresentation of authority and obstruction of business, Ex. S106 (Suppl. App'x 4); the CLA is [redacted] *id.* (Suppl. App'x 5); and the police record that Ryze [redacted]

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

[redacted] Ex. S109 (Suppl. App'x 66). On this record a jury could easily and correctly infer that the signatures and seals on the Ryze documents—through multiple iterations of the offering memoranda, under the company's representative corporate seal—are the official acts of Mirae's employees and executives.

Mirae's remaining objections are procedural. The working-translation objection, ECF No. 561 at 5, 13, is resolved: the proposed supplemental appendix includes certified English translations of all Korean-language content in the exhibits. The admissibility objection—that Ryze has not shown the statements "admissible or reducible to admissible form," *id.* at 13—is a Rule 56(c)(2) objection for the summary-judgment briefing; the statements at issue are Mirae's audit records, regulator report, criminal complaints, and representative statements to the police; and Mirae does not show that any of them cannot be presented in admissible form. Fed. R. Civ. P. 56(c)(2).

In short, although Mirae may urge different inferences from this evidence at summary judgment, it cannot keep the evidence out of the record by insisting that the only permissible inferences are Mirae's.

**B. Mirae's Motion Presented Lee's Authority as "Undisputed Material Fact," Reasonably Inviting Ryze's Response.**

Mirae answers that its summary-judgment motion "does not turn on" Lee's authority and that the Court "need not" decide it. ECF No. 561 at 2. Ryze does not contend that authority is necessarily dispositive of the motion—only that the motion is not nearly so clear, and that Mirae itself presented these facts as material. The motion hedges even as it presses the point: "Mirae Asset contends that its rogue former employee . . . lacked actual or apparent authority to execute the CLA." ECF No. 331 at 8. And Mirae's motion repeatedly presents these facts in its "Concise Statement of Undisputed Material Facts": Lee signed "unbeknownst to Mirae Asset and without the permission or knowledge of his superiors"; Mirae "was unaware that Lee purportedly executed

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

the CLA"; "its former agents—Jeff Hall and Han—hired Snell to file suit," under the heading "Ryze's Agents Launch Litigation Against It"; and Mirae "was unaware of the lawsuit, or even that it was nominally filed on the company's behalf." ECF No. 331 at 12-15. On the SLA, the motion's argument reserves the same ground: "Mirae Asset disputes whether Lee had authority to (purportedly) execute the SLA." ECF No. 331 at 28. Ryze was entitled to conclude that facts Mirae captioned undisputed and material were facts Mirae considered material. By presenting those facts as undisputed and material, Mirae invited evidence answering them. If Mirae now represents that it does not seek summary judgment on Lee's authority, Ryze will take Mirae at its word, and the representation should bind Mirae on that motion. The Response does not go that far. It says only that the Court "need not" decide it—a statement true of any alternative or independent ground, and not the same as disclaiming reliance on it.

### C. Mirae's Remaining Objections Rest on Privilege and Relevance Arguments This Court Has Already Rejected.

Mirae's dismissive "*post hoc* investigative materials" theory is the relevance objection the Court overruled when it compelled these productions. ECF No. 561 at 3. The Court held that Mirae's "representations to regulators and law enforcement about the conduct at issue are relevant, even if they occurred after the complaint," because they bear on "Plaintiff's assertion . . . that its former employee went 'rogue.'" ECF No. 403 at 7. The motion is built on that same rogue-employee contention. Materials the Court has already held relevant to the contention are relevant to the motion.

Mirae's privilege argument contradicts a ruling of this Court. The Response asserts that "litigation conduct is protected even when a party alleges an improper motive." ECF No. 561 at 3. At the pleading stage, this Court applied *Dickerson v. Downey Brand LLP*, No. 67768, 2017 WL 6316552, at *3 (Nev. 2017) and held that Ryze plausibly alleged communications "made for an improper purpose, not a good-faith effort to settle the case," ECF No. 251 at 10, and separately recognized that "[a]ttempting to coerce a settlement in a nonmeritorious lawsuit can meet this standard," *id.* at 12 (citing *Bull v. McCuskey*, 615 P.2d 957, 960 (Nev. 1980), *abrogated on other*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

*grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 746 P.2d 132 (Nev. 1987) and *TMX, Inc. v. Volk*, Nos. 74813, 75692, 2019 WL 4619524, at *2 (Nev. 2019)). Purpose is the operative question, and the withheld records address it.

