# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD.,

     Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

     Defendants.

Case No. 2:23-cv-01492-APG-NJK

**Order**

[Docket No. 543]

Pending before the Court is Defendants' motion for leave to file under seal unredacted motion for leave to supplement the record on Plaintiff's motion for summary judgment. Docket No. 543.

The Court deferred ruling on the instant motion and ordered Plaintiff to file either (1) a declaration establishing sufficient justification for sealing the document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. Docket No. 560 at 3. Plaintiff filed the declaration of Youngjun Kim, Plaintiff's Team Leader of the Legal Affairs Team 1, in support of sealing. Docket No. 572.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in

1

transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

The filing at issue is Defendants' motion for leave to supplement the record on Plaintiff's motion for summary judgment. Docket No. 542. Defendants submit that their motion quotes and describes documents that Plaintiff produced in discovery and designated confidential. Docket No. 543 at 2 (citing proposed Exhibits S106-S113). Further, Defendants submit that the public version of the motion redacts the quotations and content from the Plaintiff-designated documents. *See id.* (citing Docket No. 541). Defendants' counsel submits that the sole ground for sealing is the confidentiality designations applied to the exhibits by Plaintiff. Docket No. 543 at 3.

Youngjun Kim declares that he has been employed by Plaintiff since 2017, and that he was involved in an internal investigation of Kyunghyun Lee that was directed by Plaintiff's in-house

legal counsel and conducted in conjunction with Plaintiff's audit team.  Docket No. 572 at 2.  Mr. Kim declares that Exhibit S106 is a statement from Plaintiff's in-house legal counsel to the Seoul Jungnang Police regarding the investigation into Lee.  *Id.*  Mr. Kim declares that good cause exists to seal Exhibit S106 because it contains confidential descriptions of the results of Plaintiff's internal investigation, including a recommendation provided by Plaintiff to the police and descriptions of Plaintiff's internal business operations.  *Id.* at 3.  Further, Mr. Kim declares that the release of this information can harm Lee's privacy interests and Plaintiff's competitive standing.  *Id.*

Mr. Kim declares that Exhibit S107 is an internal agenda and minutes of Plaintiff's seventh audit committee meeting of July 27, 2023, pertaining to the investigation into alleged forgery of executive seals and Lee.  *Id.*  Mr. Kim declares that good cause exists to seal Exhibit S107 because it contains confidential assessments Plaintiff's audit committee made regarding the direction of an investigation into Lee and alleged forgery of executive seals.  *Id.*  Further, Mr. Kim declares that the release of this information can harm Plaintiff's competitive standing as it contains confidential, internal information concerning the priorities and diligence actions of the audit committee and use of its executive seals.  *Id.*

Mr. Kim declares that Exhibit S108 is a July 28, 2023, internal audit report conducted by Plaintiff concerning Lee.  *Id.*  Mr. Kim declares that good cause exists to seal Exhibit S108 because it contains confidential assessments of an employee conducted by Plaintiff, as well as Mr. Lee's private information.  *Id.*  Further, Mr. Kim declares that the release of this information can harm Plaintiff's competitive standing because the procedures of the audit committee and its internal investigation processes are not made publicly available.  *Id.* at 3-4.  Additionally, Mr. Kim declares that the release of this information can harm Mr. Lee's privacy interests because he is no longer employed by Plaintiff.  *Id.* at 3.

Mr. Kim declares that Exhibit S109 is the Seoul Gwangjin Police Notice of Investigation Results.  *Id.* at 4.  Mr. Kim declares that good cause exists to seal Exhibit S109 because it contains confidential descriptions of the results of an investigation conducted into a then-employee of Plaintiff.  *Id.*  Further, Mr. Kim declares that the release of this information can harm Plaintiff as

it contains descriptions of Plaintiff's internal business operations, namely Plaintiff's Internal Control Standards Enforcement Regulation. *Id.*

Mr. Kim declares that Exhibit S110 is Plaintiff's criminal complaint to Korean prosecutors against Lee, requesting Korean prosecutors to pursue criminal charges against Lee for alleged forgery of corporate documents and Plaintiff's corporate seal. *Id.* Mr. Kim declares that good cause exists to seal Exhibit S110 because it contains confidential descriptions of the results of an investigation conducted into a then-employee of Plaintiff. *Id.* Further, Mr. Kim declares that the release of this information can harm Plaintiff because it details Plaintiff's internal investigation procedures, procedures for use of its corporate seal, and drafting of corporate documents. *Id.*

Mr. Kim declares that Exhibit S111 is Plaintiff's supplemental criminal complaint to Korean prosecutors against Lee, requesting Korean prosecutors to pursue criminal charges against Lee for alleged forgery of corporate documents. *Id.* at 4-5. Mr. Kim declares that good cause exists to seal Exhibit S111 because it contains confidential descriptions of the results of an investigation conducted by Plaintiff into a then-employee. *Id.* at 5. Further, Mr. Kim declares that the release of this information can harm Lee's privacy interests, particularly because Lee is no longer employed by Plaintiff. *Id.* Additionally, Mr. Kim declares that the release of this information can harm Plaintiff as it details Plaintiff's internal investigation procedures and results, as well as Plaintiff's procedures for use of its corporate seal and drafting of corporate documents. *Id.*

Mr. Kim declares that Exhibit S112 is a statement from Plaintiff's in-house legal counsel to the Seoul Gwangjin Police regarding the investigation into Lee. *Id.* Mr. Kim declares that good cause exists to seal Exhibit S112 because it contains confidential descriptions of the results of an internal investigation conducted by Plaintiff into a then-employee, including a recommendation Plaintiff provided to the Seoul Gwangjin Police and descriptions of Plaintiff's internal business operations necessary to make the determinations contained within the statement. *Id.* Mr. Kim declares that the release of this information can harm Lee's privacy interests, particularly because Lee is no longer employed by Plaintiff. *Id.* Additionally, Mr. Kim declares that the release of this information can harm Plaintiff as it details Plaintiff's internal investigation procedures and results,

as well as Plaintiff's procedures for use of its corporate seal and drafting of corporate documents. *Id.*

Mr. Kim declares that Exhibit S113 is Plaintiff's Financial Incident Report No. 20230157 to the Korean Financial Supervisory Service. *Id.* at 5-6. Mr. Kim declares that good cause exists to seal Exhibit S113 because it contains confidential descriptions of the results of an internal investigation conducted by Plaintiff into a then-employee, including disciplinary actions taken against Lee as well as descriptions of Plaintiff's not publicly available internal business operations necessary to make the determinations contained within the report. *Id.* at 6.

Mr. Kim's declaration incorrectly applies the lower good cause standard. *See* Docket No. 572. The law is clear that the higher compelling reasons standard applies to papers filed in relation to a motion for summary judgment and to pleadings. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 (motions for summary judgment). Nonetheless, the Court finds that the information given by Mr. Kim constitutes compelling reasons for secrecy for each of these exhibits.

Accordingly, the Court **GRANTS** the motion to seal. Docket No. 543. The Clerk's Office is **INSTRUCTED** to maintain the subject motion under seal. Docket No. 542.

IT IS SO ORDERED.

Dated: July 9, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge