**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., Plaintiff, v. RYZE RENEWABLES HOLDINGS, LLC, et al., Defendants. | Case No. 2:23-cv-01492-APG-NJK **Order** [Docket No. 553] |

Pending before the Court is Defendants' motion for leave to file under seal its unredacted motion to strike Plaintiff's answer to the counterclaims and for entry of default on liability and exhibits thereto. Docket No. 553; *see also* Docket Nos. 551 (motion to strike), 552 (appendix of exhibits).

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

The filings at issue are Defendants' motion to strike and Exhibits B through R in the corresponding appendix. *See* Docket Nos. 551 (motion to strike), 552 (appendix of exhibits). Defendants submit that the motion quotes and describes documents that Plaintiff produced in discovery and designated confidential. Docket No. 553 at 2. Defendants attached the subject documents as Exhibits B through R in the appendix. *See id.* (citing Docket No. 552). Defendants filed a redacted version of the motion to strike on the public docket, which redacts only the quotations and content from the Plaintiff-designated documents. *See* Docket No. 548. Defendants submit that the sole basis for sealing is Plaintiff's confidentiality designations. Docket No. 553 at 3. Plaintiff filed the declaration of Plaintiff's counsel in support of sealing Exhibits K and L. Docket No. 563. Plaintiff also filed the declaration of Youngjun Kim, Plaintiff's Team Leader of the Legal Affairs Team 1, in support of sealing Exhibits B through J and M through Q. Docket No. 564.

**I. Exhibits K-L**

Plaintiff's counsel declares that Exhibit K is the Seoul Gwangjin Police Notice of Investigation Results into Kyunghyun Lee. Docket No. 563 at 2. Further, Plaintiff's counsel submits that good cause exists to seal this document because the Court already granted a motion to seal the same document. *See id.* (citing Docket No. 540).

Plaintiff's counsel declares that Exhibit L is the criminal complaint against Kyunghyun Lee. Docket No. 563 at 3. Further, Plaintiff's counsel submits that good cause exists to seal this document because the Court already granted a motion to seal the same document. *See id.* (citing Docket No. 520).

Plaintiff's counsel incorrectly applies the lower good cause standard. *See* Docket No. 563 at 2-3. The law is clear that the higher compelling reasons standard applies to papers filed in relation to a dispositive motion. *See, e.g.*, *Kamakana*, 447 F.3d at 1179. Nonetheless, the Court finds that the information given by Plaintiff's counsel constitutes compelling reasons for secrecy for each of these exhibits.

**II. Exhibits B-J and M-Q**

Youngjun Kim declares that he has been employed by Plaintiff since 2017, and that he was involved in an internal investigation of Kyunghyun Lee that was directed by Plaintiff's in-house legal counsel and conducted in conjunction with Plaintiff's audit team. Docket No. 564 at 2. Mr. Kim declares that Exhibits B through H are internal investigation records including confirmation statements and details regarding a former employee's fraudulent use of seals and delegation-of-authority violations. *Id.* Mr. Kim declares that good cause exists to seal Exhibits B through H because they contain confidential assessments of a foreign national, non-party former employee, including a confidential investigation into him, and confidential information about Plaintiff's internal operations, including details revealing its assessment of a former employee's efforts and potential methods to evade the safeguards surrounding its processes for providing approval for deals and for providing its corporate seal on documents. *Id.* at 2-3. Additionally, Mr. Kim declares that such information is competitively sensitive and/or could be used to harm Plaintiff's ongoing business interests. *Id.* at 3.

