**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., Plaintiff, v. RYZE RENEWABLES HOLDINGS, LLC, et al., Defendants. | Case No. 2:23-cv-01492-APG-NJK **Order** [Docket No. 342] |

Pending before the Court is Plaintiff's motion for leave to file exhibits under seal in support of Plaintiff's motion for summary judgment. Docket No. 342.

## I. BACKGROUND

On June 26, 2026, the Court deferred ruling on the instant motion. Docket No. 556. The Court ordered Plaintiff to file a supplement that includes an evidentiary showing, provides argument specific to the information at issue, and proposes redactions, if appropriate. *Id.* at 3. The Court further ordered Plaintiff to serve the motion and order on non-party Snell & Wilmer LLP, and for non-party Snell & Wilmer LLP to file a response. *Id.* at 4. The Court ordered Defendants to file either a declaration establishing sufficient justification for sealing or a notice of withdrawal of the designations and consent to unsealing as to Exhibits DP1 and DP6. *Id.* at 3-4. Plaintiff filed a declaration of its assessment team leader and a certificate of service to counsel for non-party Snell & Wilmer LLP. Docket Nos. 565 (certificate of service), 571 (declaration of Eun-mi Park). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits DP1 and DP6. Docket No. 566. Non-party Snell & Wilmer LLP filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits DP3, DP4, and DP7. Docket No. 592.

## II. STANDARDS

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in

relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

## III. ANALYSIS

The filings at issue are Plaintiff's motion for summary judgment, Exhibits 1, 2, and 3 to the Declaration of Eun-mi Park in support of Plaintiff's motion for summary judgment, and Exhibits DP1, DP3, DP4, DP6, and DP7 to the appendix of exhibits to the declaration of Daniel Prince. *See* Docket Nos. 343 (motion for summary judgment), 344 (Exhibit 1), 345 (Exhibit 2), 346 (Exhibit 3), 347 (Exhibit DP1), 348 (Exhibit DP3), 349 (Exhibit DP4), 350 (Exhibit DP6), 351 (Exhibit DP7). Plaintiff submits that it seeks to redact portions of its motion for summary judgment containing confidential information from the exhibits at issue. *See* Docket No. 342 at 2.

### A. Exhibits 1-3 to the Declaration of Eun-mi Park

Plaintiff's assessment team leader, Eun-mi Park, declares that she has been employed by Plaintiff since 2015 and is familiar with Plaintiff's approval process for potential investment opportunities. Docket No. 571 at 2. Ms. Park declares that Exhibit 1 is an internal document regarding Plaintiff's description of job titles and responsibilities for the finance division in 2021 and 2023. *Id.* Ms. Park declares that good cause exists to seal Exhibit 1 because it contains confidential descriptions of Plaintiff's business and the release of this information can harm Plaintiff's competitive standing if it was made available to others. *Id.* at 2-3.

Ms. Park declares that Exhibit 2 is an internal issue report developed by Plaintiff regarding the Ryze transaction. *Id.* at 3. Ms. Park declares that good cause exists to seal Exhibit 2 because it contains impressions and analysis conducted by Plaintiff as it performed due diligence and the release of this information can harm Plaintiff's competitive standing if it was made available to others. *Id.*

Ms. Park declares that Exhibit 3 is Plaintiff's internal personnel file of Mr. Kyunghyun Lee and contains sensitive, personal identifying information of Mr. Lee and his employment record with Plaintiff. *Id.* Ms. Park declares that good cause exists to seal Exhibit 3 because the release of this information can harm both Plaintiff's competitive standing and Mr. Lee's privacy interests if this confidential information was made available to others. *Id.* Ms. Park declares that sealing these documents would protect Plaintiff's business endeavors, proprietary information, and the privacy interests of employees who otherwise may be harmed by their public disclosure. *Id.*

Ms. Park's declaration incorrectly applies the lower good cause standard. *See* Docket No. 571. The law is clear that the higher compelling reasons standard applies to papers filed in relation to a motion for summary judgment and to pleadings. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 (motions for summary judgment). Nonetheless, the Court finds that the information given by Ms. Park constitutes compelling reasons for secrecy for each of these exhibits.

**B. Exhibits DP1 and DP6**

Plaintiff's counsel submits that the sole ground for sealing Exhibits DP1 and DP6 are the confidentiality designations applied to the exhibits at issue by Defendants. Docket No. 342 at 4. Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits DP1 and DP6. Docket No. 566.

**C. Exhibits DP3, DP4, DP7**

Plaintiff's counsel submits that the sole ground for sealing Exhibits DP3, DP4, and DP7 to the appendix of exhibits to the declaration of Daniel Prince are the confidentiality designations applied to the exhibits at issue by non-party Snell & Wilmer LLP. Docket No. 342 at 4. Non-party Snell & Wilmer LLP filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits DP3, DP4, and DP7. Docket No. 592.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion to seal as to Exhibits 1, 2, and 3 to the Declaration of Eun-mi Park and **DENIES** the motion to seal as to Exhibits DP1, DP3, DP4, DP6, and DP7 to the appendix of exhibits to the declaration of Daniel Prince. Docket No. 342. The Clerk's Office is **INSTRUCTED** to maintain Plaintiff's motion for summary judgment and Exhibits 1, 2, and 3 to the Declaration of Eun-mi Park under seal. Docket Nos. 343-346.

The Court **ORDERS** Plaintiff to file unsealed versions of Exhibits DP1, DP3, DP4, DP6, and DP7 to the appendix of exhibits to the declaration of Daniel Prince on the public docket by July 21, 2026. The Court further **ORDERS** Plaintiff to file a version of its motion for summary judgment with unredacted excerpts from Exhibits DP1, DP3, DP4, DP6, and DP7 on the public docket, no later than July 21, 2026.

IT IS SO ORDERED.

Dated: July 15, 2026.

Nancy J. Koppe
United States Magistrate Judge