**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br>Plaintiff,<br>v.<br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br>Defendants. | Case No. 2:23-cv-01492-APG-NJK<br>**Order**<br>[Docket No. 384] |

Pending before the Court is Plaintiff's motion for leave to file exhibits under seal in support of Plaintiff's reply in support of its motion for summary judgment. Docket No. 384.

## I. BACKGROUND

On June 29, 2026, the Court deferred ruling on the instant motion. Docket No. 559 at 3. The Court ordered Plaintiff to file a supplement identifying the source of each redaction in Plaintiff's reply and informing the Court of the status of each cited exhibit which was previously filed under seal. *Id.* The Court ordered Defendants to file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. *Id.* Plaintiff filed a supplement containing the declaration of Plaintiff's counsel. Docket No. 570. Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits 103 and 105. Docket No. 569.

## II. STANDARDS

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the

presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

## III. ANALYSIS

The filings at issue are Plaintiff's reply in support of its motion for summary judgment and Exhibits 103 and 105 to appendix volume 13 to the declaration of Daniel Prince. Docket Nos. 385 (Plaintiff's reply), 386 (Exhibit 103), 387 (Exhibit 105). Plaintiff submits that it seeks to redact portions of its reply containing confidential information from the exhibits at issue and from

exhibits previously filed under seal either by Plaintiff or Defendants. Docket No. 384 at 2; *see also* Docket No. 385 (Plaintiff's reply).

**A. Exhibits 103 and 105**

Plaintiff's counsel submits that the sole ground for sealing Exhibits 103 and 105 is the confidentiality designations applied to the exhibits by Defendants. Docket No. 384 at 3. Further, Plaintiff's counsel submits that Plaintiff is not aware of any compelling reasons for sealing these exhibits. *Id.* Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits 103 and 105. *See* Docket No. 569 at 2.

**B. Redactions to Plaintiff's Reply**

Plaintiff requests to seal portions of its reply containing confidential information from the exhibits at issue and from exhibits previously filed under seal. Docket No. 384 at 2-3. Plaintiff's motion failed to identify the sources of the redacted portions or the Court's decisions as to those exhibits in the instant motion. *See id.* The Court ordered Plaintiff to file a supplement identifying the source of each redaction in Plaintiff's reply and informing the Court of the status of each cited exhibit which was previously filed under seal. Docket No. 559 at 3. Plaintiff filed a supplement containing the declaration of Plaintiff's counsel. Docket No. 570.

Plaintiff's counsel declares that the first redaction, on line 12 of page 8 of Plaintiff's reply, contains language from the Seoul Gwangjin Police Notice of Investigation Results into Kyunghyun Lee. Docket No. 570 at 2 (citing Docket No. 385 at 8). Plaintiff's counsel declares that Plaintiff designated the document as confidential because it contains Plaintiff's not publicly available internal business processes, including the use of executive seals, and the sensitive personal information of Mr. Lee. Docket No. 570 at 2. Further, Plaintiff's counsel declares that this document was recently filed under seal in Defendants' motion for leave to supplement the record on Plaintiff's motion for summary judgment with newly produced evidence. *Id.* (citing Docket Nos. 541, 543 (motion to seal)). The Court found that the information given by Youngjun Kim, Plaintiff's Team Leader of the Legal Affairs Team 1, constitutes compelling reasons for the secrecy of this document. Docket No. 587 at 3-5 (citing Docket No. 572 at 4 (declaration of Mr.

Kim)). Therefore, the Court previously granted a motion to seal as to this document. Docket No. 587. Accordingly, the request for the first redaction is granted.

Plaintiff's counsel declares that the second redaction, on lines 18-19 of page 9, contains language from the declarations of Huijun Yang and Eun-mi Park in support of Plaintiff's motion for summary judgment. Docket No. 570 at 3 (citing Docket No. 385 at 9). Plaintiff's counsel declares that Plaintiff did not request to keep the declarations themselves sealed, but that the declarations quote language from the alleged Convertible Loan Agreement (CLA), which was previously requested to be filed under seal as Exhibit DP1. *Id.* (citing Docket No. 342). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit DP1. Docket No. 566. Accordingly, the request for the second redaction will be denied.

Plaintiff's counsel declares that the third and fourth redactions, on lines 27 and 28 of page 9, contain language from the CLA. Docket No. 570 at 3 (citing Docket No. 385 at 9). Plaintiff's counsel declares that the CLA was previously requested to be filed under seal as Exhibit DP1. *Id.* (citing Docket No. 342). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit DP1. Docket No. 566. Accordingly, the requests for the third and fourth redactions will be denied.

Plaintiff's counsel declares that the fifth redaction, on line 5 of page 10, contains language from the declarations of Huijun Yang, Hyun-Joo Park, and Eun-mi Park in support of Plaintiff's motion for summary judgment. Docket No. 570 at 3 (citing Docket No. 385 at 10). Plaintiff's counsel declares that, although Plaintiff did not request to keep the declarations sealed, the declarations quote language from the issue report included in the declaration of Eun-mi Park, which Plaintiff requested to seal. Docket No. 570 at 3-4 (citing Docket No. 342 (motion to seal)); *see also* Docket No. 345 (issue report). Plaintiff filed a declaration of its assessment team leader, Eun-mi Park, in support of sealing the issue report. *See* Docket No. 571 at 3. The Court found that the information given by Ms. Park constitutes compelling reasons for the secrecy of this document. Docket No. 596 at 3-5 (citing Docket No. 571 at 3). Therefore, the Court previously

granted a motion to seal as to this document. Docket No. 596 at 4. Accordingly, the request for the fifth redaction is granted.

