**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br>Plaintiff,<br>v.<br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br>Defendants. | Case No. 2:23-cv-01492-APG-NJK<br>**Order**<br>[Docket No. 377] |

Pending before the Court is Defendants' motion for leave to file under seal exhibits contained in the appendix of evidence in opposition to Plaintiff's motion for summary judgment. Docket No. 377.

## I. BACKGROUND

On June 29, 2026, the Court deferred ruling on the instant motion to seal. Docket No. 558. The Court ordered Defendants to serve the motion and the Court's Order on non-parties Magnetar Financial and Snell & Wilmer LLP, no later than July 6, 2026, and file a certificate of service on the docket. *Id.* at 4. The Court further ordered non-parties Magnetar Financial and Snell & Wilmer LLP to file a response to the motion to seal, no later than July 17, 2026. *Id.* Finally, the Court ordered Plaintiff to file a supplement to the motion to seal by July 10, 2026. *Id.* at 5.

Defendants filed certificates of service on the docket for non-parties Magnetar Financial and Snell & Wilmer LLP. Docket Nos. 567, 568. Non-party Snell & Wilmer LLP filed a notice of withdrawal of confidentiality designations and consent to unsealing. Docket No. 598. Plaintiff filed a supplement containing the declaration of Eun-mi Park, Team Leader of Plaintiff's Assessment Team. Docket No. 588. Non-party Magnetar Financial did not file a response. *See* Docket.

On July 23, 2026, the Court ordered Plaintiff to file a supplement that either makes the proper showing as to Exhibits 52 and 78, or withdraws the confidentiality designations. Docket

No. 602. The Court ordered Defendants to file a supplement that either makes the proper showing as to Exhibit 57 or consents to its unsealing. *Id.* Defendants filed a notice of withdrawal of confidentiality designations and consent to unsealing for Exhibit 57. Docket No. 603. Plaintiff filed a notice of withdrawal of confidentiality designations and consent to unsealing for Exhibits 52 and 78. Docket No. 605.

**II. STANDARDS**

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The protective order entered in this action provides that,

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Docket No. 224 at 2.

## III. ANALYSIS

The filings at issue are Exhibits 45-56 in appendix volume VIII, Exhibits 57-79 in appendix volume IX, and Exhibit 101 in appendix volume XII. Docket Nos. 369 (appendix volume VIII), 371 (appendix volume IX), 374 (appendix volume XII).

### A. Exhibits 45-53, 78, and 101

Initially, Plaintiff's counsel filed a declaration in support of sealing Exhibits 45-53, 78, and 101. Docket No. 379. However, Plaintiff failed to demonstrate that the exhibits meet the standard for redaction or sealing because Plaintiff's counsel lacks personal knowledge as to the confidential information contained in the exhibits and Plaintiff's internal operations. *See id.*; *see also* Docket No. 558 at 3-4. Further, Plaintiff's counsel failed to make a showing as to whether redactions are appropriate. *See id.* Therefore, the Court could not make a determination as to whether the exhibits are properly sealed or should be unsealed. Docket No. 558 at 4. The Court ordered Plaintiff to file a supplement to the motion to seal that includes an evidentiary showing, provides argument specific to the information at issue in Exhibits 45-53, 78, and 101, and proposes redactions. *Id.* at 5. Plaintiff filed a supplement containing the declaration of Eun-mi Park, Team Leader of Plaintiff's Assessment Team. Docket No. 588.

Eun-mi Park declares that she has been employed by Plaintiff since 2015 and is familiar with Plaintiff's approval process for potential investment opportunities. *Id.* at 2. Ms. Park declares that Exhibit 45 is Plaintiff's investment review regulations from July 2021 and its English transaction. Docket No. 588 at 2. Ms. Park declares that good cause exists to seal Exhibit 45

because it contains an internal business record detailing Plaintiff's business operations and transaction assessment and approval procedures that have not been made publicly available. *Id.*

Ms. Park declares that Exhibit 46 is Plaintiff's investment review regulations from April 2022 and its English transaction. *Id.* at 3. Ms. Park declares that good cause exists to seal Exhibit 46 because it contains an internal business record detailing Plaintiff's business operations and transaction assessment and approval procedures that have not been made publicly available. *Id.*

Ms. Park further declares that Exhibit 47 is Plaintiff's investment review regulations from February 2019 and its English transaction. *Id.* Ms. Park declares that good cause exists to seal Exhibit 47 because it contains an internal business record detailing Plaintiff's business operations and transaction assessment and approval procedures that have not been made publicly available. *Id.*

Ms. Park declares that Exhibit 48 is Plaintiff's assessment team deal review status spreadsheet from November 25, 2021, and last modified May 6, 2022, and its English transaction. *Id.* at 4. Ms. Park declares that good cause exists to seal Exhibit 48 because it contains confidential analysis and impressions performed by Plaintiff as it evaluated a potential transaction and conducted due diligence concerning said transaction. *Id.*

