# EXHIBIT 55

*Snell & Wilmer Litigation Strategy Emails*
*(June 2021)*

**From:** "Graham, Steve" <sgraham@swlaw.com>
**To:** "kyunghyun.lee@miraeasset.com" <kyunghyun.lee@miraeasset.com>
**Cc:** "Sunghee Han" <SHan@thinkbrg.com>, "Singletary, Jeff" <jsingletary@swlaw.com>, "Armienta, Sylvia" <sarmienta@swlaw.com>
**Subject:** Status Report for Mirae vs. Ryze Reneables
**Date:** Wed, 30 Jun 2021 14:25:57 -0700
**Importance:** High

EXHIBIT 19
WIT: Graham
DATE: 9/30/25
Cathy Miccolis CR50068

---

Dear Mr. Lee,

Thank you for the privilege of representing you in this matter.

I write to follow up on our meeting yesterday where we discussed the overall initial strategy regarding Ryze.

Our plan is to file a complaint in Nevada state court as soon as reasonably possible. Our estimated file date is by Tuesday, July 6th, as we will need a day or two to review the Ryze/Mirae emails once we receive them from Han.

The goal of the lawsuit is to exert pressure / leverage on Ryze and and any proposed replacement and/or supplemental lender. The goal is to force Ryze to re-engage in negotiations with Mirae on the project. The substance of the lawsuit will focus on (i) the misleading representations that Ryze made to Mirae regarding the status of the project, Ryze's litigation activity, Ryze's capabilities, and the costs necessary to deliver the project that Ryze described to Mirae in order to induce Mirae to enter into the Convertible Note Agreement, and (ii) Ryze's consistent failures to provide the requested and necessary due diligence materials requested by Mirae following execution of the Convertible Note Agreement. In the lawsuit, Mirae will seek (i) specific performance and declaratory relief aimed at obtaining the requested and necessary due diligence in order to fund the Convertible Note Agreement, (ii) damages for breach of the covenant of good faith and fair dealing, and (iii) alternatively, reliance damages for the significant costs that Mirae expended on entering into the Convertible Note Agreement and performing due diligence in furtherance of the Convertible Note Agreement.

It should be noted that the relief that Mirae will seek in the lawsuit—i.e., specific performance of an agreement that Mirae contends it was fraudulently induced into entering—makes ultimate success in the lawsuit itself challenging. Typically, the relief available to a party that has been fraudulently induced into a contract is to get out of the contract (i.e., rescission). Here, in fact, the Convertible Note Agreement provides this very remedy should Ryze not provide the appropriate due diligence to Mirae within 45-days of the execution of the agreement (Section 4.02A). Indeed, Ryze will have a strong argument that the Convertible Note Agreement terminated automatically 14-business days after the 45-day due diligence period was over and the loan had not been funded. Thus, Ryze would argue, Mirae's relief would be limited to reliance damages based on due diligence costs expended under Mirae's best case scenario, and not specific performance of the Convertible Note Agreement that has automatically expired by its terms. That said, we believe that there is enough merit to assert these claims and the requested relief—perhaps not to ultimately win the case at trial a year or more from now, but instead to exert the requisite pressure on Ryze to accomplish Mirae's goals in the shorter term. He is our proposed short-term plan of action:

- File the lawsuit in Nevada state court.
- Immediately after filing the lawsuit, Mirae can inform Duetsche Bank, through its broker, that the lawsuit has been filed. Duetsche Bank's broker gave Mirae this opening by offering Mirae the opportunity to participate in discussions about a supplemental loan to Ryze in addition to the $150M that Deutsche Bank might invest into the project. The filing of the lawsuit, and notice to Duetsche Bank, will possibly slow down or completely stall Ryze's ability to obtain funds from Duetsche Bank.
- We understand that Ryze's loan with the Georgia Credit Union (guaranteed 80% by the USDA) is coming due in August 2021. If Ryze is unable to obtain funds from Duetsche Bank, the probability that Ryze defaults on its

obligations to the Georgia Credit Union increases. We plan on converting this pressure into renewed talks with Mirae, who will be ready and willing to fund—perhaps on slightly different terms—under the Convertible Loan Agreement. If Mirae-Ryze cannot come to a mutually acceptable deal, Ryze risks defaulting on its Georgia Credit Union obligations. A Ryze default will give Mirae an opening for discussions with the Georgia Credit Union regarding taking over that loan. It may also lead to a Ryze bankruptcy filing. A Ryze bankruptcy proceeding will give Mirae the enhanced prospects of taking over the project from Ryze.

This proposed strategy is to be accomplished in months, not years. The litigation, although we believe that it has merit, is not the end-goal; but instead a tool to be used to put Mirae into a better leveraged position to renegotiate the Convertible Loan Agreement or to increase its participation in the project. If the negotiations in the short term are not successful, it is not our recommendation to pursue the lawsuit through its completion given the legal challenges discussed above.

We also discussed Mirae's approval of our firm's hiring of Sunghee Han and Jeff Hall as consultants to aid in our evaluation and prosecution of this strategy given their intimate knowledge of the parties, the prior negotiations, the Convertible Loan Agreement, and the project.

Please let me know if you have any questions or if you would like to discuss these issues in further detail.

Thank you

Steven T. Graham, Esq.
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Phone: 714-427-7002
Fax: 714-427-7799
Email: sgraham@swlaw.com

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (714-427-7000), and delete the original message. Thank you.