# EXHIBIT 62

*Graham Email re Binding Term Sheet Risks*

*(Aug. 13, 2021)*

%%%%%%%%%%///

**From:** "Graham, Steve" <sgraham@swlaw.com>
**To:** 이경현 <kyunghyun.lee@miraeasset.com>, Sunghee Han <SHan@thinkbrg.com>
**Cc:** "Roehm, Victor" <vroehm@swlaw.com>, "Scheinkman, Jim" <jscheinkman@swlaw.com>, "Baker, Michael" <mjbaker@swlaw.com>
**Subject:** Important Warning About Ryze and Mirae Deal Points and Binding Term Sheet
**Date:** Fri, 13 Aug 2021 09:52:54 -0700
**Importance:** High

---

Director Lee,

I am providing in writing what my partner Victor Roehm discussed at length yesterday with Han. After our litigation success in forcing Ryze to negotiate with Mirae, we have been rapidly progressing in our negotiations with nearly “around the clock” work by you and your entire Mirae team. What started as a goal of securing a non-binding term sheet has evolved into the goal of a binding term sheet for a structurally different agreement than the initial CLA.

You rely upon your advisors to warn you about the risks involved with your proposed business deals. I am honoring that commitment by this email. As such, we remain concerned because of the inherent risks any time a binding term sheet is rushed through over many hours rather than the more typical weeks of work. With this rush, we have only abbreviated documents that do not fully set forth the terms of the transaction and fully set forth the intent of the parties. If there is litigation on a binding term sheet, a court may have to look to extrinsic evidence such as course of dealing, commercial understanding of terms and existing case law to attempt to fill in gaps. This can lead to unpredictable results since the binding term sheet is enforceable prior to completion of due diligence and may not consider all the facts that full due diligence would reveal. Put simply, without due diligence completed, there may be potential risks of which we are unaware and, as such, which are unaddressed in the binding term sheet because of our lack of knowledge. Just a few examples are the ownership anomalies of Ryze, the construction issues with MMC and similar critical issues. I understand Mirae nearly completed its due diligence with the initial CLA, but that was over 6 months ago.

At the same time, we certainly understand there are reasons that you prefer to have the term sheet binding including the very high likelihood of the deal moving forward on terms in place - - rather than “to be negotiated.” There is also an advantage in having a binding term sheet as a lawsuit to enforce the binding term sheet is much more valuable than the relatively weak claims we made in the current lawsuit regarding the CLA. A binding term sheet being negotiated now has much higher litigation value than the initial CLA deal.

It is not uncommon to have a non-binding term sheet with some elements that the parties are bound to—for example, the mutual agreements about dismissal of litigation, borrower’s agreements to move forward with satisfaction of the conditions precedent, governing law and representations and warranties might all be made binding in a non-binding agreement. But I understand Mirae’s strong desire for certainty now - - even if it comes with somewhat higher risks to Mirae. Indeed, binding Ryze provides Mirae better assurance it can proceed with our remaining work and funding.

Director Lee, I understand Han has explained this to you already. But it is important for your legal team to confirm that in writing.

**Please confirm your receipt and understanding of the above and provide an email confirmation that we should continue to move forward with the documentation as a binding term sheet rather than a non-binding term sheet.**

Thank you.

Steve

Steven T. Graham, Esq.

Snell & Wilmer L.L.P.

600 Anton Boulevard, Suite 1400

Costa Mesa, CA 92626

Phone: 714-427-7002

Fax: 714-427-7799

Email: sgraham@swlaw.com

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (714-427-7000), and delete the original message. Thank you.