**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD.,<br>Plaintiff(s),<br>v.<br>RYZE RENEWABLES HOLDINGS, LLC, et al.,<br>Defendant(s). | Case No. 2:23-cv-01492-APG-NJK<br>**Order**<br>[Docket Nos. 613, 614] |

Pending before the Court is a Joint Status Report in which Plaintiff requests reissuance of letters rogatory. Docket No. 613. Defendants oppose reissuance of the letters rogatory, but request inclusion of their proposed examination materials should the Court determine that the corrected letters rogatory should issue. Docket No. 613. Also pending before the court is Plaintiff's motion to seal documents from the Joint Status Report exhibits.[1] Docket No. 614.

On June 15, 2026, the Court granted Plaintiff's motion for letters rogatory in connection with the examinations of third-party witnesses, Huijun Yang and Hyun Joo Park. Docket No. 539. On August 3, 2026, the Korean National Court Administration returned the letters rogatory to the Court. Docket No. 613 at 1. The Korean National Court Administration explained that the letters rogatory should request examination by the competent judicial authority in Korea, rather than using terminology associated with a United States-style deposition. *Id.* at 1-2. The Korean National Court Administration also explained that the letters rogatory should identify each witness' personal contact information and current occupation. *Id.* at 2.

The corrected letters rogatory are changed only to comply with the Korean National Court Administration instructions. *Id.* at 1-2. While the Court is keen on finishing discovery so that this

[1] These are the same documents that were sealed earlier. Docket No. 540. For good cause shown, the Court will seal documents filed in relation to a non-dispositive matter. *See*, e.g., *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court will grant the latest sealing request.

case can move on to the merits phase, the Court has already found the issuance of letters rogatory to be warranted in this case and granted the extension of discovery to allow for these depositions. The Court has not been persuaded to change course now to deny Plaintiff the opportunity to obtain this deposition testimony. *Cf.* Local Rule 59-1 (standards for reconsideration).[2]

Accordingly, the Court **GRANTS** Plaintiff's request to reissue the corrected letters rogatory stated in the Joint Status Report. The Clerk's Office is **INSTRUCTED** to issue the letters rogatory at Docket No. 613. The Court also **GRANTS** Plaintiff's motion to seal, Docket No. 614, as the Court has already sealed the relevant documents in prior orders.

IT IS SO ORDERED.

Dated: August 26, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] The Joint Status Report does not include reasoning to incorporate Defendants' proposed examination materials. Courts do not generally consider arguments raised without meaningful development. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).