DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Plaintiff,

vs.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Counter-Claimants,

vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Counter-Defendant.

CASE NO. 2:23-cv-01492-APG-NJK

**MIRAE ASSET SECURITIES CO., LTD.'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Andrew P. Gordon
Action Filed: September 22, 2023
Complaint Served: October 3, 2023

Pursuant to Local Rule 7-2(g), Plaintiff and Counter-Defendant Mirae Asset Securities Co., Ltd. ("Mirae Asset") moves for leave to file supplemental evidence in support of its Motion for Summary Judgment. *See* ECF No. 331. In support of its motion, Mirae Asset states as follows:

1. In its Response to Mirae Asset's Motion for Summary Judgment (the "Response," ECF No. 366), Ryze argued that summary judgment must be denied because a genuine issue exists as to whether Snell & Wilmer LLP ("Snell") acted as Mirae Asset's counsel in connection with a "sham lawsuit" that Snell filed against Ryze in July 2021. Ryze contends that this lawsuit had the net effect of derailing Ryze's alleged substitute funding for the project at issue. ECF No. 366 at 4, 26-27.

2. Ryze further alleges, to avoid dismissal of its tort claims and to attempt to create a genuine issue, that it is entitled to assert "alternative pleadings" or "inconsistent facts" with respect to whether the "sham lawsuit" filed in July 2021 was sponsored by Mirae Asset or initiated by Snell without authorization from Mirae Asset. ECF No. 366 at 8-9; *see also* ECF No. 233 at 14.

3. In the action captioned as *Ryze Renewables Holdings, LLC v. Snell & Wilmer LLP, et al.*, Case No. A-23- 863908-B, Eighth Judicial District Court of the State of Nevada (the "State Court Action"), Ryze has repeatedly admitted that Snell is, in fact, ***not*** Mirae Asset's counsel and that Snell did ***not*** represent Mirae Asset in connection with the filing or pursuit of the July 2021 lawsuit. *See, e.g.,* ECF No. 331 at 15, 16, 18, 27, 28.

4. On June 16, 2025, Judge Hardy dismissed all of Ryze's claims against Mirae Asset, including Ryze's tort claims alleging abuse of process, wrongful use of civil proceedings, tortious interference, and civil conspiracy. These causes of action, according to Ryze, were based on the filing of the July 2021 lawsuit.

5. Ryze appealed Judge Hardy's dismissal of its causes of action against Mirae Asset. That appeal is pending before the Supreme Court of Nevada, *see Ryze Renewables Holdings, LLC v. Snell & Wilmer LLP*, Case No. 90969, Supreme Court of Nevada.

6. On August 7, 2026, Ryze submitted the Appellants' Reply Brief (the "Reply Brief") with the Supreme Court of Nevada appealing the dismissal of the State Court Action.

7. In its Reply Brief, filed long after the October 13, 2025, discovery cut-off in this action—when Ryze may no longer rely on its purported "inconsistent pleadings" or "alternative facts"—to avoid summary judgment, Ryze doubled-down on its admission that Snell did ***not*** act on behalf of Mirae Asset in connection with the July 2021 lawsuit (or otherwise). A true and correct copy of Ryze's Reply Brief filed with the Nevada Supreme Court is attached hereto as Exhibit A; however, the chart below summarizes certain key admissions from Ryze's brief:

| **Ryze's Reply Brief Page** | **Ryze's Judicial Admissions Supporting Mirae Asset's Motion for Summary Judgment** |
|---|---|
| 1 | "Snell & Wilmer filed a lawsuit in Mirae's name that Mirae never authorized, never wanted, and later disavowed, then wielded that phantom suit to extort a collateral commercial deal triggering millions in fees for Snell and others" |
| 2 | "Ryze's allegations control: they describe a firm acting without a client, outside any lawful authority, through a malfeasant course of conduct the privilege has never shielded" |
| 6-7 | "Ryze identified allegations which, both on their face and with 'every fair inference' drawn in its favor, establish the absence of an attorney-client relationship between Mirae and Snell." |
| 7 n. 4 | "Those allegations do not stand alone. Mirae itself claims 'it was not a client of Snell and Wilmer.'" |
| 7 n. 4 | "A federal magistrate judge found no evidence about the existence of an attorney-client privilege." |
| 14 | "Snell went beyond the scope of legitimately advising a client and instead itself orchestrated an extortionate scheme" |
| 14 | "Snell invented a client, filed a frivolous lawsuit it never intended to litigate, used that lawsuit to 'negotiate' a collateral commercial agreement untethered from the |

