DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

JOHN M. EDGAR
*(Admitted Pro Hac Vice)*
JOHN F. EDGAR
*(Admitted Pro Hac Vice)*
MICHAEL R. OWENS
*(Admitted Pro Hac Vice)*
ALEXANDER C. MELIN
*(Admitted Pro Hac Vice)*
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Suite 440
Kansas City, Missouri 64108
Telephone: 816.531.0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

JAMES C. SHAH
(*Admitted Pro Hac Vice*)
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Mirae Asset Securities Co., Ltd., a Republic of Korea company,

Plaintiff,

v.

Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,

Defendants.

---

Ryze Renewables Holdings, LLC, a Nevada limited liability company, and Ryze Renewables Nevada, LLC, a Nevada limited liability company,

CASE NO. 2:23-cv-01492-APG-NJK

**RYZE'S RESPONSE TO MIRAE ASSET'S MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY-JUDGMENT RECORD**

Judge: Andrew P. Gordon

Date Action Filed: September 22, 2023

Counterclaimants,

v.

Mirae Asset Securities Co., Ltd., a Republic of Korea company,

Counterdefendant.

Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze") respectfully submit this Response to Mirae Asset Securities Co., Ltd.'s Motion for Leave to Supplement the Record on Motion for Summary Judgment.

**INTRODUCTION**

Is Mirae's responsibility for the lawsuit that Snell & Wilmer filed in the name of "Mirae Asset Securities Co., Ltd." in July 2021—and the coercive, irregular use of that lawsuit to injure Ryze—material to Mirae's motion for summary judgment, or not?

In November 2025, Mirae filed its motion for summary judgment and devoted an extensive recitation to exactly this point in its statement of material facts. Under the heading "Ryze's Agents Launch Litigation Against It in Nevada State Court," Mirae insisted that it was "unaware of the lawsuit, or even that it was nominally filed on the company's behalf." ECF No. 331 at 14-16; *see also* ECF No. 380 at 25 (identifying "whether Snell acted as Mirae Asset's counsel" among the "central factual issues"). The rules governing summary judgment practice require that section to set forth—as its name suggests—"each fact material to the disposition of the motion." Local Rule 56-1 (emphasis added). Yet Mirae did not present its claimed ignorance of that lawsuit as a ground for summary judgment. *See* ECF No. 331 at 20-37.

And when Ryze sought to supplement the summary judgment record with documents in which Mirae admitted to Korean authorities that it was Lee—not "Ryze's agents," as Mirae's concealment of those documents had enabled it to tell this Court ad nauseam—who caused the lawsuit to be filed, Mirae opposed. ECF No. 542 at 6 (sealed); Ex. S106, Suppl. App'x 012; ECF No. 542-1 ¶ 9 (sealed); ECF No. 561 at 2. Those questions, Mirae explained, did not matter: "Mirae Asset's motion does not turn on those issues," including "who caused the July 23 lawsuit to be



BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

filed." ECF No. 561 at 2. Its abuse-of-process arguments likewise did not depend on "identifying the individual who initiated the lawsuit." *Id.* at 11. Mirae thus opposed adding its statements to Korean authorities on the express ground that the identity of the person who initiated the lawsuit would not affect the disposition of its motion.

So a fact question that Mirae treated as ambiguously material in its November motion for summary judgment had morphed, by July, into one Mirae treated as definitely immaterial when opposing Ryze's request to supplement the record. ECF No. 561 at 2, 11. Seemingly determined to snuff out any semblance of coherence on the point, Mirae then filed the instant motion to supplement—which rests on the premise that Mirae's responsibility for that lawsuit is definitely material. Mirae now asks the Court to consider Ryze's Nevada Supreme Court reply brief as "Judicial Admissions" that Snell did not act on Mirae's behalf in filing the July 2021 lawsuit, after telling this Court two months earlier that its motion "does not turn on" who caused that lawsuit to be filed. ECF No. 623 at 1-4; ECF No. 561 at 2, 11.

Nor is the "judicial admissions" gambit anything new. Again and again, Mirae has mined Ryze's alternative Clark County allegations—and the briefing defending their legal sufficiency—for supposed admissions, "judicial admissions," inconsistent positions, and even established historical facts. Ryze called out the tired tactic in February 2025, explaining that Mirae had "tediously invoked" the state allegations to make that case "control every aspect" of this one. ECF No. 199 at 13. Mirae has kept doing it ever since.[1] The present motion is the same tired move one

---

[1]*See* ECF No. 380 at 25 ("recurring admissions"; "binding here as judicial admissions" [citing later briefing about alternative ***State Court*** allegations]); ECF No. 55 at 18 ("has made judicial admissions" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 85 at 6 ("Ryze has judicially admitted" [citing alternative allegations in the ***State Court Action***]); ECF No. 331 at 16 ("Ryze has judicially admitted" [citing alternative allegations in the ***State Court Action***]), 27 ("Ryze judicially admitted" [citing alternative allegations in the ***State Court Action***]). *See also* ECF No. 4 at 9, 15, 24 ("Ryze has admitted"; "As Ryze has admitted"; "Ryze admitted" [citing alternative allegations in the ***State Court Action***]); ECF No. 55 at 15, 21-22 ("Ryze's own admissions in other actions"; "a fact that Ryze admits in the ***Snell Litigation***"; "Ryze acknowledges"; "As Ryze already admitted in the ***Snell Litigation***" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 61 at 13-14 ("even Ryze acknowledges"; "Ryze's



BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

admissions" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]). *See also* ECF No. 55 at 7 ("admissions that are contrary to positions that it has taken" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 84 at 10 ("wholly incompatible positions"; "entirely inconsistent theories before ***two different courts***" [contrasting alternative ***State Court*** allegations]); ECF No. 107 at 5 ("asserted conflicting allegations" [citing alternative allegations in the ***State Court Action***]); ECF No. 214 at 7 ("noted the inconsistencies" [citing alternative allegations in the ***State Court Action***]); ECF No. 380 at 26-27 ("asserting the opposite facts as settled truths in another" [citing later briefing about those alternative ***State Court*** allegations]). *See also* ECF No. 55 at 11-12 ("in the ***Snell Litigation***, Ryze alleges"; "First, Ryze alleged"; "Second, Ryze alleged"; "Third, Ryze alleged"); ECF No. 73 at 8, 11 ("in the ***State Court Action***, [Ryze] claims"; "At the core of its claims in the ***State Court Action***, Ryze essentially alleges"; "In the ***State Court Action***, Ryze has alleged"); ECF No. 84 at 10, 15 n.4 ("in the ***Nevada State Action***, Ryze maintains"; "In the ***State Court Action***, Ryze . . . alleges"); ECF No. 99 at 4 n.1 ("In the ***State Court action***, Ryze alleges"); ECF No. 107 at 9-10 ("in the ***Nevada state court litigation*** . . . Ryze alleges"; "in ***Nevada state court***, it alleges"); ECF No. 110 at 8 ("in the ***Nevada State Court***, Ryze alleges"); ECF No. 132 at 7 ("in the ***State Court***, Ryze has argued"). *See also* ECF No. 4 at 9 ("as Ryze alleged in ***separate litigation***" [citing alternative allegations in the ***State Court Action***]); ECF No. 55 at 11-13 ("First, Ryze alleged"; "Second, Ryze alleged"; "Third, Ryze alleged"; "Ryze . . . has alleged" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 61 at 8 ("Ryze alleged" [citing alternative allegations in the ***State Court Action***]); ECF No. 73 at 8 ("Ryze essentially alleges"; "Ryze has alleged" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 96 at 4 n.1 ("Ryze's proposed ***Second Amended Complaint*** alleges" [citing alternative allegations in the ***State Court Action***]); ECF No. 107 at 10 ("That proposed ***SAC*** alleges" [citing alternative allegations in the ***State Court Action***]); ECF No. 206 at 6-7 ("Ryze has alleged"; "according to Ryze's own allegations"; "alleging"; "vigorously pursued these allegations" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 214 at 6-7 ("whom Ryze itself has alleged"; "Ryze alleged" [citing alternative allegations in the ***State Court Action***]); ECF No. 230 at 10 ("Ryze alleged" [citing alternative allegations in the ***State Court Action***]); ECF No. 236 at 14 ("alleging" [citing Ryze's defense of the sufficiency of those alternative allegations against a motion to dismiss in the ***State Court Action***]); ECF No. 331 at 17, 35 ("alleged several claims"; "Ryze alleged" [citing alternative allegations in the ***State Court Action***]). *See also* ECF No. 96 at 7 (Ryze filed the State Court Action "alleging that Snell & Wilmer wrongfully pursued the CLA Litigation without an actual client" [citing alternative allegations in the State Court Action]); ECF No. 124 at 8-9 (repeating the same sentence [citing alternative allegations in the ***State Court Action***]); ECF No. 206 at 7 ("Lee and Snell (alongside Han, Ryze's own agent) had misrepresented that Lee was a representative of Mirae Asset" [citing alternative ***State Court*** allegations and Ryze's defense of their sufficiency against a motion to dismiss]); ECF No. 214 at 7 (repeating that formulation [citing alternative allegations in the ***State Court Action***]); ECF No. 230 at 10 (repeating it again [citing alternative allegations in the ***State Court Action***]); ECF No. 85 at 15 ("Ryze has used such industry practice in its own claims before ***other courts***, alleging that Snell . . . improperly claimed it represented Mirae Asset" [citing Ryze's defense of the sufficiency of those alternative allegations against a motion to dismiss in the ***State Court Action***]); ECF No. 236 at 14

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

step removed: instead of citing the alternative allegations themselves, Mirae now cites appellate counsel's argument about what follows when those allegations must be accepted as true on review of a dismissal. The premise of the tactic has never been true. The positions Mirae calls "contradictory, mutually exclusive," ECF No. 623 at 4, were pleaded together in Clark County from the first complaint forward until the case was suddenly dismissed in the spring of 2025.

The motion fails on every remaining ground as well. Mirae shows no good cause, because the reply brief repeats allegations Mirae has placed before this Court for three years and resolves no fact or issue in its motion. The excerpts are inadmissible as proof of what happened, because alternative allegations and appellate argument about what a court must assume are not evidence of the facts alleged. Statements made in another action are not binding judicial admissions here and support no estoppel, least of all where the state court accepted the opposite of the position Mirae attributes to Ryze. And even if the Court disagrees or defers the question, the reply brief is one piece of evidence to be weighed against the testimony of every percipient witness deposed in this case who identified Snell's client, each of whom identified Mirae, so at most it creates a disputed issue of material fact that, as the Court has already ruled, needs a trial.

Nothing about the Nevada Supreme Court reply brief, or the gimmicky and underdeveloped argument Mirae presents in connection with it, alters the summary-judgment questions before the Court. The Court should deny Mirae's motion accordingly, or, if granted, also permit Ryze to supplement the record with the mountain of actual witness testimony that overwhelmingly

---

(repeating the same sentence [citing Ryze's defense of the sufficiency of those alternative allegations against a motion to dismiss in the ***State Court Action***]). *See also* ECF No. 4 at 12 ("Lee, a non-English speaking former employee of Mirae Asset, explored the potential Ryze opportunity" [stating alternative ***State Court*** allegations as fact]); ECF No. 61 at 6 ("Han, however, was Ryze's own agent and representative" [stating alternative ***State Court*** allegations as fact]); ECF No. 85 at 7 (repeating the same unqualified factual sentence [stating alternative ***State Court*** allegations as fact]); ECF No. 236 at 7 (repeating it again [stating alternative ***State Court*** allegations as fact]); ECF No. 99 at 4-5 (stating alternative ***State Court*** allegations as fact); ECF No. 331 at 11 ("Ryze never spoke to anyone at Mirae Asset more senior than Lee" [stating as fact a proposition drawn from Ryze's defense of those alternative ***State Court*** allegations]) (all emphasis added).

controverts Mirae's attempt to distance itself from the tortious conduct Snell undertook on its behalf.

**ARGUMENT**

Mirae has not shown good cause to add another version of an argument the parties have already briefed. In the excerpts, Ryze defends alternative allegations and argues from facts the appellate court must assume true. Using those passages as substantive proof would require the parties to explain those assumptions and alternatives to the jury, risking confusion and wasting trial time. If the Court nevertheless admits an excerpt, Ryze may explain and rebut it; Mirae cannot treat it as conclusive through judicial admission or estoppel. The witnesses' sworn testimony supplies that contrary evidence. Mirae also assumes that a client relationship establishes litigation privilege and that no client relationship defeats liability, but neither conclusion follows merely from deciding whether Snell represented Mirae.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**I. Mirae Has Not Shown Good Cause to Supplement Completed Briefing with an Argument the Parties Already Addressed.**

Mirae has not shown good cause merely because Ryze filed the Nevada Supreme Court reply brief after the parties completed briefing on the same supposed admissions. Although Mirae promptly sought leave, it still must explain under Local Rule 7-2(g) why the Court should consider the same material again. Courts in this District deny supplementation when the material makes no "substantive difference." *Iovino v. AmTrust Fin. Servs., Inc.*, No. 2:22-cv-01974-APG-NJK, 2025 WL 3514193, at *1 (D. Nev. Dec. 5, 2025) (citation omitted). Mirae says Ryze had "repeatedly admitted" the same proposition before summary-judgment briefing closed. ECF No. 623 ¶ 3. Mirae invoked those supposed admissions in its summary-judgment motion, Ryze addressed them in opposition, and Mirae defended the argument in reply. ECF No. 331 at 15-16, 18, 27-28; ECF No. 366 at 10-11; ECF No. 380 at 25-27.

Mirae identifies nothing new in Ryze's reply brief in the Nevada Supreme Court that establishes, without a factual dispute, that Mirae was not behind the July 2021 lawsuit. Mirae asks that the reply "be considered," but counsel argued only that the allegations stated a claim if

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

accepted as true. That argument adds no account of whether Mirae was behind the lawsuit or responsible for it. ECF No. 623 ¶ 9. Mirae previously agreed that the Court needed to examine the facts to decide actual and apparent authority. The Court also identified factual disputes about who was behind the state lawsuit. ECF No. 112, Tr. 26:1-16, 38:16-40:3. Mirae explained: "Ryze claims otherwise. But that dispute will be resolved by the finder of fact here." ECF No. 73 at 7. Ryze later waived arbitration, eliminating the planned trial on whether an arbitration agreement had been made. That waiver did not establish that the state allegations were true. ECF Nos. 160-62; 179 at 1-2.

Mirae has already answered the question its motion now poses. It told the Court in July that its motion "does not turn on" who caused the July 2021 lawsuit to be filed and that its abuse-of-process arguments "do not depend on identifying the individual who initiated the lawsuit." ECF No. 561 at 2, 11; *see supra* pp. 2-3. Under the standard Mirae invoked against Ryze's supplement, leave requires material that "would make a substantive difference to the Court's resolution of the MSJ," ECF No. 561 at 5-6, and Ryze asked the Court to hold Mirae to that representation. ECF No. 578 at 4-5. A supplement on a question the movant says its motion does not turn on, by definition, is one that makes no substantive difference. *Compare* ECF No. 331 at 14-16, 20-37, and ECF No. 380 at 25, with ECF No. 561 at 2, 11, and ECF No. 623 at 1-4.

## II. The Court Should Exclude Both Parties' Alternative Pleadings and Conditional Arguments as Substantive Evidence.

Modern pleading rules permit inconsistent claims and defenses so that evidence can determine which account is correct. Treating the alternatives themselves as proof would defeat that purpose. Ryze therefore objects under Rule 56(c)(2) and Evidence Rule 403 to Mirae's proposed use of Ryze's reply brief in the Nevada Supreme Court and its chart of excerpts as substantive evidence. ECF Nos. 623 ¶ 7; 623-1. The objection applies equally to both parties' alternative allegations and conditional arguments, whether excerpted or presented with their full context. The Court must resolve the objection before relying on the challenged material to grant summary judgment. *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### A. Neither Party's Alternative Allegations Can Supply Evidence Defeating the Competing Claim or Defense.

Mirae labels its selections "Ryze's Judicial Admissions" and insists that Ryze cannot "have it both ways." ECF No. 623 at 3-4. Rule 8 expressly permits claims and defenses "regardless of consistency." FRCP 8(d)(2)-(3); NRCP 8(d)(2)-(3). The evidentiary consequence follows: "one of two inconsistent pleas cannot be used as evidence in the trial of the other." *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989) (citation omitted). Nevada applies the same principle. *Trans Western Leasing Corp. v. Corrao Construction Co.*, 98 Nev. 445, 448-49, 652 P.2d 1181, 1183 (1982). Neither party can turn its opponent's exercise of that right into proof defeating the competing claim or defense.

Ryze's reply brief in the Nevada Supreme Court expressly defends "alternative theories containing inconsistent factual allegations." ECF No. 623-1 at 15. It begins from allegations that the court "must accept as true" and separately argues, "Even if Snell Had a Client." *Id.* at 8, 18. Those qualifications explain what Ryze was arguing: the legal sufficiency of allegations and the consequences of an assumed premise. Those alternatives coexisted within the same state action. The original complaint alleged that "Mirae filed suit against Ryze" while also alleging misrepresentations about "Mirae's status as a client." ECF No. 57-1 at 27 (Compl. ¶ 130), 20 (¶ 97); *id.* at 18 (¶ 86) (the "true identity of Snell's client and whether Mirae—or a front runner claiming to be affiliated with Mirae—was actually involved in the deal"); *id.* at 26 (¶ 120(c)); *id.* at 22 (¶ 104(d)) ("and/or Han, Lee, and Defendants' status as representatives of Mirae"); *id.* at 24 (¶ 113) ("Alternatively, notwithstanding the lack of a direct attorney-client relationship"). The proposed Second Amended Complaint made the distinction explicit, labeling its alternatives "Mirae as Fake Client" and "Mirae as Real Client" and explaining that Mirae and Snell contradicted each other about the engagement. ECF No. 98-6 at 44 (¶¶ 178-185); *id.* at 54 (¶¶ 245, 247) ("In this scenario, Mirae was a fake client"; "In this scenario, Mirae was a real client of Defendants, and they jointly conspired"). The operative complaint retained both accounts, alleging

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

that "Mirae was privately orchestrating" the campaign and, alternatively, that Snell sued "without the knowledge, consent, or permission of Mirae." ECF No. 339-3 at 10, 36 (¶¶ 45, 169).

The state-court pleadings likewise asserted allegations against Mirae premised on both the existence and nonexistence of an attorney-client relationship. To the extent Mirae portrays Ryze as singling out defendants in different forums or advancing contradictory theories, that is false. Ryze alleged alternative theories in both proceedings.[2]

### B. Neither the Discovery Cutoff Nor Rule 11 Converts Alternative Allegations into Proof.

Mirae says Ryze "doubled-down on its admission" by defending the allegations after the federal "discovery cut-off." ECF No. 623 at 3. That date did not change what the Nevada Supreme Court was reviewing. The state court dismissed under NRCP 12(b)(5), accepting the allegations as true; the appeal challenges that pleading-stage ruling. ECF No. 230-1 at 3, 5; ECF No. 623-1 at 10. Mirae's counsel reported that one Snell deposition had occurred and that the remaining Snell depositions were vacated after dismissal. ECF No. 219 at 2 ¶ 2. Continued advocacy on appeal

[2] Indeed, Ryze's hands are clean on this point. Ryze advocated that both claims proceed, or that both parties be included in the state-court proceeding, precisely so that there could be a single, consistent adjudication of ultimate liability as between the two. ECF No. 199 at 23 (arguing that "[o]nly the State Court Action, where all parties are present, can comprehensively adjudicate these interrelated obligations"). Mirae, by contrast, steadfastly resisted that approach in favor of the federal forum. ECF No. 206 at 11, 17 n.6 (asserting its right to a federal forum and calling Ryze's argument for resolving all parties' potential claims in state court a "red herring"). Although Mirae now appears to have serious buyer's remorse about this forum, writing longingly about the happenings in the state court at every turn, *see* ECF No. 199 at 13-16 (cataloging Mirae's reliance on state-court allegations and rulings in its pleadings, motions, discovery responses, and depositions), that is not Ryze's doing.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

addressed the sufficiency of the allegations under that standard, not facts established after an evidentiary trial.[3]

Nor is it true that all discovery had ended here. Ryze presented its witnesses during the discovery period that has now expired. ECF No. 501 at 6 ¶ 16. But Mirae did not depose Park and Yang during that period. Instead, just two days before filing the instant motion, Mirae obtained reissued letters rogatory for their examinations after Korea returned the earlier letters. The August 26, 2026 order expressly recognized that discovery had been extended to permit that testimony. ECF No. 621 at 1-2. These were witnesses Mirae knew about from the day it filed this case, yet it never noticed their depositions during the entirety of the 515 days of active discovery. ECF No. 500 at 3-4; ECF No. 501 ¶¶ 2, 15, 34.

Nor did Mirae complete its document production during discovery. It was only after the close of discovery that Ryze obtained documents Mirae had been withholding in which it told Korean authorities that Lee filed the lawsuit against Ryze in Mirae's name through Snell & Wilmer. Ex. S106, Suppl. App'x 012 (public redacted copy at ECF No. 576-1 at 12). That account contrasts with Mirae's representation here that Ryze's former agents hired Snell to file the suit. ECF No. 331 at 15. Mirae did not produce the police statement until May 31, 2026—101 days after the Court-ordered production deadline and more than seven months after the discovery cutoff it now invokes against Ryze. ECF No. 542-1 at 4 ¶ 9 (sealed).

### C. Presenting Either Party's Alternative Pleadings and Conditional Arguments Would Confuse the Jury and Waste Trial Time.

Treating these positions as factual concessions would require the jury to follow a prolonged exchange of allegations, qualifications, and procedural explanations. Mirae would read that Snell

---

[3] Mirae's reference to Rule 11 similarly makes no sense here. ECF No. 623 at 5. Is Mirae asking this Court to police under Rule 11 the contentions in Ryze's reply brief in the Nevada Supreme Court? Or does Mirae consider its own position—that Snell did not represent Mirae—sanctionable when Ryze pleads it in the alternative? In any event, Ryze's position here—that Snell represented Mirae—has ample evidentiary support: every percipient deponent who identified Snell's client identified Mirae. *See infra* Part III.B.

sued "without the knowledge, consent, or permission of Mirae"; Ryze would read that "Mirae was privately orchestrating" the campaign and that Snell conspired with "Lee, and/or Mirae." ECF No. 339-3 at 36, 10, 49 (¶¶ 169, 45, 239). Ryze could then read Mirae's affirmative defense that "Ryze agreed to submit all of its claims to binding arbitration" as supposed proof that Lee bound Mirae. Mirae would read the same defense's qualification that formation remained for the Court to decide and its express assertion that "there is no agreement to arbitrate." ECF No. 38 at 25.

The privilege briefing would extend the exchange across both proceedings. Here, Mirae invoked the protections governing discovery from opposing counsel, declaring the Shelton/Club Vista test "APPLICABLE HERE," while premising its privilege argument on "Ryze's theory of the case." ECF No. 84 at 6, 12; *see* ECF No. 73 at 13. In state court, Mirae argued that "only the client may waive" privilege while denying that it engaged Snell and expressly conditioning protection on whether an attorney-client relationship existed. ECF No. 201-6 at 8-9. Mirae would also read its objection that forcing it to claim privilege and become "presumptively liable for the acts of Snell," or surrender the documents, was "not a fair or equitable result." ECF No. 84 at 14. Each supposed concession would lead to another explanation of the premise on which counsel argued.

That exchange would leave the jury sorting through what the lawyers were entitled to allege before it could decide what their allegations proved. Each side would explain its alternatives, the assumptions required on a motion to dismiss, and the difference between arguing from a disputed premise and admitting a fact. Giving the jury the full context would require that detour, not eliminate it. The rules permit alternative allegations without allowing one to become evidence defeating the other. *Oki Am.*, 872 F.2d at 314; *Trans Western*, 98 Nev. at 448-49, 652 P.2d at 1183. There is little reason to spend trial time teaching the jury those procedural distinctions when witnesses and contemporaneous documents can establish what happened. *See* Part III. Even a complete, accurate presentation would offer limited probative value substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403; *see also Spin Master, Ltd. v. Zobmondo Entm't, LLC*, Nos. CV 06-3459 ABC (PLAx), CV 07-0571

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

ABC (PLAx), 2012 WL 8134014, at *5 (C.D. Cal. July 6, 2012) (excluding evidence of defendant's alternatively pleaded counterclaim because the parties "would have to spend significant time at trial explaining the history and procedural context for the claim and the Court would have to instruct the jury that the counterclaim can be considered only for a limited purpose, which would substantially risk unduly emphasizing the claim and confusing the jury"). The Court should exclude both parties' alternative allegations and conditional arguments as substantive evidence, rather than require each side to answer the other with more of them.

Indeed, the Court has already concluded that the dispute over who was behind the July 2021 lawsuit requires a trial. Ryze argued that filing suit to enforce the CLA ratified it; Mirae invoked Ryze's alternative state-court allegations to deny responsibility for that suit. ECF No. 112 at 40:17-41:4, 22:14-23:11. With those pleadings before it, the Court identified the unresolved question—"who filed the State Court suit" and "[w]hat authority did they have to sign Mirae's name to it?"—and held the arbitration motion in abeyance for a trial encompassing ratification and Lee's original authority. *Id.* at 32:9-13, 40:1-3, 43:3-19. Ryze's defense of the allegations' sufficiency on appeal from an order granting a motion to dismiss does not resolve that factual dispute or justify a different result. The Court should exclude both parties' alternative allegations and conditional arguments as substantive evidence and direct that the disputed facts be resolved at trial.

## III. Even If the Court Considers the Excerpts, They Are at Most Rebuttable Evidence—and Every Percipient Witness Who Identified Snell's Client Identified Mirae.

Even if the Court overrules Ryze's evidentiary objection—or, better, defers the ultimate admissibility ruling until trial—the excerpts still cannot do what Mirae asks of them at summary judgment. On their best day for Mirae, they are one piece of evidence. They do not bind Ryze or establish an undisputed fact; they must be considered alongside the rest of the evidence. And if the Court permits Mirae to supplement its motion with this new material and treat the issue as newly material after Mirae did not develop it in its original summary-judgment briefing and previously disclaimed its materiality in opposing Ryze's request to supplement, fairness requires that Ryze

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

be permitted to submit the evidence that directly controverts it. *See* ECF No. 561 at 11 & n.5 (opposing Ryze's motion to supplement, ECF No. 541, on the ground that Mirae's abuse-of-process arguments "do not depend on identifying the individual who initiated the lawsuit").

**A. The Excerpts Offered by Mirae Are Not Binding Through Judicial Admission or Estoppel; At Most, They Are Ordinary Rebuttable Evidence.**

A statement in another action is not a binding judicial admission here. The Ninth Circuit calls the doctrine "inapplicable" when "the alleged admission was made in a separate case." *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016); *accord BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788 n.4 (9th Cir. 2009). Ryze filed the reply in Nevada Supreme Court Case No. 90969, not this action. Judicial estoppel fares no better because the state court did not accept the position Mirae attributes to Ryze. *See Casa del Caffe*, 816 F.3d at 1213; *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). Its June 24 reconsideration order instead described the claims as arising from "Snell's representation of Mirae," said incorporated documents confirmed that Snell acted "on behalf of Mirae," and concluded that "Ryze's own allegations establish that Snell's actions were on behalf of Mirae." ECF No. 340-1 at 139-41. Those were pleading-stage conclusions, not findings after evidence, but the state court did not accept the no-representation position Mirae needs for estoppel.

So even assuming admissibility, Mirae gets no more than an ordinary evidentiary admission that Ryze may explain and rebut. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). The excerpts do not remove the issue from dispute.

**B. The Contrary Evidence Plainly Creates a Genuine Dispute: Every Percipient Witness Who Identified Snell's Client Identified Mirae.**

The controverting evidence is not marginal. Across the depositions, every percipient witness who identified Snell's client identified Mirae; none identified a different client. The testimony crosses the relevant constituencies—Snell's lawyers, Ryze personnel, outside counsel, and third parties—and uniformly points the same way. That testimony also accords with the ordinary presumption that counsel appearing and acting in a client's name has authority to do so.

*See* Restatement (Third) of the Law Governing Lawyers § 25 (Am. Law Inst. 2000) ("A lawyer who enters an appearance before a tribunal for a person is presumed to represent that person in the proceeding in question."). Snell filed the July 2021 lawsuit and later dismissals in Mirae's name. ECF No. 98-1 at 18 (July 23, 2021 complaint filed "by and through its counsel, Snell & Wilmer L.L.P." and signed "Attorneys for Plaintiff Mirae Asset Securities Co., Ltd."); ECF Nos. 600-3 at 2, 600-4 at 2 (Mirae's Exhibits DP3 and DP4, each signed by Snell & Wilmer as "Attorneys for Plaintiff Mirae Asset Securities Co., Ltd.").

Other witnesses lacked knowledge of the engagement, did not address it, or identified concerns without determining whom Snell represented.[4] Citations identify transcript pages and lines in the listed exhibits.

| **Witness / exhibit** | **Testimony** |
|---|---|
| S. Graham<br>Snell partner<br>Ex. S114 | Graham identified Mirae as the client: "what is clear is that there is one client, and that is Mirae"; "That never changed." (70:17-24.) Graham said "Everything we did was on behalf of Mirae Asset" and that Ryze reasonably dealt with Snell as Mirae's counsel. (65:3-9; 268:5-14.) |
| J. Singletary<br>Snell partner<br>Ex. S115 | Described the engagement letter as "signed by the client," Mirae. (149:1-150:12.) Said bills went to Lee at Mirae. (229:18-230:3.) When asked whether Ryze's understanding was reasonable, Singletary answered, "Absolutely." (243:4-7.) |
| M. Baker<br>Snell partner<br>Ex. S116 | When asked to identify Snell's client, Baker answered, "It was Mirae." (138:19-140:3.) |

[4] No current Mirae employee offered any contrary testimony because Mirae identified no current Mirae personnel who would be testifying under Rule 26 in support of its case. The remaining third-party deponents lacked direct knowledge of Snell's engagement or did not address whom Snell represented. None supplied testimony supporting Mirae's position that Snell brought the lawsuit without representing it. *See* Ex. S126, 301:12-302:18; Ex. S127, 70:1-71:11, 86:14-25; Ex. S129, 144:5-20; Ex. S131, 109:4-16, 217:7-218:5; Wilson Dep. (Sept. 17, 2025); Mott Dep. (Oct. 2, 2025); Paulk Dep. (Oct. 8, 2025). Even Mirae's retained expert offered no opinion that Snell did not represent Mirae—the proposition Mirae now seeks to establish by quoting Ryze's alternative allegations. *See* Ex. S132, 31:7-15, 95:14-24, 186:19-187:6.



BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

| **Witness / exhibit** | **Testimony** |
|---|---|
| V. Roehm<br>Snell partner<br>Ex. S117 | Roehm understood Snell to represent Mirae in the July 2021 lawsuit and confirmed that Snell represented Mirae in the November 2021 loan transaction. (242:24-243:21.) Roehm agreed that Ryze could reasonably believe Snell represented Mirae. (245:19-246:1.) |
| C. Gianelloni<br>Nevada counsel<br>Ex. S118 | Gianelloni testified that he represented Mirae when filing the complaint and filed the dismissal for Mirae. (139:23-140:21; 145:4-7.) |
| M. Tobak<br>Kutak Rock<br>Ex. S119 | Tobak said he understood that Snell represented Mirae and that Snell's written notice said the same. (44:15-24.) Tobak described Snell's engagement, testified that Mirae engaged Snell & Wilmer by the point of June 22, 2021, and agreed that it is reasonable to accept counsel's statement about whom counsel represents. (109:13-25; 45:20-24.) |
| M. Pearson<br>Ryze CEO<br>Ex. S120 (Vol. 1)<br>S121 (Vol. 2) | "Snell & Wilmer, Mirae's counsel at the time of August [2021], represented that Sunghee Han was a representative of Mirae and there to speak on their behalf." (Vol. 1, 208:8-209:8.) "It sure appeared" Snell represented Mirae. (Vol. 2, 38:6-17.) |
| L. Fuller<br>Ryze counsel<br>Ex. S122 | Said Snell told Ryze that Mirae was its client and that Snell had an engagement letter with Mirae. (235:1-23.) |
| D. Brown<br>Ryze<br>Ex. S123 | "I believed that Mirae was behind hiring Snell." (185:14-20.) Said no one at Snell told him Lee lacked authority to execute agreements or negotiate for Mirae. (203:5-12.) |
| C. Dancy<br>Ryze finance<br>Ex. S124 | Recalled that Snell & Wilmer filed a lawsuit on behalf of Mirae. (201:15-18.) |
| M. Brown<br>Ryze co-founder<br>Ex. S125 | M. Brown described a meeting with "Mr. Lee and Victor, his attorney," identified Victor as Roehm, and later described "Mr. Lee representing Mirae." (86:1-11; 105:12-22.) |
| S. Shapiro<br>Magnetar<br>designee<br>Ex. S128 | Shapiro confirmed that he received 2021 emails referring to "Mirae's attorney here in Nevada" and "Mirae's legal counsel," understood there was a transaction being negotiated as part of a settlement of the Mirae lawsuit against Ryze, which was going to resolve the Mirae lawsuit against Ryze, and that he saw the dismissal signed by Snell. (140:2-15; 141:10-20; 142:5-143:5.) |

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

| Witness / exhibit | Testimony |
|---|---|
| R. Bare<br>Ethics expert<br>Ex. S130 | Although not a percipient witness, former Clark County Judge Robert Bare opined as an expert that Snell represented Mirae, and Ryze had every reason to reasonably rely upon the assertions that Snell & Wilmer had authority to represent Mirae: "It's more than a presumption. It's just a fact." (145:15-146:19; 21:12-22:6.) |

On Mirae's summary-judgment motion, the Court must draw reasonable inferences in Ryze's favor and may not weigh competing evidence to decide which account to believe. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, even if the Court considers every excerpt Mirae offers, the most those statements can do is create a factual dispute. On their best day for Mirae, they create an issue for the factfinder; they cannot eliminate one for the summary-judgment movant.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### C. Whether Snell Represented Mirae Does Not Resolve Whether the Litigation Privilege Applies or Mirae Is Liable.

Even if Snell represented Mirae, that fact would not by itself establish that the litigation privilege defeats Ryze's tort claims. Mirae assumes that Snell's representation of Mirae would itself make the litigation privilege bar Ryze's claims. ECF No. 623 ¶ 8, at 4-5. The Court previously denied judgment on the pleadings as to litigation privilege and held that the allegations plausibly stated abuse of process. ECF No. 251 at 11 ("I therefore deny Mirae's motion for judgment on the pleadings as to the litigation privilege."); *id.* at 13 ("Taking these allegations as true, Ryze has plausibly alleged the elements of abuse of process"). The Court decided whether the allegations stated a claim, not which account the evidence proved; its ruling therefore did not finally resolve the privilege issue on the evidence. The Nevada Supreme Court reply brief does not resolve whether the litigation privilege bars Ryze's claims.

Even if Snell did not represent Mirae, that premise would not dispose of Ryze's claims based on Lee's and Han's conduct as Mirae's agents. Ryze alleges that Lee led the transaction for Mirae, that Han was authorized to act for Mirae, and that Mirae is responsible for conduct its agents undertook within their actual or apparent authority. ECF No. 31 at 13 (¶¶ 23-24), 25 (¶ 121), 28-

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

29 (¶¶ 136, 146). In the companion state complaint, Ryze likewise alleges that Han was authorized to act for Mirae and that Mirae is responsible for its agents' conduct. ECF No. 201-4 at 6 (¶ 23), 18 (¶ 116), 22 (¶¶ 131, 141), 29 (¶ 172). Those claims concern Lee's and Han's alleged acts for Mirae, not solely whether Mirae retained Snell. The Court must still determine whether Lee and Han acted for Mirae and whether the conduct at issue fell within the authority or scope of employment on which Ryze relies. Mirae does not answer those questions merely by denying that Snell represented it. *See* NRS 41.745(1) (employer remains liable for an employee's intentional conduct unless the conduct "[w]as a truly independent venture of the employee," "[w]as not committed in the course of the very task assigned to the employee," and "[w]as not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment").

Mirae's two alternatives also leave unanswered whether it later ratified conduct undertaken in its name. Ryze has argued that Mirae used the lawsuit to obtain the term sheet and SLA, then dismissed the action after the SLA was executed. ECF No. 366 at 7, 23; *see* ECF No. 600-4 at 2. The Court distinguished Lee's authority to execute the CLA from Mirae's later ratification of that agreement and allowed discovery into the lawsuit as evidence of ratification: "if not actual and apparent authority on the front end, then ratification in some form or another on the back end." ECF No. 112 at 45:6-20, 46:7-16. The Court held the arbitration motion in abeyance for resolution of disputed facts at trial. *Id.* at 39:3-13, 40:1-3. Mirae fails to show how the result should be different with respect to Ryze's counterclaims.

**CONCLUSION**

The Court should deny Mirae's motion for leave to supplement. If it grants leave, the Court should sustain Ryze's evidentiary objection to Mirae's excerpts and reject its judicial-admission and estoppel theories. If it instead defers ruling on that objection, the Court should grant Ryze's request to supplement the record with the deposition excerpts submitted as proposed supplemental exhibits with this Response (Exs. S114-S132) and conclude that, taken together, the excerpts

establish a genuine dispute of material fact about whom Snell represented and whether Mirae was behind, ratified, or is otherwise liable for the challenged conduct. The Court should deny Mirae's motion for summary judgment accordingly.

Dated: September 11, 2026.

Respectfully submitted,

DENNIS L. KENNEDY
Nevada Bar No. 1462
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
DKennedy@BaileyKennedy.com
TBingham@BaileyKennedy.com

*<u>/s/ Michael R. Owens</u>*
John M. Edgar (PHV)
John F. Edgar (PHV)
Michael R. Owens (PHV)
Alexander C. Melin (PHV)
**EDGAR LAW FIRM LLC**
2600 Grand Boulevard, Ste. 440
Kansas City, Missouri 64108
Telephone: (816) 531-0033
jme@edgarlawfirm.com
jfe@edgarlawfirm.com
mro@edgarlawfirm.com
acm@edgarlawfirm.com

JAMES C. SHAH
*(Admitted Pro Hac Vice)*
BRUCE D. PARKE
*(Admitted Pro Hac Vice)*
ANNA K. D'AGOSTINO
*(Admitted Pro Hac Vice)*
CHRISTOPHER A. MILLER
*(Admitted Pro Hac Vice)*
**MILLER SHAH LLP**
jcshah@millershah.com
bdparke@millershah.com
akdagostino@millershah.com
camiller@millershah.com
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
1845 Walnut Street, Suite 806
Philadelphia, PA 19103

*Attorneys for Defendants/Counterclaimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820