# EXHIBIT S118

*Excerpts of the Deposition of Charles Gianelloni (June 5, 2025)*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., ) Case No. 2:23-cv-01492-APG-NJK
LTD., a Republic of Korea )
company, )
)
Plaintiff, )
)
v. )
)
RYZE RENEWABLES HOLDINGS, LLC, a )
Nevada limited liability company, )
and RYZE RENEWABLES NEVADA, LLC, a )
Nevada limited liability company, )
)
Defendants. )
)
)
RYZE RENEWABLES HOLDINGS, LLC, a )
Nevada limited liability company, )
and RYZE RENEWABLES NEVADA, LLC, a )
Nevada limited liability company, )
)
Counter-Claimants, )
)
v. )
)
MIRAE ASSET SECURITIES CO., LTD., )
a Republic of Korea company, )
)
Counter-Defendants. )
)

VIDEO-RECORDED AND VIDEOCONFERENCE DEPOSITION OF

CHARLES GIANELLONI

Taken on behalf of the plaintiff and counter-defendant, MIRAE ASSET SECURITIES CO., LTD., at the law offices of Fennemore Craig, P.C., 9275 W. Russell Road, Suite 240, Las Vegas, Nevada 89148, commencing at 9:00 a.m., on Thursday, June 5, 2025, pursuant to Notice.

JOB NO.: 10164793
REPORTED BY: PAIGE M. CHRISTIAN, CCR #955
Registered Merit Reporter
Certified Realtime Reporter
Certified Realtime Captioner

hypothetically, I think that -- that can be problematic.

BY MR. OWENS:

**Q. And -- and if the claims had merit but the complaint was filed -- the complaint was intended to piss off the opposing party, that would be appropriate provided the claims had merit, in your view?**

MS. ABDO: Form and foundation.

THE WITNESS: I think that the effect of filing a -- a complaint against a bad actor that -- that would make them upset and angry is -- is an effect that I would expect, I think, is the way I would answer that.

BY MR. OWENS:

**Q. What about filing a complaint to force a party to renegotiation a deal? Is that an improper purpose in filing a complaint?**

MS. ABDO: Form and foundation.

THE WITNESS: I mean, again, hypothetically, this is just one -- one data point you want me to answer. It's kind of hard. I mean, I don't know.

BY MR. OWENS:

**Q. Did you represent Mirae Asset Securities Company, Limited, when you filed the complaint reflected at Exhibit 3?**

MS. ABDO: Form.
THE WITNESS: Yes.
BY MR. OWENS:
**Q. Was it reasonable for Ryze to believe that you represented Mirae Asset Securities Company when you filed the complaint, Exhibit 3?**
MS. ABDO: Form and foundation.
THE WITNESS: You know, I don't know what -- I don't know what were reasonable or not reasonable for Ryze.
BY MR. OWENS:
**Q. You appeared in the litigation on behalf of Mirae Asset Securities Company, right?**
A. Yes.
**Q. And when -- I'll ask in generalities.**
**When you appear in litigation on behalf of your -- on behalf of a client, is it your intention that opposing litigants deal with you as counsel for the party you appeared on behalf of?**
MS. ABDO: Form.
THE WITNESS: Yes.
BY MR. OWENS:
**Q. When other attorneys appear on behalf of litigants that are opposing your client, do you rely on that appearance in dealing with opposing counsel as a**

**attorney of the opposing party?**

MS. ABDO: Form.

THE WITNESS: Yes.

BY MR. OWENS:

**Q. Do you believe it's reasonable for you to rely on opposing counsel's appearance as counsel of record for a party in dealing with them as attorneys for the opposing party?**

MS. ABDO: Form.

THE WITNESS: Yes, I do.

BY MR. OWENS:

**Q. Are there ever circumstances where it would be unreasonable for you to deal with an attorney who has appeared as counsel of record for an opposing party as the opposing party's attorney?**

MS. ABDO: Form.

THE WITNESS: I mean, it's hard with words like "ever." I mean, maybe. I don't know. It's -- it's tough to -- to think that there may never be a situation that would come up, so I'm not sure about ever.

BY MR. OWENS:

**Q. Fair to say, nothing occurs to you, off the top of your head, as a circumstance when it would be unreasonable to rely on appearance of counsel?**

without prejudice means that the plaintiff can bring the same claims again against the defendants.

BY MR. OWENS:

**Q. And Exhibit 15 was the notice of voluntary dismissal with prejudice that you filed on behalf of Mirae, correct?**

A. Yes.

**Q. Okay. And the claims that it dismissed with prejudice were those set forth in the complaint we discussed at Exhibit 3; is that right?**

A. Yes.

**Q. Okay. And one of those claims in Exhibit 3 sought a declaratory judgment; is that right?**

A. I believe the -- one of the claims was for dec relief. Yes.

**Q. And it was in connection with a contract that we referred to as a CLA; is that right?**

A. Is it okay if I look at Exhibit 3 to answer your question --

**Q. Please -- please do. Thank you.**

A. It's the first claim for relief on page 8 of Exhibit 3, and it's the claim for -- oh, that's specific performance. So let's see.

That's the claim for specific performance -- declaratory relief for specific performance, which --