# EXHIBIT S128

*Excerpts of the Deposition of Steven Shapiro*
*(Oct. 6, 2025)*

UNITED STATES DISTRICT COURT,

DISTRICT OF NEVADA

________________________________

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea Company,

Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada Limited Liability Company, and RYZE RENEWABLES NEVADA, LLC, a Nevada Limited Liability Company,

Defendants,

Case No. 2:23-cv-01492-APG-NJK

________________________________

RYZE RENEWABLES HOLDINGS, LLC, a Nevada Limited Liability Company, and RYZE RENEWABLES NEVADA, LLC, a Nevada Limited Liability Company,

Counter-Claimants,

vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea Company,

Counter-Defendant.

________________________________

VIDEOTAPED DEPOSITION OF STEVEN SHAPIRO
AS 30(b)(6) CORPORATE REPRESENTATIVE
FOR MAGNETAR FINANCIAL LLC

DATE: Monday, October 6, 2025
TIME: 1:11 p.m.
LOCATION: Remote Proceeding
Benesch Law
1331 Avenue of the Americas,
31st Floor
New York, NY 10036
REPORTED BY: Stacy Pusateri
Peter Altier
JOB NO.: 7647052

S. SHAPIRO

calls for speculation. Hypothetical.

THE WITNESS: Can you repeat the question, please?

BY MR. OWENS:

Q Sure. How does a pending lawsuit affect Magnetar's calculus about whether to underwrite a potential deal?

MR. BETMAN: Object to form.

THE WITNESS: Well, it -- you know, it would -- we would need to analyze what the lawsuit is, like what's the potential financial impact, you know, how does it impact the -- you know, the -- the transaction we're looking at.

BY MR. OWENS:

Q Did you -- well, let me back up.

And who brought this lawsuit that Mr. Pearson's referencing in the last email on Exhibit 5? The bottom email on Exhibit 5.

A I mean, it looks like Mirae did, but Matt, you know, was just highlighting to us that this lawsuit was -- was out there.

S. SHAPIRO

Q And did you conduct an analysis of whether -- did Magnetar conduct an analysis of whether the pendency of this suit by Mirae would or would not affect its underwriting of the deal?

MR. BETMAN: I'm just going to caution the witness not to disclose attorney-client communications in that answer.

THE WITNESS: I mean, I believe when we looked at it, there was enough uncertainty as to outcomes that we felt like it wasn't worth continuing spending our resources until it was resolved.

BY MR. OWENS:

Q And is this your -- this email dated July 25, 2021, on the second to last page of Exhibit 5, is that your response email to Mr. Pearson after he notified you of the pending Mirae lawsuit?

A That looks like it was my response to Matt's email.

Q And you proposed convening a call with each side's prospective legal

S. SHAPIRO

Q Okay. Let's go through that chronology real quickly just so that the record is clear. Okay, Mr. Shapiro? I'm putting up what's been marked as Magnetar Exhibit 15, which is Magnetar 001371. This is an email from Matt Pearson to yourself and others dated August 17, 2021.

And in it he says, "Steven," and then in the next two sentences, he says, "in the meantime, here is the dismissal of claims filed today by Mirae's attorney here in Nevada."

You see that?

A I do.

Q Okay. And in this document he's referring to -- do you recall that he's referring to the dismissal of claims without prejudice?

A So I'm not a lawyer, so I -- I don't know what he would be referring to by just dismissal of claims.

MR. WEITZMAN: Okay. And then if we can put up as Magnetar Exhibit 16, tab 25, which is Magnetar 001780.

S. SHAPIRO

(Magnetar Exhibit 16 was marked for identification.)

BY MR. WEITZMAN:

Q This is an email from Mr. Pearson to you dated November 9, 2021, and it lays out various deal points regarding the Mirae transaction; correct?

A That's what it looks like.

Q And did you understand that this was a transaction that was being negotiated as part of a settlement of the Mirae lawsuit against Ryze?

A I believe that was, yeah, the -- the -- a deal Mirae was negotiating with Ryze.

Q And this deal was to resolve the Mirae lawsuit against Ryze; correct?

A I believe as part of the deal, the -- the lawsuit would've been resolved.

MR. WEITZMAN: Got it. And if we can put up as Exhibit -- Magnetar Exhibit 17, what was marked as tab 27A, Magnetar 001350, this is tab 27A.

//

S. SHAPIRO

(Magnetar Exhibit 17 was marked
for identification.)

BY MR. WEITZMAN:

Q And then on December 22, 2021, Matt Pearson sent you an email, and others, that states, "Steven, as discussed earlier today, please find the dismissal with prejudice filed yesterday by Mirae's legal counsel on the District Court of Clark County, Nevada."

Do you see that?

A I do.

Q And did I read that correctly?

A I believe you did.

MR. WEITZMAN: And if we can put up the attachment as Exhibit 27B -- I'm sorry, as Exhibit 17B.

(Magnetar Exhibit 17B was marked
for identification.)

BY MR. WEITZMAN:

Q And it attached a notice of voluntary dismissal with prejudice document. And if you scroll down, this was signed by the Snell & Wilmer attorneys

S. SHAPIRO

and signed as well by the District Court Judge, Judge Denton, on December 20, 2021; correct?

A I see that, yes.

Q As of this date that you received a copy of this, December 22, 2021, you understood that the Mirae lawsuit was dismissed with prejudice, meaning it could not be refiled; correct?

A I believe that was my understanding.

Q Okay. And after that point in time, Magnetar resumed discussions with Ryze regarding a potential deal; correct?

A I believe we had a few conversations with them after that date.

Q After this date, December 22, 2021, the Mirae lawsuit was not an obstacle to Magnetar entering into a deal with Ryze; correct?

A I believe that is correct.

Q And Magnetar proceeded after December 22, 2021, to negotiate a deal with Ryze in good faith; correct?