# EXHIBIT S130

*Excerpts of the Deposition of Robert Bare*
*(Sept. 30, 2025)*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., ) Case No. 2:23-cv-01492-APG-NJK
a Republic of Korea company, )
)
Plaintiff, )
)
v. )
)
RYZE RENEWABLES HOLDINGS, LLC, a )
Nevada limited liability company, )
and RYZE RENEWABLES NEVADA, LLC, a )
Nevada limited liability company, )
)
Defendants. )
)
)
RYZE RENEWABLES HOLDINGS, LLC, a )
Nevada limited liability company, )
and RYZE RENEWABLES NEVADA, LLC, a )
Nevada limited liability company, )
)
Counter-Claimants, )
)
v. )
)
MIRAE ASSET SECURITIES CO., LTD., )
a Republic of Korea company, )
)
Counter-Defendants. )
)

VIDEO-RECORDED DEPOSITION OF JUDGE ROB BARE

Taken on behalf of the plaintiff and counter-defendant, MIRAE ASSET SECURITIES CO., LTD., at the law offices of Bailey Kennedy, 8984 Spanish Ridge Avenue, Las Vegas, Nevada 89148, commencing at 9:06 a.m., on Thursday, September 30, 2025, pursuant to Notice.

REPORTED BY: PAIGE M. CHRISTIAN, CCR #955
Registered Merit Reporter
Certified Realtime Reporter
Certified Realtime Captioner

WORLDWIDE LITIGATION SERVICES
Las Vegas, Nevada (702) 799-9218

Q. Okay. And why don't -- can we flesh that out? How are Snell & Wilmer's compliance with the rules of professional conduct relevant to the issue of authority or apparent authority, as you just said?

**A. Yeah. Well, there's a number of rules of professional conduct, and then you have NRCP 11 that are essentially safeguards where Ryze -- you know, when that -- when that complaint gets filed -- and we can look at the complaint. I didn't -- I didn't bring it in here, but I have looked over it a few times. You're welcome to put it in front of me.**

**But the complaint filed in July of 2021 in state court, you know, when -- when Ryze receives that complaint -- if you go to the -- if you look at that complaint, it says -- I think, the first few sentences in the complaint talk about that the -- the lawsuit is brought by Mirae Asset Securities, by and through their counsel, Snell & Wilmer. I mean, that's the first thing that it says, if you look at that complaint.**

**And -- and my view is it's really -- the most important thing is from the perception, the reasonable perception, the reasonable reliance, from Ryze Renewable Holdings (sic) and their counsel, when they receive service of that complaint, they clearly have every reason to reasonably rely upon the assertions in**

there made by Snell & Wilmer that -- that Snell & Wilmer has authority to represent Mirae.

And that's mainly because in all the body of ethics law, the strongest ethics rules apply as safeguards to the situation relevant to Ryze Renewables reasonably relying upon this complaint being filed --

Q. Uh-huh.

A. -- what I mean by that is there's RPC in Nevada, Rule of Professional Conduct 3.3, candor with a tribunal. Obviously, Snell & Wilmer can't misrepresent to a court their authority to represent Mirae. If they were to do that, that would be a violation of, you know, a strong ethics rule, a severe ethics rule.

Rule 3.3, of course, stands for the proposition that you can't misrep- -- misrepresent a material fact to a tribunal. So there's that.

Then there's RPC 8.4(c), which is normally the rule in Nevada, I'd say, to the tune of 80 to 90 percent of the time, that we see charged by the state bar in disciplinary cases when, unfortunately, lawyers steal money from their clients, when they misappropriate money from their trust account or steal settlement money --

Q. Uh-huh.

A. -- from a personal injury client.

**the local counsel, Las Vegas office, because it being a Nevada case, is involved.**

**I mean, it's a topnotch law firm. That gives even more reason for Ryze and its counsel to say, Okay. Topnotch law firm, national law firm, filed this lawsuit. 3.3, 8.4(c), Rule 11. Absolutely. At that point in time, it's a hundred percent.**

**You've got to go back to Ryze if -- if you're Ryze's counsel and say, You've been sued, and we have to deal with it.**

Q. Right.

**A. That's it.**

Q. Okay. I'm going to unpack that a bit because it was a bit of a lengthy answer. And we're going to get into more detail, but I just want to understand.

Rule 3.3, that concerns misrepresentations of material fact by lawyers, correct?

**A. Or law, but yes.**

Q. Right. Okay. And those misrepresentations have to be knowing misrepresentations for -- for it to implicate 3.3; is that correct?

**A. It's interesting you ask that. I would say yes --**

Q. Okay.

**A. -- I -- I don't think you can negligently**

Q. Okay. Is there a reason why you're not disclosing in your expert report that this is Ryze's position as opposed to your factual findings?

**A. There's no -- there's no reason of any sort of intent or, you know -- I mean, if you're trying to say there's some kind of -- some kind of reason to be sinister or do something untoward, that's not it. Again, I told you probably about 20 times today now that I simply depended upon counsel to provide me a factual predicate that I would then depend upon.**

Q. Okay. Is -- is the signing of this binding term sheet being reluctant or under extreme duress, does that affect your opinion in some way?

**A. Not really.**

Q. Okay. Now, ultimately, it's your opinion that Ryze and its lawyers were entitled to presume that Snell & Wilmer represented Mirae in the lawsuit, correct?

**A. Entitled to presume, should presume, mandatory to treat it that way for all the safeguard reasons that I have in my report, so it's -- it's not a presumption, really. It's a way of doing business consistent with the norms and practice that I've seen for 36 years. I mean, it's -- and it's -- it's backed up by the strongest ethics rules by way of their force**

**and power that we have.**

Q. Okay. What do you mean when you just said, "It's not a presumption"?

**A. It's more of a fact. I mean, you got a lawsuit filed by Snell & Wilmer, and again, if you look at that complaint, the July '21 complaint, I think the first paragraph -- you can pull it and show it to me if you want so I could read it. I can show you. I mean, there -- they're right on point with Snell & Wilmer, on behalf of our client, or words to that effect, Mirae, and goes from there.**

**So it's just a fact that they're representing them, because Rule 11 wouldn't allow them to do anything else --**

Q. Uh-huh.

**A. -- 3.3, 8.4 wouldn't allow them to do anything else, and they're a legitimate law firm with A-plus lawyers across the board. So, to me, it's -- it's more than a presumption. It's just a fact.**

Q. Okay. In your report, you specifically use the words "presumption" and "presume."

**A. True.**

Q. Okay. Is there a reason why in your report you're saying it's a presumption, but now you're saying it's a fact?