DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**JOINT STIPULATION AND SIXTH STATUS REPORT RE: COURT'S ORDER (ECF NO. 502)** |
| RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | Judge: Hon. Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Complaint Served: October 3, 2023 |

**JOINT STIPULATION AND SIXTH STATUS REPORT REGARDING DISCOVERY EFFORTS**

Plaintiff and Counter-Defendant Mirae Asset Securities Co., Ltd. ("Mirae Asset") and nonparties Greg Paulk, MMC Inc., and NC Industries, LLC (collectively, the "Paulk Parties," and together with Plaintiff, the "Parties"), by and through their respective counsel, hereby submit this Joint Stipulation and Fifth Status Report.

In support of this Joint Stipulation and Sixth Status Report, the Parties state as follows:

WHEREAS, on May 14, 2026, the Court held the Paulk Parties' Objection (ECF No. 468) in abeyance and directed the Parties to meet and confer and provide the Court with a status report regarding their efforts to resolve the Paulk Parties' document production, including as to the types of documents that are both necessary to Mirae Asset's case and cannot be obtained elsewhere, categories of documents that can be excluded entirely, search terms, date ranges, custodians, privilege-log issues, cost shifting, and the timing of production (ECF No. 502);

WHEREAS, on June 26, 2026, the parties stipulated and agreed to that, subject to the Court's approval, the deadline for the Parties to provide a further Joint Status Report regarding their meet and confer efforts and any agreements on the documents to be produced be continued until July 10, 2026 (ECF No. 555);

WHEREAS, on July 10, 2026, the parties submitted a second Joint Stipulation and Status Report regarding their meet and confer efforts, extending their deadline to provide a further joint status report regarding their meet and confer efforts and any agreements on the documents to be produced be continued until July 31, 2026 (ECF No. 586);

WHEREAS, on July 31, 2026, the parties submitted a third Joint Stipulation and Status Report regarding their meet and confer efforts, extending their deadline to provide a further joint status report regarding their meet and confer efforts and any agreements on the documents to be produced be continued until August 21, 2026 (ECF No. 607);

WHEREAS, on August 21, 2026, the parties submitted a fourth Joint Stipulation and Status Report regarding their meet and confer efforts, extending their deadline to provide a further joint

status report regarding their meet and confer efforts and any agreements on the documents to be produced be continued until September 4, 2026 (ECF No. 619);

WHEREAS, on September 4, 2026, the parties submitted a fifth Joint Stipulation and Status Report regarding their meet and confer efforts, extending their deadline to provide a further joint status report and any agreements on the documents to be produced, until September 15, 2026 (ECF No. 625);

WHEREAS, while continuing discussions, the Parties have reached an agreement on a framework for the production of responsive materials by the Paulk Parties;

NOW, WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel of record, that, subject to the Court's approval, the Parties propose the following agreement on the documents to be produced:

1. The Paulk Parties' e-discovery vendor created a universe of documents for the timeframe of January 1, 2017 to January 1, 2022, that were collected from four custodians (Greg Paulk, Brady Stevens, Brandon Buff, and Douglas Harrison) based upon certain search terms (the "Universe").

2. The Parties have met and conferred and now agree that the Paulk Parties will review certain documents from the Universe for relevance and privilege for possible production based upon agreed upon terms and parameters to be applied to the Universe.

3. Communications and/or documents between the Paulk Parties and the Ryze Parties (*i.e.*, those with ryzecap.com or ryzerenewables.com email domains) have been excluded from the Universe and the Parties agree that they will not be part of the Paulk Parties' review and will continue to be excluded from the Universe.

4. Communications between the Paulk Parties and their counsel, as identified by a search for counsel's names and email addresses were originally omitted from the Universe.

5. The Parties have agreed that those communications that also include third-parties will be reviewed by the Paulk Parties, as further addressed below (the "Privilege Review Documents").

6. The Parties agree that communications between the Paulk Parties and their counsel that do not include third-parties will continue to be excluded from the Universe and the Paulk Parties will have no obligation to log those privileged communications excluded from the Universe.

7. The Parties agree that the Paulk Parties will apply search term searches against the Universe for those search terms the parties have agreed upon. Specifically, the search terms identified in the Paulk Parties' June 16, 2026 email to Mirae Asset as well as Mirae Asset's July 31, 2026 email to the Paulk Parties (collectively, the "Search Terms") will be searched in the Universe and then reviewed by the Paulk Parties for relevance, privilege, and potential production. For avoidance of any doubt, the Search Terms to be reviewed by the Paulk Parties are set forth on **Exhibit A** attached hereto, and identify, for each particular search term, whether the Parties have agreed that family documents will be reviewed as well or if only unique hits will be reviewed. These documents are hereinafter the "Review Documents."

8. The Parties agree that documents related solely to a Ryze facility in Reno will not be produced from the Review Documents. Documents that relate to the Las Vegas facility or both the Reno and Las Vegas facilities will be produced.

9. The Paulk Parties will also review the Privilege Review Documents and will (i) produce non-privileged materials and (ii) provide a privilege log consistent with Rule 26 for any communications and/or documents that are withheld from the Review Documents and/or the Privilege Review Documents on the basis of privilege. Counsel reserves all rights with respect to documents withheld from production for privilege, including challenging a privilege designation related to the same.

10. With respect to the Paulk Parties' financials that are part of the Review Documents, the Parties disagree about whether certain financial records should be produced. Mirae Asset believes that such records are relevant and responsive because they go to the sources and uses of funds to and from Ryze and its lenders, which relates to Ryze's alleged damages, Mirae Asset's affirmative defenses, and Ryze's motivations for engaging in a series of purported transaction without due diligence. The Paulk Parties claim these financial records are irrelevant, not proportional to the needs of the case, and highly confidential and, therefore, are declining to

produce such materials at this time. To avoid a current dispute, the Paulk Parties have agreed to provide a log, by category, of any financial records that are that are being withheld from the Review Documents, while producing the balance of responsive documents. The Parties have agreed to further meet and confer regarding the production of these documents should a disagreement remain after Mirae Asset reviews the documents and logs produced by the Paulk Parties. Such meet and confer will include a discussion of whether the documents can be produced subject to an "Attorneys Eyes Only" designation, above and beyond the confidential designation available under the protective order entered in this case. The Parties have agreed to reserve all rights as to the financial records being withheld at this time, and Mirae Asset specifically reserves the right to submit any remaining dispute to the Court after a further meet and confer.

11. The Parties have agreed that rolling productions are appropriate, beginning on or before October 4, 2026, and with production completed on or before November 3, 2026. The Parties agree to meet in good faith to extend these deadlines if necessary.

12. Mirae Asset has agreed to cover up to $7,500 of the cost of review and production provided that the Paulk Parties will provide a fulsome production on or before October 4, 2026, and a complete production on or before November 3, 2026, or such later date that the Parties may agree upon.

**IT IS SO STIPULATED.**

IT IS SO ORDERED.

Dated: September 16, 2026

Andrew P. Gordon
Chief United States District Judge

DATED: September 15, 2026

Respectfully submitted,

By: */s/ Daniel Prince*
DANIEL PRINCE

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff & Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD

DATED: September 15, 2026

By: */s/ Andrea M. Champion*
ANDREA M. CHAMPION

ANDREA M. CHAMPION
achampion@championlawvegas.com
TRACY M. O'STEEN
tosteen@championlawvegas.com
CHAMPION LOVELOCK LAW
6600 Amelia Earhart Ct., Suite A
Las Vegas, Nevada 89119
Telephone: (702) 805-8450
Facsimile: (702) 805-8451

*Attorneys for Third-Parties* Greg Paulk
NC Industries, LLC and MMC, Inc.

* * *

**ORDER**

**IT IS SO ORDERED.**

________________________________________

UNITED STATES MAGISTRATE JUDGE