DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Plaintiff,

vs.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Counter-Claimants,

vs.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Counter-Defendant.

CASE NO. 2:23-cv-01492-APG-NJK

**MIRAE ASSET SECURITIES CO., LTD.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Andrew P. Gordon
Action Filed: September 22, 2023
Complaint Served: October 3, 2023

## I. INTRODUCTION

Ryze's Response to Mirae Asset's Motion for Leave (ECF No. 628) (the "Response") makes one thing clear: Ryze does not want the Court to consider its recent judicial admissions filed in the Supreme Court of Nevada (the "Reply Brief"). Indeed, Ryze spends eighteen pages responding to a short four-page motion to explain its appellate brief, which Ryze contends makes "no substantial difference" to the summary judgment record. Moreover, Ryze improperly attempts to introduce nineteen additional exhibits with its Response (each of which was available to Ryze when it filed its Opposition to Mirae Asset's Motion for Summary Judgment). If the Reply Brief were as immaterial as Ryze claims, such a response would not seem necessary.

Yet as the Motion for Leave (the "Motion") shows, the Reply Brief is material, and there is good cause for the Court to consider it in evaluating Mirae Asset's Motion for Summary Judgment. For years, Ryze has refused to state whether Snell & Wilmer LLP ("Snell") served as Mirae Asset's legal counsel in connection with the filing of a July 2021 lawsuit—which forms the basis of Ryze's tort claims against Mirae Asset here. If Snell were Mirae Asset's counsel, then Nevada's broad litigation privilege bars all claims arising out of or relating to the July 2021 lawsuit. If Snell were not Mirae Asset's counsel, then Mirae Asset cannot be held liable for any tortious conduct by Snell.

Ryze has argued two mutually exclusive positions that Snell is both Mirae Asset's counsel and it is not, claiming that it could assert "alternate pleadings" before it conducted discovery. But that excuse is no longer valid. Discovery closed on October 13, 2025. Ryze cannot have it both ways. Nor can it escape summary judgment, particularly where, as here, it is currently taking the position before the highest court in Nevada—the Supreme Court of Nevada—that Snell did not represent Mirae Asset in connection with the filing of the July 2021 lawsuit, nor did Mirae Asset authorize the same.

Ryze's Reply Brief contains binding admissions made to the Supreme Court of Nevada after years of discovery in both this action and the State Court Action. Ryze has had years to formulate its position. It cannot continue to tell this Court one thing while making diametrically opposed representations to the Supreme Court of Nevada. The statements made in Ryze's Reply Brief are the proper subject of the Motion for Leave, and Ryze is barred from introducing new, unrelated

exhibits in response to a short four-page motion about Ryze's own appellate brief. The Court should grant Mirae Asset's Motion and disregard the arguments in Ryze's Response.

## II. ARGUMENT

### A. The Reply Brief is Not Alternative Pleading; It Contains Judicial Admissions Made to the Highest Court of Nevada.

Ryze attempts to characterize the Reply Brief as an alternative pleading. ECF No. 628 at 7. This is inaccurate. The Reply Brief was filed with the Supreme Court of Nevada, after years of discovery in both this case and the State Court Action.

Ryze presents the Reply Brief as arguing "the legal sufficiency of allegations and the consequences of an assumed premise." *Id.* The Reply Brief does far more. It contains binding judicial admissions, such as "[t]here was no client conduct because there was no client" and "Snell invented a client, filed a frivolous lawsuit…" ECF No. 623 at ¶ 7. These statements are not conditional arguments about what must be assumed on a motion to dismiss. They are straightforward, affirmative, factual characterizations taken after years of discovery and proceedings in both this litigation and the State Court Action.

Ryze fixates on *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989) and *Trans W. Leasing Corp. v. Corrao Const. Co.*, 652 P.2d 1181, 1183 (Nev. 1982) to argue that the Reply Brief is an alternative pleading. However, these cases involved review of the pleadings themselves by the trial court and on appeal, not appellate briefs going beyond the statements of the pleadings and containing developed arguments based on discovery. The Reply Brief, on the other hand, is a brief submitted to the Supreme Court of Nevada after years of discovery. Appellate briefing is not the same as pleading in the alternative at the outset of a case, particularly when Ryze has had the benefit of full access to the facts following extensive discovery.[1]

[1] Ryze additionally attempts to distract by engaging in an unnecessary dispute over judicial admissions. ECF No. 628 at 12. Even if the Court were to determine the statements in the Reply Brief are not judicial admissions (they are), the Reply Brief is nevertheless at least a party opponent admission under FRE 801(d)(2) and the Court may consider the Reply Brief at summary judgment. *United States v. Mirabal*, 98 F.4th 981, 982-83 (9th Cir. 2024) (determining statement of attorney in plea agreement or sentencing memorandum is a party admission excluded from the definition of hearsay).

Ryze further overstates the degree to which courts tolerate inconsistent factual assertions. Courts applying the principle of "alternative pleading" have limited its application where facts are known or no longer legitimately in doubt. *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 2013 WL 5882749, at *5 (D. Nev. Oct. 29, 2013) (where plaintiffs previously asserted facts, "they may not now claim these facts are legitimately in doubt"). When a party advances irreconcilable factual positions in different proceedings, judicial estoppel applies with force. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001) (judicial estoppel is especially appropriate where contradictory positions are asserted across different proceedings). The contradictory statements here are made in separate cases, and the matter is far past the initial pleading stage where the Court will accept unsettled facts. *See, Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700-01 (9th Cir. 2021) (noting that inconsistent pleadings will not be admissions in the same case "at least at the initial pleading stage"). The Court should accept Ryze's admissions made in the Reply Brief and hold Ryze to those admissions at summary judgment.

**B. <u>Good Cause Exists to Supplement the Record.</u>**

Under Local Rule 7-2(g), a party may file supplemental evidence with leave of court for "good cause." "Good cause usually exists if there is a showing that the party seeking good cause was reasonably diligent." *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 849 (D. Nev. 2021). The good cause standard is satisfied here.

Mirae Asset was diligent, and Ryze does not seriously contest Mirae Asset's diligence. Nor could it. The Reply Brief was filed with the Supreme Court of Nevada on August 7, 2026, well after briefing on the Motion for Summary Judgment closed. It therefore could not have been included in the summary judgment record. Mirae Asset promptly sought leave to supplement the record after the Reply Brief was filed. Ryze acknowledged as much in its Response. ECF No. 628 at 5 ("Mirae [Asset] promptly sought leave.").

Recognizing Mirae Asset's diligence, Ryze instead tries to characterize the Reply Brief as having no substantive effect. ECF No. 628 at 5. Not so. Ryze cannot continue to have it both ways when arguing two contradictory, mutually exclusive positions after years of discovery. Either Snell was Mirae Asset's counsel, and thus Nevada's broad litigation privilege bars Ryze's tort

claims in full, or Snell was not Mirae Asset's counsel, and thus Mirae Asset cannot be liable for Snell's conduct. Ryze cannot argue one position in this Court while arguing a mutually exclusive position in the Supreme Court of Nevada. Under both Nevada and federal law, a party must have a factual and legal basis in making its allegations. *See Anderson v. Wal-Mart Stores, Inc.*, 2011 WL 5598331 (D. Nev. Nov. 16, 2011) (determining violation of Rule 11 for lack of evidentiary support or reasonable basis for factual contentions); *Whipple v. Second Jud. Dist. Ct.*, 385 P.3d 588 (Nev. 2016) (stating NRCP 11 permits sanctions for factual allegations lacking evidentiary support). Ryze's Reply Brief should therefore be considered in ruling on Mirae Asset's Motion for Summary Judgment.

Ryze lastly tries to muddy the waters by arguing that Mirae Asset's position is inconsistent with a prior statement about the Snell representation and the Motion for Summary Judgment. ECF No. 628 at 6. This argument is misplaced. Ryze focuses on Mirae Asset's statement that the motion "does not turn on" who caused the Snell litigation (ECF No. 561), but this statement was made in the specific context of opposing Ryze's attempt to introduce documents related to Mirae Asset's statements to Korean authorities—a different category of evidence with different relevance considerations. ECF No. 561 at 6. Furthermore, Mirae Asset's Motion for Summary Judgment stands on its own grounds. In that Motion, Mirae Asset did not raise the issue of Snell representation. It was Ryze who raised this issue in its opposition. *See* ECF No. 366 at 18. The instant motion responds to the issue Ryze raised. When a party raises a factual dispute in its opposition to summary judgment, the movant is entitled to address that dispute with relevant evidence. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV0508891MMMFMOX, 2013 WL 12080306 (C.D. Cal. Oct. 8, 2013), *aff'd in part*, 884 F.3d 812 (9th Cir. 2018) (collecting cases).

### C. <u>Ryze's Rule 403 Argument Is Inapplicable at Summary Judgment.</u>

Ryze devotes several pages of its Response to arguing that presenting the Reply Brief to a jury would create confusion and waste trial time. ECF No. 628 at 9-11. This argument under Federal Rule of Evidence 403 is a trial stage argument. Courts in the Ninth Circuit have held that such argument has no applicability at the summary judgment stage, as no jury has been empaneled. *Nelson v. Fluoropharma Med., Inc.*, No. 2:13-CV-1152-JAD-CWH, 2016 WL 53825 at *5 (D. Nev.

Jan. 4, 2016) ("A Rule 403 objection serves no purpose at summary judgment."). Furthermore, the Reply Brief is a single document, not a set of multiple, complex pleadings that would require detailed procedural explanation as Ryze claims. The Court need not consider such admissibility considerations on the instant motion. On a motion for leave to supplement the record, the appropriate standard is good cause under Local Rule 7-2(g), not admissibility under Rule 403. *Borenstein*, 526 F. Supp. 3d at 849. Mirae Asset has met that standard.

**D. Ryze's Response Is Nothing More Than a Naked Attempt to Improperly Supplement Its Summary Judgment Briefing.**

At the core of Mirae Asset's Motion is the fact that Ryze faces an inescapable dilemma of its own creation: either Snell was Mirae Asset's counsel and thus Nevada's broad litigation privilege applies and bars Ryze's tort claims (as the court found in the State Court Action), or Snell was not Mirae Asset's counsel and thus Mirae Asset cannot be held liable for Snell's conduct, defeating Ryze's tort claims here. It was Ryze who elected to manufacture this dilemma about a "sham lawsuit" in its opposition to Mirae Asset's Motion for Summary Judgment. *See* ECF No. 366 at 4, 22, 26-27. The Reply Brief is additional evidence for the Court to consider on this core point. Ryze's Response, meanwhile, does not acknowledge this dilemma, much less resolve it. Instead, Ryze's Response rehashes other arguments about Lee's and Han's authority that have no bearing on the Motion at hand. ECF No. 628 at 15-16. These arguments are nothing more than Ryze trying to get a second bite at the apple, despite the fact that summary judgment briefing has been closed for months. The Court need not consider these arguments when deciding the instant Motion.

Furthermore, Ryze improperly attempts to introduce nineteen supplementary exhibits which supposedly clarify the record on the Reply Brief. If Ryze would like to have these exhibits considered, it may elect to submit its own motion to supplement for these items. Ryze instead chose to improperly attach them to an opposition, with no argument as to why there is good cause

for these exhibits to be included. The Court need not consider these exhibits when considering Mirae Asset's Motion.[2]

Lastly, Ryze devotes a section of its Response to arguing whether Snell represented Mirae Asset does not resolve either the litigation privilege issue or Mirae Asset's liability. ECF No. 628 at 15-16. This is a merits argument directed at the summary judgment motion itself, which is far beyond the scope of the Motion at hand. The Court should not consider yet another one of Ryze's attempts to relitigate the Motion for Summary Judgment and instead consider such merits arguments at the appropriate stage. Regardless, Ryze's argument fails because Ryze's assertion that the privilege and liability questions remain open regardless of Snell's representation is inconsistent with the advocacy Ryze has presented to the Supreme Court of Nevada. As discussed above, the Reply Brief affirmatively characterizes Snell as acting without any client whatsoever; a position that leaves Ryze's tort claims without a viable theory of liability premised on Mirae Asset's sponsorship of the July 2021 lawsuit.

## III. CONCLUSION

For the foregoing reasons, Mirae Asset respectfully requests that the Court grant Mirae Asset's Motion for Leave to Supplement the Record on Motion for Summary Judgment and decline to consider Ryze's improper argument and extra exhibits.

[2] However, if the Court were to consider these exhibits (it should not), they are in fact further evidence that (a) Ryze's tort claims are barred by the litigation privilege and (b) Ryze's contrary position in the Reply Brief has no evidentiary basis. The exhibits Ryze attached along with the Reply Brief demonstrate the very problem of Ryze's contradictory positions.

DATED: September 18, 2026

Respectfully submitted,

By: *____/s/ Daniel Prince____*
DANIEL PRINCE

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff & Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD.