# EXHIBIT 4

*Excerpts of the Deposition of*
*Matthew G. Pearson, Volume I*
*(Oct. 8, 2025)*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Plaintiff,

v.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Defendants.

RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,

Counter-Claimants,

v.

MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,

Counter-Defendant.

Case No. 2:23-cv-01492-APG-NJK

Volume I

VIDEO-RECORDED AND VIDEOCONFERENCE DEPOSITION OF MATTHEW G. PEARSON

Taken on behalf of the plaintiff and counter-defendant, MIRAE ASSET SECURITIES CO., LTD., at the offices of Regus, 400 S. 4th Street, 3rd Floor, Las Vegas, Nevada 89101, commencing at 9:04 a.m., on Wednesday, October 8, 2025, pursuant to Notice.

REPORTED BY: PAIGE M. CHRISTIAN, CCR #955
Registered Merit Reporter
Certified Realtime Reporter
Certified Realtime Captioner

EXAMINATION

BY MR. PRINCE:

Q. Good morning, Mr. Pearson. My name is Daniel Prince. We will be taking your deposition, and there were some discussions with counsel off the record, but I just wanted to clarify on the record that we have noticed your deposition as an individual as well as also noticed the deposition of two entities, Ryze Renewables Holdings, LLC, as well as Ryze Renewables Nevada, LLC.

And what I'd first like to do is to enter those as exhibits, and then we can talk a little bit more about the ground rules for today, if that's okay.

**A. Okay.**

MR. PRINCE: We'll mark as Exhibit 1 the deposition notice for Matt Pearson, and then let's mark as Exhibit 2 the notice of corporate representative of Ryze Renew -- Renewables Holdings, LLC, and as Exhibit 3, the deposition notice to the corporate representative of Ryze Renewables Nevada, LLC.

(Exhibit Nos. 1, 2, and 3 were marked for identification.)

BY MR. PRINCE:

Q. Mr. Pearson, do you see Exhibits 1, 2, and 3 in front of you?

**A. I do.**

Q. Have you seen these deposition notices before?

**A. I have.**

Q. Do you understand the distinction between your individual deposition as well as the deposition of -- of the two corporate entities here?

**A. I believe I do.**

(Whereupon, Mr. Kaewert leaves the deposition.)

BY MR. PRINCE:

Q. Okay. What's your understanding?

**A. I represent two entities as well as I act as an individual when answering questions. I think I understand that there will be some crossover with some of those answers, and so I'll clarify if I have any questions regarding what your -- which entity you're speaking of or me, personally, if I need -- if I believe it's necessary, but otherwise, I think I understand.**

Q. Thank you. Thank you for that. And --

**A. Uh-huh.**

(Whereupon, Mr. Kaewert rejoins the deposition.)

///

BY MR. PRINCE:

Q. -- as you mentioned, there will be some questions that rely on your personal knowledge as an individual, and then there will be other questions that may rely on information on behalf of, you know, one or both of the corporate entities here, Ryze Renewables Holdings and Ryze Renewables Nevada.

I will do my very best to clarify if I'm asking a specific question that may be about one entity or another, but I think in terms of the efficiencies here, we can proceed. And I'll do my best to clarify if I'm asking information on behalf of one entity, the other, or you individually.

As a practical matter, I think that probably means we're -- we're out of here in a shorter amount of time than the three days we have allotted.

Is that okay?

**A. That's great. Thank you, Counselor.**

Q. No problem.

MR. PRINCE: And just with counsel, I just wanted your affirmation on the record that's how we'll be proceeding, as well.

MR. OWENS: Yeah. And I'm not -- Mr. Edgar will be defending Mr. Pearson in the deposition and the entities, but since we talked about this arrangement,

I'll just add that if it's not specified which capacity the question pertains to or the answer pertains to, I think the default assumption would be that would apply to each Ryze Nevada, Holdings, and as your personal knowledge.

Is that fair?

MR. PRINCE: I think that's fair.

MR. OWENS: Okay.

MR. JOHN M. EDGAR: If it extends beyond tomorrow, which -- or beyond today, which it probably will, John F. will be producing Pearson. I'm not going to be here, so I'm producing him today, and --

MR. JOHN F. EDGAR: Well, one of us will --

MR. JOHN M. EDGAR: One of us will.

MR. PRINCE: Well, no. I don't have any objection to that. That's fine. We'll do our best to -- to get out of here as -- as quickly as we can --

MR. JOHN M. EDGAR: Yeah.

MR. PRINCE: -- okay?

MR. JOHN M. EDGAR: By noon?

MR. PRINCE: By noon. 11:59.

THE WITNESS: We have offer and acceptance, I believe.

BY MR. PRINCE:

Q. Well, I know, Mr. Pearson, you've sat in on a

English-speaking Mirae Asset employee?
**A. I don't -- I don't think that's the right way to think about it, but I would say no.**
Q. Did you ever speak with any lawyer for Mirae Asset based in Korea, based -- with the company?
**A. We were instructed to deal with Lee & Ko, which was Mirae's outside counsel, and so, that's who we were dealing with.**
Q. Who told you that Lee & Ko was Mirae Asset's outside counsel?
**A. I think Mr. Lee and Mr. Sunghee Han informed us of that.**
Q. Mr. Lee spoke Korean, correct?
**A. I believe he speaks Korean.**
Q. Did you --
**A. I don't speak Korean, so I can't tell you for sure if he's speaking Korean, but I believe that's his native language.**
Q. Did Mr. Lee speak in English to you?
**A. At times.**
Q. He did?
**A. Yes.**
Q. Where?
**A. In person, he spoke to me. On phone calls, when I asked certain questions, he was able to**

**understand the question and responded in a yes or no fashion at times.**

Q. Were Mr. Lee's words translated by Mr. Han?

**A. Many times, yes.**

Q. You also mentioned Kutak Rock and Michael Tobak.

Do you remember that?

**A. I do.**

Q. You directed Mr. Tobak's work in this matter, didn't you?

**A. I did not.**

Q. Did you attend Mr. Tobak's deposition?

**A. I did not.**

Q. You signed an engagement letter -- the engagement letter with Kutak Rock, didn't you?

**A. Counselor, may I make a request?**

**When -- when you ask me a question, I would prefer that you not provide the answer affirmatively before I have a chance to consider what you're asking me. And I don't know if that's a strategy or what, but I would just like to maybe ask you to -- to just ask can a question, and I'm happy and I will answer every single one of them. So...**

Q. I understand your request. There's -- there's a -- the way this process works is that --

**representative of Mirae and there to speak on their behalf, in perfect English.**

Q. Mr. Han said that in English?

**A. No. Mr. Roehm said that in English.**

Q. Mr. Roehm, who's an English-speaking lawyer at Snell & Wilmer?

**A. Correct.**

Q. Understood.

Did you ever ask Mr. Han about his switching sides?

**A. I don't recall communicating with Han personally ever again. I might be wrong, but I don't recall. I don't -- I don't remember calling him. I don't remember speaking to him on the -- at -- adjourned from a meeting. I -- we didn't have communication directly, I don't believe, after that. I could be wrong, but I just don't recall it sitting here today. So I would way -- to answer your question, I apologize, no. I don't -- I don't recall having that conversation with him.**

Q. Did you go to a golf event with Mr. Lee?

**A. Several months earlier, nine months before this last discussion we were just having, yes. We took -- we invited -- Mr. Lee came for his required site visit of Ryze Renewables Las Vegas. He flew into**

**Las Vegas, and we spent the afternoon at the -- at the plant together. He was accompanied by Han. I think representatives from SYSCON were there. And we had -- I'll call them the dignitaries from the bank were there. I think Kristin Hewitt and one other person from Georgia's Own were there. And Jeremy Gilpin had come in from Greater Commercial Lending from Northern Nevada.**

Q. What time frame was this?

**A. That -- that site visit was, I thought, the first week of February.**

Q. 2021?

**A. 2021.**

Q. Mr. Lee speak English during the -- during that meeting?

**A. He stood and communicated with people. He listened to conversations. He shook his head. He said yes. He said no. Han explained that he was not comfortable with his English abilities and preferred not to speak in English. He -- he had said that.**

Q. So Mr. Lee was not comfortable speaking English.

But your testimony here today is that in March of 2021, he spoke perfectly clear English to communicate about investment committee approval?

C E R T I F I C A T E

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

I, Paige M. Christian, CCR #955, Registered Merit Reporter, Certified Realtime Reporter, Certified Realtime Captioner, in and for the State of Nevada, do hereby certify:

That on Wednesday, October 8, 2025, at 9:04 a.m., appeared before me MATTHEW G. PEARSON, the witness whose video-recorded deposition is contained herein; that prior to being examined, he was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my direction and supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter;

That a request for an opportunity to review and make changes to this transcript:

was made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.

X was not made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.

was waived.

I further certify that I am not an attorney for, nor related to, any of the parties hereto, nor in any way interested in the outcome of the cause.

In witness whereof, I have hereunto subscribed my name.

Dated this 20th day of October, 2025, in Clark County, Nevada.

Paige M. Christian, CCR #955
Registered Merit Reporter
Certified Realtime Reporter
Certified Realtime Captioner