**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD,<br><br>Plaintiff<br><br>v.<br><br>RYZE RENEWABLS HOLDINGS, LLC and RYZE RENEWABLES NEVADA, LLC,<br><br>Defendant | Case No.: 2:23-cv-01492-APG-NJK<br><br>**Order (1) Sustaining Objection to Magistrate Judge's Order Denying Motion to Compel and (2) Overruling the June 10 Order**<br><br>[ECF No. 547] |

The defendants (collectively, Ryze) object to Magistrate Judge Koppe's June 10, 2026 order that vacated her January 30, 2026 order with respect to certain requests for admissions (RFAs) that Ryze sent to plaintiff Mirae Asset Securities Co., Ltd. For the reasons explained below, I sustain the objection and overrule the June 10 order.

## I. BACKGROUND

As relevant to the present dispute, RFAs 41-43 requested that Mirae admit that three different attorneys or law firms "served as Mirae's counsel in connection with the [Convertible Loan Agreement (CLA)]." ECF No. 269-16 at 5. RFAs 44-46 requested that Mirae admit that three law firms "served as Mirae's counsel in connection with the [Second Loan Agreement [SLA)]." *Id.* Along with a host of objections, Mirae responded to RFAs 41-43 on September 3, 2024 by stating: "Admitted that [the respective attorney or law firm] performed due diligence in connection with the potential Ryze transaction, however, Mirae Asset denies that there is or was a 'CLA' between Mirae Asset and Ryze." ECF No. 269-17 at 16, 18, 20, 51. For RFAs 44-46, Mirae objected on various grounds and gave no substantive response. *Id.* at 20-25.

/ / / /

About a month before discovery closed, Ryze filed a motion to compel and to determine the sufficiency of Mirae's responses to the RFAs. ECF Nos. 222 at 3; 267. Relevant to the objection at issue in this order, Ryze moved to compel Mirae to provide direct and complete responses to RFAs 41-46 regarding attorney-client relationships. Ryze argued that as to RFAs 41-43, Mirae did not provide straightforward responses as to whether the lawyers represented Mirae, instead just describing the lawyers' work without addressing whether the lawyers represented Mirae. As for RFAs 44-46, Ryze argued Mirae provided no response at all.

Mirae responded that for RFAs 41-43, Mirae had "served qualified admissions explaining the roles certain counsel played in discussions—exactly the sort of targeted, good-faith answer Rule 36 contemplates." ECF No. 305 at 15. As for RFAs 44-46, Mirae argued these were not discussed during the meet and confer and so were not ripe. *Id.* Mirae stated that "[n]evertheless, in the interest of resolving conflict, Mirae Asset will agree to provide amended responses to these requests for admission." *Id.* In reply, Ryze argued that Mirae's response was evasive because it still only described the work the attorneys performed without admitting or denying whether the attorneys represented Mirae.

After discovery closed, Judge Koppe ruled on the motion to compel in a January 30, 2026 order. ECF No. 403. As to RFAs 41-43, she found Mirae's

> qualified admissions in response to these requests are appropriate because it explained the roles counsel played in what [Mirae] characterizes as 'the potential Ryze transaction.' *See* Docket No. 367-17 at 16 ('Paul Yoon performed due diligence'), 18 ([']Lee & Ko performed due diligence'), 20 ('Michael J. Tobak III of Kutak Rock performed due diligence (e.g., licensing, permits, etc.)').

*Id.* at 9. She also noted that Mirae "denies that there is or was a CLA." *Id.* (simplified). She ruled these responses "are sufficient," so she denied Ryze's motion to compel as to RFAs 41-43.

*Id.* She denied as moot the motion to compel answers to RFAs 44-46 because Mirae agreed to amend its responses. *Id.* at 9-10.

Neither party informed Judge Koppe prior to her January 30 order that Mirae had produced supplemental responses to RFAs 41-43 on the last day of discovery, October 13, 2025. *See* ECF No. 487-4. In these new responses, Mirae "denie[d] that [the relevant law firm or attorney] was validly retained by Mirae Asset for the alleged Convertible Loan Agreement or that there is or was a 'CLA' between Mirae Asset and Ryze." *Id.* at 9-11. Additionally, Mirae changed its admissions regarding which attorneys performed due diligence. Mirae no longer admitted that Yoon or Lee & Ko performed due diligence. *Id.* at 9-10. And it added another qualifier on its qualified admission that Tobak performed due diligence, stating that he "appeared to" perform due diligence in connection with the potential Ryze transaction. *Id.* at 11.

In April 2026, the parties exchanged letters regarding whether Mirae admitted that the identified attorneys served as Mirae's counsel. ECF Nos. 484-1; 484-2. Ryze took the position that, because Mirae defended its responses to RFAs 41-43 as qualified admissions and the only qualification was what work the attorneys performed (meaning, due diligence) and not who they performed that work for, Mirae admitted that the attorneys represented Mirae. ECF No. 484-1 at 3. Mirae took the position that Judge Koppe's January 30 order did not make a finding that Mirae admitted that the identified lawyers represented Mirae. ECF No. 484-2 at 3 ("If the Court wished to make a finding that these parties acted as counsel, it would have done so, and Ryze cannot attempt to manufacture a finding that does not exist."). Mirae also stated that, regardless, the issue was moot because on October 13, 2025 Mirae supplemented its responses to RFAs 41-43 and denied that the identified lawyers and law firms "had been validly retained by" Mirae. *Id.*

This exchange prompted Ryze to file a motion requesting Judge Koppe clarify her January 30 order. ECF No. 483. Specifically, Ryze requested that Judge Koppe "confirm that the counsel relationships are the admitted fact." *Id.* at 3. Ryze argued, among other things, that Judge Koppe accepted Mirae's position that it made qualified admissions, and to be a qualified admission, Mirae must have admitted something. According to Ryze, the RFAs requested Mirae to admit that the lawyers served as Mirae's counsel, and Mirae never denied that fact. Ryze contends that if Mirae made qualified admissions through its initial response to RFAs 41-43, then it could only amend or withdraw those admissions with leave of the court under Federal Rule of Civil Procedure 36(b), rather than as a unilateral supplement of denials under Rule 26(e).

Mirae responded that its initial response to the RFAs "admitted that the subject law firms performed due diligence related to the Ryze transaction but did not admit that these law firms were retained by Mirae." ECF No. 511 at 4. It also argued that Ryze failed to confer before filing the motion and that the motion was untimely.

On June 10, Judge Koppe ruled on Ryze's motion for clarification of the January 30 order. ECF No. 534. She indicated that when she issued her January 30 order, it was "unclear to [her] that [Mirae] agreed to provided supplemental responses to [RFAs] 41-43, in addition to [RFAs] 44-46." *Id.* at 1. She stated that Mirae "should have filed a supplement to its briefing in October 2025 to inform [her] of its changed position and sought leave to supplement its responses pursuant to Rule 36(b)." *Id.* at 2. She stated that Mirae's "supplemental responses effectively mooted the parties' dispute prior to [her] Order because [Mirae] provided straightforward denials to the requests." *Id.* So, she vacated her January 30 order as to RFAs 41-43 and denied the motion for clarification as moot. *Id.* Judge Koppe stated in a footnote that

Ryze's motion "appears to be untimely because [Ryze] sought clarification of the Court's Order over three months after it issued." *Id.* at 1 n.1.

Ryze now objects to Judge Koppe's June 10 order vacating her January 30 order. ECF No. 547. It argues that Judge Koppe allowed Mirae to amend its responses to RFAs 41-43 without filing a Rule 36(b) motion and without the court granting Mirae leave to amend. Ryze contends this improperly bypassed Rule 36(b)'s test for when admissions can be amended. Ryze notes that Judge Koppe's order acknowledged that Mirae should have sought leave to supplement under Rule 36(b), but then she neither required that nor engaged in the analysis Rule 36(b) requires. Ryze contends that if a Rule 36(b) analysis were conducted, it could show prejudice because the supplemental responses arrived five minutes before discovery closed and summary judgment briefing is complete. Ryze contends that it structured discovery around the RFAs that Mirae told the court were qualified admissions, and Judge Koppe agreed with that characterization.

Ryze also argues that Judge Koppe resolved the motion to clarify on a ground neither party argued (mootness) and granted relief neither party requested (by vacating the January 30 order). Ryze contends the supplemental responses could moot the dispute only if they were authorized but that is the very dispute at issue because Ryze contends that Mirae could not unilaterally supplement its prior admissions. Ryze also notes that Judge Koppe previously read Mirae's brief as arguing it made qualified admissions for RFAs 41-43 and agreed to provide amended responses for RFAs 44-46, so she denied Ryze's motion to compel because the responses to 41-43 were sufficient and the motion was moot only as to RFAs 44-46. Ryze thus argues that for Judge Koppe to reverse course and read Mirae's brief differently is clearly erroneous.

Ryze further contends that the supplemental responses are also insufficient because the RFAs asked whether the lawyers served as Mirae's counsel and the responses answered whether counsel were "validly retained" but did not answer whether the person or law firm served as Mirae's counsel. Ryze thus contends Judge Koppe's finding that these responses were straightforward denials was clearly erroneous. Finally, Ryze argues its motion was timely because Ryze did not need clarification after the order issued, as Ryze read it as it was written. The need for clarification arose when Mirae took the position in April 2026 that Judge Koppe did not find that Mirae had admitted that counsel served for Mirae. Ryze also contends that even if its motion was untimely, then it should have been denied rather than resulting in Judge Koppe vacating the January 30 order.

Mirae responds that the only thing it admitted was that certain counsel performed due diligence in connection with the Ryze transaction and the supplemental responses did not withdraw those admissions. ECF No. 575. It contends that its supplemental responses retained that admission while also providing the direct denial Ryze requested: that Mirae did not validly retain counsel to do that work. Mirae contends this defeats Ryze's Rule 36(b) argument because Mirae never sought to amend or withdraw what it had admitted. Mirae notes that if that admission was clear as Ryze now posits, then Ryze's motion to compel seeking to force Mirae to provide direct answers would have been unnecessary. Mirae contends that Judge Koppe's June 10 order finding that the supplemental responses provided the answers Ryze sought is not clearly erroneous or contrary to law. And Mirae asserts that Ryze could not be prejudiced because (1) it could not have relied on the January 30 order to frame discovery, as discovery had already closed, and (2) the parties disputed the counsel relationships throughout discovery and Ryze's motion to compel asserted that Mirae had not clearly admitted or denied those relationships.

Mirae asserts that although it did not use the word moot, it argued that the supplemental responses denied the counsel relationships and the January 30 order did not deem those relationships admitted, which is essentially an argument that the issue was moot. Mirae contends that Ryze merely disputes Judge Koppe's reasonable reading of the record, but Ryze's disagreement does not show her view is clearly erroneous or contrary to law. Finally, Mirae argues that Judge Koppe's finding that the motion to clarify was untimely was not clearly erroneous or contrary to law and is a sufficient basis to affirm.

## II. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, when it has been shown the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quotation omitted). I may not substitute my judgment for that of the magistrate judge. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith

requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

Under Rule 36(b), a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The court may permit a party to withdraw or amend a Rule 36 admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

In her January 30 order, Judge Koppe characterized Mirae's responses to RFAs 41-43 as qualified admissions, because that was how Mirae characterized them. I read Judge Koppe's January 30 order to find that Mirae admitted the attorneys worked for Mirae because (1) the RFAs specifically asked to admit that the lawyers served as counsel for Mirae, and (2) Judge Koppe noted that Mirae made qualified admissions "because it explained the roles counsel played in what [Mirae] characterizes as 'the potential Ryze transaction,'" and she found Mirae's responses "sufficient." ECF No. 403 at 9. If Mirae was merely identifying roles that lawyers played without answering the question asked (whether they performed those roles for Mirae) that is not the "targeted, good-faith answer Rule 36 contemplated." *Id.* at 8 (quoting Mirae's brief). Neither Mirae nor Judge Koppe characterized Mirae's responses as denials.[1]

Having made admissions, Mirae could amend or withdraw them only on motion and by leave of court under Rule 36(b). Judge Koppe recognized that in her June 10 order when she stated that Mirae "should have . . . sought leave to supplement its responses pursuant to Rule

[1] If I am misunderstanding Judge Koppe's reading of Mirae's response, she can clarify. Regardless, however, as discussed below, Mirae substantively changed its responses without leave of court because it now omits its prior admissions that certain attorneys performed due diligence.

36(b)." ECF No. 534 at 2. Despite recognizing that Mirae needed to file a Rule 36(b) motion, Judge Koppe did not require Mirae to do so. Nor did she engage in a Rule 36(b) analysis. Instead, she found Mirae's unauthorized supplements were "straightforward denials to the requests" and vacated her January 30 order as it related to RFAs 41-43 as moot. *Id.*

Not requiring Mirae to file a Rule 36(b) motion to amend its admissions was contrary to law. Having made qualified admissions, Mirae could withdraw or amend them only by moving for leave under Rule 36(b). Although Mirae disputes that it made qualified admissions, that is how it described its own responses and that is how Judge Koppe (and I) understood them. Mirae did not offer denials, nor did it characterize its responses as denials. And contrary to Mirae's representation that its supplemental responses did not alter its prior admissions, those supplemental responses changed the very thing that Mirae now contends it admitted in its initial responses: that being the work the attorneys performed. The supplemental responses no longer admit that Yoon and Lee & Ko performed due diligence. And Mirae admits only that Tobak "appeared to" conduct due diligence, whereas it previously admitted he had. Thus, even if Mirae was correct that it had not previously admitted that the attorneys worked for Mirae, it substantively changed its responses to RFAs 41-43 in a way that required Mirae to move to amend to do so.

Accordingly, I sustain Ryze's objection and overrule Judge Koppe's June 10 order.[2] The January 30 order is reinstated as to RFAs 41-43. Mirae's qualified admissions to RFAs 41-43

---

[2] As to the timeliness argument, Judge Koppe did not deny Ryze's motion based on timeliness. She stated only that Ryze's motion "appears to be untimely because [Ryze] sought clarification of [her] Order over three months after it was issued." ECF No. 534 at 1 n.1. Ryze explained that it did not seek clarification earlier because it read Judge Koppe's order as it was written: that Mirae had made qualified admissions that the attorneys represented Mirae by performing due diligence. It was not until the parties disputed that reading that Ryze had a reason to request clarification.

stand and its supplemental responses have no effect with respect to RFAs 41-43 unless it moves for and obtains relief under Rule 36(b).[3]

I THEREFORE ORDER that the defendants' objection **(ECF No. 547) is sustained**, and Magistrate Judge Koppe's Order **(ECF No. 534) is overruled. Judge Koppe's January 30, 2026 order (ECF No. 403) is reinstated as to Requests for Admissions 41-43. Plaintiff Mirae Asset Securities Co., Ltd.'s supplemental responses to Requests for Admissions 41-43 are of no force or effect unless Mirae moves for leave to amend and that motion is granted.**

DATED this 30th day of October, 2026.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

[3] If Mirae moves to amend, it must provide a proposed straightforward admission or denial as to whether the identified lawyers and firms "served as Mirae's counsel in connection with the [Convertible Loan Agreement (CLA)]," which it can then qualify. ECF No. 269-16 at 5. Rule 36(a)(4) requires that "[i]f a matter is not admitted, the answer must specifically deny it," and the denial "must fairly respond to the substance of the matter." It is unclear from Mirae's supplemental responses, even if they were allowed, whether Mirae concedes those lawyers served as Mirae's counsel but disputes they were validly retained or whether it denies those lawyers served as Mirae's counsel. Assertions about the work the attorneys performed does not answer the question posed, which was whether the attorneys served as Mirae's counsel.