**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIRAE ASSET SECURITIES CO., LTD.,

Plaintiff

v.

RYZE RENEWABLES HOLDINGS, LLC, et al.,

Defendants

Case No.: 2:23-cv-01492-APG-NJK

**Order Overruling Ryze's Objection, Affirming Judge Koppe's Order, and Ordering Responses to Interrogatories**

[ECF No. 622]

The defendants (collectively, "Ryze") object to Magistrate Judge Koppe's August 13, 2026 order that denied Ryze's motion to enforce her prior order with respect to requests for admissions (RFAs) that Ryze sent regarding the genuineness of certain documents. ECF Nos. 545; 612; 622. For the reasons explained below, I overrule the objection, affirm Judge Koppe's August 13 order, and set a deadline for Mirae to respond to the interrogatories that have never been answered.

## I. BACKGROUND

The dispute addressed in this order centers on a letter on plaintiff Mirae Asset Securities Co., Ltd.'s letterhead signed by Mirae CEO Hyun Man Choi and bearing his seal (the "Letter" and "Seal") and a related Certificate of Registered Seal ("Seal Certificate"). ECF Nos. 487-1 at 2; 487-2. The Letter states that (then) Mirae Director Kyunghyun Lee was "authorized to negotiate and execute the commencement of transaction of Project Ryze on behalf of Mirae." ECF No. 487-1 at 2 And the Seal Certificate certifies that the Seal "is the same as the seal submitted to the Registrar's Office" issued by the Seoul Central District Court Registry Office.

ECF No. 487-2 at 2. Whether Lee had authority to enter into a transaction with Ryze on Mirae's behalf is a key dispute in this case.

Ryze sent Mirae RFAs and interrogatories to determine Mirae's position on whether the Letter and Seal Certificate were genuine. RFA 33 requested Mirae to "[a]dmit the genuineness of the document titled 'Letter of Notice — Project Ryze,' previously produced as Bates number RYZE0211065." ECF No. 269-16 at 4. Similarly, RFA 34 requested Mirae to "[a]dmit the genuineness of the document titled 'Seal Certificate,' previously produced as Bates number RYZE0185590." *Id.* Interrogatories 22 and 23 requested that if Ryze denied the genuineness of the Letter and Seal Certificate, that it "state all principal facts that support such denial." ECF Nos. 269-18 at 4.

Mirae responded with objections but did not substantively admit or deny either of the RFAs and did not answer the interrogatories. ECF Nos. 269-17 at 6-8; 269-19 at 11-14. As the referenced Bates numbers suggest, Ryze produced the Letter and Seal Certificate in discovery. ECF No. 486 at 6 (stating that Ryze's in-house counsel received the Letter and Seal Certificate from the Snell & Wilmer law firm). During the parties' efforts to resolve the issue, Mirae indicated that it could not authenticate a document that a third party gave Ryze and that Ryze then produced to Mirae. ECF No. 269-9 at 3.

That prompted Ryze to move to compel Mirae's discovery responses. ECF No. 267. Ryze argued that Mirae cannot refuse to admit the genuineness of a document without conducting the reasonable inquiry Federal Rule of Civil Procedure 36 requires and disclosing what steps it took to determine whether the Letter and Seal are genuine. Ryze argued that Mirae's response did not address that the document was on Mirae letterhead, bore Mirae's CEO's official seal, and was transmitted via multiple Mirae email addresses. Ryze argued that a

reasonable inquiry under Rule 36 thus would have required Mirae to examine its own outgoing correspondence and asking the individuals involved in the document's preparation and transmission to confirm whether the document was genuine. Ryze noted that under Rule 36, a party may assert a lack of knowledge only if it has made a reasonable inquiry and the answering party must state fully the efforts it undertook to obtain the information. Ryze thus requested that Mirae be compelled to answer or, if Mirae would not, then RFAs 33 and 34 be deemed admitted. And Ryze requested that if the RFAs are not admitted, then Mirae must answer interrogatories 22 and 23 and state the facts supporting the denial.

Mirae responded that Ryze cannot request Mirae to authenticate documents that Ryze received from a third party, and the word "genuineness" is vague. ECF No. 305 at 13. Mirae contended that it offered to search its own documents and include any copies that were in its possession, which it did.

On January 30, 2026, Magistrate Judge Koppe granted this portion of Ryze's motion to compel. ECF No. 403. As to the RFAs, Judge Koppe ruled that because Mirae asserted

> that it cannot determine the authenticity of the documents at issue and thus could not admit or deny the request, [Mirae] must provide a supplemental response to these requests explaining how it made a reasonable inquiry and why the information it knows or can readily obtain is insufficient to enable it to admit or deny.

*Id.* at 10-11. She advised that a "boilerplate assertion of having undertaken a reasonable inquiry is not sufficient; the answering party must instead state fully those efforts undertaken to obtain the needed information." *Id.* at 11 (quotation omitted). Judge Koppe held that the dispute as to the interrogatories was moot because she already ordered Mirae to supplement its responses. *Id.*

No party informed Judge Koppe before she ruled that on the last day of discovery, October 13, 2025, Mirae served supplemental responses. In the supplemental responses, Mirae

"[a]dmitted that RYZE0211065 appears to be letter [sic], but Mirae Asset denies that this is a document that was validly authorized, approved, or created by Mirae Asset." ECF No. 487-4 at 7. It also "[a]dmit[ted] that RYZE0185590 appears to be a copy of a Mirae Asset seal certificate, but Mirae Asset denies that this is a document that was validly authorized, created, or approved for dissemination by Mirae Asset." *Id.* at 8. In response to the interrogatories, Mirae denied the Letter was validly authorized and asserted that

> Lee appears to have placed a corporate seal on a different draft of the letter of notice, which bypassed and evaded Mirae Asset's internal controls for valid approval. From there, the letter appears to have been modified by other individuals, including Sung Hee Han, before being presented to Snell & Wilmer, who in turn provided it to Ryze.

ECF No. 487-5 at 6; *see also id.* at 7 (denying the Seal Certificate was validly authorized and stating that "Lee bypassed and evaded Mirae Asset's internal corporate controls to obtain the seal certificate, and appears to have attached that to a document Mirae Asset did not validly authorize or approve for dissemination").

In May 2026, Ryze moved to enforce Judge Koppe's January 30 order. ECF No. 485. Ryze asserted that Mirae did not provide supplemental responses by the deadline Judge Koppe gave, so Mirae did not comply with her order. Ryze thus requested Judge Koppe deem RFAs 33 and 34 admitted. Ryze argued that if Mirae believed its supplemental responses mooted Judge Koppe's order, it should have sought clarification from her rather than unilaterally deciding it did not have to comply with her order. Ryze further argued that the supplemental responses were insufficient because Mirae did not specifically deny genuineness, it instead responded about whether the Letter and Seal Certificate were validly authorized. Ryze also argued that Mirae's interrogatory responses were evasive and incomplete, and the responses failed to describe Mirae's investigation supporting its responses.

Mirae responded that it had already served its supplemental responses in October 2025 so it had "effectively cured any perceived deficiency in its RFA response in advance of the January 30 Order." ECF No. 510 at 5. Mirae also contended that Ryze failed to meet and confer and its motion was untimely. And Mirae asserted that its supplemental responses were sufficient and that it no longer had to explain why it was unable to admit or deny the RFAs because it no longer claimed it was unable to do so.

On June 3, 2026, Judge Koppe granted Ryze's motion because she had ordered Mirae to provide supplemental responses and Mirae did not comply with that order. ECF No. 521 at 6 (stating that Mirae "cannot unilaterally choose to excuse itself from compliance with Court orders"). Having found Mirae violated her order, she considered the appropriate sanction. *Id.* at 6-7. She declined to deem RFAs 33-34 admitted and instead gave Mirae another opportunity to "provide a fully compliant supplemental response." *Id.* at 7. She advised Mirae that requesting an admission related to a document's genuineness is "expressly provided for in [Rule] 36(a)(1)(B)," and she "caution[ed Mirae] that its October 2025 supplemental responses are not compliant with Rule 36(a)(4)" or her January 30 order. *Id.* She gave Mirae until June 10 to file compliant responses. *Id.* at 8.

On June 10, Mirae filed a notice of compliance, asserting that it served supplemental responses on Ryze. ECF No. 533. With respect to RFA 33, Mirae responded (after a host of objections, including some that Judge Koppe had already rejected) as follows:

> Deny that [the Letter] is genuine. [The Letter] appears to be a forgery. Following a reasonably diligent search, including a thorough search of Mirae Asset's records regarding the approvals and authorizations related to the application of corporate seals, Mirae Asset has been unable to locate any required approval chain or authorization for the issuance of [the Letter] indicating that [the Letter] was validly authorized, approved, created, or issued by Mirae Asset. In addition, Mirae Asset contacted the Registry Office within the Seoul Central District Court, the legal authority in Korea responsible for issuing seal certificates, but the

> Registry Office was unable to confirm whether the seal appearing on [the Letter is genuine nor was it able to issue a seal certificate to validate [the Letter].

ECF No. 545-1 at 5 (emphasis omitted). As for RFA 34, Mirae responded (again after several objections):

> Deny that [the Seal Certificate] is genuine. Seal certificates are issued by a Registry Office within Korean courts, not by Korean companies themselves, and can be verified with the Registry Office. To confirm the genuineness of [the Seal Certificate], Mirae Asset contacted the Registry Office within the Seoul Central District Court, and such Registry Office was unable to confirm whether the seal certificate appearing at RYZE0185590 is genuine. Nor was the Registry Office able to issue a seal certificate identical to RYZE0185590. On this basis, Mirae Asset denies the genuineness of RYZE0185590.

*Id.* at 6-7 (emphasis omitted).

Ryze subsequently filed a motion to enforce Judge Koppe's January 30 and June 3 orders. ECF No. 545. Ryze argued that Judge Koppe had twice ordered Mirae to detail the reasonable inquiry behind its responses to RFAs 33-34 and Mirae still had not done so because Mirae did not disclose a single communication with any of its own officers or employees. For example, Ryze noted that Mirae did not disclose whether it asked Choi, who signed the Letter and whose seal is on the Letter, whether the Letter and Seal were genuine. Ryze also identified multiple other Mirae employees who were involved in drafting, submitting approvals, applying the seal, and transmitting the documents who Mirae apparently did not ask whether the Letter and Seal were genuine. *Id.* at 2 (identifying "Hong, who drafted the letter"; "Kim, who filed all four approval submissions"; "the General Affairs Team that applied the seal"; and Han or Lee "who transmitted the documents"). Ryze contended that a party asked to admit or deny the genuineness of its own document does not satisfy a reasonable investigation if it does not ask a single one of its own employees about it. Ryze also noted that Mirae's description of the actions

it took are vague in terms of what search it conducted, who it spoke to at the Seoul registry, and what it asked the Seoul registry. And Ryze contended that Mirae purposefully asked the registry to perform acts it could not because the registry would never "validate" the Letter nor issue a certificate "identical to" the one in this case. *Id.* at 8. Ryze argued that Mirae still did not deny genuineness, just whether the document was validly authorized. Ryze thus argued that Mirae did not comply with Judge Koppe's order to undertake a reasonable inquiry and to state fully the efforts undertaken. So Ryze again requested that RFAs 33-34 be deemed admitted because Mirae had already had multiple opportunities to comply and still did not do so.

Mirae responded that it complied with Judge Koppe's June 3 order by providing direct denials and explaining the basis for those denials. Mirae attached to its response a declaration from Mirae employee Eun-Mi Park to describe the investigation. ECF No. 574. According to Park, Mirae "re-reviewed its internal records concerning approvals for documents bearing corporate seals and consulted with individuals responsible for maintaining these records." *Id.* at 2. Park asserts that Mirae "was unable to locate any approval for the application of a corporate seal to the document bearing Bates number RYZE0211065. Nor was Mirae[] able to locate an authorization tied to the seal certificate bearing Bates number RYZE0185590." *Id.* Park states that she contacted the Registry Office, and that office "informed [her] that they were unable to confirm the genuineness" of either document. *Id.* at 2-3. Mirae contends that Ryze's disagreement with Mirae's answer and Ryze's suggestion that Mirae could have conducted a different investigation do not render the investigation that it conducted unreasonable or noncompliant with Judge Koppe's order.

In reply, Ryze argued that Mirae's response showed that it conducted no inquiry prior to Judge Koppe's June 3 order, and Park's declaration, while itself deficient, showed that Mirae

conducted additional investigation only after its supplemental responses and included detail the supplemental responses did not. Ryze thus asserted that Mirae essentially admitted that it did not comply with Judge Koppe's order. And Ryze contended that Park's declaration did not fill in the gaps because she also did not state fully what was done to investigate, as she does not identify what records were searched, what terms were used, or what personnel were questioned. Ryze thus contended that Mirae either failed to fully state its investigation or it failed to conduct a reasonable investigation into whether the documents are genuine because Mirae did not ask a question of a single person who had firsthand knowledge about the documents. Ryze also contended that Mirae did not dispute that the inquiry of the registry revealed nothing because the registry would report the same inability to confirm authenticity or recreate a certificate even if the documents were genuine because the registry does not perform authentication and recreation functions.

On August 13, Judge Koppe denied Ryze's motion to enforce. ECF No. 612 at 6. She concluded that Mirae did not violate her order because it "served supplemental responses in which it directly denied the requests for admission and explained the basis for those denials." *Id.* at 7.

Ryze now objects to Judge Koppe's August 13 order. ECF No. 622. Ryze argues that the Federal Rules do not permit Mirae to re-label its inability to confirm into a denial. Ryze also contends that Mirae cannot assert an inability to confirm the documents' genuineness when it failed to conduct a reasonable investigation that would have permitted it to do so by asking the people with firsthand knowledge. Ryze asserts that Judge Koppe never addressed whether Mirae conducted a reasonable inquiry under Rule 36. Ryze asserts that de novo review is appropriate "because the Magistrate Judge never made a finding or decided whether Mirae made a

reasonable inquiry," so she "exercised no substantive discretion about the scope of discovery." *Id.* at 9. Ryze contends that the evidence shows Mirae did not conduct a reasonable inquiry because it did not ask a single person who was within Mirae's own chain of personnel involved in the document's formation about its genuineness, including its author, and it did not compare Ryze's version with copies in Mirae's possession. And Ryze asserts that although Park states Mirae "re-reviewed" documents, she does not clarify what a prior review consisted of, leaving the conclusion that Mirae took no investigative steps prior to Judge Koppe's June 3 order and Mirae's June 10 answers. In a footnote, Ryze also notes that if Mirae's new responses count as denials, that revives Ryze's interrogatories 21-22. Ryze thus requests that I either deem RFAs 33-34 admitted or remand to Judge Koppe with instructions that she determine whether Mirae made a reasonable, good faith inquiry as required under the Federal Rules and her January 30 and June 3 orders.

Mirae responds that Judge Koppe found it complied with her order, and there is nothing clearly erroneous or contrary to law in that finding. Mirae contends that it directly denied the matters requested and provided a factual basis for its denials even though a party usually does not need to explain a denial. Mirae argues that regardless of whether Ryze believes Mirae should have conducted other inquiries, it engaged in a reasonable investigation. Mirae asserts that "[i]mplicit in Magistrate Judge Koppe's factual findings that Mirae Asset's supplemental responses were sufficient is a finding that Mirae Asset made a reasonable inquiry." ECF No. 627 at 11. According to Mirae, Ryze merely disagrees with Judge Koppe's conclusion that Mirae's responses were sufficient, and that is not enough to show clear error. But Mirae contends that if I conclude that Judge Koppe should have made an explicit finding on whether Mirae conducted a reasonable investigation, I should remand to her rather than deem the RFAs admitted. Mirae

also contends that it need not respond to interrogatories 22-23 because it already provided information on why it denied RFAs 33-34. *Id.* at 15 n.3.

## II. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, when it has been shown the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (simplified). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quotation omitted). I may not substitute my judgment for that of the magistrate judge. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Further, the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

/ / / /

## III. ANALYSIS

*A. I review Judge Koppe's order under the clear error and contrary to law standards.*

Although Ryze argues for de novo review, the clearly erroneous or contrary to law standard is appropriate. "This 'standard of review is consistent with the view that the judge who issued the discovery order at issue is in the best position to determine whether the parties have complied with it.'" *Saunders v. City of Chicago*, No. 12-cv-9158, 2017 WL 36407, at *8 (N.D. Ill. Jan. 4, 2017) (citing *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996)).

*B. Judge Koppe's decision that Mirae complied with her order is not clearly erroneous or contrary to law.*

Judge Koppe's determination that Mirae's supplemental responses complied with her order is not clearly erroneous or contrary to law. Mirae provided straightforward denials to the RFAs. Mirae did not refuse to admit or deny based on a lack of information. Rather, it denied and, even though Rule 36 does not explicitly require an explanation of a denial, explained the basis for its denial because Judge Koppe ordered it to do so. Ryze characterizes Mirae's response as an inability to confirm genuineness, and thus essentially a denial for lack of information that would trigger the requirement to state fully its reasonable inquiry to support that response. But it was not clearly erroneous or contrary to law for Judge Koppe to accept Mirae's responses as denials. Mirae denies the documents are genuine and it explains that it makes those denials because there were no records showing the Letter went through required approvals and the registry was unable to validate the Certificate. That is not a denial based on a lack of sufficient information. It is a denial with an explanation.

Ryze is not without a remedy if it is correct that the documents are genuine and Mirae failed to conduct a reasonable inquiry. Rule 37(c)(2) permits an award of reasonable expenses,

including attorney's fees, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true." A court must award fees unless "the request was held objectionable under Rule 36(a), the admission sought was of no substantial importance, the party failing to admit had a reasonable ground to believe that it might prevail on the matter, or there was other good reason for the failure to admit." Fed. R. Civ. P. 27(c)(2)(A)-(D) (simplified). So if Mirae did not conduct a reasonable investigation, for example by not inquiring about the Letter's genuineness with a single employee involved in preparing or transmitting the Letter and Certificate, Mirae may have a tough sell later that it had reasonable grounds to believe it might prevail on the matter if Ryze proves the documents are genuine. But that is a fight for another day.

*C. Mirae must now respond to interrogatories 22-23.*

Interrogatories 22 and 23 requested that if Ryze denied the genuineness of the Letter and Seal Certificate, that it "state all principal facts that support such denial." ECF Nos. 26-18 at 4. Mirae has now denied RFAs 33-34 and thus denied the genuineness of the documents. It therefore must respond to the interrogatories. To the extent Mirae's answers inspire Ryze to move to reopen discovery, I caution Ryze that it will have to explain what it would have done differently if Mirae had denied RFAs 33-34 from the outset. Given that Mirae did not admit or deny genuineness throughout discovery, it appears Ryze had incentive to conduct discovery into genuineness while the discovery period was open. But (again) that is a (possible) fight for another day, which Magistrate Judge Koppe would address.

## IV. CONCLUSION

I THEREFORE ORDER that the defendants' objection **(ECF No. 622) is overruled**, and Magistrate Judge Koppe's August 13, 2026 order **(ECF No. 612) is affirmed**.

I FURTHER ORDER that Mirae must respond to Interrogatories 22 and 23 by November 30, 2026.

DATED this 12th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE