DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

Attorneys for Plaintiff and Counter-Defendant
MIRAE ASSET SECURITIES CO., LTD.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-01492-APG-NJK<br><br>**MIRAE ASSET SECURITIES CO., LTD.'S MOTION FOR LEAVE TO AMEND RESPONSES TO RYZE RFAS PURSUANT TO RULE 36(B)** |
| RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | Judge: Hon. Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Complaint Served: October 3, 2023 |

## I. INTRODUCTION

Plaintiff and Counter-Defendant Mirae Asset Securities Co., Ltd. ("Mirae Asset") respectfully moves under Federal Rule of Civil Procedure 36(b) for leave to amend its responses to Requests for Admission Nos. 41-43 ("RFAs 41-43") served by Defendants and Counter-Claimants Ryze Renewables Holdings, LLC and Ryze Renewables Nevada, LLC (collectively, "Ryze"). Those requests concern whether three identified attorneys or law firms served as Mirae Asset's counsel in connection with the alleged Convertible Loan Agreement ("CLA"). In accordance with the Court's October 30, 2026, Order, Mirae Asset seeks leave to serve the straightforward responses attached as Exhibit A. ECF No. 654 at 9–10 & n.3. Such leave should be granted.

First, amendment will permit the parties to litigate a consequential issue they have disputed throughout this action on the merits: whether the identified attorneys acted as Mirae Asset's counsel in connection with the alleged CLA. Ryze seeks to rely on those relationships to attribute the attorneys' conduct and knowledge to Mirae Asset and use Mirae Asset's compliance with Rule 36(b) to avoid resolution of that issue based on testimony, documentary evidence, and burdens of proof. This is the exact scenario the first factor of the Rule 36(b) analysis seeks to prevent.

Second, Ryze's own discovery conduct demonstrates that amendment would not introduce an unexpected issue to Ryze. In September 2025, while discovery remained open, Ryze moved to compel further responses precisely because it apparently misunderstood Mirae Asset's responses. Mirae Asset had acknowledged that certain law firms may have conducted due diligence on the potential transaction, but that does not mean that Mirae Asset had retained the services of these law firms (for purposes of diligence or otherwise). ECF No. 267 at 14. Further, to the extent Ryze had follow-up questions about how this proposed cross-border financing transaction may have worked, it could have tried to depose a Mirae Asset corporate representative. But it chose NOT to do so. *See* ECF No. 313, Ex. A at 7 ("Ryze hereby withdraws all such deposition notices [of Messrs. Park and Yang]…Discovery is closed."). Ryze also pursued discovery from law

firms concerning their involvement in the proposed transaction. Mirae Asset then served supplemental responses on October 13, 2025, denying that the identified attorneys and firms were validly retained by the company for the alleged CLA. ECF No. 487-4 at 8–11. Although the Court has now held that those responses required leave under Rule 36(b), they reinforced Mirae Asset's position more than a year before this motion that Mirae Asset did not retain these law firms in connection with the claimed Ryze deal, leaving no doubt for Ryze on Mirae Asset's position on the matter.

Third, the procedural history also supports granting relief. In June 2026, Magistrate Judge Koppe vacated the earlier ruling concerning these RFAs and treated the October 13, 2025 supplemental responses as resolving the dispute. ECF No. 534 at 2. The Court's October 30 Order has now reinstated the earlier ruling and identified the procedure Mirae Asset must follow to amend its responses. Promptly after the Court's Order nullified its October 13, 2025 supplemental responses, Mirae Asset seeks that relief. Mirae Asset's compliance with the rule by providing new, amended responses cannot prejudice Ryze (which, until October 30, 2026, should have been relying on the October 13, 2025 supplemental responses).

The Rule 36(b) requirements are satisfied. Amendment will promote resolution of the disputed counsel relationships on the merits, and the discovery history provides no basis to conclude that amendment would impair Ryze's ability to prove its position. No trial date has been set. The Court should grant leave and deem Exhibit A Mirae Asset's operative responses to RFAs 41–43.

## II. RELEVANT FACTUAL & BACKGROUND

### A. The Responses and Discovery Dispute

Ryze served RFAs 41–43 on August 3, 2024, asking Mirae Asset to admit that specified attorneys and law firms served as its counsel in connection with the alleged CLA. ECF No. 269-16 at 5. Mirae Asset investigated the issue and timely responded on September 3, 2024. Mirae Asset admitted that the identified attorneys and firms appeared to perform due diligence in connection with the potential Ryze transaction, but Mirae Asset denied that a CLA existed between Mirae Asset and Ryze. ECF No. 269-17 at 16, 18, 20. Consistent with its discovery

obligations, Mirae Asset continued its investigation into this issue (and others) to ensure that its responses were fulsome and accurate.

On September 12, 2025, Ryze moved to compel further responses. ECF No. 267. Its motion distinguished Mirae Asset's acknowledgment of due diligence work from the admission of a counsel relationship that Ryze sought. *Id.* at 14–15. Mirae Asset defended its responses but agreed to provide amended responses to RFAs 41–46. ECF No. 305 at 15.

On October 13, 2025, subject to its objections and based on its understanding of Ryze's requests (following meetings of counsel), Mirae Asset served supplemental responses denying that the identified attorneys and firms were validly retained by Mirae Asset and again denying that a CLA existed. ECF No. 487-4 at 8–11.[1]

**B. The Orders Addressing RFAs 41-43**

On January 30, 2026, Magistrate Judge Koppe resolved Ryze's motion to compel without having been informed by Ryze that Mirae Asset had served the October supplemental responses that expressly denied the counsel relationships. ECF No. 403 at 8–10; ECF No. 534 at 1. The January 30 Order treated the original responses to RFAs 41–43 as sufficient qualified admissions and did not require further responses to those requests. ECF No. 403 at 8–9.

In April 2026, the parties exchanged correspondence disputing the effect of that ruling. ECF Nos. 484-1, 484-2. Ryze then moved for clarification, seeking confirmation regarding whether Mirae Asset had admitted an attorney-client counsel relationship with the outside law firms. ECF No. 483. Mirae Asset opposed, maintaining that its supplemental responses had not withdrawn any admitted fact and therefore did not require leave under Rule 36(b). ECF No. 511 at 4.

On June 10, 2026, Magistrate Judge Koppe vacated the January 30 ruling as to RFAs 41–43 and denied Ryze's clarification motion as moot. ECF No. 534 at 2. The order explained that

---

[1] Mirae Asset has been consistent in its denial that these firms acted as Mirae Asset's counsel in connection with the CLA. Mirae Asset also did so in the Nevada state court action, resulting in a motion to compel there, which was denied by Judge Hardy. *See Ryze Renewables Holdings, LLC v. Snell & Wilmer, LLP*, Case No. A-23-863908-B, Dkt. No. 81.

the supplemental responses had resolved the dispute before the January ruling, while noting that Mirae Asset should have informed the Court of those responses. *Id.* at 1–2.

Ryze objected. ECF No. 547. On October 30, 2026, the Court sustained the objection, reinstated the January 30 ruling as to RFAs 41–43, and held that the supplemental responses required leave under Rule 36(b). ECF No. 654 at 9–10 & n.3. This motion follows that directive.[2]

## III. LEGAL STANDARD

Rule 36(b) permits amendment of an admission when amendment would promote presentation of the merits and the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b). As the requesting party, Ryze bears the burden of establishing prejudice. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

The merits requirement is satisfied when maintaining the admissions would effectively foreclose presentation of the merits. *Id.* The prejudice inquiry concerns practical difficulty proving the case, such as unavailable witnesses or a sudden need to obtain evidence, rather than the need to persuade the factfinder of a previously admitted proposition. *Id.* Prejudice is more likely to be found when the motion for withdrawal is made in the middle of trial. *Doumat v. Target Corp.*, 2024 WL 4007195, at *1 (D. Nev. Aug. 29, 2024) (Gordon, J.). The court may also consider the explanation for delay and the apparent strength of the moving party's case. *See Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).

## IV. ARGUMENT

Both requirements of Rule 36(b) are satisfied here. The Court should thus allow amendment and deem Mirae Asset's responses to Ryze's RFAs 41-43 in Exhibit A operative.

---

[2] While there is nothing conclusively establishing that a meet and confer is required for a Rule 36(b) motion, the parties did meet and confer and are at an impasse. *See* Declaration of Brian S. Kaewert.

**A. Amendment Would Aid Resolution on the Merits.**

This prong of the Rule 36(b) test calls for a determination of whether amendment of the admission will aid in resolving the case on its merits. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). Here, the admissions at issue involve whether various attorneys and law firms served as Mirae Asset's counsel in connection with the alleged CLA. ECF Nos. 267 at 14-15; 403 at 8-9. The responses go directly to an important, contested fact: whether or not the actions and knowledge of these attorneys can be imputed to Mirae Asset. Courts have determined that the first prong of the Rule 36(b) test is easily satisfied when the admissions relate to significant issues in the case. *See Hadley*, 45 F.3d at 1348 (determining first prong satisfied where admissions "essentially admitted the necessary elements" needed to be proven); *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (determining first prong satisfied where "admissions at issue conceded the core elements" of the case). Ryze itself acknowledges that these questions are important to the resolution of this case on the merits. ECF No. 267 at 5, 14-15. Courts have stated that this satisfies the first prong of the Rule 36(b) test. *Conlon*, 474 F.3d at 622. Thus, the first prong of the Rule 36(b) test is satisfied here.

**B. The Record Does Not Establish Prejudice to Ryze's Ability to Prove Its Case.**

1. <u>Ryze Knew During Discovery that the Counsel Relationships were Disputed.</u>

Ryze had been aware of Mirae Asset's denial of the counsel relationships ever since the original responses. The strongest evidence of Ryze's understanding is its own September 2025 motion. Ryze argued that Mirae Asset had acknowledged due diligence work but had failed to admit the counsel relationships. ECF No. 267 at 14. That contemporaneous position is inconsistent with a claim that Ryze understood the original responses to have established that these attorneys represented Mirae Asset and therefore had no reason to investigate it.

The record in this case shows that Mirae Asset does not believe the third-party law firms had an attorney-client relationship with Mirae Asset. ECF No. 269-17 at 16, 18, 20. Ryze knew this ever since Mirae Asset provided its initial September 2024 responses. Mirae Asset thought this belief was clear based on the initial September 2024 responses, yet Ryze raised the issue in its motion to compel a year later and after several meetings with counsel. ECF Nos. 267 at 14; 305 at

15. After Ryze raised its concerns, Mirae Asset timely supplemented its responses with the October 13 supplemental responses by denying that the identified attorneys and firms were validly retained by Mirae Asset for the alleged CLA. ECF No. 487-4 at 8–11. Now, Ryze is trying to win a substantive issue requiring proof based on the technical requirements of Rule 36(b). The law in the Ninth Circuit indicates the Court should not permit Ryze to do so.

The Court's determination that leave was required governs the legal effect of the supplemental responses. Their service nevertheless remains relevant to notice: Ryze knew Mirae Asset continued to contest the relationships and intended to litigate them. Ryze's own conduct indicates its understanding of Mirae Asset's position.

2. <u>Ryze Pursued Discovery Concerning the Disputed Relationships.</u>

Ryze served subpoenas on law firms concerning their involvement in the transaction, and Mirae Asset produced communications involving the attorneys and firms at issue. *See* ECF No. 426 at 10, 15; *see also* ECF 372-9 at 125:6-126:19. That discovery matters because the issue is whether amendment would impair Ryze's ability to present evidence. The proposed responses do not remove the documents or testimony Ryze obtained, prevent Ryze from relying on those materials, or alter its opportunity to argue that the evidence establishes the relationships.

Nor could the January 30, 2026, Order itself have caused Ryze to forgo discovery before the October 2025 cutoff. The order came after discovery closed. Any assertion that Ryze relied instead on the original responses must be assessed against its contemporaneous insistence that those responses did not supply the admissions it sought. Even if Ryze did rely on the original responses, that does not establish prejudice in the context of a Rule 36(b) motion. *See Sull v. Nevada ex rel. Nevada State Bd. of Dental Examiners*, 2026 WL 70390, at *4 (D. Nev. Jan. 7, 2026) (Koppe, J) ("That Plaintiff relied on the admissions for months during the discovery period does not establish prejudice in this context.").

Prejudice is instead based on the procedural posture of when the Rule 36(b) motion was filed. *Id.*, *see also*, *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 778-79 (D. Nev. 2022) (granting motion to withdraw filed after summary judgment motions filed where moving party indicated it did not intend to stand on the admissions and where no trial date was set); *Hill v. Nevada*, 2026 WL

2350619, at *4 (D. Nev. Aug. 13, 2026) (granting Rule 36(b) motion to withdraw filed four months after dispositive motion deadline where no trial date set). Here, Mirae Asset is promptly filing this Rule 36(b) motion after the Court's October 30 Order stating such a motion is required. In June 2026, Magistrate Judge Koppe vacated the January ruling as to RFAs 41–43 and treated the supplemental responses as resolving the dispute. ECF No. 534 at 2. That ruling remained in place until October 30, when the Court reinstated the January ruling and directed Mirae Asset to seek leave and propose straightforward responses. ECF No. 654 at 9–10 & n.3. This filing promptly following that order.

3. _*Conlon* Does Not Require Denial._

*Conlon* affirmed denial where the government had relied on admissions through discovery and dispositive-motion deadlines, had forgone necessary discovery, and faced trial eight days after the ruling. 474 F.3d at 624. It also held that reliance in preparing a summary judgment motion does not establish prejudice and declined to treat a lack of discovery, without more, as sufficient. *Id.*

Here, Ryze actively disputed the sufficiency of the responses during discovery and pursued evidence concerning the attorneys' roles, clearly establishing that they understood that Mirae Asset denied these counsel relationships, and no trial date has been set. Amendment therefore would not confront Ryze with an imminent trial on an issue it had understood to be conceded. Any claimed prejudice should be evaluated by identifying the particular evidence Ryze lacks, why it did not obtain that evidence, and how amendment would now impair its ability to prove its case. Given that the October 13, 2025, responses were only nullified in the last two weeks, Ryze cannot claim that it relied on Mirae Asset's prior responses to its detriment or believed that Mirae Asset had conceded the existence of these counsel relationships.

While the absence of a trial date does not alone resolve the inquiry, together with Ryze's contemporaneous notice and discovery conduct, however, it supports allowing amendment. Requiring Ryze to establish the disputed relationships from the evidence is not the prejudice Rule 36(b) addresses. *See Hadley*, 45 F.3d at 1348–49.

### C. The Procedural History Supports Exercising Discretion to Allow Amendment.

The circumstances here support granting the limited amendment requested. Mirae Asset initially served substantive responses to the RFAs in September 2024 as a good faith effort to respond to Ryze's RFAs while still conducting its investigation. Mirae Asset then served supplemental responses in October 2025 following that investigation. Its failure was to obtain leave for an amendment it maintained did not withdraw an admitted fact. ECF No. 511 at 4. The Court has now rejected that procedural position. Mirae Asset seeks relief under the procedure the Court identified.

The intervening rulings also explain the timing. In June 2026, Magistrate Judge Koppe vacated the January ruling as to RFAs 41–43 and treated the supplemental responses as resolving the dispute. ECF No. 534 at 2. That ruling remained in place until October 30, when the Court reinstated the January ruling and directed Mirae Asset to seek leave and propose straightforward responses. ECF No. 654 at 9–10 & n.3. Mirae Asset is filing this motion promptly following that order. Any delay since the dispute has arisen is because Mirae Asset has worked to resolve the issue, a course of action Magistrate Judge Koppe approved in Mirae Asset's favor. Furthermore, courts have determined that scheduling orders do not impact Rule 36(b) motions. *See, e.g.*, *Jauregui v. Daimler Truck N. Am. LLC*, 2024 WL 4566746, at * 3 (D. Ariz. Oct. 23, 2024) (declining to consider defendant's argument plaintiff's Rule 36(b) motion must be denied when filed after motions deadline and instead granting motion upon determination Rule 36(b) factors were satisfied).

Mirae Asset acknowledges that it could have informed Magistrate Judge Koppe when it served the supplemental responses. *See* ECF No. 534 at 1–2. But the resulting procedural dispute did not conceal Mirae Asset's position from Ryze. Ryze received the supplemental responses when they were served and has litigated their effect ever since.

Finally, the requested relief is confined to three responses concerning relationships already disputed in the litigation. Exhibit A supplies the direct answers contemplated by the

October 30 Order. Granting leave would permit the parties to address those relationships through the evidence while bringing this discovery dispute to a clear procedural resolution.

## V. CONCLUSION

For the foregoing reasons, Mirae Asset respectfully requests that the Court grant leave under Rule 36(b) to amend its responses to Requests for Admission Nos. 41–43 and deem the proposed responses attached as Exhibit A served and operative as of the date of the Court's order.

DATED: November 20, 2026

Respectfully submitted,

By: *_/s/ Daniel Prince_*
DANIEL PRINCE

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff & Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD.