# EXHIBIT A

## MIRAE ASSET'S PROPOSED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT AND COUNTER-CLAIMANT RYZE RENEWABLES HOLDINGS, LLC'S REQUEST FOR ADMISSIONS, SET TWO

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff and Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Plaintiff,<br><br>vs.<br><br>RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO. 2:23-CV-01492-APG-NJK<br><br>**PLAINTIFF AND COUNTER-DEFENDANT MIRAE ASSET SECURITIES CO. LTD'S PROPOSED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT AND COUNTER-CLAIMANT RYZE RENEWABLES HOLDINGS, LLC'S REQUEST FOR ADMISSIONS, SET TWO** |
| RYZE RENEWABLES HOLDINGS, LLC, a Nevada limited liability company, and RYZE RENEWABLES NEVADA, LLC, a Nevada limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>MIRAE ASSET SECURITIES CO., LTD., a Republic of Korea company,<br><br>Counter-Defendant. | Judge: Hon. Andrew P. Gordon<br>Action Filed: September 22, 2023<br>Compl. Served: October 3, 2023 |

TO DEFENDANT RYZE RENEWABLES HOLDINGS, LLC AND ITS ATTORNEYS OF RECORD:

Plaintiff and Counter-Defendant Mirae Asset Securities Co., Ltd. (hereinafter "Plaintiff" or "Mirae Asset") hereby supplements its answers, objections, and responses to Defendant and Counterclaimant Ryze Renewables Holdings, LLC's ("Defendant" or "Ryze") Requests for Admissions (Set Two) as follows:

## MIRAE ASSET'S PRELIMINARY STATEMENT

1. Mirae Asset has not completed its investigation relating to this action and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to Ryze's Requests. The following responses are based on Mirae Asset's knowledge, information and belief at this time and are complete as to Mirae Asset's best knowledge at this time. Mirae Asset assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Furthermore, these responses were prepared based on Mirae Asset's good faith interpretation and understanding of the individual Request and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revision or supplementation based upon any information, evidence and documentation that hereinafter may be discovered. Mirae Asset reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

2. To the extent that any Request seeks information that is also sought by any other Request or other discovery device, Mirae Asset declines to provide such information, and states that the information provided pursuant to any Request is also provided pursuant to every other Request to which it is or may be responsive.

3. To the extent that any Request seeks information that has already been provided as part of any depositions in this action, Mirae Asset declines to provide such information.

4. To the extent that any Request seeks information protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity, Mirae Asset declines to provide such information.

**GENERAL OBJECTIONS TO RYZE'S REQUESTS FOR ADMISSION**

1. Mirae Asset objects that Ryze's definition of the term "CLA" (and to each Request that incorporates this term) is vague, ambiguous, lacks foundation, and assumes facts. Further, as provided in Mirae Asset's Answer to Ryze's Counterclaims (which is incorporated herein by reference), Mirae Asset objects to the term "CLA" on the ground that it denies that there is (or was) a "CLA" between Mirae Asset and Ryze, and as such, Mirae Asset has sought a judicial declaration with respect to whether the company formed a loan agreement with Ryze. *See, e.g.,* ECF No. 38, ¶¶ 10-12.

2. Mirae Asset objects to Ryze's use of the term "Director Lee" (and to each Request that incorporates this term) as vague, ambiguous, misleading, and overly broad. As stated in Mirae Asset's First Amended Complaint, Kyung-Hyun Lee ("Lee") was a mid-level employee. He was not a corporate officer or member of the company's board of directors. *See, e.g.,* ECF No. 21, ¶¶ 25-26.

3. Mirae Asset objects to Ryze's use of the term "July 23rd Lawsuit" (and to each Request that incorporates this term) as vague, ambiguous, misleading, lacking foundation, and assumes facts. Mirae Asset further objects to the term "July 23rd Lawsuit" on the ground that Ryze has asserted, and continues to assert, conflicting positions in bad faith with respect to the claimed "July 23rd Lawsuit" and Ryze cannot seek equity with unclean hands. *See, e.g.,* ECF No. 55, § II.B (chart emphasizing Ryze's inconsistent positions, including that Ryze was aware that the "July 23rd Lawsuit" was filed in Mirae Asset's name only and that the "sham lawsuit" was filed by "front runner[s] claiming to be affiliated with Mirae [Asset]"); *see* May 9, 2024 Hr'g Tr. 4:24 - 5:25 and 8:9-15 *in Ryze Renewables Holdings, LLC v. Snell & Wilmer, LLP*, Case No. A-23-863908-B, District Court, Clark County, Nevada (Judge Hardy found that the formation question was "dispositive," including with respect to the alleged "July 23rd Lawsuit"); *see also* ECF No. 98-6 (alleging in its proposed SAC that Mirae Asset was Snell's "supposed client," that

Ryze was engaged with "front runner[s] claiming to be affiliated with Mirae [Asset]," that Ryze "never received full diligence on who was behind th[e] loan," that Ryze "overlooked the fact … [that Snell's] purported client was not a representative of Mirae [Asset], [and] had no capacity to bind Mirae [Asset]," and that Snell's legal fees were paid with monies from "an account belonging to [Sunghee] Han and one from Han's personal realtor, Jared Yutronich.").

4. Mirae Asset objects to Ryze's definition of "Mirae," "Mirae Asset," "You," and "Your" (and to each Request that incorporates these terms) as overly broad, vague as to time and scope, and ambiguous. Mirae Asset responds on behalf of itself and no other successor, predecessor, affiliate, subsidiary, or other entity.

5. Mirae Asset objects to Ryze's definition of the term Project Ryze (and to each Request that incorporates this term) as overly broad, vague as to time and scope, ambiguous, and lacking foundation.

6. Mirae Asset objects to Ryze's definition of "regarding" or "relating to" (and to each Request that incorporates these terms) as overly broad, vague, and ambiguous.

7. Mirae Asset objects to Ryze's definition of the term "SLA" (and to each Request that incorporates this term) as vague, ambiguous, lacking foundation, and assumes facts. Further, as provided in Mirae Asset's Answer to Ryze's Counterclaims (which is incorporated herein by reference), Mirae Asset objects to the term "SLA" on the ground that it denies that there is (or was) a "SLA" between Mirae Asset and Ryze, and as such, Mirae Asset has sought a judicial declaration with respect to whether the company formed a loan agreement with Ryze. *See, e.g.,* ECF No. 38, ¶¶ 11-12.

8. Mirae Asset objects to Ryze's Requests in their entirety to the extent that they seek information not relevant to the subject matter of this litigation, not proportional to the needs of the case, and/or would require Mirae Asset to make an unreasonable and unduly burdensome investigation.

9. Mirae Asset objects to Ryze's Requests in their entirety to the extent that they call for information protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

10. Mirae Asset further objects to Ryze's Requests in their entirety to the extent that they seek information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality. Mirae Asset further objects to Ryze's Requests in their entirety to the extent that they seek confidential commercial, financial, and/or proprietary business information.

11. Mirae Asset objects to Ryze's Requests on the grounds that they were untimely served, as the statutory response date fell after the close of discovery in this action at the time.

All General Objections are incorporated by reference into each Response as though set forth in full therein

**SPECIFIC OBJECTIONS AND RESPONSES**

**TO RYZE'S REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 41:

Admit that Paul Yoon served as Mirae's counsel in connection with the CLA.

OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Mirae Asset incorporates its General Objections as though fully set forth herein. Mirae Asset further objects to Ryze's Request on the grounds that it was untimely served, as the statutory response date fell after the close of discovery in this action. Mirae Asset further objects to this Request on the grounds that it lacks foundation, assumes facts, and to the extent that it calls for a legal conclusion. Mirae Asset further objects to this Request on the grounds that it is vague and ambiguous as to "served as."

Mirae Asset further objects to this Request, subject to the Court's finding on formation, to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Mirae Asset further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Mirae Asset further objects to this Request on the ground that Ryze has asserted, and continues to assert, conflicting positions in bad faith in multiple courts and Ryze cannot seek equity with unclean hands. *See, e.g.,* ECF No. 55, § II.B (chart emphasizing Ryze's inconsistent positions, including that Ryze was aware that the "July 23rd Lawsuit" was filed in Mirae Asset's

name only and that the "sham lawsuit" was filed by "front runner[]s claiming to be affiliated with Mirae [Asset]"); *see also* ECF No. 98-6 (alleging in its proposed SAC that Mirae Asset was Snell's "supposed client," that Ryze was engaged with "front runner[s] claiming to be affiliated with Mirae [Asset]," that Ryze "never received full diligence on who was behind th[e] loan," that Ryze "overlooked the fact … [that Snell's] purported client was not a representative of Mirae [Asset], [and] had no capacity to bind Mirae [Asset]," and that Snell's legal fees were paid with monies from "an account belonging to [Sunghee] Han and one from Han's personal realtor, Jared Yutronich.").

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Mirae Asset responds as follows: Mirae Asset denies that Mr. Yoon served as Mirae Asset's counsel in connection with the CLA.

<u>REQUEST FOR ADMISSION NO. 42:</u>

Admit that Lee & Ko served as Mirae's counsel in connection with the CLA.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 42:</u>

Mirae Asset incorporates its General Objections as though fully set forth herein. Mirae Asset further objects to Ryze's Request on the grounds that it was untimely served, as the statutory response date fell after the close of discovery in this action. Mirae Asset further objects to this Request on the grounds that it lacks foundation, assumes facts, and to the extent that it calls for a legal conclusion. Mirae Asset further objects to this Request on the grounds that it is vague and ambiguous as to "served as."

Mirae Asset further objects to this Request, subject to the Court's finding on formation, to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Mirae Asset further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Mirae Asset further objects to this Request on the ground that Ryze has asserted, and continues to assert, conflicting positions in bad faith in multiple courts and Ryze cannot seek equity with unclean hands. *See, e.g.,* ECF No. 55, § II.B (chart emphasizing Ryze's inconsistent positions, including that Ryze was aware that the "July 23rd Lawsuit" was filed in Mirae Asset's

name only and that the "sham lawsuit" was filed by "front runner[]s claiming to be affiliated with Mirae [Asset]"); *see also* ECF No. 98-6 (alleging in its proposed SAC that Mirae Asset was Snell's "supposed client," that Ryze was engaged with "front runner[s] claiming to be affiliated with Mirae [Asset]," that Ryze "never received full diligence on who was behind th[e] loan," that Ryze "overlooked the fact … [that Snell's] purported client was not a representative of Mirae [Asset], [and] had no capacity to bind Mirae [Asset]," and that Snell's legal fees were paid with monies from "an account belonging to [Sunghee] Han and one from Han's personal realtor, Jared Yutronich.").

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Mirae Asset responds as follows: Mirae Asset denies that Lee & Ko served as Mirae Asset's counsel in connection with the CLA.

<u>REQUEST FOR ADMISSION NO. 43:</u>

Admit that Michael Tobak, III served as Mirae's counsel in connection with the CLA.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 43:</u>

Mirae Asset incorporates its General Objections as though fully set forth herein. Mirae Asset further objects to Ryze's Request on the grounds that it was untimely served, as the statutory response date fell after the close of discovery in this action. Mirae Asset further objects to this Request on the grounds that it lacks foundation, assumes facts, and to the extent that it calls for a legal conclusion. Mirae Asset further objects to this Request on the grounds that it is vague and ambiguous as to "served as." Mirae Asset further objects to this Request on the grounds that it is duplicative of Ryze's Request for Admission No. 7.

Mirae Asset further objects to this Request, subject to the Court's finding on formation, to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Mirae Asset further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Mirae Asset further objects to this Request on the ground that Ryze has asserted, and continues to assert, conflicting positions in bad faith in multiple courts and Ryze cannot seek equity with unclean hands. *See, e.g.,* ECF No. 55, § II.B (chart emphasizing Ryze's inconsistent

positions, including that Ryze was aware that the "July 23rd Lawsuit" was filed in Mirae Asset's name only and that the "sham lawsuit" was filed by "front runner[]s claiming to be affiliated with Mirae [Asset]"); *see also* ECF No. 98-6 (alleging in its proposed SAC that Mirae Asset was Snell's "supposed client," that Ryze was engaged with "front runner[s] claiming to be affiliated with Mirae [Asset]," that Ryze "never received full diligence on who was behind th[e] loan," that Ryze "overlooked the fact … [that Snell's] purported client was not a representative of Mirae [Asset], [and] had no capacity to bind Mirae [Asset]," and that Snell's legal fees were paid with monies from "an account belonging to [Sunghee] Han and one from Han's personal realtor, Jared Yutronich.").

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Mirae Asset responds as follows: Mirae Asset denies that Mr. Tobak served as Mirae Asset's counsel in connection with the CLA.

DATED: November 20, 2026

By: /s/ Daniel Prince
DANIEL PRINCE

DANIEL PRINCE (admitted *pro hac vice*)
danielprince@paulhastings.com
D. SCOTT CARLTON (admitted *pro hac vice*)
scottcarlton@paulhastings.com
BRIAN S. KAEWERT (admitted *pro hac vice*)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

TAMARA BEATTY PETERSON (NSB No. 5218)
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 786-1001
Facsimile: (702) 786-1002

*Attorneys for Plaintiff & Counter-Defendant*
MIRAE ASSET SECURITIES CO., LTD.

(AS TO OBJECTIONS ONLY)