Mirae's remaining points are merits defenses for the summary-judgment motion. Issue preclusion and the independent damages grounds are contested; Ryze's Opposition answers them, ECF No. 366 at 24-27, 29-32. The evidentiary objections are Rule 56 objections for the same forum—and most of the statements at issue are Mirae's. As for translations, the proposed supplemental appendix includes certified English translations of Korean-language content in the exhibits.

## II. THE PREVENTION DOCTRINE EXCUSES A CONDITION RYZE'S PLEADED BREACH CLAIM ALREADY PUT IN ISSUE; IT IS NOT A SEPARATE CAUSE OF ACTION REQUIRING INDEPENDENT PLEADING.

Mirae's answer to Exhibit S108 is procedural: the audit, Mirae says, supports a theory Ryze never pleaded and cannot raise now. ECF No. 561 at 8. Mirae's summary-judgment motion asserted the condition's non-occurrence as a complete defense; Ryze's Opposition answered with prevention, ECF No. 366 at 17-18; Mirae's pleading objection then arrived in its Reply, the last brief the rules allow, ECF No. 380 at 11; and its Response here re-runs it, now citing *Courtesy Oldsmobile*.

### A. The Prevention Doctrine Excuses the Condition's Non-Occurrence and Answers Mirae's Defense; It Is Not a Separate Claim.

The prevention doctrine excuses the non-occurrence of a condition that the obligor's own conduct caused to fail. *NGA #2 Ltd. Liab. Co. v. Rains*, 946 P.2d 163, 169 (Nev. 1997). It is not a claim; it is Ryze's answer to Mirae's condition-precedent defense, and a plaintiff need not plead matter that avoids an affirmative defense. The Rules foreclose the opposite rule: no reply to an answer is allowed absent a court order, Fed. R. Civ. P. 7(a), so a defense's allegations are "deemed denied or avoided," *id.* 8(b)(6)—matter answering the defense is preserved without being pleaded. Rule 9(c) confirms the point from the other direction: the burden of particularity falls on the party

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

"denying that a condition precedent has occurred," not on the party alleging performance, which "suffices to allege generally." *Id.* 9(c); *see Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595-JAD-NJK, 2019 WL 6904607, at *2 (D. Nev. Dec. 3, 2019) (conclusory denials of conditions precedent stricken for lack of particularity under Rule 9(c)), *adopted*, 2019 WL 6898646 (D. Nev. Dec. 18, 2019). Ryze alleged performance generally, ECF No. 31, Countercls. ¶ 114; Mirae denied that Final Mirae Investment Committee Approval occurred; whether Mirae may rely on that non-occurrence or is answerable for causing it is the condition dispute the pleadings already framed.

Mirae's cases hold otherwise only for new claims. *Courtesy Oldsmobile* refused to let a plaintiff recast a pleaded breach count as a different claim for breach of the implied covenant—"convert[ing] one cause of action into another." *Courtesy Oldsmobile, Inc. v. General Motors Corp.*, No. CV-S-03-1047-JCM, 2007 WL 9725221, at *7 (D. Nev. Nov. 19, 2007), *aff'd*, 329 F. App'x 73 (9th Cir. 2009). *Wasco*, cited alongside it in Mirae's Reply, ECF No. 380 at 11, is a Rule 9(b) case: a fraud-based tolling theory had to be pleaded with the particularity fraud demands, and the court expressly "decide[d] . . . the narrow question" before it, reserving non-fraud contexts. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990-92 (9th Cir. 2006). Prevention is neither a second claim nor a fraud theory. Each case Mirae cites barred a plaintiff from adding to its own case; none barred a plaintiff from answering the defendant's.

**B. Exhibit S108 Confirms the Prevention Ryze Already Argued.**

Mirae's Reply answered prevention by disputing the standard and the proof at once: "There is no evidence—let alone evidence of bad faith—that Mirae Asset prevented approval from occurring," because the deal "did not progress beyond the Assessment Team." ECF No. 380 at 11. Both halves are wrong. Prevention turns on whether a party caused the condition to fail, not on bad faith: an individual "who voluntarily prevents the occurrence of a condition established for his or her benefit is estopped from seeking relief from a contract on the grounds that the condition precedent to his obligation failed to occur." *NGA #2 Ltd. Liab. Co. v. Rains*, 946 P.2d 163, 169

(Nev. 1997) (quoting *Broussard v. Hill*, 682 P.2d 1376, 1379 (Nev. 1984)); *see* ECF No. 366 at 17-18. And the evidence exists. Ryze's Opposition argued from the record that Mirae's Assessment Team buried the transaction before the Investment Committee could convene; Exhibit S108 confirms it, in Mirae's audit: the deal [redacted] Ex. S108 (Suppl. App'x 32). Mirae's Reply called that evidence nonexistent; Mirae's audit confirms it.

## III. MIRAE'S UNDISPUTED HISTORY OF WITHHOLDING COURT-ORDERED DOCUMENTS ESTABLISHES GOOD CAUSE FOR SUPPLEMENTATION.

On diligence, the Response disputes nothing that matters. It does not dispute that Ryze served the requests for production on June 3, 2024, ECF No. 541 at 3, that Mirae held its relevance objection for fifteen months, or that the Court overruled it and compelled production by February 19, 2026. ECF No. 541 at 3; ECF No. 403 at 7, 11. It does not dispute that the Court found Mirae "violated the Court's Order" by withholding the document it had logged as privilege-log Entry ID 1425—the Seoul Gwangjin Police Notice of Investigation Results, which Mirae ultimately served as Production 14 on May 18, 2026—and awarded Ryze its fees as to that violation. ECF No. 496 at 9-11; ECF No. 541-1 ¶¶ 7-8. It does not dispute the production dates: 88, 101, 106, and 111 days past the deadline, ECF No. 541-1 ¶¶ 8-11, with the last-produced 509 pages arriving May 31, 2026, more than six months after the November 12, 2025 dispositive-motion deadline. Ryze moved for leave on June 17, seven days after the last production.

This Court's decisions measure diligence against this pattern: it found good cause in *Borenstein* to supplement with a document the movants "possessed . . . the whole time," 526 F. Supp. 3d at 849, and found diligence in *T1 Payments* where the party moved "less than two weeks after the last deposition." *T1 Payments LLC v. New U Life Corp.*, No. 2:19-cv-01816-APG-DJA, 2022 WL 195111, at *2 n.2 (D. Nev. Jan. 21, 2022). *De Luna* (Mirae's diligence case) denied leave to a movant who made no "effort to explain what prevented him from doing so." *De Luna v. Sunrise Hospital & Medical Center, LLC*, No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018). Ryze's explanation is two court orders.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

As for the two February exhibits, Mirae's argument treats the February 19 production as a finished event that Ryze should have met with an immediate motion. It was the first installment: documents in the same court-ordered categories kept arriving—May 18, May 31, June 5, June 10—and between installments Ryze conferred rather than filed, mapping in two deficiency letters the documents Mirae's productions showed to exist; that correspondence produced the 509-page May 31 production without another round of motion practice. ECF No. 541-1 ¶¶ 5, 8-11. S107 and S113 arrived among 124 documents—mostly Korean language documents—and their significance most acutely emerged when the complaints, police statements, and Notice that reference them arrived in May and June. Ryze could have sought leave after each installment—four motions in five weeks, each incomplete when filed. It chose to press for complete production and to move once, when the production sequence ended. Mirae's production remains incomplete even now (Ryze's motion to strike, filed June 24, 2026, details the continuing noncompliance, *see* ECF No. 548).

## CONCLUSION

For these reasons and those stated in the motion for leave, Ryze respectfully requests that the Court grant leave to supplement the record on Mirae's Motion for Summary Judgment with Exhibits S106 through S113 and their certified translations, and grant the relief the motion for leave requests. ECF No. 541 at 10-11.

Dated: July 8, 2026.

Respectfully submitted,

DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

*/s/ Michael R. Owens*
John M. Edgar, (PHV)
John F. Edgar, (PHV)
Michael R. Owens (PHV)
Alexander C. Melin (PHV)
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

acm@edgarlawfirm.com

JAMES C. SHAH
*(Admitted Pro Hac Vice)*
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820