Mr. Kim declares that Exhibits I through J are the resolution and minutes of Plaintiff's Seventh Audit Committee meeting, which document action taken against a former employee based on audit findings. *Id.* Mr. Kim declares that good cause exists to seal Exhibits I through J because they contain confidential assessments and the employment history of a foreign national, non-party former employee of Plaintiff's, including the findings of a confidential investigation into him, as well as confidential information about Plaintiff's internal operations, including details revealing its processes for assessing and remediating a former employee's efforts and potential methods to evade the safeguards surrounding its processes for providing approval for deals and for providing its corporate seal on documents. *Id.* Additionally, Mr. Kim declares that such information is competitively sensitive and/or could be used to harm Plaintiff's ongoing business interests. *Id.*

Mr. Kim declares that Exhibit M is a supplemental criminal complaint filed against Kyunghyun Lee. *Id.* Mr. Kim declares that good cause exists to seal Exhibit M because it contains sensitive personal details and the employment history of a foreign national, non-party former employee of Plaintiff's, as well as confidential information about Plaintiff's internal operations, including its internal process for reviewing and analyzing documents related to financial transactions. *Id.* Additionally, Mr. Kim declares that such information is competitively sensitive and/or could be used to harm Plaintiff's ongoing business interests. *Id.*

Mr. Kim declares that Exhibit N is a January 21, 2021, email. *Id.* Mr. Kim declares that good cause exists to seal Exhibit N because it contains confidential information about Plaintiff's internal operations, including information related to its loan approval processes. *Id.* Additionally, Mr. Kim declares that such information is competitively sensitive and/or could be used to harm Plaintiff's ongoing business interests. *Id.* at 4.

Mr. Kim declares that Exhibits O and P are summaries of statements of Plaintiff's representatives to the Korean police in connection with the criminal complaint filed against Kyunghyun Lee on April 9, 2024, and November 24, 2023, respectively. *Id.* Mr. Kim declares that good cause exists to seal Exhibits O and P because they contain sensitive personal details and the employment history of a foreign national, non-party former employee of Plaintiff's, as well as confidential information about Plaintiff's internal operations, including its internal process of

reviewing and analyzing documents related to financial transactions. *Id.* Additionally, Mr. Kim declares that such information is competitively sensitive and/or could be used to harm Plaintiff's ongoing business interests. *Id.*

Mr. Kim declares that Exhibit Q is an internal audit report with findings against a former employee. *Id.* Mr. Kim declares that good cause exists to seal Exhibit Q because it contains confidential assessments and the employment history of a foreign national, non-party former employee of Plaintiff's, including the findings of a confidential investigation into him, confidential information about Plaintiff's internal operations, including details revealing its processes for assessing and remediating a former employee's efforts and potential methods to evade the safeguards surrounding its processes for providing approval for deals and for providing its corporate seal on documents. *Id.*

Mr. Kim declares that sealing the subject documents would protect Plaintiff's proprietary information and the privacy interests of various individuals, including the former employee who otherwise may be harmed by their public disclosure. *Id.* Further, Mr. Kim declares that the confidential information in these documents cannot easily be redacted while leaving meaningful information available to the public. *Id.*

Mr. Kim's declaration incorrectly applies the lower good cause standard. *See* Docket No. 564 at 2-4. The law is clear that the higher compelling reasons standard applies to papers filed in relation to a dispositive motion. *See, e.g.*, *Kamakana*, 447 F.3d at 1179. Nonetheless, the Court finds that the information given by Mr. Kim constitutes compelling reasons for secrecy for each of these exhibits.

**III. Exhibit R**

Plaintiff's counsel and Mr. Kim fail to provide any argument as to sealing Exhibit R. *See* Docket Nos. 563, 564. Accordingly, the motion to seal is **DENIED** as to Exhibit R and the redacted excerpts from Exhibit R in Defendants' motion to strike.

**IV. Conclusion**

Accordingly, the Court **GRANTS** the motion to seal as to Exhibits B through Q and **DENIES** the motion to seal as to Exhibit R. Docket No. 553. The Clerk's Office is

**INSTRUCTED** to maintain Defendants' motion to strike and Exhibits B through Q under seal. *See* Docket Nos. 551 (motion to strike), 552 (appendix of exhibits). The Court **ORDERS** Defendants to file an unsealed version of Exhibit R and a version of its motion to strike with unredacted excerpts from Exhibit R on the public docket, no later than July 21, 2026.

IT IS SO ORDERED.

Dated: July 15, 2026.

Nancy J. Koppe
United States Magistrate Judge