Plaintiff's counsel declares that the sixth redaction, on line 22 of page 11 and line 1 of page 12, contains language from the CLA. Docket No. 570 at 4 (citing Docket No. 385 at 11-12). Plaintiff's counsel declares that the CLA was previously requested to be filed under seal as Exhibit DP1. *Id.* (citing Docket No. 342). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit DP1. Docket No. 566. Accordingly, the request for the sixth redaction will be denied.

Plaintiff's counsel declares that the seventh redaction, on line 18 of page 12, contains language from the CLA. Docket No. 570 at 4 (citing Docket No. 385 at 12). Plaintiff's counsel declares that the CLA was previously requested to be filed under seal as Exhibit DP1. *Id.* (citing Docket No. 342). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit DP1. Docket No. 566. Accordingly, the request for the seventh redaction will be denied.

Plaintiff's counsel declares that the eighth redaction, on lines 6-8 of page 15, contains language from unsigned consent forms referenced in the declaration of Eun-mi Park in support of Plaintiff's motion for summary judgment. Docket No. 570 at 4 (citing Docket No. 333). Plaintiff's counsel declares that the consent forms appear as Exhibits 75 and 76 in Defendants' appendix volume IX of evidence in opposition to Plaintiff's motion for summary judgment. Docket No. 570 at 4 (citing Docket No. 370); *see also* Docket No. 371 (sealed appendix volume IX). Further, Plaintiff's counsel declares that, although Plaintiff did not request to keep the declaration sealed, Defendants requested Exhibits 75 and 76 to be filed under seal. Docket No. 570 at 4-5 (citing Docket No. 377). Defendants submit that Exhibits 75 and 76 were designated confidential by either non-party Snell & Wilmer LLP and/or Plaintiff. See Docket No. 377 at 3. Plaintiff's declaration in support of sealing did not provide any argument as to Exhibits 75 and 76. *See* Docket No. 379. For several exhibits, including Exhibits 75 and 76, it was unclear whether non-party Snell & Wilmer LLP received notice of the motion to seal. *See* Docket No. 558 at 4; *see also* Docket. Therefore, the Court deferred ruling on that motion to seal, and ordered non-party

Snell & Wilmer LLP to file a supplement to the motion to seal as to several exhibits, including Exhibits 75 and 76. *See* Docket No. 558 at 2, 4. Snell & Wilmer LLP filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibits 75 and 76. Docket No. 598. Accordingly, the request for the eighth redaction will be denied.

Plaintiff's counsel declares that the ninth redaction, on lines 21-22 of page 17, contains language from Defendants' expert report of Larry Mott. Docket No. 570 at 5 (citing Docket No. 385 at 17 n.13). Plaintiff's counsel declares that the expert report was provisionally filed under seal as Exhibit 105 in appendix volume 13 of Plaintiff's reply in support of its motion for summary judgment. Docket No. 570 at 5 (citing Docket No. 383-4). Further, Plaintiff's counsel declares that Plaintiff requested the Court to keep Exhibit 105 sealed on December 23, 2025, through the instant motion. Docket No. 570 at 5 (citing Docket No. 384). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit 105. *See* Docket No. 569 at 2. Accordingly, the request for the ninth redaction will be denied.

Plaintiff's counsel declares that the tenth redaction, on line 26 of page 17, contains language from a Draft Limited Liability Company Common Membership Units Purchase and Assignment Agreement. Docket No. 570 at 5 (citing Docket No. 385 at 17 n.13). Plaintiff's counsel decares that this document was provisionally filed under seal as Exhibit 103 in appendix volume 13 of Plaintiff's reply in support of its motion for summary judgment. Docket No. 570 at 5; *see also* Docket No. 383-2 (Exhibit 103). Further, Plaintiff's counsel declares that Plaintiff requested the Court to keep Exhibit 103 sealed on December 23, 2025, through the instant motion. Docket No. 570 at 5 (citing Docket No. 384). Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing as to Exhibit 103. *See* Docket No. 569 at 2. Accordingly, the request for the tenth redaction will be denied.

Plaintiff's counsel declares that the eleventh and twelfth redactions, on lines 20-21 and 23-24 of page 23, contain language from the issue report included in the declaration of Eun-mi Park, which Plaintiff requested to seal. Docket No. 570 at 5 (citing Docket No. 342 (motion to seal)); *see also* Docket No. 345 (issue report). Plaintiff filed a declaration of its assessment team leader, Eun-mi Park, in support of sealing the issue report. *See* Docket No. 571 at 3. The Court found

that the information given by Ms. Park constitutes compelling reasons for the secrecy of this document. Docket No. 596 at 3-5 (citing Docket No. 571 at 3). Therefore, the Court previously granted a motion to seal as to this document. Docket No. 596 at 4. Accordingly, the requests for the eleventh and twelfth redactions will be granted.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part the motion to seal. Docket No. 384. Specifically, the Court **GRANTS** the motion to seal as to the first, fifth, eleventh, and twelfth redactions to Plaintiff's reply, and **DENIES** the motion to seal as to Exhibits 103 and 105 to appendix volume 13, and the second, third, fourth, sixth, seventh, eighth, ninth, and tenth redactions to Plaintiff's reply. Docket No. 384. The Clerk's Office is **INSTRUCTED** to maintain Plaintiff's reply under seal. Docket No. 385. The Court **ORDERS** Plaintiff to file unsealed versions of Exhibits 103 and 105 on the public docket by July 24, 2026. The Court further **ORDERS** Plaintiff to file a version of its reply, maintaining only the first, fifth, eleventh, and twelfth redactions, on the public docket by July 24, 2026.

IT IS SO ORDERED.

Dated: July 17, 2026.

Nancy J. Koppe
United States Magistrate Judge