Ms. Park further declares that Exhibit 49 is Plaintiff's assessment team deal review status spreadsheet from November 25, 2021, and last modified March 10, 2022, and its English transaction. *Id.* Ms. Park declares that good cause exists to seal Exhibit 49 because it contains confidential analysis and impressions performed by Plaintiff as it evaluated a potential transaction and conducted due diligence concerning said transaction. *Id.*

Ms. Park declares that Exhibit 50 is Plaintiff's assessment team deal review status spreadsheet from July 7, 2021, and last modified August 20, 2021, and its English transaction. *Id.* Ms. Park declares that good cause exists to seal Exhibit 50 because it contains confidential analysis and impressions performed by Plaintiff as it evaluated a potential transaction and conducted due diligence concerning said transaction. *Id.*

Ms. Park further declares that Exhibit 51 is Plaintiff's investment review regulations from April 2021 and its English translation. *Id.* at 5. Ms. Park declares that good cause exists to seal

Exhibit 51 because it contains an internal business record detailing Plaintiff's business operations and transaction assessment and approval procedures that have not been made publicly available. *Id.*

Ms. Park declares that Exhibit 53 is Plaintiff's internal investment memorandum concerning a Project Ryze Mezzanine Bond Investment and its English translation. *Id.* Ms. Park declares that good cause exists to seal Exhibit 53 because it contains confidential analysis and impressions performed by Plaintiff in the assessment of a potential transaction, including asset overview, market analyses, and potential investment structures. *Id.*

Ms. Park further declares that Exhibit 101 is Plaintiff's approval records for business travel, offering memoranda, NDAs, and other materials relating to a potential transaction. *Id.* Ms. Park declares that good cause exists to seal Exhibit 101 because it contains Plaintiff's internal business operating processes, including the stages of approval for employee travel requests and due diligence on potential transactions. *Id.* at 6.

Ms. Park's declaration incorrectly applies the lower good cause standard. *See* Docket No. 588. The law is clear that the higher compelling reasons standard applies to papers filed in relation to a motion for summary judgment. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 (motions for summary judgment). Nonetheless, the Court finds that the information given by Ms. Park constitutes compelling reasons for secrecy for each of these exhibits. Accordingly, the Court **GRANTS** the motion to seal as to Exhibits 45-51, 53, and 101.

Plaintiff filed a notice of withdrawal of confidentiality designations and consent to unsealing for Exhibits 52 and 78. Docket No. 605. Accordingly, the Court **DENIES** the motion to seal as to Exhibits 52 and 78.

**B. Exhibits 54-56, 58-77, and 79**

Non-party Snell & Wilmer LLP filed a notice of withdrawal of confidentiality designations and consent to unsealing for Exhibits 54-56, 58-77, and 79. Docket No. 598. Accordingly, the Court **DENIES** the motion to seal as to Exhibits 54-56, 58-77, and 79.

….

….

**C. Exhibit 57**

Defendants submit that Exhibit 57 was designated confidential by non-party Magnetar Financial. Docket No. 377 at 3. Defendants fail to demonstrate that the exhibit meets the standard for redaction or sealing because Defendants fail to put forth any argument addressing the proper standards. *See* Docket No. 377 at 3; *see also* Docket No. 558 at 3. Therefore, the Court ordered Defendants to serve the motion on non-party Magnetar Financial and file a certificate of service on the docket. Docket No. 558 at 4. The Court ordered non-party Magnetar Financial to file a response to the motion to seal, that either demonstrates the proper standards, including an evidentiary showing, as to why Exhibit 57 is properly redacted or sealed, or withdraws the confidentiality designations. *Id.* Defendants filed a certificate of service on the docket for non-party Magnetar Financial. Docket No. 567. Non-party Magnetar Financial failed to file a response to the instant motion to seal. *See* Docket. The Court ordered Defendants to file a supplement that either makes the proper showing as to Exhibit 57 or consents to its unsealing. Docket No. 602. Defendants filed a notice of withdrawal of confidentiality designation and consent to unsealing for Exhibit 57. Docket No. 603.

Accordingly, the Court **DENIES** the motion to seal as to Exhibit 57.

**IV. CONCLUSION**

Accordingly, the Court **GRANTS** in part and **DENIES** in part the motion to seal. Docket No. 377. Specifically, the Court **GRANTS** the motion as to Exhibits 45-51, 53, and 101 and **DENIES** the motion as to Exhibits 52, and 54-79. Docket No. 377. The Clerk's Office is **INSTRUCTED** to continue maintaining Exhibits 45-51, 53, and 101 under seal. Docket Nos. 369-1-369-7, 369-9, and 374-1. The Court **ORDERS** Defendants to file Exhibits 52, 54-79 on the public docket, no later than August 3, 2026.

IT IS SO ORDERED.

Dated: July 27, 2026.

Nancy J. Koppe
United States Magistrate Judge