| **Ryze's Reply Brief Page** | **Ryze's Judicial Admissions Supporting Mirae Asset's Motion for Summary Judgment** |
|---|---|
| | lawsuit 'for' that fictional client—all to reap millions services it never provided to its nonexistent client." |
| 14 | "[O]rchestrating a multi-step extortion scheme to destroy a company and harvest fees on the back of a fabricated client is a malfeasant conduct. Ryze's allegations do not rest on Snell's legitimate client advice; they rest on Snell's malfeasant conduct." |
| 14 n. 9 | "There was no client conduct because there was no client." |
| 20 | "Snell filed this lawsuit solely to coerce and extort Ryze into an illegitimate commercial arrangement." |
| 25-26 | "Snell filed a baseless lawsuit it knew lacked merit and never intended to litigate for that reason, coerced a "mediation" where it refused to discuss the lawsuit or its merits, then used non-lawsuit pressure points the lawsuit exacerbated (e.g., funding availability) to coax an oppressive collateral commercial arrangement." |
| 33-34 | "The litigation privilege shields attorneys advocating for a client; it does not protect attorneys who invent a fictional client, file a baseless suit in the name of that fictional client, weaponize that baseless suit to extort a collateral deal, and then walk away immune from the wreckage they caused. On Ryze's allegations—which must be taken as true—that is what happened…" |

8. Ryze cannot continue to have it both ways when arguing two contradictory, mutually exclusive positions. Either Snell was Mirae Asset's counsel, and thus Nevada's broad litigation privilege bars Ryze's tort claims in full, or Snell was not Mirae Asset's counsel, and thus Mirae Asset cannot be liable for Snell's conduct. And contrary to Ryze's assertions in its Response that these arguments are merely "alternative pleadings," the fact that Ryze raises them before the

Supreme Court of Nevada—after extensive discovery in this case and proceedings before Judge Hardy—removes any argument that Ryze lacks the facts necessary to proceed in this case and/or to avoid summary judgment by asserting inconsistent theories. Indeed, under both Nevada and federal law, a party must have a factual and legal basis in making its allegations. *See Anderson v. Wal-Mart Stores, Inc.*, 2011 WL 5598331 (D. Nev. Nov. 16, 2011) (determining violation of Rule 11 for lack of evidentiary support or reasonable basis for factual contentions); *Whipple v. Second Jud. Dist. Ct.*, 132 Nev. 1044, 1044 (2016) (stating NRCP 11 permits sanctions for factual allegations lacking evidentiary support).

9. Ryze's Reply Brief should therefore be considered in ruling on Mirae Asset's Motion for Summary Judgment. A party may file supplemental pleadings, briefs, authorities, or evidence with leave of court for "good cause." LR 7-2(g). "Good cause usually exists if there is a showing that the party seeking good cause was reasonably diligent." *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 849 (D. Nev. 2021) (citation omitted).

10. There is good cause to allow supplementation of the record. Ryze did not file its Reply Brief with the Supreme Court of Nevada until well after Mirae Asset submitted its Motion for Summary Judgment. *See* L.R. 7-2(g); *Borenstein*, 526 F. Supp. 3d at 849 (allowing supplementation where "the party seeking good cause was reasonably diligent" but the evidence at issue could not be included in the briefing at the time of filing).

Mirae Asset thus respectfully moves for leave to supplement the record on its Motion for Summary Judgment as provided herein and as set forth in Ryze's Answering Brief filed with the Supreme Court of Nevada on August 7, 2026 (attached hereto as Exhibit A).

DATED: August 28, 2026

Respectfully submitted,

By: *__/s/ Daniel Prince__*
DANIEL PRINCE

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff & Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD